ALAN R. SMITH, ESQ.
Nevada Bar No. 1449
HOLLY E. ESTES, ESQ.
Nevada Bar No. 11797
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
E-mail: mail@asmithlaw.com

Attorney for Debtors

*ELECTRONICALLY FILED*
*March 24, 2014*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

In Re:

ANTHONY THOMAS and
WENDI THOMAS,

Debtors,
_____/

Case No. BK-N-14-50333-BTB

Chapter 11

***EX PARTE* MOTION FOR ORDER SHORTENING TIME FOR NOTICE AND HEARING ON MOTION FOR AUTHORITY TO PAY ORDINARY MONTHLY LIVING EXPENSES *NUNC PRO TUNC***

Hearing Date:   OST Pending
Hearing Time:   OST Pending

Debtors, ANTHONY THOMAS and WENDI THOMAS, by and through their counsel, Holly E. Estes, Esq., hereby move this Court for an order shortening time for notice and hearing on the Debtors' Motion For Authority To Pay Ordinary Monthly Living Expenses *Nunc Pro Tunc* (the "Motion") filed on March 24, 2014, a copy of which is attached hereto as **Exhibit "A."**

Pursuant to the Motion, the Debtors seek an order authorizing the Debtors' payment of ordinary monthly living expenses *nunc pro tunc*. Ordinary notice requirements cannot be met without an order shortening time for a hearing to approve Debtors' payment of ordinary monthly living expenses *nunc pro tunc*.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Thomas\Mot Pay Expenses\MOST Mot Pay Expenses 032414-dlg.wpd

Local Rule 9021 provides that the Court may shorten time in appropriate circumstances for good cause. Based upon the foregoing, Debtors believe that good cause exists for shortening time for notice and hearing of the Debtors' Motion For Authority To Pay Ordinary Monthly Living Expenses *Nunc Pro Tunc*. The Debtors' attorney (or her designated employee) has contacted the principal parties affected by the subject Motion and their agreement and comments are in the ATTORNEY INFORMATION SHEET filed separately.

WHEREFORE, Debtors respectfully request that the Court shorten the time for notice of hearing on the Motion For Authority To Pay Ordinary Monthly Living Expenses *Nunc Pro Tunc*, and that the hearing on said Motion be set as soon as possible and as is convenient to the Court's calendar.

Dated this 24th day of March, 2014.

          LAW OFFICES OF ALAN R. SMITH

          By: _/s/ Holly E. Estes_
              HOLLY E. ESTES, ESQ.
              Attorney for Debtors

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Thomas\Mot Pay Expenses\MOST Mot Pay Expenses 032414-dlg.wpd - 2 -

# Exhibit "A"

ALAN R. SMITH, ESQ.
Nevada Bar No. 1449
HOLLY E. ESTES, ESQ.
Nevada Bar No. 11797
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
E-mail: mail@asmithlaw.com

Attorney for Debtors

*ELECTRONICALLY FILED*
*March 24, 2014*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

In Re:

ANTHONY THOMAS and
WENDI THOMAS,

Debtors,
_____/

Case No. BK-N-14-50333-BTB

Chapter 11

**MOTION FOR AUTHORITY TO PAY ORDINARY MONTHLY LIVING EXPENSES** *NUNC PRO TUNC*

Hearing Date:  OST Pending
Hearing Time:  OST Pending

Debtors, ANTHONY THOMAS and WENDI THOMAS (the "Debtors"), by and through their counsel Holly E. Estes, Esq., of the Law Offices of Alan R. Smith, hereby file their Motion For Authority To Pay Ordinary Monthly Living Expenses *Nunc Pro Tunc*. This motion is based upon the Declaration of Anthony Thomas, the following points and authorities, pleadings, papers and other records contained in this Court's file, judicial notice of which is respectfully requested, and any evidence or oral argument presented at the time of the hearing on this motion.

///

///

///

///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Thomas\Mot Pay Expenses\Mot Pay Expenses 031814-dlg.wpd

## MEMORANDUM OF POINTS OF AUTHORITIES

I. **BACKGROUND FACTS**

1. On March 4, 2014 (the "Petition Date"), the Debtors filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code.[1]

2. The Debtors are authorized to manage their affairs as Debtors-in-Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

II. **JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M).

4. The statutory basis for the relief sought herein are Sections 105, 1107 and 1108 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and LR 4001(c).

5. Venue of the Debtors' Chapter 11 case in this district is proper pursuant to 28 U.S.C. § 1408 and 1409.

III. **LEGAL ARGUMENT**

A.   **Applicable legal authorities.**

Section 541 defines property of the estate to include nearly all of the Debtors' property rights and interests. In the case of an individual Chapter 11 debtor, 11 U.S.C. § 1115 further expands the definition of property of the estate to include the debtor's post-petition earnings, and specifically provides:

> (a) In a case in which the debtor is an individual, property of the estate includes, in addition to the property specified in section 541-
>
> (1) all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7, 12, or 13, whichever occurs first; and
>
> (2) earnings from services performed by the debtor after the

---

[1] All references to "Chapter" and "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Thomas\Mot Pay Expenses\Mot Pay Expenses 031814-dlg.wpd - 2 -

commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7, 12, or 13, whichever occurs first.

(b) Except as provided in section

Neither the Code nor the legislative history provide any guidance as to whether or how an individual Chapter 11 debtor may retain any post-petition income to pay his or her ordinary course of business and living expenses prior to plan confirmation.

Section 1129(a)(15) provides:

> In a case in which the debtor is an individual and in which the holder of an allowed unsecured claim objects to the confirmation of the plan-
> (A) the value, as of the effective date of the plan, of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
> (B) the value of the property to be distributed under the plan is not less than the projected disposable income of the debtor (as defined in section 1325(b)(2) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer.

Section 1325(b)(2) allows for an individual debtor to include as a deduction against disposable income those costs that are reasonably necessary for the "maintenance and support of the debtor or a dependant of the debtor" and necessary business expenses. "Disposable income" is defined as, "current monthly income received by the debtor. . .less amounts reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor. . .."

Accordingly, in determining the amount of a debtor's disposable income that must be distributed to creditors under a plan of reorganization, one must first deduct those amounts required to pay the debtor's reasonably necessary personal and business expenses. *See* In re Rodemeier, 374 B.R. 264 (Bankr. D. Kans. 2007).

Further, since an individual debtor is permitted to pay his or her reasonably necessary personal and business expenses from post-petition earnings under his or her plan of reorganization, they should also be permitted to use their post-petition earnings and income to pay their ordinary course personal and business expenses post-petition and pre-confirmation.

///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Thomas\Mot Pay Expenses\Mot Pay Expenses 031814-dlg.wpd     - 3 -

**VI.  Conclusion**

The Debtors respectfully request that this Court approve their use of post-petition earnings to pay their reasonably necessary living expenses *nunc pro tunc*. The Debtors' budget is attached to the Declaration of Anthony Thomas.

DATED this 21st day of March, 2014.

                                        LAW OFFICES OF ALAN R. SMITH

                                                */s/ Holly E. Estes*
                              By: _____
                                        Holly E. Estes, Esq.
                                        Attorney for Debtors

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Thomas\Mot Pay Expenses\Mot Pay Expenses 031814-dlg.wpd    - 4 -