KEVIN A. DARBY, NVSB #7670
TRICIA M. DARBY, NVSB #7956
**DARBY LAW PRACTICE, LTD.**
4777 Caughlin Parkway
Reno, NV 89519
Telephone (775) 322-1237
Facsimile (775) 996-7290
tricia@darbylawpractice.com

Counsel for Kit Morrison, Todd Armstrong,
Jerry Ferrara, Market Link Inc. and FM Holdings

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

ANTHONY THOMAS and WENDI
THOMAS,

        Debtors.

CASE NO.: BK-N-14-50333-btb
Chapter 11

**DECLARATION OF ANDREW SPIELBERGER
ESQ. IN SUPPORT OF MOTION FOR RELIEF
FROM STAY**

 Hearing Date: April 22, 2014
 Hearing Time: 10:00 a.m.

---

I, ANDREW SPIELBERGER, hereby declare under penalty of perjury as follows:

1.    I am a partner at BALABAN SPIELBERGER counsel of record to KIT MORRISON, TODD ARMSTRONG, JERRY FERRARA, MARKET LINK INC. and FM HOLDINGS (collectively, the "State Court Defendants") in an action pending in Los Angeles County State Court brought by the Debtors in the above-captioned bankruptcy proceeding.

2.    On March 9, 2010, the Debtors filed the First Amended Complaint (In Intervention) of Anthony George ("Tony") Thomas and Wendi Thomas for Possession of Personal Property, Fraud, Breach of Fiduciary Duty, Conversion, Civil Rico and Declaratory Relief (the "Amended Complaint") in the Superior Court of California, County of Los Angeles (the "State Court Action"). Attached hereto as Exhibit "1" is a true and correct copy of the Amended Complaint.  The State Court Defendants are some of the named defendants in the State Court Action brought by the Debtors.  No counterclaims or cross-claims were asserted against the Debtors in the State Court Action.

1    Attached hereto as Exhibit "1" is a true and correct copy of the Amended Complaint. The State Court

2    Defendants are some of the named defendants in the State Court Action brought by the Debtors. ***No***

3    ***counterclaims or cross-claims were asserted against the Debtors in the State Court Action.***

4          3.    On February 19, 2014, the Superior Court in the State Court Action entered a

5    Judgment. Attached hereto as Exhibit "2" is a true and correct copy of the Judgment. The Judgment

6    is an interlocutory judgment in favor of the State Court Defendants denying the Debtors' claim of

7    ownership to the Bahia Emerald. *Id.* The Judgment dismissed with prejudice the First Cause of

8    Action of the Amended Complaint for Recovery and Possession of Personal Property. *Id.*

9          4.    On March 5, 2014, Debtors' Counsel sent the letter attached hereto as Exhibit "3" to

10    Counsels for other Defendants in the State Court Action. Counsel for one of the other Defendants

11    forwarded the letter to me.

12          5.    On March 5, 2014, I sent the attached e-mail attached hereto as Exhibit "4" to

13    Debtors' Counsel and Debtors counsel has not responded to my request to have the stay lifted.

15          DATED this 24th day of March, 2014.

17    By: _____

18            ANDREW SPIELBERGER, ESQ.

# Exhibit "1"

# Exhibit "1"

**FILED**
Los Angeles Superior Court

MAR 09 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

1  ADLESON, HESS & KELLY,
   A Professional Corporation
2  RANDY M. HESS, ESQ. [SB# 88635]
   JEFFREY A. BARUH, ESQ. [SB# 87842]
3  577 Salmar Avenue, Second Floor
   Campbell, California 95008
4  Telephone:   (408) 341-0234
   Facsimile:   (408) 341-0250
5
   Attorneys for Intervenors
6  ANTHONY GEORGE ("TONY") THOMAS
   And WENDI THOMAS
7

8           SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
9
10             CENTRAL DISTRICT, STANLEY MOSK COURTHOUSE
11                        (UNLIMITED JURISDICTION)
12

13  KENNETH CONETTO, BY ERIC KITCHEN,    Case No.   BS 118649
    HIS ATTORNEY IN FACT,
14                                       FIRST AMENDED COMPLAINT (IN
                      Petitioner,        INTERVENTION) OF ANTHONY GEORGE
15  vs.                                  ("TONY") THOMAS AND WENDI THOMAS
                                         FOR POSSESSION OF PERSONAL
16  KIT MORRISON and TODD ARMSTRONG,     PROPERTY, FRAUD, BREACH OF
                                         FIDUCIARY DUTY, CONVERSION, CIVIL
17                    Respondents.       RICO, and DECLARATORY RELIEF

18  ANTHONY GEORGE ("TONY") THOMAS and
    WENDI THOMAS, husband and wife,                  BY FAX
19
                      Intervenors
20  vs.
                                         Action Filed: January 14, 2009
21  KENNETH CONETTO, individually, and by  Dept.: 30 (Hon. John A. Kronstadt)
    ERIC KITCHEN, his Attorney In Fact, ERIC  Trial Date:   April 19 , 2010
22  KITCHEN, an individual, F. WAYNE
    CATLETT, an individual, GEMWORKS
23  MINING INC., a corporation, GEMWORKS   Unlimited Jurisdiction
    ASSET MANAGEMENT, a corporation,       Jury Trial Demanded
24  MARK DOWNIE, an individual, KIT
    MORISSON ,an individual, TODD
25  ARMSTRONG, an individual, JERRY
    FERRARA, an individual, FM HOLDINGS,
26  INC., a corporation, MARKET LINK, INC., a
    corporation, DAVID FISHER, an individual,
27  DAVE PORTER, an individual, the COUNTY
    OF LOS ANGELES, and Does 1-50, inclusive.
28                    Defendants
                                    /

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2ND FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM
©ADLESON, HESS &
KELLY, APC, 2003

Case No.: BS 118649        Thomas First Amended Complaint In Intervention        Page 1

1    Intervenors ANTHONY GEORGE ("TONY") THOMAS and WENDI THOMAS, husband

2   and wife, as and for their claims for possession of personal property and damages, allege as

3   follows:

4    1.    The above entitled Court, pursuant to the stipulation of Petitioner and

5   Respondents, granted Intervenors ANTHONY GEORGE THOMAS and WENDI THOMAS

6   (collectively "THOMAS") leave to intervene in this action.

7    2.    Intervenors THOMAS are, and at all times herein relevant were, husband and

8   wife, residing in the County of Santa Clara, California.

9    3.    THOMAS is informed and believes and thereon alleges that defendants KENNETH

10   CONETTO ("CONETTO") ERIC C. KITCHEN ("KITCHEN"), F. WAYNE CATLETT

11   ("CATLETT") and MARK DOWNIE ("DOWNIE") are, and at all times herein relevant were,

12   residents of the State of California. THOMAS is informed and believes and thereon alleges

13   that defendants KIT MORRISON ("MORRISON"), TODD ARMSTRONG ("ARMSTRONG"),

14   JERRY FERRARA ("FERRARA"), DAVID FISHER ("FISHER") and DAVID PORTER

15   ("PORTER") are, and at all times herein relevant were, residents of states other than

16   California, but claim some right, title or other interest in the personal property, which is the

17   subject of this Action and/or have performed acts which subject to them to the jurisdiction of

18   this Court. THOMAS is informed and believes and thereon alleges that defendants

19   GEMWORKS MINING, INC. was, and at all times herein relevant is, a Panamanian

20   corporation which is not now and/or never was registered or authorized to do business in this

21   State of California. THOMAS is informed and believes and thereon alleges that defendant

22   GEMWORKS ASSET MANAGEMENT, INC. was, and at all times herein relevant is, a

23   Nevada Corporation. THOMAS is informed and believes and thereon alleges that, defendants

24   MARKET LINK, INC. and FM HOLDINGS, INC. were, at all times herein relevant,

25   corporations formed and operating under the laws of states other than California.

26    4.    The true names and capacities of the defendants named herein as Does 1-50

27   are presently unknown to THOMAS, who therefore sues and joins such defendants by such

28   fictitious names. THOMAS will seek leave to amend this Complaint to identify such fictitiously

ADLESON, HESS
& KELLY, APC
577 SALMAR Ave., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
[email protected]
ADLESON.HESS &
KELLY, APC, 2003

Case No.:  BS 118649        Thomas First Amended Complaint In Intervention        Page 2

1   named defendants by their true names when the true names, capacities, and basis of liability
2   of such defendants become known. THOMAS is informed and believes and thereon alleges
3   that some or all of the fictitiously named defendants named herein as Does 1-50 ("Unknown
4   Claimants") claim some interest in or right to the BAHIA EMERALD. THOMAS is informed
5   and believes and thereon alleges that, at all times herein relevant, defendants, including
6   those fictitiously named, or some of them, were the principals, agents, representatives,
7   employers, employees, masters, servants, partners and/or joint venturers of each other, and
8   that their actions, as hereinafter alleged, were within the scope of any such agency,
9   employment, representation, partnership and/or joint venture, and/or performed with the
10  knowledge, approval and/or ratification of such other defendants.

11      5.      THOMAS is informed and believes and thereon alleges that, at times herein
12  relevant, defendants CONETTO, KITCHEN, CATLETT, GMI, GAM, and Does 1-5 were co-
13  conspirators of each other, and, and at times herein relevant, were acting within the course
14  and scope of and/or aiding and abetting such conspiracy, with the authorization of their co-
15  conspirators. THOMAS is further informed and believes and thereon alleges that, at all times
16  herein relevant, said defendants ratified the acts of their co-conspirators.

17      6.      THOMAS intervenes on the grounds they own the property at issue in this action
18  (now commonly known as and hereafter referred to as the "BAHIA EMERALD"), and are so
19  situated that any judgment rendered in their absence and without their joinder would impair or
20  impede their ability to protect that ownership interest.

21      7.      On January 14, 2009, CONETTO by KITCHEN, his attorney in fact, initiated this
22  action by his "Petition for Return of Property" ("Petition"). By that Petition, CONETTO
23  alleges, in essence, that he has been in continuous ownership of the BAHIA EMERALD,
24  except for a brief period of time when Respondents MORRISON and ARMSTRONG owned
25  and possessed the BAHIA EMERALD (see Petition; at ¶9); that on August 8, 2008, the
26  original owner of the BAHIA EMERALD, Elsen Ribeiro, executed a Bill of Sale to CONETTO,
27  "reaffirming" CONETTO's title to the BAHIA EMERALD and disaffirming any transfer of title to
28  a sales agent, Larry Biegler (Petition; at ¶¶ 12 and 14); that MORRISON and ARMSTRONG

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2b FL.
CAMPBELL, CA 95008
(408) 341-0234
Fax (408) 341-0250
WWW.ADLESON.COM
©ADLESON, HESS &
KELLY, APC, 2003

Case No.: BS 118649        Thomas First Amended Complaint In Intervention        Page 3

1 removed the BAHIA EMERALD from a vault (at Commonwealth International, Inc.) in South

2 El Monte, California, to Las Vegas, Nevada ".... under a good faith claim of right ..." and

3 thereafter took "good faith physical possession...." of it  (Petition; at ¶ 15); that, subsequently,

4 a "good faith" dispute arose between CONETTO, on the one hand, and MORRISON and

5 ARMSTRONG, on the other, concerning title and possession of the BAHIA EMERALD

6 (Petition at ¶17); that based upon a complaint filed by that sales agent, Larry Biegler, the Los

7 Angeles County Sheriff obtained possession of the BAHIA EMERALD on or about December

8 18, 2008 and has been in possession of it ever since (Petition at ¶¶ 18 and 20); that the Los

9 Angeles County District Attorney's Office and the Los Angeles County Counsel approve of

10 CONETTO proceeding in this fashion to secure release of the BAHIA EMERALD (Petition at

11 ¶¶ 21 and 22); and that MORRISON and ARMSTRONG agreed to the return of the BAHIA

12 EMERALD to CONETTO in consideration for CONETTO's promise to pay them Five Million

13 Dollars ($5,000,000) when he sells the Emerald (Petition at ¶¶ 29 and 33). THOMAS

14 summarizes these allegations of the Petition for reference purposes only, ***generally denies***

15 ***each and every one of them pursuant to CCP §431.30(d), and specifically denies that***

16 ***CONETTO was ever or is now the rightful owner of the BAHIA EMERALD on the basis***

17 ***that THOMAS is, and at all times herein relevant since in or around October, 2001, has***

18 ***been the rightful owner of the BAHIA EMERALD.***

19     8. Since the Petition was filed, CONETTO has admitted, under oath, that he has divested

20 himself of and that he makes no claim of right, title or interest to the BAHIA EMERALD,

21 having assigned any such purported ownership claim to KITCHEN before the Petition was

22 filed.  Based on such admission, THOMAS is informed and believes and thereon alleges that

23 CONETTO is not and never was the "real party in interest" to assert any claim in this Action,

24 and that any petition or complaint in this Action brought in his name or on his behalf is subject

25 to dismissal.  THOMAS is further informed and believes and thereon alleges that KITCHEN

26 lacks standing to and may not pursue any purported claim of ownership, right, title or interest

27 in the BAHIA EMERALD on his own behalf or on behalf of persons other than CONETTO in a

28 representative capacity [i.e., as attorney-in-fact], and on such basis, KITCHEN must be

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2b FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
www.ahk-law.com
©ADLESON, HESS &
KELLY, APC, 2003

Case No.: BS 118649        Thomas First Amended Complaint In Intervention        Page 4

1 | dismissed from this Action as well.

2 |     9.  In the fall of 2001, THOMAS made two trips to Sao Paulo, Brazil to meet with various
3 | persons, specifically including Elsen Ribiero ("Elsen") and Ruy Saraiva Filho ("Ruy"), in
4 | conjunction with a potential business venture involving Brazilian emeralds to be used as
5 | collateral for a loan to fund a separate unrelated business, Digital Reflections, Inc. ("DRI"), of
6 | which CATLETT was the controlling officer and shareholder.  On each of the two occasions,
7 | in the fall of 2001 that THOMAS travelled to Brazil, he was accompanied by, amongst others,
8 | CONETTO, who was THOMAS' consultant with regard to Brazilian emeralds and potentially
9 | his partner in the prospective business venture related to collateralizing a loan for DRI with
10 | emeralds. Ultimately, at least insofar as THOMAS was aware, that separate business venture
11 | was abandoned after CATLETT'S failure to perform and/or consummate an agreement, but
12 | CONETTO continued as THOMAS' consultant with regard to THOMAS' acquisition of
13 | Brazilian Emeralds for his own account.

14 |     10.  Beginning in or around August, 2001, Elsen and Ruy solicited THOMAS' purchase of
15 | various emeralds, including both "cut and polished" and very large emeralds (black schist
16 | encrusted with emerald crystals).  One such very large black schist emerald that Elsen and
17 | Ruy offered to sell to THOMAS was assumed to be approximately 600 pounds and is now
18 | known as the BAHIA EMERALD.  In late September or early October 2001, Ruy and Elsen
19 | took THOMAS (accompanied by CONETTO) to see this large block of black schist encrusted
20 | with emeralds (then referred to as the "600 pound Emerald") and offered to sell it to THOMAS
21 | for $60,000. After brief consultation with CONETTO, THOMAS accepted this offer.

22 |     11. Specifically, Ruy, Elsen and THOMAS agreed THOMAS would pay the $60,000 upon
23 | his return to the United States (to be wire transferred to Ruy and Elsen's designated account
24 | in Florida) and then return to Brazil to take possession of the BAHIA EMERALD, at which
25 | time he would be provided with an appraisal as well.

26 |     12.  Pursuant to this agreement, on or about October 17, 2001, THOMAS wire
27 | transferred the agreed upon price, $60,000, from his account at Bank of America to an
28 | account in Florida designated by Ruy and Elsen. A true and correct copy of the wire transfer

ADLESON, HESS
& KELLY, APC
577 Salmar Ave., 2D Fl.
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.adelson.com
©ADLESON, HESS &
KELLY, APC, 2003

1 | instructions for payment of the $60,000 to Ruy and Elsen for the BAHIA EMERALD is
2 | attached hereto as Exhibit "A" and incorporated herein by this reference.  Ruy and Elsen do
3 | not dispute receipt of this $60,000.

4 |     13.    After payment of the $60,000 purchase price, as agreed, THOMAS returned to
5 | Brazil again in the fall of 2001.  During this second trip to Sau Paulo, Brazil, on or about
6 | October 26, 2001, THOMAS was again taken to see the BAHIA EMERALD which he had
7 | purchased, with his purchase commemorated by his photograph alongside the Bahia
8 | Emerald. A true and correct copy of the photograph, taken on or about October 26, 2001, of
9 | THOMAS kneeling beside the BAHIA EMERALD and another photograph taken at the same
10 | time of the BAHIA EMERALD are attached hereto as Exhibit "B", and incorporated herein by
11 | this reference.

12 |     14.    While in Sau Paulo, Brazil on this second occasion, as further agreed in conjunction
13 | with its purchase, arrangements were made by Ruy and Elsen for the BAHIA EMERALD to
14 | be appraised by a local appraiser, Dimitri Paraskevopulos.  On or about October 26, 2001,
15 | Paraskevopulos inspected the Bahia Emerald, and thereafter completed his appraisal (No.
16 | 1206-01) for THOMAS, as the owner, which appraisal was based, in large part, upon
17 | information provided by THOMAS to Paraskevopulos regarding the value of a "comparable"
18 | large emerald at the British museum in London.  A true and correct copy of that appraisal,
19 | "certified" (or acknowledged) on or about November 16, 2001, is attached hereto as Exhibit
20 | "C" and incorporated by this reference.

21 |     15.  In the appraisal (Exhibit "C"), Paraskevopulos describes the Emerald as:

22 |       "... a block of black schist with enormous green crystals.... classified as
23 |       emeralds.  The weight, dimensions and characteristics of which are as follows:

24 |       • The schist has an irregular square base measuring 760mm by 670mm.
          The height of the block is also irregular varying from 500mm on one side
25 |         to 850mm on the other.
26 |       • The most astounding feature of this piece is the upper part which is
          slightly concave and on this section there are 9 crystals encrusted.  The
27 |         crystals are of different lengths, 220, 140, 130, 110 mm down to 37 mm
          and the widths of the crystals vary 65 to 20 mm.

28 |

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
www.ahk-law.com
©ADLESON, HESS &
KELLY, APC, 2003

Case No.:  BS 118649          Thomas First Amended Complaint In Intervention          Page 6

- The crystals are irregularly positioned in the schist and some of them overlap. About ¾ of the length of the crystals are exposed; however..... the schist around the crystals could be chipped and they would be more exposed which would significantly add to the block's uniqueness....

(The appraisal concludes)...Such a rare specimen has never been seen before, not even at an international auction house such as Sotheby's. But if I were to estimate the commercial value of this stone, it would be comparatively superior to the value of the emerald measuring 203 x 172 x 160 mm, totaling an estimated 16,000 ct, which was bought for $792 Million and is located at the British Museum, Grade Russell Street, London, England. The stone in this report, I estimate is worth $925 million dollars.

16.    Before departing from Brazil, on this second occasion, Ruy and Elsen also provided THOMAS with a form of written receipt, confirming his purchase of this and other emeralds.

17.    Due to the size, weight, and other dimensions of the Bahia Emerald, it had to be shipped back to THOMAS. Based on CONETTO's assurance that Ruy and Elsen would promptly coordinate and arrange for such shipment, and the agreement of Ruy and Elsen to do so, THOMAS departed from Brazil with CONETTO on or prior to November 10, 2001.

18.    Shortly after THOMAS returned from this his second trip to Brazil, Ruy and Elsen travelled to the San Jose area to sell and deliver various "cut and polished" emeralds which THOMAS had also agreed to purchase from them, in the course of which transaction they assured THOMAS that the "600 pound Emerald" (now known as the BAHIA EMERALD) had been delivered for shipment from Sao Paulo, Brazil to him and should arrive shortly.

19.    When the BAHIA EMERALD failed to arrive as soon as he expected, THOMAS contacted CONETTO regarding its status, and was again assured that it had been shipped, but advised that delays with shipments of this nature were not unusual. When the Bahia Emerald had not arrived by the end of January 2002, THOMAS sent CONETTO back to Brazil to investigate its status.

20.    Immediately on or after CONETTO's arrival back in Brazil, THOMAS contacted him regarding his investigation, at which time CONETTO stated and represented to THOMAS that the BAHIA EMERALD had been stolen, probably at the point of shipment. When THOMAS inquired about further investigation or complaint to Brazilian law enforcement, CONETTO

ADLESON, HESS
& KELLY, APC
677 SALMAR AVE, 2D A.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
www.ahk-law.com
©ADLESON, HESS &
KELLY, APC, 2003

1   dissuaded him, advising that it would be futile because it was likely an "inside job" by
2   employees of the shipping company and Brazilian law enforcement was generally lax about
3   investigating these types of crimes.   THOMAS also discussed his possible recourse in a
4   meeting (attended by CONETTO) with the Santa Clara County District Attorney, who declined
5   to take any action due to, amongst other things, jurisdictional issues.

6      21.   In reliance on what CONETTO represented about the theft of the BAHIA EMERALD
7   in Brazil, from mid-2002 to late 2008, THOMAS accepted and believed that the BAHIA
8   EMERALD had, in fact, been stolen in Brazil and never recovered.   Said reliance was
9   reasonable and justified in light of the close relationship THOMAS maintained with
10  CONETTO over this period.

11     22.   In or around December, 2008, THOMAS discovered that the BAHIA EMERALD had
12  been recovered from a vault in Las Vegas and was in the custody of the Los Angeles County
13  Sheriff.   When THOMAS confronted CONETTO regarding its existence (the BAHIA
14  EMERALD) in the United States, CONETTO claimed that the emerald recovered by the Los
15  Angeles County Sheriffs was another of the large emeralds mined by Ruy and Elson,
16  explaining to THOMAS that the emerald he had purchased in the Fall of 2001(now known as
17  the BAHIA EMERALD) had been broken apart ("jackhammered").

18     23.   In January, 2009, deputies with the Los Angeles County Sherriff's Department
19  advised THOMAS that CONETTO had filed a civil action for the immediate release of the
20  BAHIA EMERALD to him and urged THOMAS to immediately file some form of claim in that
21  civil action, asserting his ownership right to it.   On or about January 26, 2009, THOMAS filed
22  his Declaration in this Action in opposition to the release of the BAHIA EMERALD to
23  CONETTO, MORRISON, ARMSTRONG, or anyone else.

24     24.   In immediate response to THOMAS' claim, KITCHEN threatened criminal
25  prosecution of THOMAS if he did not immediately withdraw his [THOMAS'] claim.   THOMAS
26  is informed and believes and thereon alleges that KITCHEN, in his efforts to coerce THOMAS
27  to withdraw his claim, misrepresented that various law enforcement agencies were
28  investigating and about to arrest THOMAS.

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.ADLESON.COM
@ADLESON, HESS &
KELLY, APC, 2003

Case No.: BS 118649          Thomas First Amended Complaint In Intervention          Page 8

## FIRST CAUSE OF ACTION

### (For Recovery and Possession of Personal Property)

### (Against All Defendants, the COUNTY of LOS ANGELES and Does 1-50, inclusive)

25.    THOMAS incorporates, by this reference, paragraphs 1-24, inclusive, of this Complaint, and realleges the same as though fully set forth herein.

26.    At all times herein relevant, since on or about October 17, 2001 when he paid the $60,000 purchase price for the BAHIA EMERALD, THOMAS has been its rightful owner and entitled to exclusive possession of it.

27.    At the time this action was commenced (i.e., CONETTO's Petition filed), and at all times since, THOMAS is informed and believes and thereon alleges that the BAHIA EMERALD has been in the possession of the Los Angeles County Sheriff's Department, an agency of the County of Los Angeles, which County is named only in its capacity as an indispensible party and not as a party against whom THOMAS alleges any wrongdoing or seeks any monetary relief.

28.    Contrary to the allegations of CONETTO's Petition, THOMAS is informed and believes and thereon alleges that the L.A. Sheriff's Department does not believe the BAHIA EMERALD is the rightful property of any of the defendants named herein or that it should be released to any of them. THOMAS is further informed and believes and thereon alleges that the L.A. Sheriff's Department is, and at all times herein relevant since it obtained possession has been, unwilling to release the BAHIA EMERALD to anyone until this Court determines who is entitled to possession of the BAHIA EMERALD in this Action, and has stipulated to be bound by the Judgment of the Court in this Action  As the rightful owner of the Emerald, at this time and at all times herein relevant since September 2001, THOMAS demands that the BAHIA EMERALD be released to his possession forthwith.

WHEREFORE, THOMAS prays for an Order of this Court directing the County of Los Angeles (Sheriff's Department or any other such other law enforcement or similar agency which holds possession of the BAHIA EMERALD), or any other person in possession of it, to release and turn over possession of the BAHIA EMERALD to Thomas.

ADLESON, HESS
& KELLY, APC
577 Salvado Ave., 2th Fl,
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
WWW.ADLESON.COM
©ADLESON, HESS &
KELLY, APC, 2003

Case No.: BS 118649        Thomas First Amended Complaint In Intervention        Page 9

## SECOND CAUSE OF ACTION

### (Fraud: Misrepresentation and Concealment)

### (Against CONETTO, KITCHEN, CATLETT, and Does 1-20, inclusive)

29.   THOMAS incorporates by this reference, paragraphs 1-28, inclusive, of this Complaint, and realleges the same as though fully set forth herein.

30.  THOMAS is informed and believes and thereon alleges that beginning in the Fall of 2001, or some time shortly thereafter, CONETTO and CATLETT, and subsequently KITCHEN, GMI, and GAM  colluded and conspired with others, specifically including, but not limited to Does1-20, inclusive, to deprive him of ownership and possession of the BAHIA EMERALD.

31.    Beginning shortly after THOMAS returned from his second trip to Brazil in the Fall of 2001,THOMAS is informed and believes that CONETTO, in collusion with CATLETT, Ruy, Elson, and Does 1-20, agreed to and implemented a plan to defraud and deprive THOMAS of ownership and possession of the BAHIA EMERALD, first by falsely and fraudulently representing to him that the BAHIA EMERALD had been shipped from Sao Paulo, Brazil to him in California, and then  subsequently, beginning in or around January or February, 2002, falsely and fraudulently representing to him that the BAHIA EMERALD had been stolen at its point of shipment in Brazil and there was no viable or effective recourse to recover it.

32.    THOMAS endeavored, directly and through CONETTO, to investigate the alleged theft of the BAHIA EMERALD, including, but not limited to, sending CONETTO back to Brazil to investigate, demanding some evidence that the BAHIA EMERALD had actually been delivered to the shipping company in Brazil, and attempting to have the Santa Clara County District Attorney pursue an investigation.  In reliance on the representations of CONETTO and Does 1-20 that the Bahia Emerald had been stolen in Brazil and that pursuit of further investigation in Brazil would be futile, THOMAS ceased investigation of the loss (alleged theft) of the Emerald after meeting with the Santa Clara County District Attorney in early, 2002.

33.    THOMAS did not and could not have, in the exercise of reasonable diligence,

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.ADLESON.COM
©ADLESON, HESS &
KELLY, APC, 2005

Case No.: BS 118649        Thomas First Amended Complaint In Intervention        Page 10

1  discovered that the Bahia Emerald had not been stolen and/or that CONETTO, CATLETT,

2  KITCHEN, Ruy, Elsen, GMI and/or Does 1-20 had subsequently transported the Bahia

3  Emerald to the United States, and justifiably relied on CONETTO's representations that it had

4  been stolen, until the late summer or early fall of 2008, when THOMAS first discovered,

5  through various sources, that a large emerald, strikingly similar to the BAHIA EMERALD, was

6  being offered for sale or as collateral for a loan in the United States.   Only in December,

7  2008, when he learned that the BAHIA EMERALD had been recovered by the Los Angeles

8  County Sheriff's Department, did THOMAS finally realize that, contrary to his prior

9  representations and explanations, his consultant and frequent companion CONETTO had

10  misled him, for approximately 7 years, regarding the BAHIA EMERALD. Even then,

11  CONETTO continued to deliberately mislead THOMAS, insisting that the emerald recovered

12  by the L.A. Sheriffs was a different large emerald mined by Ruy and Elson, and that the

13  BAHIA EMERALD had been jackhammered into countless small pieces.

14      34.   At the times CONETTO and Does 1-20 represented to and misled THOMAS into

15  believing that the BAHIA EMERALD had been stolen in Brazil at the point of shipment and

16  was "unrecoverable", THOMAS is informed and believes and thereon alleges that CONETTO

17  and Does 1-20 knew this was untrue and that CONETTO made such representations and

18  concealed other facts in furtherance of deceiving THOMAS into believing the BAHIA

19  EMERALD was lost because such defendants had belatedly recognized, after THOMAS had

20  the Bahia Emerald appraised for $925,000,000, that it was (or could be) worth considerably

21  more than the $60,000 THOMAS had paid for it, and that the BAHIA EMERALD, based on

22  the appraisal THOMAS had obtained, was far more suitable (than the "cut and polished

23  emeralds") as collateral for the type of high yield loan/investment they were pursuing.

24      35.   In justifiable reliance on these representations and assurances of CONETTO and

25  Does 1-20, after early 2002, THOMAS did not pursue recovery of the BAHIA EMERALD until

26  he discovered it had been recovered by the Los Angeles County Sheriff's Department and

27  that CONETTO, his consultant when THOMAS purchased it and prospective partner in other

28  mining ventures over the ensuing 7 years, was claiming he owned it.

ADLESON, HESS
& KELLY, APC
577 SALEM AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.ADLESON.COM
©ADLESON, HESS &
KELLY, APC, 2003

36.    After the BAHIA EMERALD was recovered by the L.A. Sheriffs, THOMAS is informed and believes, and thereon alleges that KITCHEN concocted an illegal, fraudulent scheme to secure the immediate release of the BAHIA EMERALD to him, by intentionally misrepresenting and/or concealing numerous highly relevant and material facts from this Court in the verified Petition, specifically including, but not limited to:

- That CONETTO was the rightful owner to whom title and possession should be immediately restored, when, in fact, CONETTO had transferred any claim he had of right, title or interest to the BAHIA EMERALD to KITCHEN, and was no longer claiming (as opposed to KITCHEN) the right to ownership or possession of the BAHIA EMERALD;

- That CONETTO had been in continuous ownership and possession of the BAHIA EMERALD since it was shipped into the United States in or around February, 2005, except for a brief period of time when MORRISON and TODD ARMSTRONG owned and possessed it, when, in fact, as he well knew, title to and possession of the BAHIA EMERALD since February, 2005 had been in numerous other persons and/or entities, including, but not limited to, CATLETT, GMI, GAM, Larry Biegler, B&B Services, and/or Does 1-20; and

- That CONETTO's health had deteriorated to the point that he needed to recover and immediately sell the BAHIA EMERALD just to sustain himself.

37.    THOMAS is informed and believes and thereon alleges that KITCHEN deliberately misrepresented and/or concealed these highly relevant and material facts from this Court in the Petition in furtherance of misleading the Court into believing there were no other possible claimants and/or persons entitled to notice so that the Court would summarily approve the Petition and order the immediate release of the BAHIA EMERALD to him.

38.    THOMAS is informed and believes and thereon alleges that, as part of the same fraudulent scheme, after THOMAS filed his claim in this Action, KITCHEN improperly and unethically attempted to intimidate him into foregoing his claim by falsely claiming that various law enforcement authorities were investigating him (THOMAS) and were on the verge

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHKLAW.COM
©ADLESON, HESS &
KELLY, APC, 2003

1  of arresting him and/or by threatening to pursue criminal prosecution against THOMAS if he

2  continued to pursue his claim.

3      39.   As a direct and proximate result of such fraud and other actions heretofore

4  alleged, THOMAS has been deprived of the use, enjoyment and monetary value of the

5  BAHIA EMERALD for more than eight (8) years, all to his damage in an amount presently

6  unknown and not yet ascertainable, but which amount of damage THOMAS prays leave to

7  amend to specify in this Complaint or to have established according to proof in this Action.

8      40.   THOMAS is informed and believes and thereon alleges that the aforementioned

9  acts of CONETTO, CATLETT, KITCHEN, and the others (Does 1-20) who THOMAS is

10  informed and believes and thereon alleges conspired and colluded with CONETTO,CATLETT

11  and KITCHEN, were done in conscious disregard of his rights, with the specific intent to

12  fraudulently deprive him of his property, and were and are of a  sufficiently malicious,

13  oppressive, and despicable nature as to warrant an award of punitive or exemplary damages,

14  which damages THOMAS seeks against said defendants in this Action.

15      WHEREFORE, THOMAS prays for the damages hereafter set forth.

**THIRD CAUSE OF ACTION**

**(Breach of Fiduciary Duty against CONETTO)**

18      41.   THOMAS incorporates by this reference, paragraphs 1-40, inclusive of this

19  Complaint and re-alleges the same as though fully set forth herein.

20      42.   By reason of his purported experience and expertise in mining of valuable minerals

21  (e.g., gold, silver, etc), beginning in or around the late summer of 2001, THOMAS reposed

22  confidence in CONETTO with regard to matters pertaining to Brazilian emeralds and his

23  purchase of them. CONETTO, in turn, voluntarily accepted or purported to accept such

24  confidence and trust which THOMAS reposed in him, by permitting THOMAS to apply for

25  CONETTO's visa as his "consultant", accompanying THOMAS continuously through both of

26  THOMAS' trips to Brazil in the Fall of 2001, allowing THOMAS to pay for or reimburse him for

27  all or virtually all of his (CONETTO's) expenses in conjunction with both trips, allowing

28  THOMAS to pay for him to return to Sao Paulo, Brazil a third time (in early 2002) to

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM
©ADLESON, HESS &
KELLY, APC, 2003

1   investigate why the BAHIA EMERALD had not yet been shipped to him, and by generally
2   advising THOMAS with regard to his (THOMAS') purchase of emeralds and related matters
3   on such trips.

4       43.   As a result of this confidence and trust which THOMAS reposed in CONETTO,
5   which confidence and trust CONETTO accepted or purported to accept, CONETTO was
6   legally prohibited from taking any advantage from his acts related to THOMAS' acquisition of
7   Brazilian emeralds without THOMAS' knowledge or consent.

8       44.   THOMAS is informed and believes and thereon alleges that, beginning in Fall of
9   2001 and continuing thereafter until the Fall of 2008, CONETTO breached and violated this
10  relationship of trust and confidence by acting and omitting to act as hereinabove alleged,
11  specifically including, but not limited to: dissuading THOMAS from remaining in Brazil until
12  the BAHIA EMERALD was actually delivered for shipment to THOMAS in San Jose;
13  misrepresenting to THOMAS that the BAHIA EMERALD had been stolen at its shipping point
14  of origin in Brazil; dissuading THOMAS from further investigating the facts and circumstances
15  of the alleged theft of the BAHIA EMERALD; failing to disclose to THOMAS that the BAHIA
16  EMERALD was still in Sao Paulo in the possession of Ruy,Elsen, CATLETT and himself;
17  failing to disclose to THOMAS that the BAHIA EMERALD had been shipped to him from
18  Brazil in 2005 and was in his (CONETTO's) possession for various periods thereafter;
19  misrepresenting that the BAHIA EMERALD had been broken ("jackhammered") into
20  countless unidentifiable fragments; misrepresenting to THOMAS that he was confusing the
21  BAHIA EMERALD with four other giant emerald pieces that had been subsequently
22  "unearthed" by the Brazilians, one of which was the emerald recovered by the L.A. County
23  Sheriffs; and failing to disclose to THOMAS that he (CONETTO) was, and for some time had
24  been, claiming ownership (directly and indirectly) of and attempting to sell and/or borrow
25  against the BAHIA EMERALD for his and/or others' account.

26      45.   In so acting or omitting to act, THOMAS is informed and believes and thereon
27  alleges that CONETTO violated and breached various fiduciary duties to THOMAS, including
28  his duties of reasonable care, undivided loyalty and confidentiality.

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2DFL
CAMPBELL, CA 95008
(408) 341-0234
FAX(408) 341-0250
WWW.ah.com
©ADLESON, HESS &
KELLY, APC, 2003

46.    As a direct and proximate result of CONETTO's breach of such fiduciary duties, THOMAS has been deprived of the use, enjoyment and monetary value of the BAHIA EMERALD for more than eight (8) years, all to his damage in an amount presently unknown and not yet ascertainable, but which amount of damages THOMAS prays leave to amend to specify in the Complaint or to have established according to proof in this Action.

47.    As a further direct and proximate result of CONETTO's breach of such fiduciary duties, THOMAS requests imposition of a constructive trust on property and/or money CONETTO and/or Does 1-20 have or will receive by virtue of such breaches, specifically including an Order and Judgment holding and declaring that any right, title or interest CONETTO and/or Does 1-20 hold to the BAHIA EMERALD is held as constructive trustee(s) for the benefit and account of THOMAS.

48.   Thomas is informed and believes and therefore alleges that the aforementioned acts of CONETTO in violation of his fiduciary duties to THOMAS were performed intentionally as part of a scheme to defraud and deprive THOMAS of his rights of ownership to and possession of the BAHIA EMERALD, and were and are of a sufficiently fraudulent, malicious, oppressive and despicable nature to warrant the imposition of exemplary or punitive damages against CONETTO, an award of which damages THOMAS seeks by this Complaint.

WHEREFORE, THOMAS prays for the monetary damages and equitable relief hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (For Conversion)

### (Against CONETTO, CATLETT, GMI, GAM, KITCHEN and Does 1-20)

49.    THOMAS incorporates, by this reference, paragraphs 1-48 of this Complaint, and realleges the same as though fully set forth herein.

50.    At all times herein relevant since October, 2001, THOMAS has been the rightful owner of and entitled to possess the BAHIA EMERALD. THOMAS is informed and believes and thereon alleges that, beginning in the late Fall of 2001 and continuing to the

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
INFO@AHK-LAW.COM
@ADLESON, HESS &
KELLY, APC, 2003

1  present, all as more specifically hereinabove alleged, CONETTO, CATLETT, GMI, GAM,

2  BIEGLER, KITCHEN and Does 1-20 have wrongfully exercised dominion over his property,

3  specifically the BAHIA EMERALD, by possessing and denying THOMAS access to it for a

4  significant period of time, representing that they own it and are legally entitled to sell it,

5  attempting to sell it, and now claiming right, title and ownership of it.

6       51.    All such acts of wrongful dominion over THOMAS' property, the BAHIA

7  EMERALD, by CONETTO, CATLETT, GMI, GAM, KITCHEN and Does 1-20 were without

8  THOMAS' consent (and until recently without his knowledge).

9       52.    As a direct and proximate result of this exercise of wrongful dominion over the

10  BAHIA EMERALD by these defendants, THOMAS has been damaged by, amongst other

11  things, the loss of the fair market value of the BAHIA EMERALD at the time of its conversion,

12  and is entitled to reasonable compensation for the time and money he has and necessarily

13  will be required to spend attempting to retrieve possession of and "quiet title" to his ownership

14  of the BAHIA EMERALD.  As a further direct and proximate result of such conversion of his

15  property, the BAHIA EMERALD, by such defendants, THOMAS is entitled to damages for his

16  emotional distress and other general and special damages in an amount according to proof.

17       WHEREFORE, THOMAS prays for the monetary and other equitable relief hereinafter

18  set forth.

19                        **FIFTH CAUSE OF ACTION**

20                          **(For Trespass to Chattel)**

21                        **(Against CONETTO, CATLETT,**

22                      **GMI, GAM, KITCHEN and Does1-20)**

23       53.    THOMAS incorporates, by this reference, paragraphs 1-52, inclusive, of this

24  Complaint, and realleges the same as though fully set forth herein.

25       54.    At all times herein relevant, since October, 2001, THOMAS has been the

26  rightful owner of and entitled to possess the BAHIA EMERALD.

27       55.    THOMAS is informed and believes and thereon alleges that, beginning in the

28  late Fall of 2001 and continuing to the present, all as more specifically hereinabove alleged,

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.ADHLAW.COM
©ADLESON, HESS &
KELLY, APC, 2003

Case No.: BS 118649      Thomas First Amended Complaint In Intervention      Page 16

1  CONETTO, CATLETT, GMI, GAM,  KITCHEN and Does 1-20 have trespassed over his

2  property, specifically the BAHIA EMERALD, by possessing and denying THOMAS access to

3  it for a significant period of time, representing that they own it and are legally entitled to sell it,

4  attempting to sell it, and now claiming right, title and ownership of it.

5          56.    All such acts of wrongful dominion and trespass over THOMAS' property, the

6  BAHIA EMERALD, by CONETTO, CATLETT, GMI, GAM, KITCHEN and Does 1-20 were

7  without THOMAS' consent (and until recently without his knowledge).

8          57.    As a direct and proximate result of such trespass and exercise of wrongful

9  dominion over the BAHIA EMERALD by such defendants, THOMAS has been damaged by,

10  amongst other things, the loss of the fair market value of the BAHIA EMERALD at the time of

11  defendants' trespass, and is entitled to reasonable compensation for the time and money he

12  has and necessarily will be required to spend attempting to retrieve possession of and "quiet

13  title" to his ownership of the BAHIA EMERALD.  As a further direct and proximate result of

14  such conversion of his property, the BAHIA EMERALD, by said defendants, THOMAS is

15  entitled to damages for his emotional distress and other general and special damages in an

16  amount according to proof.

17          WHEREFORE, THOMAS prays for the damages hereafter set forth.

18                              **SIXTH CAUSE OF ACTION**

19                                   **(CIVIL RICO)**

20      **(Against Defendants CONETTO, CATLETT, KITCHEN and Does 1 -20)**

21          58.    THOMAS incorporates, by this reference, paragraphs 1-57, inclusive of this

22  Complaint, and realleges the same as though fully set forth herein.

23          59.    All of the individual defendants, CONETTO, CATLETT, KITCHEN and Does 1-

24  20, against whom this cause of action is brought, are "persons" within the meaning of 18

25  U.S.C. §§ 196113) and 1962 (i).

26          60.    At all times herein relevant, THOMAS was a person within the meaning of 18

27  U.S.C. §§ 1961 and 1962(c).

28          61.    As more specifically hereinabove set forth, THOMAS is informed and believes

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2fLFL
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
THNO.AHK-LAW.COM
©ADLESON, HESS &
KELLY, APC, 2003

1  and thereon alleges that, beginning in late 2001 and continuing well into 2008, defendant
2  "persons" associated together in an "enterprise", as that term is defined in 18 U.S.C. §
3  19611(4), the purpose of which was to steal THOMAS' personal property, specifically
4  including but not limited, the BAHIA EMERALD, and through a "pattern of racketeering
5  activity", as that term is defined in 18 U.S.C. § 1961(5), to deceive and defraud others and
6  commit various acts indictable under the provisions of 18 U.S.C. §201 in conjunction with the
7  importation and attempted sale and/or hypothecation of the BAHIA EMERALD, all of which
8  acts were intended to and did cause or contribute to THOMAS' damages as herein alleged.

9      62.  Each of the defendants against whom this cause of action is brought directly or
10 indirectly invested in, and/or maintained an interest in, or participated in the conduct of the
11 "enterprise" and "racketeering activity", or aided, abetted, counseled, commanded, and/or
12 induced such "racketeering activity", resulting in or contributing to THOMAS' losses or
13 damages, as herein alleged.

14     63.  As more specifically hereinabove alleged, THOMAS is informed and believes
15 and therein alleges that, beginning in late 2001, CONETTO and CATLETT, in agreement with
16 Ruy and Elson, decided not to deliver the BAHIA EMERALD to THOMAS, but rather retain it
17 in order to attempt to sell or hypothecate it based on the appraisal THOMAS had obtained on
18 it (the BAHIA EMERALD).  In furtherance of carrying out this scheme or artifice to retain both
19 the $60,000 THOMAS had paid as well as BAHIA EMERALD itself, said defendants engaged
20 in and committed the following predicate acts:

21          a.  Falsely and fraudulently representing to THOMAS that the BAHIA EMERALD
22              has been stolen after their delivery of it for shipment to THOMASI, that it was
23              likely an "inside" job, and that there was little THOMAS could do about it, all to
24              dissuade THOMAS from further investigating to recover the BAHIA EMERALD,
25              all of which acts THOMAS is informed and believes and thereon alleges were
26              part of a scheme or artifice designed to defraud him of and/or obtain his
27              property by false pretenses.

28          b.  Thereafter improperly and illegally copying the appraisal of the BAHIA

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHKLAW.COM
©ADLESON, HESS &
KELLY, APC, 2003

Case No.: BS 118649          Thomas First Amended Complaint In Intervention          Page 18

1    EMERALD THOMAS had commissioned and obtained in November, 2001,

2    which appraisal was based on the "comparable" in the British Museum (London,

3    England), which THOMAS had discovered, in four (4) subsequent appraisals,

4    all of which subsequent appraisals deliberately concealed THOMAS'

5    November, 2001 appraisal in order to prevent prospective purchasers and

6    lenders from questioning the legitimacy of defendants' claimed "title" and/or

7    investigating THOMAS' ownership claim, which acts THOMAS is informed and

8    believes and thereon alleges are indictable under 18 U.S.C. §1028 as fraud and

9    related activity in connection with identification documents.

10   c.   Forming a Panamanian corporation (GMI) to take and hold title to the BAHIA

11        EMERALD in order to conceal their efforts to sell or hypothecate the BAHIA

12        EMERALD from Thomas and other creditors of CATLETT.

13   d.   Concealing, from THOMAS and CATLETTs' other creditors, CATLETT's

14        purported one-quarter ownership interest in the BAHIA EMERALD in

15        disclosures filed by CATLETT in his bankruptcy, which concealment (non

16        disclosures) THOMAS is informed and believes and thereon alleges was

17        accomplished, in part, through the use of the United States Mail Service,

18        therefore constituting mail fraud as well as bankruptcy fraud.

19   e.   Subsequently stealing from THOMAS another emerald (the "19K carat

20        Emerald") which THOMAS had purchased from CONETTO, and consistent with

21        the same scheme and artifice to defraud THOMAS, using the appraisal of that

22        "19k carat Emerald" which THOMAS had commissioned to misrepresent that

23        said defendants were the rightful owners of and entitled to sell that "19k carat

24        Emerald".

25   f.   Digitally altering (changing the date on) a photograph of the Bahia Emerald to

26        mislead prospective purchasers and/or lenders regarding ownership and/or

27        possession of the Emerald as of the altered date.

28   g.   Filing false and materially misleading declarations and verified petitions at the

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHKLAW.COM
@ADLESON, HESS &
KELLY, APC, 2003

Case No.: BS 118649          Thomas First Amended Complaint In Intervention          Page 19

1    outset of this Action in furtherance of obtaining an order of title to and
2    possession of the Bahia Emerald in violation of THOMAS' rights.

3    64.    As hereinabove alleged, in the course of defendants' racketeering activities
4    over this seven (7) plus year period, defendants:

5    • Used the United States mails for the purpose of executing their scheme and
6    artifice to defraud THOMAS of his property in violation of 18 U.S.C. § 1341; and

7    • Used wire communications in interstate commerce by both making and causing
8    to be made telephone calls, facsimile transmissions, email transmissions and
9    other wire communications in violation of 18 U.S.C. § 1343;

10    65.    THOMAS is further informed and believes and thereon alleges that defendants,
11    in the course of and as an integral part of their racketeering activity, caused the BAHIA
12    EMERALD to be moved numerous times in interstate commerce [e.g., from San Jose,
13    California to New Orleans, Louisiana, and back, etc.], at all times with knowledge that it had
14    been stolen from THOMAS, constituting illegal interstate transportation of stolen property in
15    violation of 18 U.S.C. §2314.

16    66.    THOMAS is further informed and believes and thereon alleges that KITCHEN,
17    aside from filing false and materially misleading declarations and verified petition(s) in this
18    Action, also conspired with and aided and abetted CONETTO and CATLETT in carrying out
19    their racketeering activities and fraudulent scheme, in violation of 18 U.S.C. §2, 18 U.S.C.
20    §2314, and 18 U.S.C. § 962(i) & (d).

21    67.    Defendants' racketeering activities and fraudulent scheme was intended to and
22    has caused discrete and specific harm and damages to THOMAS, as well as others.

23    68.    In formulating and implementing their fraudulent scheme, and carrying about
24    the racketeering activities hereinabove alleged, defendants acted with oppression and malice
25    as well as wanton, reckless and conscious disregard of THOMAS' rights, as well as the rights
26    of others.

27    69.    As a direct and proximate result of defendants' racketeering activities, as
28    hereinabove alleged, THOMAS has been damaged and suffered injury to his property within

ADLESON, HESS
& KELLY, APC
577 Salmar Ave., 2nd Fl.
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.AHK-LAW.com
©ADLESON, HESS &
KELLY, APC, 2005

1  the meaning of 18 U.S.C. §1964(c).

2      70.    By reason of defendants' racketeering activities, as hereinabove alleged,
3  THOMAS seeks and is entitled to treble damages, costs of suit and attorney fees pursuant to
4  18 U.S.C. §1964(c).

5      WHEREFORE, THOMAS prays for the damages and other equitable relief hereinafter
6  set forth.

### SEVENTH CAUSE OF ACTION

**(For Declaratory Relief)**

**(As against all Defendants)**

10     71.    THOMAS incorporates, by this reference, paragraphs 1-70 of this Complaint,
11 and realleges the same as though fully set forth herein.

12     72.    An actual controversy has developed and now exists between THOMAS, on the
13 one hand, and all of the other defendants, including Does 1-50, on the other, regarding rights
14 and claims to and ownership of the BAHIA EMERALD. As hereinabove alleged, THOMAS
15 claims all rights to and ownership of the BAHIA EMERALD since October, 2001. THOMAS is
16 informed and believes and thereon alleges that all other defendants, or some of them, claim
17 some right, title and/or interest in the BAHIA EMERALD or the proceeds from its sale, the
18 validity and/or enforceability of which claims THOMAS disputes.

19     73.    A judicial declaration is necessary and appropriate at this time, particularly
20 under the facts and circumstances here, given the various parties' assertion of some claim of
21 interest, right to, and/or ownership of the BAHIA EMERALD and/or the proceeds of its sale.
22 Such a judicial declaration of the various parties' and potential claimants' right, title and/or
23 interest in and to the BAHIA EMERALD is not only necessary to avoid a multiplicity of actions
24 and the possibility of conflicting orders and judgments, but also to ultimately "quiet title" to the
25 BAHIA EMERALD, and, as necessary or required, allow for that title to be encumbered,
26 assigned, transferred and/or conveyed in the future by THOMAS.

27     WHEREFORE, THOMAS prays for damages and other relief as follows:

28     1.    For general damages in an amount according to proof against CONETTO, CATLETT,

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2h.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHKLAW.COM
©ADLESON, HESS &
KELLY, APC, 2003

Case No.: BS 118649        Thomas First Amended Complaint In Intervention        Page 21

1    GMI, GAM, , KITCHEN and DOES 1-20;

2    2. For a declaratory judgment and order of this court that THOMAS is, and at all times

3    relevant since October, 2001, has been the rightful owner and entitled to exclusive

4    possession of the BAHIA EMERALD , and quieting title as against all Defendants and

5    any other persons or entities claiming right, title, or ownership to the BAHIA

6    EMERALD;

7    3. For imposition of a constructive trust against CONETTO and his co-conspirators,

8    CATLETT, KITCHEN and Does1-20, and for an order and judgment that any right,

9    title, and/or interest they are adjudged to have as to the BAHIA EMERALD be held in

10    trust, as constructive trustees, for the benefit of and account of THOMAS;

11    4. For a temporary restraining order and/or preliminary injunction enjoining any

12    defendant, during the pendency of this Action, from hypothecating, encumbering,

13    transferring, assigning, selling or conveying the BAHIA EMERALD, or attempting to

14    hypothecate, encumber, transfer, assign, sell or convey the BAHIA EMERALD, without

15    stipulation and agreement of all parties and further order of this Court.

16    5. For an Order directing the Los Angeles County Sheriff's Department (or such other

17    agency or person who holds possession of the BAHIA EMERALD at the time of the

18    Judgment in this Action) to immediately release to and turn over the possession of the

19    BAHIA EMERALD to THOMAS;

20    6. For special damages, including, but not limited to:  the fair market value of the BAHIA

21    EMERALD, as an alternative to actual title and possession; for the  loss of use,

22    enjoyment and incidental monetary value of ownership of the BAHIA EMERALD since

23    October, 2001; reasonable compensation for the time and money spent and which

24    THOMAS has and  will necessarily be required to invest and spend attempting to

25    recover the BAHIA EMERALD ; and for his emotional distress caused by the actions of

26    CONETTO, CATLETT, KITCHEN and Does1-20;

27    7. For prejudgment interest on all damages at the rate of 10% per annum;

28    8. For punitive damages or exemplary damages in an amount according to proof;

ADLESON, HESS
& KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHS-LAW.COM
©ADLESON, HESS &
KELLY, APC, 2003

Case No.:  BS 118649          Thomas First Amended Complaint In Intervention          Page 22

9. For an award of treble damages and attorney fees against CONETTO, CATLETT & KITCHEN pursuant to 18 U.S.C. § 1964(c).

10. For costs of suit; and

11. For such other further relief as is just and proper.

Dated: *March 8, 2010*

ADLESON, HESS & KELLY

By: _____
Jeffrey A. Baruh, Esq.
Attorneys for Intervenors
ANTHONY G. and WENDI THOMAS

ADLESON, HESS
& KELLY, APC
577 Salmar Ave., 2nd Fl.
Campbell, CA 95008
(408) 341-0234
Fax (408) 341-0250
www.adeson.com
ADLESON, HESS &
KELLY, APC, 3003



# EXHIBIT "A"

**Bank of America**

ATTN RUY SARANA

FAX  01253713  2552

Funds Transfer Request
and Authorization

1331842

Section I: Customer/Authorization Information

| Name: | Home Phone Number (Day) | Other |
|---|---|---|

Address:

Customer Approval: I authorize Bank of America to transfer my funds as set forth in the instructions listed herein (including debiting my account if applicable) and agree that such transfer of funds is subject to the Bank of America standard funds transfer agreement and applicable fees.

| Customer Signature | Date |
|---|---|

Section II: Transfer Payment Instructions

| Amount of Wire (in US dollars) | Amount of Wire (if foreign currency) | Country/Name of Foreign Currency (e.g. French France) |
|---|---|---|
| 60,000 | | |

| Account Number to Debit | Type of Account Debited | State Where Account was Opened |
|---|---|---|
| | ☐ Checking  ☐ Savings | CA |

| Title or Name on Debit Account | | Repetitive Wire Number (If Applicable) |
|---|---|---|

| Name of Person or Company Receiving Funds (Beneficiary) | Acct # of Person or Company Receiving Funds (Beneficiary Acct #) |
|---|---|
| | 0554610065 |

| Address of Beneficiary (if available) - Street | City | State | Country |
|---|---|---|---|

| Name of Bank Where Beneficiary Has Account (Beneficiary Bank) | ID of Beneficiary Bank (e.g. Routing/ABA Number if available) |
|---|---|

| Beneficiary Bank Address (if available) - Street | City | State | Country |
|---|---|---|---|

| Name of Bank to Send Funds Thru (Send Thru Bank Name, if applicable) | ID of Bank to Send Funds Thru (e.g. SWIFT ID - if available) |
|---|---|

| Send Thru Bank Address (if available) - Street | City | State | Country |
|---|---|---|---|

| Name and Phone # of Person to Contact When Funds Arrive (if applicable) | Any Additional Information for Beneficiary (if applicable) |
|---|---|

Any Additional Instructions for Bank Receiving the Funds (if applicable)

Section III: Wire Acceptance Information

| Customer ID: ☑ DL  ☐ State ID  ☐ Military ID  ☐ Passport  ☐ Other | Source: ☐ OTC  ☐ Phone  ☐ Fax  ☐ Letter |
|---|---|
| ID Number: | |

| Callback Performed (Required For Phone, Fax Or Letter): ☐ Yes  ☐ No |
|---|

| Callback Information: | Name Of Person Contacted/Reason No Callback Performed | Date | Time |
|---|---|---|---|

Purpose Of Wire (Required if OFAC blocked country-see TAO email bulletin board "nw.help.block.entry" for listing of sanctioned countries)

| Request Acceptance Information: | Date | Time | Associate Name (Print) | Phone # | Mail Code |
|---|---|---|---|---|---|
| | 10-17-01 | | JOSE | | |

Section IV: Balance Approval

| Debit Date | US Dollar Amt | Foreign Currency Information (if applicable) | FX Amt | Rate | FX Ref ID |
|---|---|---|---|---|---|
| 10-17-01 | 60,000 | | | | |

| Available Balance | Balance Sufficient? | OD Amount | OD Covered By |
|---|---|---|---|
| | ☐ Yes  ☐ No | | |

| Internal Debit To: ☐ ICA Serial #:   ☐ GL GL #: | Source of Funds if Internal Debit |
|---|---|

I hereby approve the overdraft for this funds transfer transaction. My approval is in accordance with the "freedom to Act" guidelines.

| OD Authorizing Associate's Name (Please Print) | Authorizing Associate's Signature | Date |
|---|---|---|

Section V: Wire System Entry Approval

| Entry Information: | Date | Time | Associate Name | Associate Initials | Phone # | BFT Sequence # |
|---|---|---|---|---|---|---|
| | 10-17-01 | | JOSE | | 5621780 | 004997 |
| Verify Information: | Date | Time | Associate Name | Associate Initials | Phone # | Verify Deadline |

* Always route original of this form to National Channel Operations (SC3-250-02-39) when debiting an internal account.

White-National Channel Operations (if internal account debited)    Canary-Customer    Pink-Banking Center

95-14-0277B  8-2000

A1000141

EXHIBIT "A (1)"

THOMAS AMENDED COMPLAINT IN INTERVENTION

```
                          0 BFT                           01/10/17 15.19.52
BFT1        CO    318 OP NBK5 M23
                 NON-REPETITIVE OUTBOUND WIRE CREDIT ENTRY
BENEFICIARY NAME   ELBERTA LTD
           ACCT# 0950010065
           ADDR                                      (IF PROVIDED)
           CITY  MIAMI            STATE  FL  COUNTRY  US
BENEFICIARY BANK ID   067008414          TYPE  F (F=FED ABA,S=SWF,D=ACCT)
           NAME   UNION PLANTERS BANK
           ADDR  1221 BRICQELL AVE                 (IF PROVIDED)
           CITY  MIAMI            STATE  FL  COUNTRY  US
ATTN/PHONE ADVISE                        NUMBER
CUSTOMER REFERENCE

ADDT INSTRUCTIONS FOR BANK

DID CUSTOMER PROVIDE A DIFFERENT BANK TO SEND FUNDS THROUGH (Y/N)?  N




PRINT SCREEN. BFT SEQUENCE # 01011017004957 VERIFY BY 16:30
      ACTION SUCCESSFUL
PF4=MAIN MENU PF9=CANCEL PF11=PREV SCRN PF12=CONTINUE
```

AT000142

EXHIBIT "A (2)"

** TX STATUS REPORT **            AS OF    OCT 17 2001 13:44    PAGE.01

SAN TOMAS 1098

|    | DATE  | TIME  | TO/FROM          | MODE | MIN/SEC | PGS | JOB# | STATUS |
|----|-------|-------|------------------|------|---------|-----|------|--------|
| 12 | 10/17 | 13:42 | 9011551130821552 | G3--S | 01'33"  | 002 | 113  | OK     |

5·4Y 22⁵4

AT000143

EXHIBIT "A(3)"



# EXHIBIT "B"



THOMAS AMENDED
COMPLAINT IN INTERVENTION
EXHIBIT "BC1)"



THOMAS AMENDED COMPLAINT
IN INTERVENTION
EXHIBIT "B(2)"



# EXHIBIT "C"

# Certificado

### 1206-01

I was invited by the owner to examine and evaluate a rock, which revealed upon exhaustive tests to be a block of black schist with enormous green crystals I have classified as emeralds. The weight, dimensions and characteristics of the block and crystals are as follows:

- The schist has an irregular square base measuring 760 mm by 670 mm. The height of the block is also irregular varying from 500 mm on one side to 850 mm on the other.

- The most astounding feature of this piece is the upper part which is slightly concave and on this section there are 9 crystals encrusted. The crystals are of different lengths: 220, 140, 130, 110 mm down to 37 mm and the widths of the crystals vary from 65 to 20 mm.

- The crystals are irregularly positioned in the schist and some of them overlap. About ¾ of the length of the crystals are exposed; however, with patience the schist around the crystals could be chipped and they would be more exposed which would significantly add to the block's uniqueness.

- The parts of the crystals, that jut out are, in some places, covered with schist, but this does not prevent the crystallization and color typical of emeralds to be seen and admired.

Such a rare specimen has never been seen before, not even at an international auction house such as Sotheby's. But if I were to estimate the commercial value of this stone, it would be comparatively superior to the value of the emerald measuring 203 x 172 x 160 mm, totaling an estimated 19000 ct., which was bought for US$ 792 million (seven hundred and ninety two million dollars) and is located at the British Museum, Great Russell Street, London, England, WC1. The stone in this report, I estimate is worth US$ 925 million (nine hundred and twenty five million dollars).

As an expert gemologist, I must emphasize that this stone is a magnificent and rare find, worthy of admiration.

São Paulo, November 5th, 2001.

**Dimitri Paraskevopulos**
Expert Appraiser – Gemólogo
RG 3.600.656 – CPF 055.745.608-87
T.D.I. 01.030 - CCm8506238-3

Enc.: color photograph

THOMAS AMENDED COMPLAINT
IN INTERVENTION; EXHIBIT "CU)"



2ª TABELIÃO DE NOTAS    ...AULO    BRASIL
"O RECONHECIMENTO DA ASSINATURA NÃO IMPORTA
PRESUNÇÃO DE VALIDADE, EFICÁCIA OU AUTENTICIDADE
DO CONTEÚDO DOCUMENTAL"
VÁLIDO PARA SER UTILIZADO SOMENTE NO ESTRANGEIRO
VALID FOR USE ABROAD ONLY
VALABLE POUR SEULE UTILISATION À L'ETRANGER.
VÁLIDO PARA SER UTILIZADO ... SOMENTE EN EL EXTRANJERO

**OBS. DO 2.- CARTÓRIO DE NOTAS**
RECONHECIMENTO FEITO NOS TERMOS DO
PROVIMENTO N.° 29/80 DA CORREGEDORIA
GERAL DA JUSTIÇA DO ESTADO DE SÃO PAULO.
ESTE DOCUMENTO PARA PRODUZIR EFEITO NO
BRASIL E PARA VALER CONTRA TERCEIROS,
DEVERÁ SER VERTIDO EM VERNÁCULO E
REGISTRADA A TRADUÇÃO.

*THOMAS AMENDED COMPLAINT
IN INTERVENTION; EXHIBIT "C(2)"*

# Exhibit "2"

# Exhibit "2"

Browne Greene, Esq.
GREENE BROILLET & WHEELER, LLP
100 Wilshire Boulevard, Ste. 2100
Santa Monica, CA 90407
Tel: (310) 576-1200
Fax: (310) 576-122

Andrew J. Spielberger, Esq.
Daniel K. Balaban, Esq.
BALABAN & SPIELBERGER LLP
11999 San Vicente Boulevard, Suite 345
Los Angeles, CA 90049
Tel: (424) 832-7677
Fax: (424) 832-7702

Attorney for Respondents

(COURT FILING STAMP ONLY)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 19 2014

Sherri R. Carter, Executive Officer/Clerk

By Paul Solis, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

KEN CONETTO BY ERIC KITCHEN HIS
ATTORNEY IN FACT,

                              Petitioner,

        vs.

KIT MORRISON AND TODD
ARMSTRONG,

                              Respondents.

AND RELATED CASES.

CASE NO. BS 118649
[Assigned to Hon. Michael Johnson, Dept. 56]

(Petition Filed: 1/14/09)

(~~PROPOSED~~) JUDGMENT

Trial in this matter was conducted on October 7-11, 15-18, 21-25, 28-31 and November 1 & 4, 2013, in Department 56 of the Los Angeles Superior Court, the Honorable Michael Johnson presiding. Intervenors Anthony Thomas and Wendi Thomas were represented by Steven Smith and Mark Kearney. Respondents Kit Morrison, Todd Armstrong, Jerry Ferrara, MarketLink, Inc. and FM Holdings, Inc. were represented by Browne Greene and Andrew J. Spielberger. Intervenor Mark Downie was represented by Steven Haney. After considering all the evidence, the briefs and argument of counsel, the Court rejects Anthony Thomas and Wendi Thomas claim of possession of, and ownership to, the Bahia Emerald on the basis that Anthony Thomas and

1
[PROPOSED] JUDGMENT

Wendi Thomas evidence was unpersuasive and not credible such that Anthony Thomas and Wendi Thomas failed to meet the burden of proof required for a claim to title to and possession of personal property and that Anthony Thomas and Wendi Thomas First Cause of Action in Thomas's First Amended Complaint For Recovery and Possession of Personal Property is also barred by the statute of limitations and the doctrine of laches.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Respondents Kit Morrison, Todd Armstrong, Jerry Ferrara, Market Link, Inc. and FM Holdings, Inc. and Intervenor Mark Downie are entitled to interlocutory Judgment in their favor denying Anthony Thomas and Wendi Thomas claim of ownership to the Bahia Emerald such that the First Cause of Action Of Thomas First Amended Complaint For Recovery and Possession of Personal Property is hereby dismissed with prejudice.

DATE: February _19_, 2014          By: _MICHAEL JOHNSON_

                                   The Honorable Michael Johnson

                                   Superior Court Judge

[PROPOSED] JUDGMENT

**PROOF OF SERVICE**
(C.C.P. 1013A, 20015.5)

**STATE OF CALIFORNIA**
    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 11999 San Vicente Boulevard, Suite 345 Los Angeles, CA 90049.

On February 5, 2014 I served the foregoing documents described as: **(PROPOSED) JUDGMENT** on the interested parties in this action.

☐    By placing the true copies thereof enclosed in sealed envelopes addresses as stated on the attached mailing list.

☒    **BY MAIL**

☒    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY ELECTRONIC MAIL:**
    Steve Haney at shaney@haneyyoung.com; and
    Steven Smith at ssmith@smith-lc.com; and
    Mark T. Kearney at mkearney@smith-lc.com

☐    **BY FEDERAL EXPRESS**

☐    **BY PERSONAL SERVICE** - I caused to be delivered such envelope by hand per the service list attached.

☐    **BY FACSIMILE** - I faxed a copy of the above-described document to the interested parties as set forth on the attached mailing list.

    Executed on February 5, 2014 at Los Angeles, California.

☒    **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Laura Vargas
Name

_Laura Vargas_
Signature

<u>**Service List**</u>

Kenneth Conetto et al v. Kit Morrison, et al
<u>Case No. BS 118649</u>

Browne Greene, Esq.                              Co-Counsel for Respondents
GREENE, BROILLET & WHEELER, LLP
100 Wilshire Boulevard, Suite 2100
P.O. Box 2131
Santa Monica , CA 90407-2131
Tel.: (310) 576-1200
Fax: (310) 576-1220

Steven Haney, Esq.                               Counsel for Mark Downie
HANEY & YOUNG, LLP
1055 West 7th Street, Suite 1950
Los Angeles, CA 90017
Tel: (213) 228-6500
Fax: (213) 228-6501
e-mail:  shaney@haneyyoung.com

Steven C. Smith, Esq.                            Counsel for Anthony Thomas
Mark T. Kearney, Esq.
SMITH LC
1800 North Broadway, Suite 200
Santa Ana, CA 92706
Tel: (714) 550-7720
Fax: (714) 550-1251
e-mail: ssmith@smith-lc.com
            mkearney@smith-lc.com

# Exhibit "3"

# Exhibit "3"

LAW OFFICES OF

ALAN R. SMITH, ESQ.

# ALAN R. SMITH
505 RIDGE STREET
RENO, NEVADA 89501

AREA CODE (775)
786-4579
FAX NO. 786-3066
EMAIL: mail@asmithlaw.com

March 5, 2014

*Via Email bgreene@greene-broillet.com*
Browne Greene, Esq.

*Via Email shaney@haneytorbett.com*
Steven Haney, Esq.

*Via Email Mkearney@scckg.com*
Mark T. Kearney, Esq.

Re:    Ken Conetto By Eric Kitchen His Attorney in Fact v. Kit Morrison and Todd
       Armstrong
       AT Emerald, LLC/Anthony and Wendi Thomas

Counsel:

The enclosed Chapter 11 bankruptcy petitions were filed on behalf of AT Emerald, LLC and Anthony and Wendi Thomas on March 4, 2014, in the United States Bankruptcy Court, District of Nevada, Case No. 14-50331 and Case No. 14-50333. My office represents AT Emerald, LLC and Anthony and Wendi Thomas in their Chapter 11 bankruptcy proceedings. Be advised that the filing of these bankruptcy petitions put into place an automatic stay pursuant to 11 U.S.C. § 362, which states, in part, that you may not take any action against the debtors or the debtors' property to collect any debt; enforce any lien on debtors' real or personal property; repossess any property in debtors' possession; and discontinue any service or benefit currently being provided to the debtors by you.

Any action taken in violation of the automatic stay will require my office to file a motion with the bankruptcy court regarding the same. Please be sure that you refrain from taking any action in violation of the automatic stay.

Sincerely,

*/s/ Alan R. Smith*

Alan R. Smith, Esq.

ARS/dlg
Enc.

# Exhibit "4"

# Exhibit "4"

**From:** Andrew Spielberger
**Sent:** Wednesday, March 05, 2014 3:17 PM
**To:** 'mail@asmithlaw.com'
**Subject:** Anthony & Wendi Thomas Bankruptcy

Dear Mr. Smith,

Be advised that my office represents Kit Morrison, Todd Armstrong, Jerry Ferrara, Market Link Inc. and FM Holdings in in regard to the Conetto v. Morrison et matter, case #BS118649.   I note that you sent out correspondence on this case to the other attorneys involved in this action (see attached letter to Mr. Greene) but failed to include me on the mailing list.  Mr.  Greene later forwarded it to me.  As I am counsel for the above, please also put me on the mailing list on this matter.

I believe that Mr. Thomas may be a party in multiple actions and I do not know his status in said actions.  However, I am not sure if you are aware of the underlying facts in Case #BS118649—but you should know that Anthony and Wendi Thomas were/are claimants in that action.  BS118649 is not a case brought against a debtor (i.e. Mr. or Mrs. Thomas).  As such, an automatic stay does not apply to our current proceedings in BS 118649 and I expect to confirm this with the bankruptcy court.

If you have any questions, please feel free to contact me.  Also, please put me on your mailing list for this matter.  Thank you.

Andrew J. Spielberger
11999 San Vicente Boulevard, Suite 345
Los Angeles, CA 90049
Tel:  424-832-7677
Fax: 424-832-7702