ALAN R. SMITH, ESQ.
Nevada Bar No. 1449
HOLLY E. ESTES, ESQ.
Nevada Bar No. 11797
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
**E-mail: mail@asmithlaw.com**

Attorney for Debtors

*ELECTRONICALLY FILED*
*April 14, 2014*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

| | |
|---|---|
| In Re: | Case No. BK-N-14-50333-BTB |
| ANTHONY THOMAS and WENDI THOMAS, | Chapter 11 |
| Debtors, | **OPPOSITION TO MOTION FOR RELIEF FROM STAY** |
| _____/ | Hearing Date: April 22, 2014<br>Hearing Time: 10:00 A.M. |

Debtors, ANTHONY THOMAS and WENDI THOMAS (the "Debtors"), by and through their counsel Holly E. Estes, Esq., of the Law Offices of Alan R. Smith, hereby file their opposition to the Motion for Relief From Stay [DE 23] (the "Motion"). This opposition is based upon the following points and authorities, the pleadings, papers and other records contained in this Court's file, judicial notice of which is respectfully requested, and any evidence or oral argument presented at the time of the hearing on this Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Thomas\MRS (Morrison)\opp MRS 041414-plt.wpd

# POINTS AND AUTHORITIES

**1.     Introduction**

The Debtors' filed their petition for relief under Chapter 11 on March 3, 2014, little more than a month ago. An official committee of unsecured creditors has not yet been appointed in this case, and the Debtors currently operate as debtors-in-possession.

Prior to the commencement of this case, the Debtors intervened in a civil action filed in the Superior Court of California, County of Los Angeles (Central District), Case No. BS-118649, entitled *Kenneth Conetto, By Eric Kitchen, His Attorney in Fact, Petitioner, vs. Kit Morrison and Todd Armstrong, Respondents; Anthony George ("Tony") Thomas and Wendi Thomas, Intervenors, vs. Kenneth Conetto, individually, and by Eric Kitchen, his Attorney in Fact, Eric Kitchen, W. Wayne Catlett, Gemworks Mining, Inc., Gemworks Asset Management, ark Downie, Kit Morrison, Todd Armstrong, Jerry Ferrara, FM Holdings, Inc., market Link, Inc., David Fisher, Dave Portor, the County of Los Angeles, and Does I-50, Defendants* (the "State Court Action"). There, the Debtors asserted claims for recovery and possession of personal property, misrepresentation and concealment, breach of fiduciary, Conversion, For Trespass to Chattel, Civil Rico, and Declaratory Relief. These claims constitute property of the estate pursuant to 11 U.S.C. § 541. These claims are predicated on the misappropriation of an extremely valuable "Bahia Emerald", appraised at $925 million.

On February 19, 2014, after the filing of the Debtors' petition, the court in the State Court Action entered an interlocutory judgment against the Debtors and dismissed the Debtors' First Cause of Action (for recovery and possession of personal property) with prejudice. As to the remainder of the claims, Movants have filed a motion for judgment on the pleadings, and a hearing is currently scheduled for May 29, 2013. The Debtors have not yet filed a responsive brief.

The Debtors wish to pursue the remainder of their claims, as they believe such claims are valuable to their estate; however, they need a breathing spell in which to reevaluate their case and employ new counsel. This past week, Debtors' counsel in the State Court Action

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Thomas\MRS (Morrison)\opp MRS 041414-plt.wpd    - 2 -


was allowed to withdraw from the case. Debtors are therefore currently without counsel and are without the legal sophistication to respond to the pending motion and proceed with the remainder of their case. In order to prosecute the Debtors' claims, the Debtors need a period of time in which to locate and employ new special counsel to represent them in the State Court Action.

**2.      The Debtors Should Be Allowed A Short Continuance Of The Stay**

It is well established that actions against the Debtors are stayed by the automatic stay of 11 U.S.C. § 362(a). *See In re Merrick*, 175 B.R. 133 (9th Cir. BAP 1994). To the extent the actions of Movants are to gain control over the Debtors' property, those actions are stayed. Here, the Movants are seeking to dispose of the remainder of Debtors' claims, which is, in essence, an act to control the Debtors' property.

Movants, in their Motion, list twelve factors a bankruptcy court should weigh in determining whether the stay should be lifted to allow pending litigation to continue. *In re Curtis*, 40 B.R. 795, 799 (Bankr. D. Utah 1984); *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990). Debtors agree that the third, fourth, fifth, eighth and ninth factors are inapplicable to the present case.

As to the first factor (whether the relief will result in a partial or complete resolution of the issues), extending the stay for a short period of time will still ultimately result in a complete resolution of the State Court Action, as the continuance of the stay is only temporary. Therefore, this factor weighs in favor of the Debtors.

The second factor (the lack of any connection with or interference with the bankruptcy case), also weighs in favor of the Debtors because if the stay is not temporarily continued, the Debtors will be forced to proceed with the litigation without counsel, which could result in a loss of the claims. This will certainly negatively impact the Debtors' estate and impact the Debtors' reorganization.

The sixth factor (whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question), also weighs in favor of the Debtors because while the action does involve third parties, the Debtors are more

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Thomas\MRS (Morrison)\opp MRS 041414-plt.wpd      - 3 -

1 than merely bailees or conduits for the goods or proceeds in question, and, as plaintiffs, are
2 integral to the litigation.

3 The seventh factor (whether the litigation in another forum would prejudice the
4 interests of other creditors, the creditors' committee or other interested parties), weighs in
5 favor of a short continuation of the stay. If the Debtors are successful in their claims against
6 Movants, the Debtors' creditors and the estate will benefit (rather than be prejudiced)
7 because the Debtors will be able to liquidate its claims and bring additional assets into the
8 estate (if successful), which can be used to fund a plan of reorganization. Without competent
9 counsel, it is unlikely that the Debtors will be able to prevail.

10 The tenth factor (the interests of judicial economy and the expeditious and economical
11 determination of litigation for the parties) and the eleventh factor (whether the foreign
12 proceeds have progressed to the point where the parties are prepared for trial), weigh in favor
13 of the Debtors. A short continuance of the stay will enable the Debtors to employ competent
14 counsel to properly prosecute their case and provide the Debtors with a chance to prevail
15 against Movants. Although there is a motion pending to dispose of the Debtors' claims, the
16 case has not yet been prepared for trial. Continuing the stay to enable Debtors to locate and
17 employ new counsel will provide the Debtors with proper representation that will foster the
18 interests of judicial economy and help provide an economical determination of the litigation.

19 Finally, the twelfth factor (that the court must examine the impact of the stay on the
20 parties and the 'balance of hurt') weighs heavily in favor of the Debtors. Movants are
21 represented by competent counsel – the Debtors are unrepresented and unqualified to
22 represent themselves. If the Debtors are not allowed time to employ new counsel, there is
23 a great risk that their claims will be lost. A short continuance of the stay will not harm
24 Movants because the litigation will still ultimately be resolved.

25 Balancing these applicable factors, continuing the stay is appropriate.

26 **3.     Alternatively, The Court May Stay The State Court Action Pursuant to**
27 **11 U.S.C. § 105(a)**

28 Although Debtors are the plaintiffs in the State Court Action, an injunction may be

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Thomas\MRS (Morrison)\opp MRS 041414-plt.wpd           - 4 -

1  granted under 11 U.S.C. § 105 to stay the action.  Section 105(a) provides, in part:

2  > The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.
3

4  Section 105 endows the bankruptcy court with ample power to enjoin actions excepted from
5  the automatic stay which might interfere with the rehabilitative process in a chapter 11 case,
6  including stays to enjoin a variety of proceedings which have an adverse impact on the
7  debtor's ability to formulate a plan.  *In re Family Health Servs.*, 105 B.R. 937 (Bankr. C.D.
8  Cal. 1989); *see also, In re Johns-Manville Corp.*, 40 B.R. 219 (S.D. N.Y. 1984).  See also
9  *Bank of the West v. Fabtech Indus. (In re Fabtech Indus.)*, 2010 Bankr. LEXIS 5097 (Bankr.
10 Fed. App., July 19, 2010 (Under § 105(a) the bankruptcy court may enjoin an action against
11 a non-debtor, effectively extending the automatic stay to actions (beyond those subject to 11
12 U.S.C. § 362(a)) that threaten the integrity of a bankrupt's estate.)

13 In the present case, the Debtors are not able to proceed with the State Court Action
14 until they are able to secure engage new special counsel to prosecute the action.  Proceeding
15 in the State Court Action without counsel is prejudicial to the Debtors, and could cause
16 irreparable harm to the estate.  If the Debtors need time to locate and employ new special
17 counsel, which requires Bankruptcy Court approval.  A short delay in the State Court Action
18 will not be prejudicial to the Movants, especially in light of the potential impact on the
19 Debtors are their estate.

20 **4.  Conclusion**

21 Based on the foregoing, it is respectfully requested that this Court continue the stay
22 or issue an injunction for a sufficient time to enable Debtors to locate and employ special
23 counsel to represent them.

24 DATED this 14th day of April, 2014.

25 LAW OFFICES OF ALAN R. SMITH

26 */s/ Holly E. Estes*

27 By_____
28 Holly E. Estes, Esq.
Attorney for Debtors

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Thomas\MRS (Morrison)\opp MRS 041414-plt.wpd

- 5 -