Timothy A. Lukas, Esq.
Nevada Bar No. 4678
Joseph G. Went, Esq.
Nevada Bar No. 9220
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Tel: (702) 669-4600
Fax: (702) 669-4650
Email: jgwent@hollandhart.com

*Attorneys for John Beach, Trustee of the
Beach Living Trust dated January 22, 1999*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>ANTHONY THOMAS and WENDI THOMAS<br><br>☒ Affects AT EMERALD, LLC<br>☐ Affects all Debtors | Case No.: BK-N-14-50333-btb<br>Chapter: 11<br><br>[Lead Case – Jointly Administered]<br><br>Case No.: BK-N-14-50331-btb<br>Chapter: 11<br><br>**EX PARTE MOTION FOR ORDER REQUIRING THE PERSON MOST KNOWLEDGEABLE OF THE SARASOTA VAULT TO APPEAR FOR EXAMINATION AND TO PERMIT INSPECTION OF TANGIBLE THINGS PURSUANT TO FED R. BANKR. P. 2004** |

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004, John Beach ("Beach"), as trustee of the Beach Living Trust dated January 22, 1999 (the "Beach Trust"), by and through its attorneys of record, Holland & Hart LLP, respectfully applies to this Court for an *ex parte* order requiring the **Person Most Knowledgeable of the Sarasota Vault** to appear as set forth in the subpoena to be issued pursuant to Federal Rule of Bankruptcy Procedure 9016, at **640 South Washington Boulevard, Suite 125, Sarasota, Florida, 34236**, on **July 10, 2014 at 9:00 a.m.**, or a date and time agreeable to the parties, and produce the 23 kilogram black schist stone including a green crystal beryl (natural emerald) (the "Thomas Emerald") allegedly owned by the above-captioned Debtor AT Emerald, LLC ("Debtor") for inspection and examination, along with other documents set forth in the subpoena attached

hereto as **Exhibit 1**.

This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   BACKGROUND**

1. On or about January 17, 2013, Debtor executed that certain Promissory Note Secured by Pledge and Security Agreement (the "Note") whereby Debtor promised to pay to the Beach Trust the original principal sum of $500,000.00, together with all accrued interest, fees, and costs due thereunder.

2. In order to secure the repayment of the Note, Debtor executed a Pledge and Security Agreement (the "Security Agreement") wherein the Debtor granted to the Beach Trust a security interest in that certain 23 kilogram black schist stone including a green crystal beryl (natural emerald) of approximately 22,500 carats, which stone is commonly known as the "Thomas Emerald."

3. The Thomas Emerald is described on Debtor's Schedule B on file herein.

4. The Thomas Emerald constitutes property of the Debtor's estate.

5. The Beach Trust filed its UCC-1 Financing Statement with the Nevada Secretary of State as Document Number 2014003009-2 on February 4, 2014.

6. The original maturity date of the Note was January 17, 2014.

7. Debtor defaulted under the terms of the Note by failing to pay the amounts due at maturity.

8. Debtor has not made any payments on the Note.

9. The Thomas Emerald is currently held at the Sarasota Vault, 640 South Washington Blvd., Suite 125, Sarasota, Florida, 34236 ("Sarasota Vault").

10. On March 4, 2014, Debtor filed its voluntary chapter 11 petition herein (the "Petition Date").

11. As of the Petition Date, the amount due under the terms of the Note was in excess of $535,000.00.

12. In its schedules and statements on file herein, Debtor alleges that the Thomas Emerald is valued in excess of $200,000,000.00. *See* Dkt. 1-1 at p. 12.

13. Debtor has not made any post-petition payment to the Beach Trust.

## II. RELIEF REQUESTED

The Beach Trust seeks to conduct an examination and inspection of the Thomas Emerald currently located at the Sarasota Vault pursuant to FED. R. BANKR. P. 2004 and 9016, and FED. R. CIV. P. 45(a)(1)(D).

## III. LEGAL BASIS FOR RELIEF REQUESTED

An examination pursuant to FED. R. BANKR. P. 2004 "can be ordered 'on motion of any party in interest.'" *In re Stasz*, 387 B.R. 271, 273 n.3 (9th Cir. 2008); *see also In re Lifeco Inv. Group, Inc.*, 173 B.R. 478, 480 (Bankr. D. Del. 1994) (quoting FED. R. BANKR. P. 2004(a)). FED. R. BANKR. P. 2004 further provides that the Court may order the examination and the production of documentary evidence concerning any matter that relates "to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or . . . any matter relevant to the case or the formulation of a plan." FED. R. BANKR. P 2004(b); *In re Dinubilo*, 177 B.R. 932, 935 n.6 (E.D. Cal. 1993) (noting "[u]nder Rule 2004, a court may order the examination of any person or motion on any party in interest."). Generally, the purpose of a FED. R. BANKR. P. 2004 examination is to "discover assets, examine transactions, and determine whether wrongdoing has occurred." *In re North Plaza, LLC*, 395 B.R. 113, 122 n.9 (S.D. Cal. 2008) (citing *In re Rafsky*, 300 B.R. 152, 153, n.2 (D. Conn. 2003)); *see also In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002).

The scope of a FED. R. BANKR. P. 2004 examination is "unfettered and broad," as the plain language of the rule indicates. *See* 9 Collier on Bankruptcy ¶ 2004.02[1] at 2004-6 (15th ed. Rev. 1997); *In re Dinubilo*, 177 B.R. 932, 939 (E.D. Cal. 1993) (quoting *In re GHR Energy Corp., Inc.,* 33 B.R. 451, 453 (Bankr. D. Mass. 1983). Courts have repeatedly recognized that the scope of Rule 2004 examinations are in the nature of a "fishing expedition." *In re Dinubilo*, 177 B.R. at 939; *In re French*, 145 B.R. 991, 992 (Bankr. S.D. 1992).

FED. R. BANKR. P. 2004 affords parties-in-interest an extremely broad right of discovery and "is even broader than that of discovery permitted under the Federal Rules of Civil Procedure, which themselves contemplate broad, easy access to discovery." *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) (citations omitted). The broad latitude of FED. R. BANKR. P. 2004 examinations furthers the purpose of the rule, which is "to allow the court to gain a clear picture of the condition and the whereabouts of the bankrupt's estate." *In re Int'l Fibercom, Inc.*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002) (permitted FED. R. BANKR. P. 2004 examination aimed at "obtaining information that will . . . potentially uncover additional claims that may exist for the benefit of the estate"); *In re French*, 145 B.R. at 992 ("Bankruptcy Rule 2004…does not offer the procedural safeguards available under Rule 26 of the Federal Rules of Civil Procedure."). Ultimately, FED. R. BANKR. P. 2004 requires the Court to "balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *See In re Drexel Burnham Lambert Group*, 123 B.R. 702, 711-12 (Bankr. S.D.N.Y. 1991). In making this determination, courts consider the purpose of the request as well as the degree of intrusiveness. *See id.* at 711-12; *In re Hawley Coal Mining Corp.*, 47 B.R. 392, 394 (S.D. W.Va. 1984).

Here, Debtor believes that the Beach Trust is substantially oversecured, as its claim is in the amount of approximately $535,000.00 and Debtor believes that the Thomas Emerald securing the Beach Trust's claim has an alleged value of not less than $200,000,000.00. *See* Dkt. 1 at Schedule B. Further, the U.S. Trustee's *Motion to Convert Case to Chapter 7* filed herein as Docket No. 27 seeks conversion based on Debtor's alleged failure to adequately insure its main asset consisting of the Thomas Emerald. *See* Dkt. 27 at 2. An inspection of the Thomas Emerald is crucial to the Debtor's reorganization prospects. Accordingly, this Court should grant this Motion and enter the order authorizing the examination of the Person Most Knowledgeable of Sarasota Vault, where the Thomas Emerald is allegedly stored, pursuant to a subpoena to be issued pursuant to FED. R. BANKR. P. 9016 and FED. R. CIV. P. 45(a)(1)(D) requiring the production of the Thomas Emerald for inspection by the Beach Trust and its agents.

**IV.    CONCLUSION**

WHEREFORE, for the reasons stated herein, the Beach Trust respectfully requests that this Court enter an order directing the Person Most Knowledgeable of the Sarasota Vault to appear for an examination and produce the Thomas Emerald for inspection by the Beach Trust pursuant to FED. R. BANKR. P. 9016, 2004, and FED. R. CIV. P. 45(a)(1)(D), at **Sarasota Vault, 640 South Washington Boulevard, Suite 125, Sarasota, Florida, 34236**, **on July 10, 2014 at 9:00 a.m.** A proposed order is attached hereto as **Exhibit 2.**

Dated this 20th day of June, 2014.

**HOLLAND & HART LLP**

By: */s/ Joseph G. Went*
Timothy A. Lukas, Esq.
Nevada Bar No. 4678
Joseph G. Went, Esq.
Nevada Bar No. 9220
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada, 89134
*Attorneys for John Beach, Trustee of the Beach Living Trust dated January 22, 1999*

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

# Exhibit 1

# Exhibit 1

B 254 (Form 254 – subpoena for Rule 2004 Examination) (12/13)

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA

**In re:**

ANTHONY THOMAS and WENDI THOMAS

☒ Affects AT EMERALD, LLC
☐ Affects all Debtors

**Debtors.**

CASE NUMBER: BK-S-14-50333-BTB
BK-N-14-503331-BTB*
[Jointly Administered]

Chapter 11

*Matters pending in the United States Bankruptcy Court for the District of Nevada

## SUBPOENA FOR RULE 2004 EXAMINATION

TO:   PERSON MOST KNOWLEDGEABLE OF THE SARASOTA VAULT

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

**See attached Exhibit A for listing of topics.**

| PLACE | DATE AND TIME |
|---|---|
| **640 S. Washington Blvd., Suite 125, Sarasota, Florida 34236** | **July 10, 2014**<br>**9:00 a.m.** |

The examination will be recorded by this method:  Stenographical before a Notary Public or some other authorized officer

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See attached Exhibit B.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(c), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   June 20, 2014

CLERK OF COURT

OR

/s/ Joseph G. Went, Esq.

_____          _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, email address and telephone number of the attorney representing (*name of party*)       *John Beach, Trustee of the Beach Living Trust dated January 22, 1999*       , who issues or requests this subpoena, are:

TIMOTHY A. LUKAS, ESQ./JOSEPH G. WENT, ESQ., Holland & Hart LLP, 9555 Hillwood Drive, Second Floor, Las Vegas, Nevada 89134, Tel: (702) 669-4600, tlukas@hollandhart.com and jgwent@hollandhart.com

**Notice to the person who isses or requests this subpeona**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4)

## **EXHIBIT A**

1. The storage and maintenance of the 23 kilogram black schist stone including a green crystal beryl (natural emerald) and other similar material (the "Thomas Emerald") allegedly owned by Debtor AT Emerald, LLC ("Debtor").

2. The account(s) of Debtor with the Sarasota Vault.

3. The Debtor's depository or vault agreement.

4. The full history of access to the Thomas Emerald while it has been stored at the Sarasota Vault.

5. The full history of access to any other vault maintained by Debtor at Sarasota Vault.

## **EXHIBIT B**

1. The 23 kilogram black schist stone including a green crystal beryl (natural emerald) and/or other similar material (the "Thomas Emerald") allegedly owned by the above-captioned Debtor AT Emerald, LLC ("Debtor").

2. All documents related to any accounts for Debtor.

3. Debtor's depository/vault agreement with Sarasota Vault.

4. All access logs to Debtor's vault.

5. All electronically stored information showing access to the Thomas Emerald.

6. All electronically stored information showing access to the Debtor's vault.

7. Surveillance tapes showing access to the Debtor's vault.

8. All records showing access to the Debtor's vault.

9. All account statements related to Debtor's vault or agreement with Sarasota Vault.

10. All correspondence related to Debtor's vault or agreement with Sarasota Vault.

# Exhibit 2

# Exhibit 2

Timothy A. Lukas, Esq.
Nevada Bar No. 4678
Joseph G. Went, Esq.
Nevada Bar No. 9220
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Tel: (702) 669-4600
Fax: (702) 669-4650
Email: jgwent@hollandhart.com

*Attorneys for John Beach, Trustee of the
Beach Living Trust dated January 22, 1999*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>ANTHONY THOMAS and WENDI THOMAS<br><br>☒ Affects AT EMERALD, LLC<br>☐ Affects all Debtors | Case No.: BK-N-14-50333-btb<br>Chapter: 11<br><br>[Lead Case – Jointly Administered]<br><br>Case No.: BK-N-14-50331-btb<br>Chapter: 11<br><br>**ORDER GRANTING *EX PARTE* MOTION FOR ORDER REQUIRING THE PERSON MOST KNOWLEDGEABLE OF THE SARASOTA VAULT TO APPEAR FOR EXAMINATION AND TO PERMIT INSPECTION OF TANGIBLE THINGS PURSUANT TO FED R. BANKR. P. 2004** |

This Court having reviewed the *Ex Parte Motion for an Order Requiring the Person Most Knowledgeable of the Sarasota Vault to Appear for Examination and to Permit Inspection*

Page 1 of 2

6943807_1

*of Tangible Things Pursuant to Fed. R. Bankr. P. 2004* (the "Motion") submitted by John Beach ("Beach"), as trustee of the Beach Living Trust dated January 22, 1999 (the "Beach Trust"), and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the Motion is GRANTED;

**IT IS FURTHER ORDERED** that the Person Most Knowledgeable of the Sarasota Vault shall appear for an examination under oath as to any matter permitted by Fed. R. Bankr. P. 2004, by counsel for the Beach Trust, and other interested parties who appear at **Sarasota Vault**, **640 South Washington Boulevard, Suite 125, Sarasota, Florida, 34236**, on **July 10, 2014 at 9:00 a.m.** (or at such other mutually agreeable location, date and time) and continuing from day to day thereafter until completion.

**IT IS SO ORDERED.**

Respectfully Submitted By:

**HOLLAND & HART LLP**

    */s/ Joseph G. Went*
By:_____
    Timothy A. Lukas, Esq.
    Nevada Bar No. 4678
    Joseph G. Went, Esq.
    Nevada Bar No. 9220
    9555 Hillwood Drive, Second Floor
    Las Vegas, Nevada, 89134
    *Attorneys for John Beach, Trustee of the*
    *Beach Living Trust dated January 22, 1999*

###

6943807_1