1   ALAN R. SMITH, ESQ. #1449
    HOLLY E. ESTES, ESQ. #11797
2   Law Offices of Alan R. Smith
    505 Ridge Street                            ***ELECTRONICALLY FILED***
3   Reno, Nevada  89501                              ***June 23, 2014***
    Telephone (775) 786-4579
4   Facsimile (775) 786-3066
    **Email: mail@asmithlaw.com**
5   Attorney for Debtors
    ANTHONY THOMAS and WENDI
6   THOMAS and AT EMERALD, LLC

7

8

9                  UNITED STATES BANKRUPTCY COURT

10                      DISTRICT OF NEVADA

11                          —ooOoo—

12  In Re:                          Case No.  BK-N-14-50333-BTB
                                    Case No.  BK-N-14-50331-BTB
13  ANTHONY THOMAS and             Chapter 11 Cases
    WENDI THOMAS,
14                                  [Jointly Administered]

15  AT EMERALD, LLC,               **MOTION TO SELL ASSETS FREE
                                    AND CLEAR OF LIENS AND
16                                  MOTION TO FILE PURCHASE AND
                                    SALE AGREEMENT UNDER SEAL**
17
              Debtors.              Hearing Date:   OST Pending
18  _____/       Hearing Time:   OST Pending

19         Debtor, AT EMERALD, LLC, a Nevada limited liability company (hereinafter "AT

20  Emerald" or "Debtor"), by and through its undersigned counsel, Alan R. Smith, Esq., of the

21  Law Offices of Alan R. Smith, hereby files its Motion To Sell Assets Free And Clear Of

22  Liens And Motion to File Purchase and Sale Agreement Under Seal ("Motion") and moves

23  this Court for an order authorizing the sale of a certain emerald owned by the Debtor.  This

24  Motion is made and based upon 11 U.S.C. § 363(b) and 363(f)(3), the points and authorities

25  set forth below, the Declaration Of Anthony Thomas In Support Motion To Sell Assets Free

26  And Clear Of Liens And Motion to File Purchase and Sale Agreement Under Seal, the

27  pleadings and papers on file herein, and such other matters as may be presented at the hearing

28  hereon.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579        H:\AT Emerald\Mot Sell\Mot Sell 062014-dlg.wpd

1   **POINTS AND AUTHORITIES**

2       **A.**    **Overview Of Motion**

3   This Motion seeks authority for the Debtor to sell its only asset, a 21,000 carat

4   emerald. As set forth below, the sale is for cash, and is sufficient to pay all creditors in the

5   case, as well as all creditors in the companion case of ANTHONY THOMAS and WENDI

6   THOMAS, Case No. BK-N-14-50333-BTB (the "Thomas Bankruptcy Case") in full. The

7   Debtor will request that this Motion be heard on shortened time, with escrow to close three

8   days following entry of an order approving the sale. Debtor believes that this sale will

9   resolve all of the obligations in this case, as well as in the Thomas Bankruptcy Case. The

10  following describes more specifically the terms of the sale.

11      **B.**    **The Proposed Sale**

12      1.    <u>Assets to be sold</u>.

13  The Debtor is the owner of a certain 21,000 carat emerald matrix (the "Emerald").

14  The Emerald is currently located at Sarasota Vault, 640 South Washington Blvd., Ste. 125,

15  Sarasota, Florida, 34236.

16      2.    <u>Purchase price and terms</u>.

17  Attached hereto as **Exhibit "A"** is a fully executed copy of the Purchase And Sale

18  Agreement (hereinafter the "Agreement"). Under the Agreement, Koyo Shipping And

19  Trading Corporation (hereinafter "Koyo") agrees to purchase the Emerald for cash, payable

20  at close of escrow. Pursuant to the Agreement, both parties have requested that the purchase

21  price not be disclosed in any public document, but be filed with the Court under seal. For

22  the reasons set forth in section 9, the actual purchase price has been redacted from the

23  Agreement. The purchase price is sufficient to pay all secured claims, as well as all

24  unsecured claims in full. The purchase price is to be paid in cash, within three days

25  following entry of an order approving the sale or three days following the inspection and

26  acceptance of the Emerald by Koyo. The Agreement provides that Koyo shall have eleven

27  days following execution of the Agreement to approve the condition of the Emerald, and that

28  the Debtor shall have ten days following execution of the Agreement to confirm that Koyo

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Mot Sell 062014-dlg.wpd    - 2 -

has sufficient cash to consummate the transaction.  By the date of the hearing on this Motion, both conditions will likely have been satisfied, as the Agreement was executed on June 19, 2014 and the conditions are required to be met not later that June 30.

       3.    <u>Overbidding not allowed</u>.

No overbidding will be allowed at the hearing.  For the reasons set forth herein, and at the request of the parties to the transaction, the actual purchase price is not disclosed in any public document.  Furthermore, the purchase price is in excess of all of the secured obligations of AT Emerald, as well as the combined unsecured obligations of AT Emerald, and the Thomas Bankruptcy Case.  All creditors in the Thomas Bankruptcy Case will also be provided notice of this sale.

       4.    <u>Description of lienholders</u>.

There are certain claims that have asserted a security interest against the Emerald, which are identified as follows:

| NAME OF CREDITOR | NATURE OF SECURITY INTEREST | APPROXIMATE AMOUNT OF SECURED CLAIM |
| --- | --- | --- |
| John Beach | Security Agreement and UCC-1 Financing Statement | $540,000.00 |
| Kenmark Ventures, LLC | Alleged security interest evidenced by UCC-1 filing with the State of Nevada | $4,500,000.00, together with interest and attorneys' fees (disputed by Debtor) |
| Sarasota Vault Depository, Inc. | Rental Agreement | $1,200.00 |

The Debtor proposes that all money obtained from the sale of the Emerald, except the debt to Sarasota Vault of approximately $1,200.00, remain on deposit in a segregated trust account at Wells Fargo Bank.  Following close of escrow, the Debtor will resolve through agreement or litigation the amount owed to its various creditors, as well as the creditors in the Thomas Bankruptcy Case, and pay all creditors in full.  The Debtor may also seek release of a portion of the sale proceeds by separate motion, in order to employ and pay state court counsel and to provide living expenses to Anthony and Wendi Thomas, leaving sufficient

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Mot Sell 062014-dlg.wpd

- 3 -

1    sums in the trust account in order to resolve all claims in both bankruptcy cases.

2         5.    <u>Amount of unsecured debts.</u>

3         The only unsecured debt listed in the AT Emerald case is Sarasota Vault in the amount

4    of approximately $1,200.00.  This debt will be paid immediately from the sale proceeds in

5    order to allow the Emerald to be released.  The unsecured debts listed in the Thomas

6    Bankruptcy Case total $1,262,568.94.  Accordingly, the total of all secured and unsecured

7    debts in both cases is $6,303,768.94.  The sales price exceeds the amount necessary to pay

8    all creditors in both cases.

9         6.    <u>Marketing efforts and valuation.</u>

10   Anthony Thomas has been marketing the Emerald for more than 8 years through

11   various connections. Due to the unusual nature of the Emerald, normal marketing procedures

12   are not applicable.  In any event, since the sale proceeds are more than sufficient to pay all

13   creditors in full in this case, a determination of the exact value of the Emerald, or whether

14   the Debtor has obtained the best purchase price possible, is not necessary.

15        7.    <u>No agreement with management or key employees.</u>

16   Koyo has not entered into any separate agreement with Anthony Thomas, Wendi

17   Thomas, or any entities or affiliates of either of them.

18        8.    <u>Sale of Emerald to be free and clear of liens under 11 U.S.C. § 363(f).</u>

19   Once the Court determines that a valid business justification exists for the sale, thus

20   permitting the sale of estate assets prior to confirmation of a plan of reorganization, the Court

21   must determine whether such a sale can be made free and clear of existing liens.  Section

22   363(f) of the Bankruptcy Code governs the sale of property of the estate free and clear of

23   liens and provides, in pertinent part, the following:

24        (f)  The trustee may sell property under subsection (b) and (c) of this section free and clear of any interest in such property of an entity other than
25        the estate only if –

26        (1)    applicable non-bankruptcy law permits sale of such property free and clear of such interest;

27

28        (2)    such entity consents;

1       (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)    such interest is in bona fide dispute; and

(5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

Section 363(f) is written in the disjunctive; thus, satisfaction of any one of the five conditions is sufficient to sell the property free and clear of liens.  See, e.g., Citicorp Mortgage, Inc. v. Brooks (In re Ex-Cel Concrete Co.), 178 B.R. 198, 203, n.7 (9th Cir. BAP 1995); Citicorp Homeowners Svcs., Inc. v. Elliot (In re Elliot), 94 B.R. 343, 355 (Bankr. E.D. Pa. 1988).

Pursuant to section 363(f)(2), a sale may be consummated if any asserted interest in the property consents.  The Debtor believes that the secured creditors in this case will consent to the sale.  In any event, pursuant to section 363(f)(3), the price at which the Emerald is to be sold it greater than the aggregate value of all asserted liens against the Emerald, and accordingly the sale may be approved on that basis as well.

9.    <u>Purchase price not disclosed.</u>

As set forth above, the purchase price is in excess of the amount required to pay all claims in both the above-captioned case and the Thomas Bankruptcy Case.  Anthony and Wendi Thomas request that the purchase price remain undisclosed.  As set forth in 11 U.S.C. § 107(c), information need not be disclosed if it would create undue risk of unlawful injury to the individual.  As stated in <u>Collier on Bankruptcy</u>, ¶ 107.04 (16th ed.),

Section 107(c) gives the court broad discretion to protect an individual with respect to any information, including identifying information, in a paper filed or to be filed with the court to the extent that the court finds that disclosure of the information would create an undue risk of identify theft or unlawful injury to the individual or the individual's property.

. . .

Unlike section 107(b), section 107(c) requires a showing of cause.  It does not require a request to the court; although most

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Mot Sell 062014-dlg.wpd

- 5 -

1   orders under the section will be initiated in that manner, the
    court can act *sua sponte*.  There is also no requirement that a
2   request be made by a party in interest.  However, the protection
    of the subsection extends only to individuals, and only to
3   prevent injury to the person or property of individuals.

4   In this case, disclosure of the actual purchase price poses a risk to the individual Debtors

5   Anthony and Wendi Thomas and is not necessary.  Debtor will file under seal an non-

6   redacted copy of the Purchase And Sale Agreement with the Court.

7        10.    Conclusion.

8        Debtor submits that the proposed sale should be approved.  The sale is for a value far

9   in excess of all secured and unsecured claims of both this estate and the Thomas Bankruptcy

10  Case.  The sale is to be consummated in a short period of time, and the proceeds of this sale

11  are protected in an interest bearing trust account.  It is in the best interests of the estate for

12  this sale to be consummated.

13       DATED this 23rd day of June, 2014.

14                               LAW OFFICES OF ALAN R. SMITH

15                               By:_____/s/ Alan R. Smith_____
16                                  ALAN R. SMITH, ESQ.
                                    Attorney for Debtors

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Mot Sell 062014-dlg.wpd        - 6 -