ALAN R. SMITH, ESQ. #1449
HOLLY E. ESTES, ESQ. #11797
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
**Email: mail@asmithlaw.com**
Attorney for Debtors
ANTHONY THOMAS and WENDI
THOMAS and AT EMERALD, LLC

*ELECTRONICALLY FILED*
*June 23, 2014*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

| | |
|---|---|
| In Re:<br><br>ANTHONY THOMAS and<br>WENDI THOMAS,<br><br>AT EMERALD, LLC,<br><br>Debtors.<br>_____/ | Case No.  BK-N-14-50333-BTB<br>Case No.  BK-N-14-50331-BTB<br>Chapter 11 Cases<br><br>[Jointly Administered]<br><br>**EX PARTE MOTION TO FILE PURCHASE AND SALE AGREEMENT UNDER SEAL** |

Debtor, AT EMERALD, LLC, a Nevada limited liability company (hereinafter "AT Emerald" or "Debtor"), by and through its undersigned counsel, Holly E. Estes, Esq., of the Law Offices of Alan R. Smith, hereby files its Ex Parte Motion to File Purchase and Sale Agreement Under Seal ("Motion").  This Motion is made and based upon Federal Rule of Bankruptcy Procedure 9018, Local Rule 9018, the points and authorities set forth below, the Declaration Of Anthony Thomas In Support Motion To Sell Assets Free And Clear Of Liens And Motion to File Purchase and Sale Agreement Under Seal, the pleadings and papers on file herein, and such other matters as may be presented at the hearing hereon.

**POINTS AND AUTHORITIES**

**A.    Background.**

On June 23, 2014, the Debtor filed its Motion To Sell Assets Free And Clear Of Liens

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Mot File PSA Under Seal\Mot File PSA Under Seal 062314 hee.wpd

1  And Motion to File Purchase and Sale Agreement Under Seal (the "Sale Motion"). The Sale
2  Motion seeks authority for the Debtor to sell its only asset, a 21,000 carat emerald (the
3  "Emerald"). The Emerald is currently located at Sarasota Vault, 640 South Washington
4  Blvd., Ste. 125, Sarasota, Florida 34236.

5         1.      <u>Purchase price and terms</u>.

6  Attached to the Sale Motion as **Exhibit "A"** is a fully executed copy of the Purchase
7  And Sale Agreement (hereinafter the "Agreement"). Under the Agreement, Koyo Shipping
8  And Trading Corporation (hereinafter "Koyo") agrees to purchase the Emerald for cash,
9  payable at close of escrow. Pursuant to the Agreement, both parties have requested that the
10 purchase price not be disclosed in any public document, but be filed with the Court under
11 seal.

12 As set forth in the Sale Motion, the purchase price is sufficient to pay all creditors in
13 this case, as well as all creditors in the companion case of ANTHONY THOMAS and
14 WENDI THOMAS, Case No. BK-N-14-50333-BTB (the "Thomas Bankruptcy Case") in
15 full. The purchase price is to be paid in cash, within three days following entry of an order
16 approving the sale or three days following the inspection and acceptance of the Emerald by
17 Koyo. The Agreement provides that Koyo shall have eleven days following execution of the
18 Agreement to approve the condition of the Emerald, and that the Debtor shall have ten days
19 following execution of the Agreement to confirm that Koyo has sufficient cash to
20 consummate the transaction. By the date of the hearing on this Motion, both conditions will
21 likely have been satisfied, as the Agreement was executed on June 19, 2014 and the condition
22 required to be met not later that June 30.

23 Anthony and Wendi Thomas request that the purchase price remain undisclosed. As
24 set forth in 11 U.S.C. § 107(c), information need not be disclosed if it would create undue
25 risk of unlawful injury to the individual. As stated in <u>Collier on Bankruptcy</u>, ¶ 107.04 (16th
26 ed.),

27       Section 107(c) gives the court broad discretion to protect an
      individual with respect to any information, including identifying
28       information, in a paper filed or to be filed with the court to the

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Mot File PSA Under Seal\Mot File PSA Under Seal 062314 hee.wpd

2

> extent that the court finds that disclosure of the information would create an undue risk of identify theft or unlawful injury to the individual or the individual's property.
>
> . . .
>
> Unlike section 107(b), section 107(c) requires a showing of cause. It does not require a request to the court; although most orders under the section will be initiated in that manner, the court can act *sua sponte*. There is also no requirement that a request be made by a party in interest. However, the protection of the subsection extends only to individuals, and only to prevent injury to the person or property of individuals.

In this case, disclosure of the actual purchase price poses a risk to the individual Debtors Anthony and Wendi Thomas and is not necessary. Debtor will file under seal an non-redacted copy of the Purchase And Sale Agreement with the Court.

## **CONCLUSION**

Accordingly, the actual purchase price has been redacted from the Agreement attached to the Sale Motion as Exhibit "A", and the Debtor requests that the purchase price remain confidential. The sale is for a value far in excess of all secured and unsecured claims of both this estate and the Thomas Bankruptcy Case. The sale is to be consummated in a short period of time, and the proceeds of this sale are protected in an interest bearing trust account. It is in the best interests of the individual Debtors, Anthony and Wendi Thomas, that the purchase price remain confidential as disclosure of the actual purchase price poses a risk to the individual Debtors and is not necessary.

DATED this 23rd day of June, 2014.

LAW OFFICES OF ALAN R. SMITH

By:  */s/ Holly E. Estes*
    HOLLY E. ESTES, ESQ.
    Attorney for Debtors

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Mot File PSA Under Seal\Mot File PSA Under Seal 062314 hee.wpd

3