ALAN R. SMITH, ESQ. #1449
HOLLY E. ESTES, ESQ. #11797
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
**Email: mail@asmithlaw.com**
Attorney for Debtors
ANTHONY THOMAS and WENDI
THOMAS and AT EMERALD, LLC

*ELECTRONICALLY FILED*
*June 30, 2014*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

—ooOoo—

In Re:

ANTHONY THOMAS and
WENDI THOMAS,

AT EMERALD, LLC,

Debtors.

_____/

Case No.  BK-N-14-50333-BTB
Case No.  BK-N-14-50331-BTB
Chapter 11 Cases

[Jointly Administered]

**EX PARTE MOTION TO SEAL AND REPLACE DOCKET ENTRIES 83, 87, AND 88**

Debtor, AT EMERALD, LLC, a Nevada limited liability company (hereinafter "AT Emerald" or "Debtor"), by and through its undersigned counsel, Holly E. Estes, Esq., of the Law Offices of Alan R. Smith, hereby files its Ex Parte Motion To Seal And Replace Docket Entries 83, 87, and 88 (the "Motion"). This Motion is made and based upon Federal Rule of Bankruptcy Procedure 9018, Local Rule 9018, the points and authorities set forth below, the Declaration Of Anthony Thomas In Support Of Ex Parte Motion To Seal And Replace Docket Entries 83, 87, and 88, the pleadings and papers on file herein, and such other matters as may be presented at the hearing hereon.

## POINTS AND AUTHORITIES

### A.    Background.

On June 23, 2014, the Debtor filed its Motion To Sell Assets Free And Clear Of Liens

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Mot to File Under Seal\Mot File Under Seal 062514 hee.wpd

1    And Motion to File Purchase and Sale Agreement Under Seal [DE 83](the "Sale Motion"),

2    and the Declaration Of Anthony Thomas In Support Of Motion To Sell Assets Free And

3    Clear Of Liens And Motion To File Purchase And Sale Agreement Under Seal [DE 88]

4    ("Thomas Declaration").  Also on June 23, 2014, the Debtor filed its Ex Parte Motion To File

5    Purchase And Sale Agreement Under Seal [DE 87] ("Motion to Seal") (the Sale Motion, the

6    Thomas Declaration and the Motion to Seal will hereinafter collectively be referred to as the

7    "Documents").  The Documents provide the name and identity of the purchaser and its

8    authorized representative.

9          The purchaser has requested that its name and the name of its authorized

10   representative not be disclosed in any public document, but be filed with the Court under

11   seal.  As set forth in 11 U.S.C. § 107(c), information need not be disclosed if it would create

12   undue risk of unlawful injury to the individual.  As stated in Collier on Bankruptcy, ¶ 107.04

13   (16th ed.),

14              Section 107(c) gives the court broad discretion to protect an
             individual with respect to any information, including identifying
15              information, in a paper filed or to be filed with the court to the
             extent that the court finds that disclosure of the information
16              would create an undue risk of identify theft or unlawful injury
             to the individual or the individual's property.
17
                 . . .
18
                 Unlike section 107(b), section 107(c) requires a showing of
19              cause.  It does not require a request to the court; although most
             orders under the section will be initiated in that manner, the
20              court can act *sua sponte*.  There is also no requirement that a
             request be made by a party in interest.  However, the protection
21              of the subsection extends only to individuals, and only to
             prevent injury to the person or property of individuals.
22

23   In this case, disclosure of the name of the purchaser and the name of its authorized

24   representative could poses a risk to the purchaser and its authorized representative and is not

25   necessary.

26          The Debtor requests that the Documents be sealed and replaced with those attached

27   hereto wherein the identity of the purchaser and its authorized representative have been

28   removed.  Specifically, the Debtor requests that the Sale Motion [DE 83] be replaced with

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Mot to File Under Seal\Mot File Under Seal 0625144eB.wpd                2

1   attached Exhibit "A"; that the Thomas Declaration [DE 88] be replaced with attached Exhibit

2   "B"; and that the Motion to Seal [DE 87] be replaced with attached Exhibit "C". The only

3   change to the attached documents is the removal of the name and identity of the purchaser

4   and the purchaser's representative.

5                                    **CONCLUSION**

6          Accordingly, the Debtor requests that the purchaser and its authorized representative

7   remain confidential. It is in the best interests of the purchaser and the purchaser's authorized

8   representative, that their identity remain confidential as disclosure is not necessary.

9   Therefore, the Debtor requests that the filed Documents be sealed and replaced with the

10  attached exhibits which remove the name and identity of the purchaser and the purchaser's

11  representative.

12         DATED this 30th day of June, 2014.

13                                    LAW OFFICES OF ALAN R. SMITH

14                                    By:_____ */s/ Holly E. Estes*_____
                                          HOLLY E. ESTES, ESQ.
15                                        Attorney for Debtors

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Mot to File Under Seal\Mot File Under Seal 062514-hee.wpd

3

# Exhibit A

1 | ALAN R. SMITH, ESQ. #1449
HOLLY E. ESTES, ESQ. #11797
2 | Law Offices of Alan R. Smith
505 Ridge Street
3 | Reno, Nevada 89501
Telephone (775) 786-4579
4 | Facsimile (775) 786-3066
**Email: mail@asmithlaw.com**
5 | Attorney for Debtors
ANTHONY THOMAS and WENDI
6 | THOMAS and AT EMERALD, LLC

*ELECTRONICALLY FILED*
*June 23, 2014*

7

8

9 | UNITED STATES BANKRUPTCY COURT

10 | DISTRICT OF NEVADA

11 | —ooOoo—

12 | In Re:                                    Case No.  BK-N-14-50333-BTB
                                          Case No.  BK-N-14-50331-BTB
13 | ANTHONY THOMAS and               Chapter 11 Cases
WENDI THOMAS,
14 |                                          [Jointly Administered]

15 | AT EMERALD, LLC,                 **MOTION TO SELL ASSETS FREE**
**AND CLEAR OF LIENS AND**
16 |                                          **MOTION TO FILE PURCHASE AND**
**SALE AGREEMENT UNDER SEAL**
17

18 |              Debtors.                    Hearing Date:   OST Pending
_____/       Hearing Time:   OST Pending

19 |        Debtor, AT EMERALD, LLC, a Nevada limited liability company (hereinafter "AT

20 | Emerald" or "Debtor"), by and through its undersigned counsel, Alan R. Smith, Esq., of the

21 | Law Offices of Alan R. Smith, hereby files its Motion To Sell Assets Free And Clear Of

22 | Liens And Motion to File Purchase and Sale Agreement Under Seal ("Motion") and moves

23 | this Court for an order authorizing the sale of a certain emerald owned by the Debtor.  This

24 | Motion is made and based upon 11 U.S.C. § 363(b) and 363(f)(3), the points and authorities

25 | set forth below, the Declaration Of Anthony Thomas In Support Motion To Sell Assets Free

26 | And Clear Of Liens And Motion to File Purchase and Sale Agreement Under Seal, the

27 | pleadings and papers on file herein, and such other matters as may be presented at the hearing

28 | hereon.

# POINTS AND AUTHORITIES

### A.    Overview Of Motion

This Motion seeks authority for the Debtor to sell its only asset, a 21,000 carat emerald. As set forth below, the sale is for cash, and is sufficient to pay all creditors in the case, as well as all creditors in the companion case of ANTHONY THOMAS and WENDI THOMAS, Case No. BK-N-14-50333-BTB (the "Thomas Bankruptcy Case") in full. The Debtor will request that this Motion be heard on shortened time, with escrow to close three days following entry of an order approving the sale. Debtor believes that this sale will resolve all of the obligations in this case, as well as in the Thomas Bankruptcy Case. The following describes more specifically the terms of the sale.

### B.    The Proposed Sale

1.    Assets to be sold.

The Debtor is the owner of a certain 21,000 carat emerald matrix (the "Emerald"). The Emerald is currently located at Sarasota Vault, 640 South Washington Blvd., Ste. 125, Sarasota, Florida, 34236.

2.    Purchase price and terms.

Attached hereto as **Exhibit "A"** is a fully executed copy of the Purchase And Sale Agreement (hereinafter the "Agreement"). Under the Agreement, a purchaser agrees to purchase the Emerald for cash, payable at close of escrow. Pursuant to the Agreement, both parties have requested that the purchase price not be disclosed in any public document, but be filed with the Court under seal. For the reasons set forth in section 9, the actual purchase price has been redacted from the Agreement. The purchase price is sufficient to pay all secured claims, as well as all unsecured claims in full. The purchase price is to be paid in cash, within three days following entry of an order approving the sale or three days following the inspection and acceptance of the Emerald by the purchaser. The Agreement provides that the purchaser shall have eleven days following execution of the Agreement to approve the condition of the Emerald, and that the Debtor shall have ten days following execution of the Agreement to confirm that the purchaser has sufficient cash to consummate the transaction.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Mot Sell (Replace) 062714 hee.wpd    - 2 -

1    By the date of the hearing on this Motion, both conditions will likely have been satisfied, as

2    the Agreement was executed on June 19, 2014 and the conditions are required to be met not

3    later that June 30.

4         3.    <u>Overbidding not allowed.</u>

5         No overbidding will be allowed at the hearing.  For the reasons set forth herein, and

6    at the request of the parties to the transaction, the actual purchase price is not disclosed in any

7    public document.   Furthermore, the purchase price is in excess of all of the secured

8    obligations of AT Emerald, as well as the combined unsecured obligations of AT Emerald,

9    and the Thomas Bankruptcy Case.  All creditors in the Thomas Bankruptcy Case will also

10    be provided notice of this sale.

11         4.    <u>Description of lienholders.</u>

12         There are certain claims that have asserted a security interest against the Emerald,

13    which are identified as follows:

| NAME OF CREDITOR | NATURE OF SECURITY INTEREST | APPROXIMATE AMOUNT OF SECURED CLAIM |
|---|---|---|
| John Beach | Security Agreement and UCC-1 Financing Statement | $540,000.00 |
| Kenmark Ventures, LLC | Alleged security interest evidenced by UCC-1 filing with the State of Nevada | $4,500,000.00, together with interest and attorneys' fees (disputed by Debtor) |
| Sarasota Vault Depository, Inc. | Rental Agreement | $1,200.00 |

22         The Debtor proposes that all money obtained from the sale of the Emerald, except the

23    debt to Sarasota Vault of approximately $1,200.00, remain on deposit in a segregated trust

24    account at Wells Fargo Bank.  Following close of escrow, the Debtor will resolve through

25    agreement or litigation the amount owed to its various creditors, as well as the creditors in

26    the Thomas Bankruptcy Case, and pay all creditors in full.  The Debtor may also seek release

27    of a portion of the sale proceeds by separate motion, in order to employ and pay state court

28    counsel and to provide living expenses to Anthony and Wendi Thomas, leaving sufficient

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Mot Sell (Replace) 062714 hee.wpd    - 3 -

1    sums in the trust account in order to resolve all claims in both bankruptcy cases.

2         5.    Amount of unsecured debts.

3         The only unsecured debt listed in the AT Emerald case is Sarasota Vault in the amount

4    of approximately $1,200.00. This debt will be paid immediately from the sale proceeds in

5    order to allow the Emerald to be released. The unsecured debts listed in the Thomas

6    Bankruptcy Case total $1,262,568.94. Accordingly, the total of all secured and unsecured

7    debts in both cases is $6,303,768.94. The sales price exceeds the amount necessary to pay

8    all creditors in both cases.

9         6.    Marketing efforts and valuation.

10        Anthony Thomas has been marketing the Emerald for more than 8 years through

11    various connections. Due to the unusual nature of the Emerald, normal marketing procedures

12    are not applicable. In any event, since the sale proceeds are more than sufficient to pay all

13    creditors in full in this case, a determination of the exact value of the Emerald, or whether

14    the Debtor has obtained the best purchase price possible, is not necessary.

15         7.    No agreement with management or key employees.

16        The purchaser has not entered into any separate agreement with Anthony Thomas,

17    Wendi Thomas, or any entities or affiliates of either of them.

18         8.    Sale of Emerald to be free and clear of liens under 11 U.S.C. § 363(f).

19        Once the Court determines that a valid business justification exists for the sale, thus

20    permitting the sale of estate assets prior to confirmation of a plan of reorganization, the Court

21    must determine whether such a sale can be made free and clear of existing liens. Section

22    363(f) of the Bankruptcy Code governs the sale of property of the estate free and clear of

23    liens and provides, in pertinent part, the following:

24           (f)   The trustee may sell property under subsection (b) and (c) of this section free and clear of any interest in such property of an entity other than

25        the estate only if –

26           (1)    applicable non-bankruptcy law permits sale of such property free and clear of such interest;

27

28           (2)    such entity consents;

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Mot Sell (Replace) 062714 hee.wpd

- 4 -

(3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)    such interest is in bona fide dispute; and

(5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

Section 363(f) is written in the disjunctive; thus, satisfaction of any one of the five conditions is sufficient to sell the property free and clear of liens.  See, e.g., Citicorp Mortgage, Inc. v. Brooks (In re Ex-Cel Concrete Co.), 178 B.R. 198, 203, n.7 (9th Cir. BAP 1995); Citicorp Homeowners Svcs., Inc. v. Elliot (In re Elliot), 94 B.R. 343, 355 (Bankr. E.D. Pa. 1988).

Pursuant to section 363(f)(2), a sale may be consummated if any asserted interest in the property consents. The Debtor believes that the secured creditors in this case will consent to the sale.  In any event, pursuant to section 363(f)(3), the price at which the Emerald is to be sold it greater than the aggregate value of all asserted liens against the Emerald, and accordingly the sale may be approved on that basis as well.

9.    Purchase price not disclosed.

As set forth above, the purchase price is in excess of the amount required to pay all claims in both the above-captioned case and the Thomas Bankruptcy Case.  Anthony and Wendi Thomas request that the purchase price remain undisclosed. As set forth in 11 U.S.C. § 107(c), information need not be disclosed if it would create undue risk of unlawful injury to the individual.  As stated in Collier on Bankruptcy, ¶ 107.04 (16th ed.),

> Section 107(c) gives the court broad discretion to protect an individual with respect to any information, including identifying information, in a paper filed or to be filed with the court to the extent that the court finds that disclosure of the information would create an undue risk of identify theft or unlawful injury to the individual or the individual's property.
>
> . . .
>
> Unlike section 107(b), section 107(c) requires a showing of cause. It does not require a request to the court; although most

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Mot Sell (Replace) 062714 hee.wpd    - 5 -

1      orders under the section will be initiated in that manner, the
2      court can act *sua sponte*. There is also no requirement that a
       request be made by a party in interest. However, the protection
3      of the subsection extends only to individuals, and only to
       prevent injury to the person or property of individuals.

4 In this case, disclosure of the actual purchase price poses a risk to the individual Debtors

5 Anthony and Wendi Thomas and is not necessary. Debtor will file under seal an non-

6 redacted copy of the Purchase And Sale Agreement with the Court.

7      10.    <u>Conclusion</u>.

8      Debtor submits that the proposed sale should be approved. The sale is for a value far

9 in excess of all secured and unsecured claims of both this estate and the Thomas Bankruptcy

10 Case. The sale is to be consummated in a short period of time, and the proceeds of this sale

11 are protected in an interest bearing trust account. It is in the best interests of the estate for

12 this sale to be consummated.

13      DATED this 23rd day of June, 2014.

14                     LAW OFFICES OF ALAN R. SMITH

15                     By:     */s/ Holly E. Estes*
16                         HOLLY E. ESTES, ESQ.
                         Attorney for Debtors

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Mot Sell (Replace) 062714 hee.wpd

- 6 -

# Exhibit A

## REDACTED COPY
## OF
## PURCHASE AND SALE AGREEMENT

## PURCHASE AND SALE AGREEMENT

This Purchase And Sale Agreement (hereinafter the "Agreement") *is* made this 19ᵗʰ day of June, 2014, by and between AT EMERALD, LLC, a Nevada limited liability company (hereinafter "AT Emerald"), and ███████████████████ ██████████. This Agreement is based upon the following recitals:

### RECITALS

WHEREAS, AT Emerald is the owner of a certain emerald described herein below; and

WHEREAS, AT Emerald desires to sell and ████ desires to purchase the emerald as hereinafter described; and

WHEREAS, AT Emerald is currently a debtor-in-possession in the bankruptcy case entitled In re AT Emerald, LLC, Case Number BK-N-14-50331-BTB (the "Bankruptcy Case").

NOW, THEREFORE, the parties hereto agree as follows:

1.     Description of Assets to be Sold

Subject to the conditions hereinafter set forth, AT Emerald agrees to sell and ████ agrees to purchase a certain 21,000 carat emerald matrix (the "Emerald") which is currently located at Sarasota Vault, 640 South Washington Blvd., Suite 125, Sarasota, Florida, 34236 (hereinafter the "Storage Vault").

2.     Purchase Price and Terms

The purchase price for the Emerald shall be the sum of ████████████████████ ██████████ payable in cash or cash equivalent in the manner set forth below.

-1-



3.    <u>Conditions Precedent</u>

A)    Within ten (10) days following the execution of this Agreement, ▆▆▆ shall inspect the Emerald at the Storage Vault.   AT Emerald shall cooperate in arranging such inspection at a mutually agreeable time.   ▆▆▆ shall be entitled to bring such gemologist or other experts as ▆▆▆ shall deem necessary to conduct its own inspection of the Emerald.   ▆▆▆ acknowledges that it has not relied upon any representations of AT Emerald concerning the condition of the Emerald, and relies solely upon its own inspection of the Emerald.   On or before 5:00 p.m. PST on the eleventh day following the execution of this Agreement, ▆▆▆ shall provide notice by email whether it is satisfied with the condition of the Emerald.   If ▆▆▆ is satisfied with the condition of the Emerald, escrow shall close in the manner set forth herein below.   If ▆▆▆ indicates it is dissatisfied with the condition of the Emerald, this Agreement shall be null and void, and all obligations of the parties hereunder shall be deemed canceled.

B)    Within ten (10) days following the execution of this Agreement, ▆▆▆ shall provide to AT Emerald evidence of its financial ability to consummate this transaction in a manner satisfactory to AT Emerald.   In the event AT Emerald is not satisfied in its sole discretion that ▆▆▆ has the financial ability to consummate this transaction, AT Emerald shall provide email notice to ▆▆▆ that the transaction is canceled, and in such event this Agreement shall be null and void and all obligations of the parties hereunder shall be cancelled.

C)    This Agreement shall be subject to and conditional upon entry of an order approving the sale (the "Approval Order") by the Bankruptcy Court in the Bankruptcy Case.   AT Emerald shall be responsible for bringing the motion before the Court, and shall seek a hearing on shortened notice, with a hearing date to be within seven (7) days of the date of filing the motion, or as close thereto as possible.

–2–



4.    Close of Escrow

Escrow shall close for this transaction ("Close of Escrow") within three (3) days following

the entry of the Approval Order[or 3 days following the inspection and acceptance of the Emerald

by ███. Close of Escrow shall occur at the Law Offices of Alan R. Smith, Esq., or such other

place as the parties shall mutually agree.

5.    Obligations of ███ Prior to Closing

Prior to Close of Escrow, ███ shall cause to be deposited the sum of ████████

████████████ (the "Purchase Funds") ████████ into a segregated

trust account entitled "At Emerald Trust Account" located at Wells Fargo Bank in Reno, Nevada

and ████████ into bank account designated by AT Emerald LLC.   Wiring or other transfer

instructions shall be provided to ███ within three (3) days following the execution of this

Agreement.

6.    Obligations of AT Emerald Prior to Closing

Prior to Close of Escrow, AT Emerald shall deliver to the law offices of Alan R. Smith,

Esq., an executed Bill of Sale, transferring the Emerald from AT Emerald to ███, or such other

entity as ███ so designates in writing prior to Close of Escrow, as well as written instructions to

the Storage Vault (the "Storage Vault Instructions") representing that the Emerald has been sold to

███ or its nominee, and authorizing ███ or its nominee, complete access to the Emerald.

7.    Instructions to Escrow Agent

The Law Offices of Alan R. Smith (hereinafter "Escrow Agent") is instructed as follows:

On the closing date, Escrow Agent shall:

A)    Deliver the Bill of Sale to ███ or nominee, in a manner specified by ███

B)    Deliver the Storage Vault Instructions to ███ in a manner identified by ███

–3–



C)   Maintain the ████████████████████ on deposit at Wells

Fargo Bank pending further order of the Bankruptcy Court.

8.   <u>Acknowledgment that Sale is "As Is"</u>

████ acknowledges that it has relied upon its own inspection of the Emerald in connection

with this Agreement, and has not relied upon any representation whatsoever by AT Emerald, or

any agent or affiliate of AT Emerald. ████ acknowledges that this sale is "as is," and that AT

Emerald has made no warranty or other representation whatsoever regarding the condition or

quality of the Emerald.

9.   <u>Representations of AT Emerald</u>

A)   AT Emerald represents that it is the true and lawful owner of the Emerald, and that,

subject to the Approval Order, has the ability to transfer the Emerald free and clear of all liens and

encumbrances.

B)   That AT Emerald's managing member is Anthony G. Thomas (hereinafter

"Thomas"), who has the authority to act on behalf of AT Emerald, and to execute all such

documents as shall be required in connection with this transaction.

10.   <u>Representations of</u> ████

A)   ████ represents that it is a valid and currently chartered corporation, and that

████████ has authority to act on behalf of ████, including authority to execute all

documents as shall be required in connection with this transaction.

11.   <u>Purchase Price Confidential</u>

The parties hereto agree that the amount of the purchase price shall remain confidential,

and shall not be disclosed in any public filing.   The parties agree that the purchase price may be

disclosed to the Bankruptcy Judge only in a filing under seal.

—4—



12. <u>Governing Law</u>

This Agreement shall be construed and governed in accordance with the laws of the State of Nevada, as well as the laws of the United States of America as the same shall be applicable.

13. <u>Jurisdiction</u>

The parties hereto specifically consent to the jurisdiction of the United States Bankruptcy Court for the State of Nevada, Reno, Nevada, in connection with this Agreement, specifically including the enforcement of this Agreement and any claims associated therewith.

14. <u>Attorneys' Fees</u>

If any litigation arises out of or in connection with enforcement of this Agreement, the prevailing party shall be entitled to recovery its litigation costs, including expert witness fees and attorneys' fees.

DATED:- this 19th day of June, 2014

AT EMERALD, LLC



By: _____
ANTHONY G. THOMAS
Managing Member

DATED:- this 19th day of June, 2014



By: _____

—5—

# Exhibit B

1  ALAN R. SMITH, ESQ. #1449
   HOLLY E. ESTES, ESQ. #11797
2  Law Offices of Alan R. Smith
   505 Ridge Street
3  Reno, Nevada 89501
   Telephone (775) 786-4579
4  Facsimile (775) 786-3066
   **Email: mail@asmithlaw.com**
5  Attorney for Debtors
   ANTHONY THOMAS and WENDI
6  THOMAS and AT EMERALD, LLC

***ELECTRONICALLY FILED***
***June 23, 2014***

7

8

9              UNITED STATES BANKRUPTCY COURT

10                  DISTRICT OF NEVADA

11                     ---ooOoo---

12  In Re:                          Case No.  BK-N-14-50333-BTB
                                    Case No.  BK-N-14-50331-BTB
13  ANTHONY THOMAS and
    WENDI THOMAS,                   Chapter 11 Cases
14
                                    [Jointly Administered]
15  AT EMERALD, LLC,
                                    **DECLARATION OF ANTHONY**
16                                  **THOMAS IN SUPPORT OF MOTION**
                                    **TO SELL ASSETS FREE AND CLEAR**
17                                  **OF LIENS AND MOTION TO FILE**
                                    **PURCHASE AND SALE AGREEMENT**
18              Debtors.            **UNDER SEAL**

19                                  Hearing Date:  OST Pending
                                    Hearing Time:  OST Pending
20  _____/

21       I, ANTHONY THOMAS, being first duly sworn, declare and say under penalty of

22  perjury as follows:

23       1.    I am over the age of 18 years of age, and I am mentally competent. I am the

24  managing member of AT Emerald, LLC. I have authority to enter into agreements on behalf

25  of AT Emerald, LLC.

26       2.    Except as otherwise indicated, all facts set forth in this declaration are based

27  upon my personal knowledge. If called upon to testify as to the contents of this declaration,

28  I could and would do so.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Decl Thomas Mot Sell (Replace) 062714 hee.wpd

3.      On June 19, 2014, I on behalf of AT Emerald, LLC entered into a Purchase and Sale Agreement with the purchaser wherein the purchaser agrees to purchase the 21,000 carat emerald matrix (the "Emerald") for cash, payable at close of escrow.  A true and correct copy of the redacted Purchase and Sale Agreement is attached hereto as **Exhibit "A"**.

4.      As set forth in the Motion To Sell Assets Free And Clear Of Liens And Motion to File Purchase and Sale Agreement Under Seal, the sale of the Emerald is for cash, and the purchase price is sufficient to pay all creditors in this case, as well as all creditors in the companion case of ANTHONY THOMAS and WENDI THOMAS, Case No. BK-N-14-50333-BTB (the "Thomas Bankruptcy Case") in full.

5.      Pursuant to the Purchase and Sale Agreement, both parties have requested that the purchase price not be disclosed in any public document, but be filed with the Court under seal.

6.      Disclosure of the actual purchase price for the Emerald poses a risk to my family and I, and is not necessary, as all creditors are able to be paid in full from the sale proceeds.

DATED this 23rd day of June, 2014.

ANTHONY THOMAS

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada   89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Decl Thomas Mot Sell (Replace) 062714 hee.wpd

# Exhibit A

## REDACTED COPY
## OF
## PURCHASE AND SALE AGREEMENT

## PURCHASE AND SALE AGREEMENT

This Purchase And Sale Agreement (hereinafter the "Agreement") *is* made this 19th day of June, 2014, by and between AT EMERALD, LLC, a Nevada limited liability company (hereinafter "AT Emerald"), and █████████████████  ████████████. This Agreement is based upon the following recitals:

### R E C I T A L S

WHEREAS, AT Emerald is the owner of a certain emerald described herein below; and

WHEREAS, AT Emerald desires to sell and ██████ desires to purchase the emerald as hereinafter described; and

WHEREAS, AT Emerald is currently a debtor-in-possession in the bankruptcy case entitled In re AT Emerald, LLC, Case Number BK-N-14-50331-BTB (the "Bankruptcy Case").

NOW, THEREFORE, the parties hereto agree as follows:

1.      Description of Assets to be Sold

Subject to the conditions hereinafter set forth, AT Emerald agrees to sell and ███ agrees to purchase a certain 21,000 carat emerald matrix (the "Emerald") which is currently located at Sarasota Vault, 640 South Washington Blvd., Suite 125, Sarasota, Florida, 34236 (hereinafter the "Storage Vault").

2.      Purchase Price and Terms

The purchase price for the Emerald shall be the sum of ████████████████ ████████ payable in cash or cash equivalent in the manner set forth below.

-1-



3.    <u>Conditions Precedent</u>

A)    Within ten (10) days following the execution of this Agreement, ███ shall inspect the Emerald at the Storage Vault.    AT Emerald shall cooperate in arranging such inspection at a mutually agreeable time.    ███ shall be entitled to bring such gemologist or other experts as ███ shall deem necessary to conduct its own inspection of the Emerald.    ███ acknowledges that it has not relied upon any representations of AT Emerald concerning the condition of the Emerald, and relies solely upon its own inspection of the Emerald.    On or before 5:00 p.m. PST on the eleventh day following the execution of this Agreement, ███ shall provide notice by email whether it is satisfied with the condition of the Emerald.    If ███ is satisfied with the condition of the Emerald, escrow shall close in the manner set forth herein below.    If ███ indicates it is dissatisfied with the condition of the Emerald, this Agreement shall be null and void, and all obligations of the parties hereunder shall be deemed canceled.

B)    Within ten (10) days following the execution of this Agreement, ███ shall provide to AT Emerald evidence of its financial ability to consummate this transaction in a manner satisfactory to AT Emerald.    In the event AT Emerald is not satisfied in its sole discretion that ███ has the financial ability to consummate this transaction, AT Emerald shall provide email notice to ███ that the transaction is canceled, and in such event this Agreement shall be null and void and all obligations of the parties hereunder shall be cancelled.

C)    This Agreement shall be subject to and conditional upon entry of an order approving the sale (the "Approval Order") by the Bankruptcy Court in the Bankruptcy Case.    AT Emerald shall be responsible for bringing the motion before the Court, and shall seek a hearing on shortened notice, with a hearing date to be within seven (7) days of the date of filing the motion, or as close thereto as possible.

–2–



4.    Close of Escrow

Escrow shall close for this transaction ("Close of Escrow") within three (3) days following the entry of the Approval Order[or 3 days following the inspection and acceptance of the Emerald by ███. Close of Escrow shall occur at the Law Offices of Alan R. Smith, Esq., or such other place as the parties shall mutually agree.

5.    Obligations of ███ Prior to Closing

Prior to Close of Escrow, ███ shall cause to be deposited the sum of ████████ ████████ (the "Purchase Funds") ████████ into a segregated trust account entitled "At Emerald Trust Account" located at Wells Fargo Bank in Reno, Nevada and ████████ into bank account designated by AT Emerald LLC.   Wiring or other transfer instructions shall be provided to ███ within three (3) days following the execution of this Agreement.

6.    Obligations of AT Emerald Prior to Closing

Prior to Close of Escrow, AT Emerald shall deliver to the law offices of Alan R. Smith, Esq., an executed Bill of Sale, transferring the Emerald from AT Emerald to ███, or such other entity as ███ so designates in writing prior to Close of Escrow, as well as written instructions to the Storage Vault (the "Storage Vault Instructions") representing that the Emerald has been sold to ███ or its nominee, and authorizing ███ or its nominee, complete access to the Emerald.

7.    Instructions to Escrow Agent

The Law Offices of Alan R. Smith (hereinafter "Escrow Agent") is instructed as follows: On the closing date, Escrow Agent shall:

A)    Deliver the Bill of Sale to ███ or nominee, in a manner specified by ███

B)    Deliver the Storage Vault Instructions to ███ in a manner identified by ███

-3-



C)   Maintain the ████████████████ on deposit at Wells

Fargo Bank pending further order of the Bankruptcy Court.

8.   Acknowledgment that Sale is "As Is"

████ acknowledges that it has relied upon its own inspection of the Emerald in connection

with this Agreement, and has not relied upon any representation whatsoever by AT Emerald, or

any agent or affiliate of AT Emerald. ████ acknowledges that this sale is "as is," and that AT

Emerald has made no warranty or other representation whatsoever regarding the condition or

quality of the Emerald.

9.   Representations of AT Emerald

A)   AT Emerald represents that it is the true and lawful owner of the Emerald, and that,

subject to the Approval Order, has the ability to transfer the Emerald free and clear of all liens and

encumbrances.

B)   That AT Emerald's managing member is Anthony G. Thomas (hereinafter

"Thomas"), who has the authority to act on behalf of AT Emerald, and to execute all such

documents as shall be required in connection with this transaction.

10.   Representations of ████

A)   ████ represents that it is a valid and currently chartered corporation, and that

████████████ has authority to act on behalf of ███, including authority to execute all

documents as shall be required in connection with this transaction.

11.   Purchase Price Confidential

The parties hereto agree that the amount of the purchase price shall remain confidential,

and shall not be disclosed in any public filing.   The parties agree that the purchase price may be

disclosed to the Bankruptcy Judge only in a filing under seal.

-4-



12.   Governing Law

This Agreement shall be construed and governed in accordance with the laws of the State of Nevada, as well as the laws of the United States of America as the same shall be applicable.

13.   Jurisdiction

The parties hereto specifically consent to the jurisdiction of the United States Bankruptcy Court for the State of Nevada, Reno, Nevada, in connection with this Agreement, specifically including the enforcement of this Agreement and any claims associated therewith.

14.   Attorneys' Fees

If any litigation arises out of or in connection with enforcement of this Agreement, the prevailing party shall be entitled to recovery its litigation costs, including expert witness fees and attorneys' fees.

DATED:-  this 19th day of June, 2014

AT EMERALD, LLC

By:______
    ANTHONY G. THOMAS
    Managing Member

DATED:-  this 19th day of June, 2014

By:______

—5—



# Exhibit C

ALAN R. SMITH, ESQ. #1449
HOLLY E. ESTES, ESQ. #11797
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
**Email: mail@asmithlaw.com**
Attorney for Debtors
ANTHONY THOMAS and WENDI
THOMAS and AT EMERALD, LLC

*ELECTRONICALLY FILED*
*June 23, 2014*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

In Re:

ANTHONY THOMAS and
WENDI THOMAS,

AT EMERALD, LLC,

      Debtors.

_____/

Case No.  BK-N-14-50333-BTB
Case No.  BK-N-14-50331-BTB
Chapter 11 Cases

[Jointly Administered]

**EX PARTE MOTION TO FILE
PURCHASE AND SALE AGREEMENT
UNDER SEAL**

      Debtor, AT EMERALD, LLC, a Nevada limited liability company (hereinafter "AT

Emerald" or "Debtor"), by and through its undersigned counsel, Holly E. Estes, Esq., of the

Law Offices of Alan R. Smith, hereby files its Ex Parte Motion to File Purchase and Sale

Agreement Under Seal ("Motion").  This Motion is made and based upon Federal Rule of

Bankruptcy Procedure 9018, Local Rule 9018, the points and authorities set forth below, the

Declaration Of Anthony Thomas In Support Motion To Sell Assets Free And Clear Of Liens

And Motion to File Purchase and Sale Agreement Under Seal, the pleadings and papers on

file herein, and such other matters as may be presented at the hearing hereon.

**POINTS AND AUTHORITIES**

**A.**    **Background.**

      On June 23, 2014, the Debtor filed its Motion To Sell Assets Free And Clear Of Liens

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Mot File PSA Under Seal\Mot File PSA Under Seal (Replace) 062714 hee.wpd

1    And Motion to File Purchase and Sale Agreement Under Seal (the "Sale Motion"). The Sale

2    Motion seeks authority for the Debtor to sell its only asset, a 21,000 carat emerald (the

3    "Emerald"). The Emerald is currently located at Sarasota Vault, 640 South Washington

4    Blvd., Ste. 125, Sarasota, Florida 34236.

5                              1.    Purchase price and terms.

6          Attached to the Sale Motion as **Exhibit "A"** is a fully executed copy of the Purchase

7    And Sale Agreement (hereinafter the "Agreement"). Under the Agreement, the purchaser

8    agrees to purchase the Emerald for cash, payable at close of escrow. Pursuant to the

9    Agreement, both parties have requested that the purchase price not be disclosed in any public

10   document, but be filed with the Court under seal.

11         As set forth in the Sale Motion, the purchase price is sufficient to pay all creditors in

12   this case, as well as all creditors in the companion case of ANTHONY THOMAS and

13   WENDI THOMAS, Case No. BK-N-14-50333-BTB (the "Thomas Bankruptcy Case") in

14   full. The purchase price is to be paid in cash, within three days following entry of an order

15   approving the sale or three days following the inspection and acceptance of the Emerald by

16   the purchaser. The Agreement provides that the purchaser shall have eleven days following

17   execution of the Agreement to approve the condition of the Emerald, and that the Debtor

18   shall have ten days following execution of the Agreement to confirm that the purchaser has

19   sufficient cash to consummate the transaction. By the date of the hearing on this Motion,

20   both conditions will likely have been satisfied, as the Agreement was executed on June 19,

21   2014 and the condition required to be met not later that June 30.

22         Anthony and Wendi Thomas request that the purchase price remain undisclosed. As

23   set forth in 11 U.S.C. § 107(c), information need not be disclosed if it would create undue

24   risk of unlawful injury to the individual. As stated in Collier on Bankruptcy, ¶ 107.04 (16th

25   ed.),

26               Section 107(c) gives the court broad discretion to protect an
                 individual with respect to any information, including identifying
27               information, in a paper filed or to be filed with the court to the
                 extent that the court finds that disclosure of the information
28               would create an undue risk of identify theft or unlawful injury

1

to the individual or the individual's property.

2

. . .

3

Unlike section 107(b), section 107(c) requires a showing of cause. It does not require a request to the court; although most orders under the section will be initiated in that manner, the court can act *sua sponte*. There is also no requirement that a request be made by a party in interest. However, the protection of the subsection extends only to individuals, and only to prevent injury to the person or property of individuals.

4

5

6

7

In this case, disclosure of the actual purchase price poses a risk to the individual Debtors

8

Anthony and Wendi Thomas and is not necessary. Debtor will file under seal an non-

9

redacted copy of the Purchase And Sale Agreement with the Court.

10

## CONCLUSION

11

Accordingly, the actual purchase price has been redacted from the Agreement attached

12

to the Sale Motion as Exhibit "A", and the Debtor requests that the purchase price remain

13

confidential. The sale is for a value far in excess of all secured and unsecured claims of both

14

this estate and the Thomas Bankruptcy Case. The sale is to be consummated in a short period

15

of time, and the proceeds of this sale are protected in an interest bearing trust account. It is

16

in the best interests of the individual Debtors, Anthony and Wendi Thomas, that the purchase

17

price remain confidential as disclosure of the actual purchase price poses a risk to the

18

individual Debtors and is not necessary.

19

DATED this 23rd day of June, 2014.

20

LAW OFFICES OF ALAN R. SMITH

21

By:_____*/s/ Holly E. Estes*_____

22

HOLLY E. ESTES, ESQ.
Attorney for Debtors

23

24

25

26

27

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\AT Emerald\Mot Sell\Mot File PSA Under Seal\Mot File PSA Under Seal (Replace) 062714 hee.wpd

2