Timothy A. Lukas, Esq.
Nevada Bar No. 4678
Joseph G. Went, Esq.
Nevada Bar No. 9220
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Tel: (702) 669-4600
Fax: (702) 669-4650
Email: jgwent@hollandhart.com

*Attorneys for John Beach, Trustee of the
Beach Living Trust dated January 22, 1999*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ANTHONY THOMAS and WENDI THOMAS<br><br>☒ Affects AT EMERALD, LLC<br>☐ Affects all Debtors | Case No.: BK-N-14-50333-btb<br>Chapter: 11<br><br>[Lead Case – Jointly Administered]<br><br>Case No.: BK-N-14-50331-btb<br>Chapter: 11<br><br>**LIMITED OPPOSITION TO US TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7**<br><br>**Hearing Date: July 30, 2014**<br><br>**Hearing Time: 2:00 p.m.** |

Secured creditor John Beach ("Beach"), as trustee of the Beach Living Trust dated January 22, 1999 (the "Beach Trust"), by and through its attorneys of record, Holland & Hart LLP, hereby respectfully submits its limited opposition (the "Opposition") to the United States Trustee's (the "US Trustee") *Motion to Convert Case to Chapter 7* (the "Motion").

This Opposition is based on the attached memorandum of points and authorities, the papers and pleadings on file herein, and any oral argument that this Court may permit at a hearing on this matter.

6986512_1

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

Debtor AT Emerald, LLC's ("Debtor") only asset is that certain 23 kilogram black schist stone including a green crystal beryl (natural emerald) of approximately 22,500 carats, which stone is commonly known as the "Thomas Emerald." Evidently, Debtor has arranged for an alleged sale of the Thomas Emerald, the proceeds from which exceed the total amount of all known creditor claims. Therefore, dismissal of this case prior to the completion of the alleged sale of the Thomas Emerald is not in the best interests of the creditors.

**II.  STATEMENT OF FACTS**

1. On March 4, 2014, Debtor filed its voluntary chapter 11 petition herein (the "Petition Date").

2. In its schedules and statements on file herein, Debtor alleges that the Thomas Emerald is valued in excess of $200,000,000.00. *See* Dkt. 1-1 at p. 12.

3. According to the claims registers of the jointly administered Debtors, there exists approximately $5,200,000.00 in claims against the Debtors.

4. On June 23, 2014, the Debtors filed their *Motion to Sell Assets Free and Clear of Liens and Motion to File Purchase and Sale Agreement Under Seal* (the "Motion to Sell") wherein Debtors alleged that a sale for the Thomas Emerald had been negotiated for a sale price sufficient to pay all secured and unsecured claims. *See* Dkt. 83 at 2:22-23.

5. Debtor has not made any post-petition payment to the Beach Trust.

**II.  LEGAL ARGUMENT**

The US Trustee's Motion seeks to convert the case pursuant to 11 U.S.C. § 1112(b), based on cause related to the Debtor's failure to maintain appropriate insurance that poses a risk to the estate or to the public." *See* Mot. at 2:18-19.

Once a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate; and, (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors

6986512_1

and the estate. *In re Prod. Int'l Co.*, 395 B.R. 101, 107 (Bankr. D. Ariz. 2008).

Unusual circumstances exist in this case, as the subject asset is unique, and the underlying sales transaction is sensitive and for a sum that far exceeds to the total amount of known claims. Further, the US Trustee's alleged cause consists of a lack of insurance. There is no evidence to suggest that such insurance is readily available, or whether the Debtors can sustain the cost of the premium. Instead, keeping the cases open in chapter 11 to allow for the orderly liquidation of the Thomas Emerald and the subsequent distribution of the sale proceeds under court supervision is in the best interests of the creditors, who stand to be paid in full.

Therefore, this Court should not convert the case filed by Debtor AT Emerald, as unusual circumstances establish that conversion is not in the best interests of the creditors.

## IV.  CONCLUSION

Based on the foregoing, the Beach Trust respectfully requests that this Court deny the US Trustee's Motion.

Dated this 15th day of July, 2014.

**HOLLAND & HART LLP**

*/s/ Joseph G. Went*
By:_____
Timothy A. Lukas, Esq.
Nevada Bar No. 4678
Joseph G. Went, Esq.
Nevada Bar No. 9220
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada, 89134

*Attorneys for John Beach, Trustee of the Beach Living Trust dated January 22, 1999*

6986512_1