Timothy A. Lukas, Esq.
Nevada Bar No. 4678
Joseph G. Went, Esq.
Nevada Bar No. 9220
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Tel: (702) 669-4600
Fax: (702) 669-4650
Email: jgwent@hollandhart.com

*Attorneys for John Beach, Trustee of the
Beach Living Trust dated January 22, 1999*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re:<br><br>ANTHONY THOMAS and WENDI THOMAS<br><br>☒ Affects AT EMERALD, LLC<br>☐ Affects all Debtors | Case No.: BK-N-14-50333-btb<br>Chapter: 11<br><br>[Lead Case – Jointly Administered]<br><br>Case No.: BK-N-14-50331-btb<br>Chapter: 11<br><br>**MOTION TO COMPEL PRODUCTION OF REQUIRED KEY OR AUTHORIZE DRILL OUT OF VAULT LOCK**<br><br>**Hearing Date:** OST Requested<br><br>**Hearing Time:** OST Requested |
|---|---|

Pursuant 11 U.S.C. 105, John Beach ("Beach"), as trustee of the Beach Living Trust dated January 22, 1999 (the "Beach Trust"), by and through its attorneys of record, Holland & Hart LLP, respectfully submits this *Motion to Compel Production of Required Key or Authorize Drill Out of Vault Lock* (the "Motion").

This Motion is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    BACKGROUND**

1.    On or about January 17, 2013, Debtor executed that certain Promissory Note Secured by Pledge and Security Agreement (the "Note") whereby Debtor promised to pay to the

6991707_1

Beach Trust the original principal sum of $500,000.00, together with all accrued interest, fees, and costs due thereunder.

2.  In order to secure the repayment of the Note, Debtor executed a Pledge and Security Agreement (the "Security Agreement") wherein the Debtor granted to the Beach Trust a security interest in that certain 23 kilogram black schist stone including a green crystal beryl (natural emerald) of approximately 22,500 carats, which stone is commonly known as the "Thomas Emerald."

3.  The Thomas Emerald is described on Debtor's Schedule B on file herein.

4.  The Thomas Emerald constitutes property of the Debtor's estate.

5.  The Beach Trust filed its UCC-1 Financing Statement with the Nevada Secretary of State as Document Number 2014003009-2 on February 4, 2014.

6.  The original maturity date of the Note was January 17, 2014.

7.  Debtor defaulted under the terms of the Note by failing to pay the amounts due at maturity.

8.  Debtor has not made any payments on the Note.

9.  The Thomas Emerald is currently held at the Sarasota Vault, 640 South Washington Blvd., Suite 125, Sarasota, Florida, 34236 ("Sarasota Vault").

10. On March 4, 2014, Debtor filed its voluntary chapter 11 petition herein (the "Petition Date").

11. As of the Petition Date, the amount due under the terms of the Note was in excess of $535,000.00.

12. In its schedules and statements on file herein, Debtor alleges that the Thomas Emerald is valued in excess of $200,000,000.00. *See* Dkt. 1-1 at p. 12.

13. Debtor has not made any post-petition payment to the Beach Trust.

14. On June 24, 2014, the Beach Trust obtained authority pursuant to FRBP 2004 to examine the person most knowledgeable of the Sarasota Vault, including access to and inspection of the Thomas Emerald. *See* Dkt. 93.

6991707_1

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

15. The 2004 examination of the person most knowledgeable of the Sarasota Vault, including access to and inspection of the Thomas Emerald, was originally scheduled to occur on July 10, 2014. *Id.*

16. On July 2, 2014, the Beach Trust received a letter from counsel for the Sarasota Vault. A true and correct copy of the July 2, 2014 letter is attached hereto as **Exhibit 1** and incorporated herein by reference. The July 2, 2014 letter sets forth the following points:

    a. Access to the subject box at the Sarasota Vault is controlled by a two-key system, where one key is controlled by Debtor; and

    b. Without the second key, the only way that the subject box could be opened is for a locksmith to drill the locks and replace them at the conclusion of the examination, for a fee of approximately $200.00. *Id.*

17. On June 23, 2014, Debtor filed its *Motion to Sell Assets Free and Clear of Liens and Motion to File Purchase and Sale Agreement under Seal* (the "Motion to Sell"). *See* Dkt. 40.

18. The hearing on the Motion to Sell has been continued to July 21, 2014. *See* Dkt. 114.

19. On July 3, 2014, counsel for the Beach Trust communicated with counsel for the Debtor on whether the Debtor planned to provide the second key to access the vault and inspect the Thomas Emerald.

20. To date, Debtor has not provided the necessary key to access the vault or indicated that Debtor would do so. Instead, Debtor's counsel indicated that only after the Motion to Sell is heard on July 21, 2014, would Debtor consider the request to provide the second key necessary to open the vault and inspect the Thomas Emerald.

21. On July 9, 2014, the Beach Trust filed a notice of continuing the examination of the person most knowledgeable of the Sarasota Vault to August 5, 2014. *See* Dkt. 115.

22. Concurrently herewith, the Beach Trust intends to further continue the examination of the person most knowledgeable of the Sarasota Vault to August 12, 2014.

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

**II.     RELIEF REQUESTED**

The Beach Trust seeks an order either compelling the production of the key necessary to open the vault and inspect the Thomas Emerald, or an order authorizing the removal and subsequent replacement of the current locks.

**III.    LEGAL BASIS FOR RELIEF REQUESTED**

This Court has inherent powers to to impose sanctions related to discovery abuses. The Ninth Circuit has recognized that, "[t]he inherent powers of federal courts are those which are necessary to the exercise of all others, and include the 'well-acknowledged' inherent power to levy sanctions in response to abusive litigation practices." *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1338 (9th Cir.1985) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980)). "[A] bankruptcy court's inherent power allows it to sanction 'bad faith' or 'willful misconduct,' even in the absence of express statutory authority to do so. It also 'allows a bankruptcy court to deter and provide compensation for a broad range of improper litigation tactics." *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009). Sanctions imposed under a court's inherent powers must be either compensatory or designed to coerce compliance. *In re Dyer*, 322 F.3d 1178, 1192 (9th Cir. 2003).

Under its "inherent powers," a district court may also award sanctions in the form of attorneys' fees against a party or counsel who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Leon v. IDX Systems Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). A party "demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Id.*

Here, Debtor's bad faith is evident from the fact that Debtor withheld crucial information about the necessity of a second key to open and access the vault where the Thomas Emerald is stored, even after receiving notice of the planned inspection. It was only after counsel for the Sarasota Vault disclosed that the second key was necessary did it become apparent that Debtor had the required key, and that Debtor had never disclosed that the key was necessary. In other words, the facts support a finding that Debtor was prepared to allow the examination at the vault

1 on July 10, 2014 to go forward, with full knowledge that the examination would be fruitless without the required second key in Debtor's possession. This omission constitutes a bad faith attempt at delay by disrupting or hampering the enforcement of the order authorizing the examination of the person most knowledgeable of the Sarasota Vault and the Thomas Emerald.

The Beach Trust is not interested in blocking or opposing the proposed sale of the Thomas Emerald. However, in the event that the proposed sale falls through, the Beach Trust simply requests an opportunity to examine the Thomas Emerald in its current location at the Sarasota Vault. A limited sanction compelling the production of the key necessary to open the vault and inspect the Thomas Emerald, or an order authorizing the removal and subsequent replacement of the current locks is requested by this Motion.

## IV.     CONCLUSION

WHEREFORE, for the reasons stated herein, the Beach Trust respectfully requests that this Court enter an order compelling the production of the key necessary to open the vault and inspect the Thomas Emerald, or an order authorizing the removal and subsequent replacement of the current locks.

Dated this 17th day of July, 2014.

**HOLLAND & HART LLP**

*/s/ Joseph G. Went*
By:_____
Timothy A. Lukas, Esq.
Nevada Bar No. 4678
Joseph G. Went, Esq.
Nevada Bar No. 9220
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada, 89134
*Attorneys for John Beach, Trustee of the Beach Living Trust dated January 22, 1999*

6991707_1

# EXHIBIT 1

# EXHIBIT 1

# R. JOHN COLE, II, & ASSOCIATES, P.A.

*ATTORNEYS AT LAW*
**46 N. WASHINGTON BOULEVARD, SUITE 24**
**SARASOTA, FLORIDA 34236**
*TELEPHONE: (941) 365-4055*
*TELECOPIER: (941) 365-4219*
Website: http://rjohncolelaw.com

*R. John Cole, II* †  †  Board Certified in Consumer Bankruptcy Law
*Peter M. Knize* ° *       *American Board of Certification*
*Richard J. Cole, III*‡   °  Also Admitted in North Carolina
                          *  LL.M., *Estate Planning*
                          ‡  LL.M., *International Banking & Finance*

writer's email address:
rjc@rjcolelaw.com

July 2, 2014

Joseph G. Went, Esquire                      **VIA EMAIL TO:**
Holland & Hart LLP                           jgwent@hollandhart.com
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89131

    Re:    Subpoena for Rule 2004 Examination Directed to Sarasota Vault, Inc.

Dear Mr. Went:

    My client has received a copy of the subpoena for 2004 examination that was served on me on June 26, 2014. My client and I have discussed the subpoena, and they will be prepared for the deposition as scheduled on July 10, 2014 at 9:00 a.m.

    However, one issue is important for you to resolve prior to coming to the deposition. Sarasota Vault, Inc. has only a single key to the vault involved. Mr. Anthony Thomas, the debtor, has the other key. In order to access the vault, both keys are necessary. The vault itself is very similar to a normal safety deposit box, and therefore a single key held by my client will not grant access to review the contents of the box. As such, unless Mr. Thomas is going to be present at the examination with his key or unless he has provided it to you for access, my client will not be able to open the box.

    The only way that the box could then be opened is for a locksmith to drill the locks, and be prepared to replace them at the conclusion of the examination. My client informs me that the normal fee for that paid to the locksmith direct is $200.00. This is not an exact number, but is an estimate based on prior drilling that has occurred of locks at this facility.

    I would request that you consider this letter, and feel free to contact me if you have any further questions regarding it. I send this quickly so that you are aware of the problem, and can address it prior to appearing in Sarasota, Florida on July, 10. Your attention to this matter is appreciated.

    Very truly yours,

    R. John Cole, II, & Associates, P.A.

    R. John Cole, II

RJC/ca
cc:    James V. Montoney, President of Sarasota Vault, Inc.
F:\WPF\Cv\Sarasota Vault Depository, Inc\Thomas BK Issue\ltr.jwent.7.2.14.DOC