Timothy A. Lukas, Esq.
Nevada Bar No. 4678
Joseph G. Went, Esq.
Nevada Bar No. 9220
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Tel: (702) 669-4600
Fax: (702) 669-4650
Email: jgwent@hollandhart.com

*Attorneys for John Beach, Trustee of the
Beach Living Trust dated January 22, 1999*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>ANTHONY THOMAS and WENDI THOMAS<br><br>☒ Affects AT EMERALD, LLC<br>☐ Affects all Debtors | Case No.: BK-N-14-50333-btb<br>Chapter: 11<br><br>[Lead Case – Jointly Administered]<br><br>Case No.: BK-N-14-50331-btb<br>Chapter: 11<br><br>**APPLICATION FOR HEARING ON ORDER SHORTENING TIME REGARDING MOTION TO COMPEL PRODUCTION OF REQUIRED KEY OR AUTHORIZE DRILL OUT OF VAULT LOCK**<br><br>**Hearing Date: OST REQUESTED**<br><br>**Hearing Time: OST REQUESTED** |

John Beach ("Beach"), as trustee of the Beach Living Trust dated January 22, 1999 (the "Beach Trust"), by and through its attorneys of record, Holland & Hart LLP, respectfully submits its application (the "Application") requesting that the hearing on its *Motion to Compel Production of Required Key or Authorize Drill Out of Vault Lock* (the "Motion") be set on order shortening time. This Application is made and based on the following points and authorities, the Declaration Joseph G. Went, Esq. made in support hereof, and the pleadings and papers on file.

/ / /

/ / /

WHEREFORE, for the reasons set forth herein, Mr. Beach and the Beach Trust respectfully requests that the Court enter an order shortening time to (i) hear the Motion on an expedited basis; and (ii) grant such other and further relief as may be just and proper.

Dated this 17th day of July, 2014.

**HOLLAND & HART LLP**

*/s/ Joseph G. Went*
By:_____
Timothy A. Lukas, Esq.
Nevada Bar No. 4678
Joseph G. Went, Esq.
Nevada Bar No. 9220
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada, 89134
*Attorneys for John Beach, Trustee of the
Beach Living Trust dated January 22, 1999*

## MEMORANDUM OF POINTS AND AUTHORITIES

This Application is based upon the following facts and circumstances.

1. On or about January 17, 2013, Debtor executed that certain Promissory Note Secured by Pledge and Security Agreement (the "Note") whereby Debtor promised to pay to the Beach Trust the original principal sum of $500,000.00, together with all accrued interest, fees, and costs due thereunder.

2. In order to secure the repayment of the Note, Debtor executed a Pledge and Security Agreement (the "Security Agreement") wherein the Debtor granted to the Beach Trust a security interest in that certain 23 kilogram black schist stone including a green crystal beryl (natural emerald) of approximately 22,500 carats, which stone is commonly known as the "Thomas Emerald."

3. The Thomas Emerald is described on Debtor's Schedule B on file herein.

4. The Thomas Emerald constitutes property of the Debtor's estate.

5. The Beach Trust filed its UCC-1 Financing Statement with the Nevada Secretary of State as Document Number 2014003009-2 on February 4, 2014.

6. The original maturity date of the Note was January 17, 2014.

7. Debtor defaulted under the terms of the Note by failing to pay the amounts due at maturity.

8. Debtor has not made any payments on the Note.

9. The Thomas Emerald is currently held at the Sarasota Vault, 640 South Washington Blvd., Suite 125, Sarasota, Florida, 34236 ("Sarasota Vault").

10. On March 4, 2014, Debtor filed its voluntary chapter 11 petition herein (the "Petition Date").

11. As of the Petition Date, the amount due under the terms of the Note was in excess of $535,000.00.

12. In its schedules and statements on file herein, Debtor alleges that the Thomas Emerald is valued in excess of $200,000,000.00. *See* Dkt. 1-1 at p. 12.

13. Debtor has not made any post-petition payment to the Beach Trust.

14. On June 24, 2014, the Beach Trust obtained authority pursuant to FRBP 2004 to examine the person most knowledgeable of the Sarasota Vault, including access to and inspection of the Thomas Emerald. *See* Dkt. 93.

15. The 2004 examination of the person most knowledgeable of the Sarasota Vault, including access to and inspection of the Thomas Emerald, was originally scheduled to occur on July 10, 2014. *Id.*

16. On July 2, 2014, the Beach Trust received a letter from counsel for the Sarasota Vault. The July 2, 2014 letter sets forth the following points:

    a. Access to the subject box at the Sarasota Vault is controlled by a two-key system, where one key is controlled by Debtor; and

    b. Without the second key, the only way that the subject box could be opened is for a locksmith to drill the locks and replace them at the conclusion of the examination, for a fee of approximately $200.00. *Id.*

17. On June 23, 2014, Debtor filed its *Motion to Sell Assets Free and Clear of Liens*

*and Motion to File Purchase and Sale Agreement under Seal* (the "Motion to Sell"). *See* Dkt. 40.

18. The hearing on the Motion to Sell has been continued to July 21, 2014. *See* Dkt. 114.

19. On July 3, 2014, counsel for the Beach Trust communicated with counsel for the Debtor on whether the Debtor planned to provide the second key to access the vault and inspect the Thomas Emerald.

20. To date, Debtor has not provided the necessary key to access the vault or indicated that Debtor would do so. Instead, Debtor's counsel indicated that only after the Motion to Sell is heard on July 21, 2014, would Debtor consider the request to provide the second key necessary to open the vault and inspect the Thomas Emerald.

21. On July 9, 2014, the Beach Trust filed a notice of continuing the examination of the person most knowledgeable of the Sarasota Vault to August 5, 2014. *See* Dkt. 115.

22. Concurrently herewith, the Beach Trust intends to further continue the examination of the person most knowledgeable of the Sarasota Vault to August 12, 2014.

23. For these reasons, the Beach Trust respectfully requests that this Court shorten the time for hearing and allow the Motion to be heard prior to the planned Rule 2004 examination of the person most knowledgeable of the Sarasota Vault.

Bankruptcy Rules 9006(c)(1) and (d) authorize a court to reduce the time for a hearing, and a party to file an ex parte motion to shorten the time for a hearing. Bankruptcy Rule 9006(c)(1) provides in relevant part:

> In General. Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Fed. R. Bankr. P. 9006(c)(1). Courts have generally acknowledged that such expedited relief does not violate due process rights, even if the motion to shorten time is made ex parte. Bankruptcy Rule 9006(c)(1) (emphasis added). "Bankruptcy Rule 9006(c) permits the

1 bankruptcy court 'for cause shown' in its discretion, with or without motion or notice, to reduce
2 the notice period, and ex parte motions for material reductions in the notice period are routinely
3 granted by bankruptcy courts." *Hester v. NCNB Texas Nat'l Bank (In re Hester)*, 899 F.2d 361,
4 364 n. 3 (5th Cir. 1990); *see also* 9 Collier on Bankruptcy 9006.07 (Lawrence P. King ed., 15th
5 ed. 1995); *In re Gledhill*, 76 F.3d 1070 (10th Cir. 1996).

6 Prior to filing the Motion, counsel for the Beach Trust consulted counsel for the Debtor
7 as shown on the Attorney Information Sheet For Proposed Order Shortening Time, filed
8 concurrently herewith and incorporated for all purposes herein by this reference, by contacting
9 Debtor's counsel and requesting consent.

10 WHEREFORE, the Beach Trust respectfully requests that the hearing for said Motion be
11 set on shortened time**.**

12 Dated this 17th day of July, 2014.

**HOLLAND & HART LLP**

*/s/ Joseph G. Went*
By:_____
Timothy A. Lukas, Esq.
Nevada Bar No. 4678
Joseph G. Went, Esq.
Nevada Bar No. 9220
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada, 89134
*Attorneys for John Beach, Trustee of the*
*Beach Living Trust dated January 22, 1999*