Timothy A. Lukas, Esq.
Nevada Bar No. 4678
Joseph G. Went, Esq.
Nevada Bar No. 9220
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Tel: (702) 669-4600
Fax: (702) 669-4650
Email: jgwent@hollandhart.com

*Attorneys for John Beach, Trustee of the
Beach Living Trust dated January 22, 1999*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ANTHONY THOMAS and WENDI THOMAS<br><br>☒ Affects AT EMERALD, LLC<br>☐ Affects all Debtors | Case No.: BK-N-14-50333-btb<br>Chapter: 11<br><br>[Lead Case – Jointly Administered]<br><br>Case No.: BK-N-14-50331-btb<br>Chapter: 11<br><br>**DECLARATION OF TIMOTHY A. LUKAS, ESQ. IN SUPPORT OF REPLY TO MOTION TO COMPEL PRODUCTION OF REQUIRED KEY OR AUTHORIZE DRILL OUT OF VAULT LOCK**<br><br>**Hearing Date: July 30, 2014**<br><br>**Hearing Time: 10:00 a.m.** |

I, TIMOTHY A. LUKAS, ESQ., do hereby declare:

1. I am counsel for John Beach ("Beach"), as trustee of the Beach Living Trust dated January 22, 1999 (the "Beach Trust").

2. I have knowledge and am competent to testify concerning the facts set forth herein.

3. I make this declaration in support of the *Reply to Motion to Compel Production of Required Key or Authorize Drill Out of Vault Lock* (the "Motion").

4. On July 3, 2014, in response the letter received from counsel for the Sarasota Vault (see Exhibit 1 to the Motion) and notice that the Debtor was supposed to be doing an

7013067_1

inspection on July 6th, I requested access and/or clarification from Debtor's counsel via email. A true and correct copy of the email is attached hereto as **Exhibit 1**, with price information redacted consistent with other orders of this Court.

5. Debtor's primary counsel, Ms. Estes, responded on July 9th but could provide no details about the alleged inspection on July 6th or the sales process as a whole[1]. True and correct copies of the emails are attached hereto as **Exhibit 2 and 3**, with price information redacted consistent with other orders of this Court.

6. On July 16th, Debtor's counsel could still provide no update on the sales process. A true and correct copy of the email is attached hereto as **Exhibit 4**.

7. To date, Debtor has not provided the necessary key to access the vault nor indicated that Debtor would do so.

8. The Beach Trust intends to further continue the examination of the person most knowledgeable of the Sarasota Vault to August 12, 2014.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

EXECUTED this 29th day of July, 2014 in Washoe County, Nevada.

    /s/ Timothy A. Lukas    .
    Timothy A. Lukas, Esq.

---

[1] Counsel did speak with Mr. Smith on the afternoon of July 3rd while Ms. Estes was out of the office. But, he had no information to pass along after trying to reach his client.

Page 2 of 2

7013067_1

**EXHIBIT "1"**

**EXHIBIT "1"**

# Timothy A. Lukas

| | |
|---|---|
| **From:** | Timothy A. Lukas |
| **Sent:** | Thursday, July 03, 2014 9:48 AM |
| **To:** | 'Holly Estes' |
| **Cc:** | Joseph Went |
| **Subject:** | AT Emerald |

Holly,

    I left a message yesterday as there seem to be a few items that are not making a lot of sense. Can you you let me know about the following:

1) We've been asked to delay our July 10th inspection of the emerald, yet at the hearing on Tues, I understand a representation was made that it will be inspected on July 6th which is this Sunday. Why can we not coordinate an inspection for the same day?

2) We received a response from counsel for Sarasota Vault indicating that a key in the possession of AT Emerald (in Tony's possession) is necessary to actually open the storage box area in the main vault (like a double keyed safety deposit box). Is Tony intending to give us the key or were we going to have to drill out the box which was the second option given to us by the vault company?

3) My paralegal who attended the hearing indicated that the stated sales price was.

Please respond to me as soon as possible. Any agreement to change the inspection date set for July 10th is dependent on the answers to the above questions.

Thanks,
Tim


**Timothy A. Lukas**
**Holland & Hart LLP**
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Phone (775) 327.3000
Fax    (775) 786-6179
E-Mail tlukas@hollandhart.com



**CONFIDENTIALITY NOTICE:** This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail. Thank you.

**EXHIBIT "2"**

**EXHIBIT "2"**

# Timothy A. Lukas

**From:** Timothy A. Lukas
**Sent:** Wednesday, July 09, 2014 4:50 PM
**To:** 'Holly Estes'
**Cc:** Joseph Went; 'mail@asmithlaw.com'
**Subject:** RE: AT Emerald

Holly,

Thanks for clarification of the sales price issue. Can you confirm if the sale going to occur? I didn't get any notice of whether or not the inspection occurred this last weekend. And, the APA has a very short closing period after the inspection, assuming the seller doesn't withdraw.

I saw the notice of withdrawal in AT Emerald to approve the sale filed just a short while ago. Is this just housekeeping because of the jointly administered cases?

We also have no idea about the lock and are intending to have it drilled out with court permission. A motion coming. We prefer not to have to do this, but we have gotten a definitive answer back.

Thanks,
Tim

---

**From:** Holly Estes [mailto:estes@asmithlaw.com]
**Sent:** Wednesday, July 09, 2014 4:39 PM
**To:** Timothy A. Lukas
**Cc:** Joseph Went; mail@asmithlaw.com
**Subject:** RE: AT Emerald

Tim,

Judging by the notice you filed regarding the 2004 examination, I believe most of your below questions have been answered. The sale price has not changed. The court ordered that the sum of             be set aside in our firm trust account pending further order of the court to pay all creditors in both cases. The remainder of the sale proceeds were to be released to the debtors. After the hearing Wayne silver and myself have discussed the capital gains taxes on the sale. Accordingly, we have lodged an order providing for a             set aside in our firm trust account pending further order of the court to cover all claims and capital gains taxes.

Please let me know if you have any further questions.

Thank you,

Holly

---

**From:** Timothy A. Lukas [mailto:TLukas@hollandhart.com]
**Sent:** Thursday, July 03, 2014 9:48 AM
**To:** Holly Estes
**Cc:** Joseph Went
**Subject:** AT Emerald

Holly,

1

I left a message yesterday as there seem to be a few items that are not making a lot of sense. Can you you let me know about the following:

1) We've been asked to delay our July 10th inspection of the emerald, yet at the hearing on Tues, I understand a representation was made that it will be inspected on July 6th which is this Sunday. Why can we not coordinate an inspection for the same day?

2) We received a response from counsel for Sarasota Vault indicating that a key in the possession of AT Emerald (in Tony's possession) is necessary to actually open the storage box area in the main vault (like a double keyed safety deposit box). Is Tony intending to give us the key or were we going to have to drill out the box which was the second option given to us by the vault company?

3) My paralegal who attended the hearing indicated that the stated sales price was

Please respond to me as soon as possible. Any agreement to change the inspection date set for July 10th is dependent on the answers to the above questions.

Thanks,
Tim


**Timothy A. Lukas**
**Holland & Hart LLP**
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Phone (775) 327.3000
Fax    (775) 786-6179
E-Mail tlukas@hollandhart.com


HOLLAND&HART.

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail. Thank you.

2

**EXHIBIT "3"**

**EXHIBIT "3"**

# Timothy A. Lukas

| | |
|---|---|
| **From:** | Holly Estes <estes@asmithlaw.com> |
| **Sent:** | Wednesday, July 09, 2014 4:59 PM |
| **To:** | Timothy A. Lukas |
| **Cc:** | Joseph Went; mail@asmithlaw.com |
| **Subject:** | RE: AT Emerald |

Tim,

I have drafted an addendum to the PSA to take care of some of the deadlines that have passed. I sent it to Tony today for his review and to have the purchaser review and sign as well.

I do understand that the buyer went to the vault and has inspected the emerald. I have not received confirmation that they have "accepted" the emerald (meaning I have not received confirmation that they are for sure going to buy), but Tony believes they will close.

You are correct, the notice of withdrawal was just housekeeping to clean up the docket in the AT case.

If the sale does not close by July 21, 2014 (the continued hearing on the sale motion) then we can discuss whether Tony can go unlock the safe, but he believes it will close before that date.

Best,

Holly

---

**From:** Timothy A. Lukas [mailto:TLukas@hollandhart.com]
**Sent:** Wednesday, July 09, 2014 4:50 PM
**To:** Holly Estes
**Cc:** Joseph Went; mail@asmithlaw.com
**Subject:** RE: AT Emerald

Holly,

Thanks for clarification of the sales price issue. Can you confirm if the sale going to occur? I didn't get any notice of whether or not the inspection occurred this last weekend. And, the APA has a very short closing period after the inspection, assuming the seller doesn't withdraw.

I saw the notice of withdrawal in AT Emerald to approve the sale filed just a short while ago. Is this just housekeeping because of the jointly administered cases?

We also have no idea about the lock and are intending to have it drilled out with court permission. A motion coming. We prefer not to have to do this, but we have gotten a definitive answer back.

Thanks,
Tim

---

**From:** Holly Estes [mailto:estes@asmithlaw.com]
**Sent:** Wednesday, July 09, 2014 4:39 PM
**To:** Timothy A. Lukas

1

**Cc:** Joseph Went; mail@asmithlaw.com
**Subject:** RE: AT Emerald

Tim,

Judging by the notice you filed regarding the 2004 examination, I believe most of your below questions have been answered. The sale price has not changed. The court ordered that the sum of _____ be set aside in our firm trust account pending further order of the court to pay all creditors in both cases. The remainder of the sale proceeds were to be released to the debtors. After the hearing Wayne silver and myself have discussed the capital gains taxes on the sale. Accordingly, we have lodged an order providing for a _____ set aside in our firm trust account pending further order of the court to cover all claims and capital gains taxes.

Please let me know if you have any further questions.

Thank you,

Holly

---

**From:** Timothy A. Lukas [mailto:TLukas@hollandhart.com]
**Sent:** Thursday, July 03, 2014 9:48 AM
**To:** Holly Estes
**Cc:** Joseph Went
**Subject:** AT Emerald

Holly,
    I left a message yesterday as there seem to be a few items that are not making a lot of sense. Can you you let me know about the following:

1) We've been asked to delay our July 10th inspection of the emerald, yet at the hearing on Tues, I understand a representation was made that it will be inspected on July 6th which is this Sunday. Why can we not coordinate an inspection for the same day?

2) We received a response from counsel for Sarasota Vault indicating that a key in the possession of AT Emerald (in Tony's possession) is necessary to actually open the storage box area in the main vault (like a double keyed safety deposit box). Is Tony intending to give us the key or were we going to have to drill out the box which was the second option given to us by the vault company?

3) My paralegal who attended the hearing indicated that the stated sales price was _____

Please respond to me as soon as possible. Any agreement to change the inspection date set for July 10th is dependent on the answers to the above questions.

Thanks,
Tim


**Timothy A. Lukas**
**Holland & Hart LLP**
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Phone (775) 327.3000
Fax    (775) 786-6179
E-Mail tlukas@hollandhart.com

2

**EXHIBIT "4"**

**EXHIBIT "4"**

# Timothy A. Lukas

| | |
|---|---|
| **From:** | Holly Estes <estes@asmithlaw.com> |
| **Sent:** | Wednesday, July 16, 2014 4:36 PM |
| **To:** | Timothy A. Lukas |
| **Subject:** | RE: AT Emerald |

No news yet.

---

**From:** Timothy A. Lukas [mailto:TLukas@hollandhart.com]
**Sent:** Wednesday, July 16, 2014 4:24 PM
**To:** Holly Estes
**Subject:** RE: AT Emerald

Holly,
      Any update on the closing? Tks

---

**From:** Holly Estes [mailto:estes@asmithlaw.com]
**Sent:** Wednesday, July 09, 2014 4:59 PM
**To:** Timothy A. Lukas
**Cc:** Joseph Went; mail@asmithlaw.com
**Subject:** RE: AT Emerald

Tim,

I have drafted an addendum to the PSA to take care of some of the deadlines that have passed. I sent it to Tony today for his review and to have the purchaser review and sign as well.

I do understand that the buyer went to the vault and has inspected the emerald. I have not received confirmation that they have "accepted" the emerald (meaning I have not received confirmation that they are for sure going to buy), but Tony believes they will close.

You are correct, the notice of withdrawal was just housekeeping to clean up the docket in the AT case.

If the sale does not close by July 21, 2014 (the continued hearing on the sale motion) then we can discuss whether Tony can go unlock the safe, but he believes it will close before that date.

Best,

Holly

---

**From:** Timothy A. Lukas [mailto:TLukas@hollandhart.com]
**Sent:** Wednesday, July 09, 2014 4:50 PM
**To:** Holly Estes
**Cc:** Joseph Went; mail@asmithlaw.com
**Subject:** RE: AT Emerald

Holly,

1