Timothy A. Lukas, Esq.
Nevada Bar No. 4678
Joseph G. Went, Esq.
Nevada Bar No. 9220
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Tel: (702) 669-4600
Fax: (702) 669-4650
Email: jgwent@hollandhart.com

*Attorneys for John Beach, Trustee of the Beach Living Trust dated January 22, 1999*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>ANTHONY THOMAS and WENDI THOMAS<br><br>☒ Affects AT EMERALD, LLC<br>☐ Affects all Debtors | Case No.: BK-N-14-50333-btb<br>Chapter: 11<br><br>[Lead Case – Jointly Administered]<br><br>Case No.: BK-N-14-50331-btb<br>Chapter: 11<br><br>**MOTION TO APPOINT CHAPTER 11 TRUSTEE**<br><br>**Hearing Date: August 22, 2014**<br><br>**Hearing Time: 2:00 p.m.** |

Pursuant 11 U.S.C. 105, John Beach ("Beach"), as trustee of the Beach Living Trust dated January 22, 1999 (the "Beach Trust"), by and through its attorneys of record, Holland & Hart LLP, respectfully submits this *Motion to Appoint Chapter 11 Trustee* (the "Motion").

This Motion is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    BACKGROUND**

1.    On or about January 17, 2013, Debtor executed that certain Promissory Note Secured by Pledge and Security Agreement (the "Note") whereby Debtor promised to pay to the Beach Trust the original principal sum of $500,000.00, together with all accrued interest, fees, and costs due thereunder.

7046777_2

2. In order to secure the repayment of the Note, Debtor executed a Pledge and Security Agreement (the "Security Agreement") wherein the Debtor granted to the Beach Trust a security interest in that certain 23 kilogram black schist stone including a green crystal beryl (natural emerald) of approximately 22,500 carats, which stone is commonly known as the "Thomas Emerald."

3. The Thomas Emerald is described on Debtor's Schedule B on file herein.

4. The Thomas Emerald constitutes property of the Debtor's estate.

5. The Beach Trust filed its UCC-1 Financing Statement with the Nevada Secretary of State as Document Number 2014003009-2 on February 4, 2014.

6. The original maturity date of the Note was January 17, 2014.

7. Debtor defaulted under the terms of the Note by failing to pay the amounts due at maturity.

8. Debtor has not made any payments on the Note.

9. The Thomas Emerald is currently held at the Sarasota Vault, 640 South Washington Blvd., Suite 125, Sarasota, Florida, 34236 ("Sarasota Vault").

10. On March 4, 2014, Debtor filed its voluntary chapter 11 petition herein (the "Petition Date").

11. As of the Petition Date, the amount due under the terms of the Note was in excess of $535,000.00.

12. In its schedules and statements on file herein, Debtor alleges that the Thomas Emerald is valued in excess of $200,000,000.00. *See* Dkt. 1-1 at p. 12.

13. Debtor has not made any post-petition payment to the Beach Trust.

14. After negotiations with the Debtor and its principle failed for a voluntary examination of the emerald, the Beach Trust filed its Ex Parte Motion for Order Requiring PMK of Sarasota Vault to Appear for 2004 Examination inclusive of examination of the emerald in the vault on June 23, 2014. *See* Dkt. 82.

15. The 2004 examination of the person most knowledgeable of the Sarasota Vault,

7046777_2

1 including access to and inspection of the Thomas Emerald, was originally scheduled to occur on July 10, 2014. *Id.*

16. On July 2, 2014, the Beach Trust received a letter from counsel for the Sarasota Vault. A true and correct copy of the July 2, 2014 letter is attached hereto as **Exhibit 1** and incorporated herein by reference. The July 2, 2014 letter sets forth the following points:

    a. Access to the subject box at the Sarasota Vault is controlled by a two-key system, where one key is controlled by Debtor; and

    b. Without the second key, the only way that the subject box could be opened is for a locksmith to drill the locks and replace them at the conclusion of the examination, for a fee of approximately $200.00. *Id.*

17. On June 23, 2014, Debtor filed its *Motion to Sell Assets Free and Clear of Liens and Motion to File Purchase and Sale Agreement under Seal* (the "Motion to Sell"). *See* Dkt. 40.

18. The hearing on the Motion to Sell has been continued to July 21, 2014. *See* Dkt. 114.

19. On July 3, 2014, counsel for the Beach Trust communicated with counsel for the Debtor on whether the Debtor planned to provide the second key to access the vault and inspect the Thomas Emerald.

20. To date, Debtor has not provided the necessary key to access the vault or indicated that Debtor would do so. Instead, Debtor's counsel indicated that only after the Motion to Sell is heard on July 21, 2014, would Debtor consider the request to provide the second key necessary to open the vault and inspect the Thomas Emerald.

21. On July 9, 2014, the Beach Trust filed a notice of continuing the examination of the person most knowledgeable of the Sarasota Vault to August 5, 2014. *See* Dkt. 115.

22. On July 17, 2014, the Beach Trust filed its *Motion to Compel Production of the Required Key or Authorize Drill Out of the Vault Lock* (the "Motion to Compel Key"), to be heard on an order shortening time. *See* Dkt. 124.

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

7046777_2

1  23.   Debtor opposed the Motion to Compel.  *See* Dkt. 150.

2  24.   At the hearing on the Motion to Compel, this Court ordered that Debtor and/or its principal, Anthony Thomas ("Thomas"), provide the key necessary to access the Sarasota Vault to Debtor's counsel no later than August 1, 2014, and that Debtor's counsel should immediately thereafter convey it to counsel for the Beach Trust.  *See* Dkt. 157.

25.   Debtor and/or Thomas failed to provide the required key necessary to access the Sarasota Vault on or before August 1, 2014.

26.   On August 8, 2014, Beach received a text from Mr. Thomas containing an attached letter allegedly from "David C. Clarke" of the "Koyo Shipping and Trading Corporation" ("Koyo") indicating that if the Beach Trust inspects the Thomas Emerald as planned, Koyo would either withdraw from closing the alleged sale or re-inspect the Thomas Emerald.  A true and correct copy of the August 8, 2014 letter is attached hereto as **Exhibit 2** and incorporated herein by reference.

27.   Prior to receiving the August 8, 2014 letter, Beach received a series of text messages from Thomas wherein Thomas advocated for the Beach Trust to call off its planned inspection of the Thomas Emerald:

a.   "John you said you weren't going to do anything to interfere with the sale of the Emerald I told you we are in contract and the buyer doesn't want you or anyone else to view the Emerald because he's already approved it for the purchase.  The buyer said he would back out of the sale agreement if anybody interfered with the sale my attorneys are going to opposed you view the Emerald today 10am o'clock."

b.   "The emerald is sold and I'm waiting for confirmation, when they will wire the funds.  I don't see your point in going to Florida."

28.   Neither Debtor nor Thomas have provided any information as to whether they provided Koyo with the key to access the Sarasota Vault to inspect the Thomas Emerald on July 7, 2014, as alleged in the August 8, 2014 letter.

29.   Neither Debtor nor Thomas have provided any information about a date upon

Page 4 of 8

7046777_2

1  which the alleged sale of the Thomas Emerald will actually close and the purchase funds will be
2  delivered to the Debtor.

3    30. Concurrently herewith, the Beach Trust intends to further continue the
4  examination of the person most knowledgeable of the Sarasota Vault to a later date.

5  **II. RELIEF REQUESTED**

6    The Beach Trust seeks an order appointing a permanent chapter 11 Trustee to manage the
7  affairs of Debtor.

8  **III. LEGAL BASIS FOR RELIEF REQUESTED**

9  **A. Causes Exists To Appoint A Permanent Chapter 11 Trustee.**

10    Section 1104(a) of the Bankruptcy Code provides, in part, that the Court shall appoint a
11  Chapter 11 trustee if one of the following standards is satisfied: (1) appointment "for cause,
12  including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor
13  by current management, either before or after the commencement of the case ... "; or (2)
14  appointment because it is "in the interest of creditors, any equity security holders, and other
15  interests of the estate .... " 11 U.S.C. § 1104(a).

16    A Chapter 11 debtor and its managers owe fiduciary duties to the debtor's estate and its
17  creditors. *In re Centennial Textiles, Inc.,* 227 B.R. 606, 612 (S.D.N.Y. 1998). "As fiduciaries,
18  the debtor in possession and its managers are obligated to treat all parties to the case fairly,
19  maximize the value of the estate, and protect and conserve the debtor's property." *See, e.g, In*
20  *re Nat'l R. V. Holdings, Inc.*, 390 B.R. 690, 699 (Bankr. C.D. Cal. 2008) (quoting *In re*
21  *Centennial Textiles*, 227 B.R. at 612). "[I]n the appropriate case, the appointment of a trustee is
22  a power which is critical for the Court to exercise in order to preserve the integrity of the
23  bankruptcy process and to insure that the interests of creditors are served." *See In re Intercat,*
24  *Inc.*, 247 B.R. 911, 920 (Bankr. S.D. Ga. 2000). Where there is doubt about management's
25  ability to carry out its fiduciary duties, appointment of a trustee is the appropriate remedy. *See,*
26  *e.g., In re Morpheus Lights, Inc.*, 228 B.R. 449, 454 (Bankr. N.D. Cal. 1998) ("In addition, in *In*
27  *re LMJ, Inc*., the court held that the proper remedy of a creditor when confronted with a debtor

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

7046777_2

1  in possession who declines to perform fiduciary duties, such as to move to set aside an alleged
2  fraudulent transfer, is to petition for appointment of trustee.").

3  Debtor has a duty to protect the best interests of Debtor's creditors by maximizing the value of the assets of the estate. Debtor has failed to do so; instead, over the course of the months that Debtor has operated in chapter 11, Debtor has sought to block and obstruct inspection of the Thomas Emerald. Moreover, Debtor has not been forthcoming about the status of the alleged sale of the Thomas Emerald to Koyo, with none of the details related to the closing of the sale being conveyed to creditors. *See* Ex. 2. Instead, Debtor and Thomas have advocated against an inspection of the Thomas Emerald by the Beach Trust. During this time period, Debtor has controlled access to the Thomas Emerald while keeping the parties in the dark regarding the alleged sale. This inherent conflict provides overwhelming cause to appoint a chapter 11 trustee to manage the Thomas Emerald and restore order to Debtor's affairs.

**B.    The Facts Support Appointment Of A Chapter 11 Trustee For Cause.**

A determination of "cause" under section 1l04(a)(l) of the Bankruptcy Code "is within the discretion of the court and due consideration must be given to the various interests involved in the bankruptcy proceeding." *See In re Bellevue Place Assocs.*, 171 B.R. 615, 623 (Bankr. N.D. Ill. 1994). For example, the Court may consider pre-petition activity as part of its section 1104 determination. *See In re Okla. Refining Co.*, 838 F.2d 1133, 1136 (10th Cir. 1988); *see also In re Rivermeadows Assocs. Ltd.*, 185 B.R. 615, 619 (Bankr. D. Wyo. 1995) ("the [Bankruptcy] Code is clear that the prepetition conduct of the debtor's management may be the sole deciding factor"). "Cause" also exists when the debtor exhibits a general disregard of "judicial authority" and "court orders." *See id.* at 617.

Courts also consider the existence of other factors, including, but not limited to: (a) conflicts of interest, including inappropriate relations between corporate parents and subsidiaries; (b) misuse of assets and funds; (c) inaccurate and inadequate record keeping and reporting; (d) non-filing of required documents, including lack of adequate disclosure; (e) various instances of conduct found to establish fraud or dishonesty; (f) failure to make required

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

7046777_2

1  payments; (g) lack of credibility and creditor confidence; and (h) extreme acrimony and deep-
2  seated animosity among the debtors and their creditors. *In re Clinton Centrifuge, Inc.*, 85 B.R.
3  980, 985 (Bankr. E.D. Pa. 1988) (citing 5 Bankr. Service, L. Ed. § 41.30 at 49-50 (1987); *see,
4  e.g.*, *In re Lowenschuss*, 171 F.3d 673, 685 (9th Cir. 1999) (finding that debtor's prepetition
5  transfer of assets from his pension plan out of Pennsylvania in order to avoid the jurisdiction of
6  the Pennsylvania courts was "cause" for appointing a Chapter 11 trustee); *In re McCall*, 34 B.R.
7  68, 69 (Bankr. E.D. Pa. 1983) (granting request for Chapter 11 trustee because of debtor's
8  incompetence and gross mismanagement of its affairs, coupled with the ongoing failure to pay
9  monthly mortgage that diminished the sole valuable estate asset).

10  Once "cause" is found by a court, the appointment of a trustee under section 1104(a)(1)
11  of the Bankruptcy Code is mandatory. *See Rivermeadows Assocs.*, 185 B.R. at 617.

12  Here, Debtor's gross mismanagement of the Thomas Emerald is apparent from the facts.
13  Debtor and Thomas' insistence on preventing the Beach Trust from inspecting the Thomas
14  Emerald, withholding and failing to disclose the very existence of the necessary key to access
15  the Sarasota Vault, the above-described text messages, the lack of information and details about
16  the alleged sale, and the strange August 8, 2014 letter from Koyo give rise to a severe lack of
17  credibility and creditor confidence in current management.

18  Value will not be maximized for anyone other than Debtor and Thomas should Debtor
19  remain in possession of the assets of the estate and if such self-interested behavior is allowed to
20  continue. A disinterested party must be put in place to ensure that value is being protected.

21  **C.    Even If The Court Determines That "Cause" Does Not Exist, Appointing A Chapter 11 Trustee Is In The Best Interest Of Debtor's Creditors.**
22

23  Section 1104(a)(2) provides a "flexible standard for appointment of a trustee even when
24  no cause exists." *See Bellevue Place Assocs.*, 171 B.R. at 623. The standard affords the
25  Bankruptcy Court "particularly wide discretion" to look to the practical realities and necessities
26  involved in appointing a trustee. *Id.* Factors often used to determine whether appointment of a
27  Chapter 11 trustee is in the creditors' best interests include: (1) the debtor's trustworthiness; (2)

Page 7 of 8

7046777_2

1  the debtor's past and present performance and prospects for the debtor's rehabilitation; (3) the
2  confidence, or lack thereof, of the business community and creditors in present management;
3  and (4) the benefits derived by the trustee's appointment, balanced against the cost of
4  appointment. *See In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990).

5  The appointment of a chapter 11 trustee will benefit the estate because a neutral, independent third party can make objective and rational business decisions regarding the liquidation of the Thomas Emerald. A neutral trustee will not be influenced by a desire to hold the Thomas Emerald hostage for Debtor's own gain.

## IV. CONCLUSION

The Beach Trust is not interested in blocking or opposing the proposed sale of the Thomas Emerald. However, the facts and circumstances related to this matter, not the least of which is the August 8, 2014 correspondence from Koyo, raise significant and unanswered questions regarding the credibility of current management. Further, Debtor and/or Thomas failed to turn over the key to the Sarasota Vault as ordered. Thus, a neutral trustee should be appointed to take over management of the Debtor's affairs, including the sale of the Thomas Emerald.

WHEREFORE, for the reasons stated herein, the Beach Trust respectfully requests that this Court enter an order appointing a Chapter 11 Trustee.

Dated this 13th day of August, 2014.

**HOLLAND & HART LLP**

*/s/ Joseph G. Went*
By:_____
Timothy A. Lukas, Esq.
Nevada Bar No. 4678
Joseph G. Went, Esq.
Nevada Bar No. 9220
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada, 89134
*Attorneys for John Beach, Trustee of the Beach Living Trust dated January 22, 1999*

7046777_2