_____
Honorable Bruce T. Beesley
United States Bankruptcy Judge



Entered on Docket
August 14, 2014

Timothy A. Lukas, Esq. (NV Bar No. 4678)
Joseph G. Went, Esq. (NV Bar No. 9220)
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Tel: (702) 669-4600
Fax: (702) 669-4650
Email: jgwent@hollandhart.com

*Attorneys for John Beach, Trustee of the
Beach Living Trust dated January 22, 1999*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ANTHONY THOMAS and WENDI THOMAS<br><br>☒ Affects AT EMERALD, LLC<br>☐ Affects all Debtors | Case No.:   BK-N-14-50333-btb<br>Chapter:     11<br><br>[Lead Case – Jointly Administered]<br><br>Case No.: BK-N-14-50331-btb<br>Chapter:     11<br><br>**ORDER RE:  SAFEGUARD ESTATE ASSETS AND GRANTING SHORTENED TIME TO HEAR MOTION TO APPOINT A TRUSTEE**<br><br>**Hearing Date:  August 11, 2014**<br><br>**Hearing Time: 11:00 a.m.** |

The Court held a status conference regarding: (1) the sale of the estate asset identified in the Debtor's Motion to Sell Assets Free And Clear of Liens [Dkt# 83] approved at the hearing held on July 1, 2014, by entry of the Court's order entered on July 23, 2014 [Dkt# 142], and (2) a status update on the compliance with the terms of the Court's order dated August 5, 2014 [Dkt# 157] concerning inspection of the estate asset.  The Debtor appeared, by and through its attorney,

7045913_2

Page 1 of 3

Holly E. Estes, Esq. of the Law Offices of Alan R. Smith, but no representative of the Debtor appeared.. Creditor, the Beach Living Trust dated January 22, 1999 (the "Beach Trust"), appeared by and through its attorney, Timothy A. Lukas, Esq. of the law firm of Holland & Hart LLP. The Office of the United States Trustee, appeared by and through its counsel, William B. Cossitt, Esq.

Counsel for the Beach Trust reported to the Court that the Debtor's principle did not comply with the Court's order dated August 5, 2014 [Dkt# 157] concerning inspection of the estate asset because he failed to turn over the vault key as ordered. Debtor's counsel was unable to provide any additional information or progress on the sale. . Counsel for the Beach Trust then made an oral motion requesting an order restricting further access to the estate's vault space at the Sarasota Vault wherein a valuable asset is alleged to be stored absent further order of the Court in order to protect the asset and its value for the estate. Counsel for the Debtor informed the Court that their office had previously sent a letter to counsel for the Sarasota Vault regarding the same issue, so they had no objection to an order from the Court to insure preservation of the asset pending final orders for its disposition or further access.

Counsel for the Breach Trust made an oral motion for shortening time to hear a motion for appointment of a chapter 11 trustee given the lack of any information concerning the sale's progress, the Debtor's disregard for the Court's order dated August 5, 2014, and the need to preserve asset's value for the estate and its creditors.

**IT IS HEREBY ORDERED** that:

1. The Sarasota Vault shall immediately deny and no longer grant access to the Debtor's rented vault area and its assets stored therein, including but not limited to the emerald represented as being stored therein by the Debtor, absent further order of this Court.

2. A hearing on the Beach Trust's Motion to Appoint a Chapter 11 Trustee (the "Motion") shall be held before the Court on August 22, 2014 at 2:00 p.m. Any objections to the Motion shall be filed and served no later than 4:00 p.m. on August 19, 2014, and any response to any objection shall be filed and served no later than 1:00 p.m. on August 21, 2014.

3. The Debtor's principle, Anthony Thomas, must appear and attend the hearing

1 August 22, 2014, in order to provide testimony and facts concerning the Debtor's operations, activities and issues regarding the sales process of the emerald.

4. Wendi Thomas must appear and attend the hearing August 22, 2014, in order to provide testimony and facts concerning the Debtor's operations, activities and issues regarding the sales process of the emerald.

**IT IS SO ORDERED**

SUBMITTED BY:

_*/s/ Timothy A. Lukas*_
TIMOTHY A. LUKAS, ESQ.

APPROVED:                                              APPROVED:

_*/s/ Holly E. Estes*_                                 _*/s/ William B. Cossitt*_
HOLLY E. ESTES, attorney for Debtor    WILLIAM B. COSSITT, ESQ., #3484
                                                       Trial Attorney for US Trustee
                                                       Tracy Hope Davis

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

___ The court has waived the requirement set forth in LR 9021(b)(1).

___ No party appeared at the hearing or filed an objection to the motion.

_X_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| Attorney/Party | Approved | Disapproved | Failed to Respond |
|---|---|---|---|
| Holly E. Estes, Esq., attorney for the Debtor | X | | |
| William B. Cossitt, Esq., OUST | X | | |

___ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### #

7045913_2

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650