WAYNE A. SILVER, Esq. (CA 108135)
333 West El Camino Real, Suite 310
Sunnyvale, California 94087
Email: w_silver@sbcglobal.net
Tel. (408) 720-7007
Fax. (408) 720-7001
(*Admitted Pro Hac Vice*)

LAW OFFICES OF AMY N. TIRRE
Amy N. Tirre, Esq. (NV 6523)
3715 Lakeside Dr., Suite "A"
Reno, NV 89509
Email: amy@amytirrelaw.com
Tel. (775) 828-0909
Fax. (775) 828-0914

Attorneys for Plaintiff,
KENMARK VENTURES, LLC

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

ANTHONY THOMAS and WENDI THOMAS,

AT EMERALD, LLC,

        Debtors.

Case No. BK-N-14-50333-BTB
Case No. BK-N-14-50331-BTB

Chapter 11

[Jointly Administered]

**JOINDER IN MOTION TO APPOINT CHAPTER 11 TRUSTEE**

Hearing Date: August 22, 2014
Hearing Time: 11:00 a.m.

      KENMARK VENTURES, LLC ("Kenmark"), through its counsel Wayne A. Silver, hereby joins in the motion of John Beach, Trustee of the Beach Living Trust Dated January 22, 1999 ("Beach Trust") to appoint a Chapter 11 Trustee in the above captioned cases of ANTHONY THOMAS and WENDI THOMAS ("Thomas"), and AT EMERALD, LLC ("AT Emerald").

      1.     Kenmark is a California limited liability company doing business in Santa Clara County, California.

      2.     Kenmark filed a Proof of Claim (Claim No. 7) in the Thomas's above-captioned

Chapter 11 case on June 12, 2014 in the amount of $4.5m. Kenmark also filed a Proof of Claim in the AT Emerald Chapter 11 case on June 30, 2014 (Claim No. 3) in the amount of $4.5m. The Court is requested to take judicial notice of these Proofs of Claim.

3. Kenmark filed an adversary proceeding against the Thomas Debtors on May 31, 2014, Adv.Pro.No. 14-5022, seeking a judgment in the mount of $4.5m plus interest and attorneys' fees, and a declaration that such judgment is non-dischargeable under 11 U.S.C.§523(a)(2). The Court is requested to take judicial notice of the Adversary Complaint. The Adversary Complaint alleges Anthony Thomas made a number of false representations to Kenmark's principals to induce Kenmark to loan him and a related entity in excess of $6.0m.

4. Kenmark is informed and believes the Thomas and AT Emerald Debtors dispute the Proofs of Claim however, are not aware of the grounds of the alleged dispute. No objections to the Proofs of Claim have been filed.

5. AT Emerald scheduled one secured creditor (Beach Trust) and one unsecured creditor (Sarasota Vault), and each filed a proof of claim. Kenmark was not scheduled however, as noted above, was able to file a claim. No other creditors filed claims. Beach Trust and Kenmark hold 99.9% of all claims in the AT Emerald bankruptcy case.

6. Thomas scheduled $1,262,568 in unsecured claims, and once again failed to list Kenmark however, as noted above, Kenmark was able to file a claim. Proofs of claims total $4,987,183. Beach Trust and Kenmark hold 92% of all claims in the Thomas bankruptcy case, and it is likely several of the remaining claims are insider claims subject to avoidance or subordination.

7. Kenmark does not believe the Thomas and AT Emerald Debtors are capable of fulfilling their fiduciary duties as debtors-in-possession. Anthony Thomas has failed to maintain communication with his attorneys leading to a motion for their withdrawal, and has failed to keep this Court and the creditors up to date on the status of the sale. The sole asset of these bankruptcy estates is the Thomas Emerald, which is uninsured. Although the Thomas and AT Emerald Debtors have represented to this Court that the Thomas Emerald has been sold for a sum sufficient to pay all creditors in full, this Court has not been provided with any verifiable evidence that the alleged buyer

has the financial resources to close the transaction or has even completed due diligence[1].

8. Kenmark, Beach and this Court are being held hostage by this shadowy deal that is almost on the verge of closing but somehow never does. And like any number of other fraudulent schemes, we are warned any attempted investigation into the deal is cause for cancellation of the deal.

9. The AT Emerald Motion to Sell Assets Free and Clear of Liens and Motion to File Purchase and Sale Agreement Under Seal filed with this Court on June 23, 2014 as Doc.No.83, stated on p.2:24 – p.3:3 that:

> The purchase price is to be paid in cash, within three days following entry of an order approving the sale or three days following the inspection and acceptance of the Emerald by [Buyer][2]. The Agreement provides that [Buyer] shall have eleven days following execution of the Agreement to approve the condition of the Emerald, and that the Debtor shall have ten days following execution of the Agreement to confirm that [Buyer] has sufficient cash to consummate the transaction. By the date of the hearing on this Motion, both conditions will likely have been satisfied, as the Agreement was executed on June 19, 2014 and the conditions are required to be met not later than June 30.

10. The Agreement was executed on June 19, 2014 (Ex. "A" to the Declaration of Anthony Thomas filed on June 23, 2014, Docket No. 88 in the Thomas bankruptcy). The Order approving the sale was entered on July 23, 2014 (Docket No. 142 in the Thomas bankruptcy). No amendments or modifications to the Agreement have been filed with the Court or shown to Kenmark. The deadline for the Debtor to confirm the buyer has sufficient cash to close the deal was

---

[1] Kenmark notes the August 8, 2014 letter from David C. Clarke attached as Exhibit Two to the Declaration of John Beach in support of the motion fails provide any credible evidence of financial wherewithal. Thus letter also contains disturbing language threatening to cancel the deal on a whim and characterizing this transaction as a "purely private matter between Koyo and Mr. Thomas". Moreover, this letter states: "I am really not at liberty to disclose any further details on the financial arrangements between the parties." To the extent Mr. Thomas has information about the "financial arrangements between the parties", status of the sale and bona fides of the buyer, this information should be presented to the Court and creditors forthwith.

[2] Buyer's name has been redacted pursuant to prior orders to seal this information.

June 30th. The Buyer alleges that has been done as of August 8, 2014 (Declaration of John Beach, Ex. Two), however there is nothing in the Court record to substantiate that. Nor is there anything in the Court record to confirm the buyer has completed due diligence.

11. Where there is doubt about management's ability to carry out its fiduciary duties, appointment of a trustee is the appropriate remedy. Bankruptcy Code section 1104(a)(2) authorizes the appointment of a trustee where such is "in the interests of creditors, equity security holders, and other interests of the estate." In exercising the considerable discretion the Court has in deciding the motion insofar as it rests on this subsection, the Court should engage in a fact-driven analysis, principally balancing the advantages and disadvantages of taking such a step, and mindful of the many cases, noted above, that have held that appointment of a trustee is an extraordinary remedy, and should be the exception, rather than the rule. *Adelphia Communs. Corp.*, 336 B.R. 610 (Bankr. S.D.N.Y. 2006)

12. Thomas's and AT Emerald's failure to communicate with counsel, failure to disclose the terms and status of the alleged sale, refusal to allow inspection of the Thomas Emerald, lack of details about the sale, and recent letter from the [Buyer], all point to a lack of credibility and failure to attend to the duties of a debtor in possession. A Chapter 11 trustee can investigate the condition of the Thomas Emerald and the status of the sale, and if necessary search for an alternate buyer.

13. Beach Trust and Kenmark are the creditors holding the vast majority of claims, and Kenmark joins with Beach Trust in its belief appointment of a Chapter 11 trustee is appropriate and in the best interest of creditors.

Dated: August 19, 2014      /s/ Wayne A. Silver
                             Wayne A. Silver, attorney for KENMARK VENTURES, LLC