1  ALAN R. SMITH, ESQ. #1449
   HOLLY E. ESTES, ESQ. #11797
2  Law Offices of Alan R. Smith
   505 Ridge Street
3  Reno, Nevada  89501
   Telephone (775) 786-4579
4  Facsimile (775) 786-3066
   **Email: mail@asmithlaw.com**
5  Attorney for Debtors
   ANTHONY THOMAS and WENDI
6  THOMAS and AT EMERALD, LLC

                                    ***ELECTRONICALLY FILED***
                                    ***August 19, 2014***

7

8

9              UNITED STATES BANKRUPTCY COURT

10                  DISTRICT OF NEVADA

11                      —ooOoo—

12  In Re:                          Case No.  BK-N-14-50333-BTB
                                    Case No.  BK-N-14-50331-BTB
13  ANTHONY THOMAS and              Chapter 11 Cases
    WENDI THOMAS,
14                                  [Jointly Administered]

15  AT EMERALD, LLC,                **OPPOSITION TO MOTION TO
                                    APPOINT CHAPTER 11 TRUSTEE
16                                  AND JOINDER**

17                                  Hearing Date:  August 22, 2014
                  Debtors.         Hearing Time:  2:00 p.m.
18  _____/

19        Debtor, AT EMERALD, LLC, a Nevada limited liability company (hereinafter "AT

20  Emerald" or "Debtor"), by and through its undersigned counsel, Holly E. Estes, Esq., of the

21  Law Offices of Alan R. Smith, hereby files its opposition to John Beach's Motion To

22  Appoint Chapter 11 Trustee [DE 164] ("Motion") and Kenmark Ventures, LLC Joinder In

23  Motion To Appoint Chapter 11 Trustee.  This opposition is made and based upon the points

24  and authorities set forth below, the Declaration Of Anthony Thomas In Support Of

25  Opposition To Motion To Appoint Chapter 11 Trustee, the pleadings and papers on file

26  herein, and such other matters as may be presented at the hearing hereon.

27  ///

28  ///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Thomas\Mot Appt Ttee (AT Emerald)\Opp Mot Appt Trustee 081814 hee.wpd

**POINTS AND AUTHORITIES**

**A. Background**

1.     On June 19, 2014, Tony Thomas on behalf of AT Emerald, LLC entered into a Purchase and Sale Agreement with the purchaser wherein the purchaser agreed to purchase the 21,000 carat emerald matrix (the "Emerald") for cash, payable at close of escrow.

2.     As set forth in the Motion To Sell Assets Free And Clear Of Liens And Motion to File Purchase and Sale Agreement Under Seal [DE 83], the sale of the Emerald is for cash, and the purchase price is sufficient to pay all creditors in this case, as well as all creditors in the companion case of ANTHONY THOMAS and WENDI THOMAS, Case No. BK-N-14-50333-BTB (the "Thomas Bankruptcy Case") in full.

3.     Tony Thomas has been in contact with David Clarke, the Finance Director & International Trustee for the purchaser.  That Mr. Clarke has informed Mr. Thomas that he will not work with a chapter 11 trustee, and that if a trustee is appointed that the purchaser will not continue with the sale.

4.     Tony Thomas is the best person to sell the Emerald because a chapter 11 trustee will not be familiar with the buyers who would be interested in purchasing the Emerald, but Mr. Thomas is familiar with buyers who would be interested in purchasing the Emerald.

5.     The purchaser has approved of the sale and agrees to consummate the sale.

6.     The purchaser has provided proof of funds to consummate the sale and its ability to perform.

7.     Mr. Thomas believes that the sale will close.

8.     On July 7, 2014, Tony Thomas went to the Sarasota Vault with the purchaser's representative, David Clarke, and an appraiser for the purchaser to inspect the Emerald.  On July 7, 2014, the above parties inspected the Emerald, and the Emerald in its existing condition was approved by the purchaser's representative.

9.     Tony Thomas was in contact with John Beach during that visit to the vault, and he has kept John Beach apprised of the sale and the events surrounding the sale.

///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Thomas\Mot Appt Ttee (AT Emerald)\Opp Mot Appt Trustee 081814 hse.wpd     2

10.     The purchaser has informed Tony Thomas and John Beach that it does not want anyone to go to the vault because it does not want to have to reinspect the Emerald.

11.     On August 8, 2014, Tony Thomas received an email from John Beach granting Mr. Thomas a thirty (30) day extension.  Because of the thirty (30) day extension granted by John Beach, Mr. Thomas did not turnover the key to the Sarasota Vault as Mr. Thomas understood that Beach would not need the key for another 30 days.

12.     Mr. Thomas never intended to violate this court's order to turnover the key to the vault.

13.     The August 8, 2014 letter from the purchaser to Beach was a "strictly private and confidential letter" as set forth in boldface all caps print in the heading of the letter.  Mr. Beach having introduced this letter into the public record may compromise the sale and upset the purchaser.

**B. Legal Argument**

**1.      There Is No Basis To Appoint A Trustee Pursuant To 11 U.S.C. §1104(a)(1).**

John Beach ("Beach") and the John Beach Living Trust dated January 22, 1999 (the "Beach Trust"), seek the appointment of a Chapter 11 Trustee under 11 U.S.C. §1104(a)(1) for "cause," alleging that the Debtor has failed to protect the best interest of its creditors by failing to maximizing the value of the asset of the estate, and that the Debtor has grossly mismanaged its affairs.  For the reasons set forth below, the Motion <u>does not</u> establish "cause" for the appointment of a Chapter 11 Trustee, and the appointment of a Chapter 11 trustee is not in the best interest of the estate.

The appointment of a Chapter 11 trustee is an extraordinary remedy.  <u>In re Sovereign Estates, Ltd.</u>, 104 B.R. 702 (Bankr. E.D. Pa. 1989); <u>In re William A. Smith Constr. Co., Inc.</u>, 77 B.R. 124 (Bankr. N.D.Ohio 1987); <u>In re Parker Grande Development, Inc.</u>, 64 B.R. 557 (Bankr. S.D. Ind. 1986); <u>Official Creditors' Comm. v. Liberal Market, Inc., (In re Liberal Market, Inc.)</u>, 13 B.R. 748, 751 (Bankr. S.D. Ohio 1981); <u>In re Anchorage Boat Sales, Inc.</u>, 4 B.R. 635 (Bankr. E.D.N.Y. 1980).  "The drafters of the Code recognized that, as a general

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Thomas\Mot Appt Ttee (AT Emerald)\Opp Mot Appt Trustee 081814 hac.wpd

3

1  rule, in the absence of fraud, dishonesty, incompetence, gross management, or similar

2  grounds, the debtor's management should be given an opportunity to propose a plan of

3  reorganization for the debtor." 7-1104 Collier on Bankruptcy, P 1104.02[3][b][i] (2009

4  Lexis). "For this reason, there is a strong presumption that the debtor should be permitted

5  to remain in possession absent a showing of need for the appointment of trustee or a

6  significant post-petition change in the debtor's management." Id. In re Marvel

7  Entertainment Group, Inc., 140 F.3d 463, 471 (3d Cir. 1998).

8      The Court retains considerable discretion to determine when evidence of fraud,

9  dishonesty, incompetence, mismanagement or other factors are sufficiently serious to

10  constitute "cause" requiring the appointment of a trustee. 7-1104 Collier on Bankruptcy, P

11  1104.02[3][b][iii] (2009 Lexis). "Exercising this discretion, some courts have held that even

12  after a court finds evidence of management's misbehavior, the court may determine that there

13  is insufficient cause to warrant the appointment of a trustee. Id., Committee of Dalkon

14  Shield Claimants v. A.H. Robins Co., Inc., 828 F.2d 239 (4th Cir. 1987)(court affirmed the

15  district court's denial of the motion for a trustee even though the debtor in possession had

16  made improper post-petition payments to a degree that constituted civil contempt); Schuster

17  v. Dragone (In re Dragone), 266 B.R. 268 (D. Conn. 2001).

18      Fraud, dishonesty and gross-negligence (incompetence) require fact-sensitive

19  determinations concerning types of behavior that would suggest a need to remove the current

20  management of the Debtor.     7-1104 Collier on Bankruptcy, P 1104.02 (2009 Lexis).

21  Although the Court is not required to conduct a full evidentiary hearing on the Motion, Beach

22  and the Beach Trust have the burden of proof. In re Sovereign Estates, Ltd., 104 B.R. 702

23  (Bankr. E.D. Pa. 1989); see In re William A. Smith Constr. Co., Inc., 77 B.R. 124 (Bankr.

24  N.D. Ohio 1987); In re Cole, 66 B.R. 75 (Bankr. E.D. Pa. 1986). Most courts have found

25  that the evidence supporting a motion for the appointment of a trustee must be clear and

26  convincing. Official Comm. Of Asbestos Claimants v. G-I Holdings, Inc. (In re G-I

27  Holdings, Inc.), 385 F.3d 313 (3d Cir. 2004); In re Sharon Steel Corp., 871 F.2d 1217, 1226

28  (3d Cir. 1989)(citing Treatise); In re St. Louis Globe-Democrat, Inc., 63 B.R. 131 (Bankr.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Thomas\Mot Appt Ttee (AT Emerald)\Opp Mot Appt Trustee 081814 hee.wpd

4

1  E.D. Mo. 1985); In re Evans, 48 B.R. 46 (Bankr. S.D. Ohio 1985); In re Tyler, 18 B.R. 574

2  (Bankr. S.D. Fla. 1982); In re F.A. Potts & Co., 20 B.R. 3 (Bankr. E.D. Pa. 1981). As stated

3  by 7-1104 Collier on Bankruptcy, P 1104.01[4][b] (2009 Lexis):

4          This reaffirms the view that in general a debtor should be able to remain in
           possession of the estate, and the appointment of a trustee is an extraordinary
5          remedy to be exercised sparingly. According to the Third Circuit, this "strong
           presumption" in favor of leaving a debtor in possession should be construed
6          as a restatement under Federal Rule of Evidence 301 that affects the burden of
           going forward or the level of proof. Even the absence of factors that normally
7          give rise to the presumption does not reduce the moving party's burden or
           proof, because this presumption in favor of a debtor in possession derives from
8          the statute, not from the facts of a particular case. (Citations omitted)

9          In the present case, Beach and the Beach Trust have not met their burden. Beach and

10  the Beach Trust have not provided any evidence of fraud, dishonesty or gross-negligence

11  (incompetence) that would suggest a need to remove the current management of the Debtor.

12         First, Beach alleges that the Debtor has failed to protect the best interest of creditors

13  by failing to maximize the value of the assets of the estate. In fact, the Debtor has done just

14  the opposite. Here, the Debtor has entered into an agreement to sell the Emerald for cash,

15  and the purchase price is sufficient to pay all creditors in this case, as well as all creditors in

16  the companion case of ANTHONY THOMAS and WENDI THOMAS, Case No. BK-N-14-

17  50333-BTB (the "Thomas Bankruptcy Case") in full. Further, the Debtor has received

18  confirmation from the purchaser that it has approved the condition of the Emerald and that

19  the purchaser is moving forward with consummating the sale. The Debtor has also received

20  proof of the purchaser's ability to perform. Based upon the above, the Beach Trust and

21  Beach have clearly not met their burden.

22         Second, Beach and the Beach Trust allege that there has been gross mismanagement

23  of the Debtor because the Debtor has insisted on preventing Beach and the Beach Trust from

24  inspecting the Emerald and because the Debtor has allegedly not kept creditors apprised of

25  the sale. Here, Mr. Thomas has limited the access to the vault to preserve the sale which

26  would pay all creditors in this case and the Thomas Bankruptcy Case in full. As set forth

27  above, the purchaser has already inspected the Emerald and approved the condition that the

28  Emerald was in at the time the purchaser inspected it. The purchaser has provided proof of

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Thomas\Mot Appt Ttee (AT Emerald)\Opp Mot Appt Trustee 081814 hee.wpd          5

1  funds to perform, and the purchaser has confirmed that it wants to consummate the sale.  The

2  purchaser does not wish to reinspect the Emerald before consummating the sale.

3  Accordingly, the Debtor has sought to preserve the sale by limiting access to the Emerald so

4  that all creditors may be paid in full from the sale proceeds.  Further, the Debtor has been in

5  contact with John Beach and has kept Beach apprised of current events surrounding the sale.

6  **2.     A Chapter 11 Trustee Is Not In The Best Interest Of Creditors**

7          Section 1104(a)(2) provides that the Court shall order the appointment of a trustee "if

8  such appointment is in the best interests of creditors, any equity security holders, and other

9  interests of the estate, without regard to the number of holders of securities of the debtor or

10 the amount of assets or liabilities of the debtor."   7-1104 Collier on Bankruptcy P

11 1104.02[3][d][1] states that:

12        The "interests" standard may initially seem less stringent than the "cause"
          standard.  After all, no showing of wrongful behavior on the part of
13        management is required, as long as interested parties can show a meaningful
          benefit from the appointment of a trustee.  However, it is important to
14        remember that the "interests" standard requires a finding that appointment of
          a trustee would be in the interest of essentially all interested constituencies.
15        Section 1104(a)(2) provides for the appointment of a trustee "if such
          appointment is in the interest of creditors, any equity security holders, and
16        other interests of the estate."  Use of the word "and" suggests that creditors
          cannot on their own obtain the appointment of a trustee under this provision
17        in order to disenfranchise equity security holders or other interests.  Instead,
          appointment of a trustee must be in the interest of the estate generally in order
18        to satisfy the statutory "interests" standard.  Thus, when equity security holders
          or other ownership interests properly and in good faith support the debtor's
19        current management, it will be difficult to obtain an order for the appointment
          of a trustee under the "interests" standard, as such an appointment will
20        presumably not be in the interest of equity.

21        Here, a Chapter 11 trustee is not in the best interests of creditors and the estate.  The

22 Debtor has a purchaser who is willing to perform on a sale that will pay all creditors in full.

23 Further, the manager of the Debtor is familiar with not only this purchaser but other

24 purchasers who may be interested in buying the Emerald.  A chapter 11 trustee would not

25 know the buyers interested in purchasing the Emerald.  Accordingly, it is in the best interest

26 of creditors and the estate that the Debtor's current management stay in place and continue

27 with the present sale which will pay all creditors in full.

28 ///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Thomas\Mot Appt Ttee (AT Emerald)\Opp Mot Appt Trustee 081814 hee.wpd

1

## CONCLUSION

2      WHEREFORE, based upon the foregoing, the Debtor requests that the Motion be

3 denied.

4      DATED this 19th day of August, 2014.

5                                   LAW OFFICES OF ALAN R. SMITH

6                                   By:      /s/ Holly E. Estes
                                          HOLLY E. ESTES, ESQ.
7                                         Attorney for Debtors

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28