1  ALAN R. SMITH, ESQ. #1449
   HOLLY E. ESTES, ESQ. #11797
2  Law Offices of Alan R. Smith
   505 Ridge Street
3  Reno, Nevada  89501
   Telephone (775) 786-4579
4  Facsimile (775) 786-3066
   **Email: mail@asmithlaw.com**
5  Attorney for Debtors
   ANTHONY THOMAS and WENDI
6  THOMAS and AT EMERALD, LLC

***ELECTRONICALLY FILED***
***August 19, 2014***

7

8

9              UNITED STATES BANKRUPTCY COURT

10                  DISTRICT OF NEVADA

11                      —ooOoo—

12 In Re:                          Case No.  BK-N-14-50333-BTB
                                   Case No.  BK-N-14-50331-BTB
13 ANTHONY THOMAS and              Chapter 11 Cases
   WENDI THOMAS,
14                                 [Jointly Administered]

15 AT EMERALD, LLC,                **EX PARTE MOTION TO FILE**
                                   **EXHIBIT "A" TO DECLARATION OF**
16          Debtors.               **ANTHONY THOMAS IN SUPPORT**
                                   **OF OPPOSITION TO MOTION TO**
17                                 **APPOINT CHAPTER 11 TRUSTEE**
                                   **UNDER SEAL**
18

19 _____/

20       Debtor, AT EMERALD, LLC, a Nevada limited liability company (hereinafter "AT

21 Emerald" or "Debtor"), by and through its undersigned counsel, Holly E. Estes, Esq., of the

22 Law Offices of Alan R. Smith, hereby files its Ex Parte Motion to File Exhibit "A" To

23 Declaration Of Anthony Thomas In Support Of Opposition To Motion To Appoint Chapter

24 11 Trustee Under Seal ("Motion").  This Motion is made and based upon Federal Rule of

25 Bankruptcy Procedure 9018, Local Rule 9018, the points and authorities set forth below, the

26 Declaration Of Anthony Thomas In Support Motion To Sell Assets Free And Clear Of Liens

27 And Motion to File Purchase and Sale Agreement Under Seal [DE 88] and Declaration of

28 Anthony Thomas In Support Of Ex Parte Motion To Seal And Replace Docket Entries 83,

Law Offices of
**ALAN R. SMITH**
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Thomas\Mot Appt Ttee (AT Emerald)\Mot File Ex A Thomas Dec Under Seal 081914 hee.wpd

1   87, And 88 [DE 105], the pleadings and papers on file herein, and such other matters as may

2   be presented at the hearing hereon.

### POINTS AND AUTHORITIES

4   **A.   Background.**

5   On June 23, 2014, the Debtor filed its Motion To Sell Assets Free And Clear Of Liens

6   And Motion to File Purchase and Sale Agreement Under Seal (the "Sale Motion"). Attached

7   to the Sale Motion as **Exhibit "A"** is a fully executed copy of the Purchase And Sale

8   Agreement (hereinafter the "Agreement"). Under the Agreement, the purchaser agrees to

9   purchase the Emerald for cash, payable at close of escrow. Pursuant to the Agreement, both

10  parties have requested that the purchase price not be disclosed in any public document, but

11  be filed with the Court under seal. Further, the purchaser has requested that its name and the

12  name of its authorized representative not be disclosed in any public document, but be filed

13  with the Court under seal.

14  This court has entered its Order Granting Ex Parte Motion To File Purchase And Sale

15  Agreement Under Seal [DE 89] wherein the Court granted the Debtor's motion to file the

16  Purchase and Sale Agreement under seal. This court has also entered its Order Granting Ex

17  Parte Motion To Seal And Replace Docket Entries 83, 87, and 88 to remove the purchaser's

18  identity from the pleadings on file on the public docket.

19  Anthony and Wendi Thomas request that the purchase price remain undisclosed, and

20  the purchaser has requested that its name and the name of its authorized representative not

21  be disclosed in any public document. As set forth in 11 U.S.C. § 107(c), information need

22  not be disclosed if it would create undue risk of unlawful injury to the individual. As stated

23  in Collier on Bankruptcy, ¶ 107.04 (16th ed.),

24         Section 107(c) gives the court broad discretion to protect an
           individual with respect to any information, including identifying
25         information, in a paper filed or to be filed with the court to the
           extent that the court finds that disclosure of the information
26         would create an undue risk of identify theft or unlawful injury
           to the individual or the individual's property.

27         . . .

28

Law Offices of
**ALAN R. SMITH**
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Thomas\Mot Appt Ttee (AT Emerald)\Mot File Ex A Thomas Dec Under Seal 081914 hee.wpd

2

1

2

3

4

> Unlike section 107(b), section 107(c) requires a showing of cause. It does not require a request to the court; although most orders under the section will be initiated in that manner, the court can act *sua sponte*. There is also no requirement that a request be made by a party in interest. However, the protection of the subsection extends only to individuals, and only to prevent injury to the person or property of individuals.

5

6

7

8

9

10

11

In this case, disclosure of the actual purchase price poses a risk to the individual Debtors Anthony and Wendi Thomas and is not necessary. Further, disclosure of the name of the purchaser and the name of its authorized representative could poses a risk to the purchaser and its authorized representative and is not necessary. Debtor will file under seal an non-redacted copy of Exhibit "A" attached to the Declaration Of Anthony Thomas In Support Of Opposition To Motion To Appoint Chapter 11 Trustee with the Court.

## CONCLUSION

12

13

14

15

16

17

18

19

20

21

Accordingly, the actual purchase price and the name of the purchaser have been redacted from the letter attached to the Declaration Of Anthony Thomas In Support Of Opposition To Motion To Appoint Chapter 11 Trustee as Exhibit "A", and the Debtor requests that the purchase price and the purchaser identity remain confidential. It is in the best interests of the individual Debtors, Anthony and Wendi Thomas, that the purchase price remain confidential as disclosure of the actual purchase price poses a risk to the individual Debtors and is not necessary. It is in the best interests of the purchaser and the purchaser's authorized representative, that their identity remain confidential as disclosure is not necessary.

DATED this 19th day of August, 2014.

22

23

LAW OFFICES OF ALAN R. SMITH

24

By:    */s/ Holly E. Estes*
       HOLLY E. ESTES, ESQ.
       Attorney for Debtors

25

26

27

28

**Law Offices of**
**ALAN R. SMITH**
**505 Ridge Street**
**Reno, Nevada  89501**
**(775) 786-4579**

3

H:\Thomas\Mot Appt Ttee (AT Emerald)\Mot File Ex A Thomas Dec Under Seal 081914 hee.wpd