Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: (775) 324-2800
Telecopier: (775) 324-1818
notices@bankruptcyreno.com

**E-Filed 1/15/15**

Attorney for Jeri Coppa-Knudson, Trustee

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | CASE NO. BK-N-14-50333-BTB<br>CHAPTER 7 |
| ANTHONY THOMAS and<br>WENDI THOMAS, | **MOTION FOR ORDER APPROVING COMPROMISE AND SETTLEMENT AGREEMENT** |
| Debtors. | |
| _____/ | **Hearing Date: February 25, 2015**<br>**Hearing Time: 10:00 a.m.** |

Jeri Coppa-Knudson, chapter 7 trustee ("Trustee") requests an order approving the settlement of a claim owned by the estate for the amount of $2,000. This motion is made in accordance with F.R.Bankr.P. 9014 and 9016 and is supported by the separately filed Declaration of Maureen Harrington. The Trustee also requests the Court take judicial notice of the papers on file in this case and in the case of *In re AT Emerald, LLC*, no. 14-50331-BTB.

It is possible that, at the hearing on this matter, the Debtor or some third party ***may*** make an offer to purchase the Thomas Action as described in this Motion. Consistent with the holdings in In re MickeyThompson, 292 B.R. 415 (9th Cir. BAP 2003) and In re Suter, 396 B.R. 535 (D. Nev. 2008), the Court may approve the compromise with the Greenfield Firm, Trepel and McGrane or may approve a purchase of the claims identified in the Thompson Action as described herein.

### RELEVANT FACTUAL HISTORY

1. Greenfield Draa & Harrington LLP, formerly known as Trepel McGrane

1  Greenfield LLP ("Greenfield Firm") entered into a written "Master Agreement for Year

2  2010 Legal Services" with debtor Tony Thomas on or about August 26, 2010 (the "Fee

3  Agreement").  ("Declaration of Maureen A. Harrington, etc." filed herewith ("Harrington

4  Decl.") at ¶2 and **Exhibit 1** thereto.  The Fee Agreement provided, *inter alia*, for Mr.

5  Thomas "to deposit an advance for fees and costs with Attorneys in the amount of $150,000

6  upon execution of the Agreement…. Client shall replenish the funds held in Attorneys'

7  client trust account as requested by Attorneys."  (Fee Agreement at ¶7.). The Fee Agreement

8  was signed by Mr. Thomas, and approved as to form and content by Mr. Thomas'

9  independent counsel.  (Id. at p. 10.)

10         2. Greenfield Firm performed services for Mr. Thomas, including acting as counsel

11 of record for him in the matter of *Kenmark Ventures v. Thomas*, Santa Clara Superior Court

12 case number 1-08-CV-130677 (the "Kenmark Action").  (Harrington Decl. at ¶3.)  When the

13 advance fee deposit was exhausted, Greenfield Firm demanded that it be replenished in

14 accordance with the terms of the Fee Agreement.  Mr. Thomas refused.  (Harrington Decl. at

15 ¶3.)

16         3. Greenfield Firm filed a motion to be relieved as counsel for Mr. Thomas in the

17 Kenmark Action, which was granted on May 4, 2011, terminating the attorney-client

18 relationship based on nonpayment of fees and a breakdown in the relationship.  (Harrington

19 Decl. at ¶4.)  Thereafter, Mr. Thomas obtained replacement counsel and ultimately settled

20 the Kenmark Action.  (Harrington Decl. at ¶4.)

21         4. Greenfield Firm asserts that it is owed the sum of $39,838.93 from Mr. Thomas,

22 as set forth in its invoices, which sum has not been paid by Mr. Thomas.  (Harrington Decl.

23 at 5, **Exhibit 2**.)

24         5. On February 28, 2012, Thomas filed a "Complaint, etc." in Santa Clara Superior

25 Court against Defendants Greenfield Firm, William McGrane and Anthony Trepel, (the

26 "Thomas Action").  (Harrington Decl. at ¶6, **Exhibit 3**.)  Mr. McGrane and Mr. Trepel were

27 formerly partners in the Greenfield Firm. (Id.)

28 ///

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

2

6. The Thomas Action alleges that, contrary to the terms of the Fee Agreement, the Greenfield Firm agreed that charges would not exceed $150,000 and there was no obligation to refresh the advance fee deposit, that the defendants breached their fiduciary duties to Thomas and that defendants committed fraud in seeking more than $150,000 in fees. (Harrington Decl. at ¶7.) The Fee Agreement makes no statements that fees will be limited or capped, and expressly provides for the advance fee deposit to be replenished. Not only did Mr. Thomas agree to this, his counsel approved the arrangement as well.

7. The Fee Agreement provides that a prevailing party in any action to recover under that agreement will be entitled to reasonable attorneys' fees. Greenfield Firm, Mr. McGrane and Mr. Trepel have all incurred attorneys' fees associated with the Thomas Action. (Harrington Decl. at ¶8.)

8. The Thomas Action was stayed and the matter compelled to proceed in arbitration by Order entered on July 3, 2013, at the request of Mr. McGrane. (Harrington Decl. at ¶9.) On March 4, 2014, Mr. Thomas filed his voluntary petition for chapter 11 bankruptcy protection (the "Thomas Bankruptcy"). (Harrington Decl. at ¶10.) Mr. Thomas failed to schedule or disclose the Thomas Action as an asset of his bankruptcy estate, nor did he list Greenfield Firm as one of his creditors. (Id.)

9. On April 28, 2014 McGrane filed an arbitration proceeding before the American Arbitration Association seeking a declaration that he engaged in no wrongdoing with respect to Thomas (the "AAA Proceeding"). The AAA Proceeding is still pending, and Mr. Thomas has filed a counterclaim which purports to add Greenfield Firm and Mr. Trepel to that proceeding. The basis for the counterclaim is the claims set forth in the Thomas Action, all of which took place prior to the Thomas Bankruptcy being filed. (Harrington Decl. at ¶11.)

10. The bankruptcy court entered its "Order Approving Stipulation For Comfort Order That Automatic Stay Does Not Apply To Litigation Filed By Debtor Anthony Thomas Pre-Petition [California State Court Litigation] and Order Granting Motion For Relief From Stay To Proceed With Litigation Filed By Debtor Anthony Thomas Pre-Petition

1  [California State Court Litigation] And With Arbitration Ordered In State Court Litigation"
2  lifting the stay to permit the parties to proceed with the Thomas Action and AAA
3  Proceeding. (Harrington Decl. at ¶12, **Exhibit 4**.)

4      11. On August 29, 2014, the Thomas Bankruptcy was converted from chapter 11 to
5  chapter 7, and on September 11, 2014, the Trustee was appointed. (Harrington Decl. at ¶13,
6  **Exhibit 5**.) Therefore, from August 29, 2014, forward, the Trustee (and not Mr. Thomas)
7  was fully in control of all assets of the estate, including any litigation claims such as those
8  set forth in the Thomas Action.

9      12. Notwithstanding the appointment of the chapter 7 Trustee, Thomas has filed and
10 is seeking to prosecute claims against Greenfield Firm, McGrane and Trepel in the AAA
11 Proceeding based upon the Complaint in the Thomas Action. (Harrington Decl. at ¶14.) In
12 light of the express language of the Fee Agreement, the claims of the Thomas Action are at
13 best, weak. Essentially, the Fee Agreement terms would have to be overridden by the
14 testimony of Mr. Thomas, which has been found lacking by more than one trier of fact.
15 Moreover, the failure to list the litigation as an asset constitutes an admission by Mr.
16 Thomas that it is without value as detailed below. The likelihood of success in litigation
17 with the Greenfield Firm and its former partners is low under these circumstances.

18     13. Since the matter has been ordered to arbitration, there is a significant cost to the
19 estate in order to pursue the claims, including paying a share of the arbitrator's hourly fee.
20 Moreover, since the claims include allegations of professional negligence, the estate would
21 have to retain an expert witness on the appropriate standard of care. The risk that estate
22 assets would be wasted is quite high.

23     14. The Greenfield Firm has offered the Trustee $2,000 and a waiver of its claim for
24 unpaid attorney's fees in exchange for a dismissal of the Thomas Action and the AAA
25 Proceeding and a release of Greenfield Firm, Trepel and McGrane. The proposed settlement
26 ///
27 ///
28 ///

does not include a waiver and/or release and does not waive and/or release any claims or rights:

    a.    Held by Greenfield Firm, McGrane, or Trepel to seek recovery of damages, attorneys' fees or costs against the attorneys who represented Thomas in the Thomas Action, including but not limited to claims for malicious prosecution, wrongful use of civil proceedings or abuse of process; or

    b.    Held by McGrane to seek recovery of damages, attorneys' fees or costs against Thomas in his personal capacity in connection with any and all claims associated with, or related to, the adversary action to determine non-dischargeability of debt filed by McGrane against Thomas in the Thomas Bankruptcy captioned: *William McGrane, Plaintiff v. Anthony Thomas, Defendant,* United States Bankruptcy Court District of Nevada

## **DISCUSSION**

In the Ninth Circuit, motions to approve a compromise and settlement agreement are reviewed under the four criteria set forth in *Martin v. Kane* (*In re A&C Properties, Inc.*), 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied*, *Martin v. Robinson*, 479 U.S. 854 (1986). Those criteria are: 1) likelihood of success on the merits of the claims in the underlying litigation; 2) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; 3) the difficulties, if any, to be encountered in the matter of collection, and 4) the paramount interest of the creditors and a proper deference to their reasonable views of the premises.

Compromises are favored under the Bankruptcy Code and approval of a compromise rests in the sound discretion of the Court. *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc., v. Anderson*, 390 U.S. 414, 424 (1968). The Bankruptcy Court is afforded wide latitude in approving compromise agreements which it determines to be fair, reasonable and adequate. *In re Woodson*, 839 F.2d 610 (9th Cir. 1988). The Court need not conduct an exhaustive investigation into the claim sought to be compromise. *In re Walsh Construction, Inc.*, 699 F.2d 1325, 1328 (9th Cir. 1982).

///
Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

1   Based upon these criteria, the Trustee believes a settlement under which the estate
2   receives $2,000 for settlement of unscheduled claims is a benefit to the estate and saves the
3   estate from having to spend monies it does not have to pursue claims which are of
4   questionable merit and may be precluded by the doctrine of judicial estoppel.

**1.  Likelihood of Success On the Merits**

A review of the Harrington Declaration and the papers appended thereto suggests to the Trustee that the Thomas Action has little, if any, merit.  The language in the Fee Agreement, **Exhibit 1**, clearly provides that it is not a flat fee agreement.  Moreover, the Fee Agreement was approved by attorney Kafka, Thomas' independent counsel, as well as by Thomas himself.  Although the Fee Agreement clearly contains an arbitration clause, in February 2012, Thomas elected to file the Thomas Action in Superior Court in Santa Clara County.  Subsequently, the Thomas Action was dismissed; however, more than a year later, in April 2013, the Superior Court set aside the dismissal on the condition that Thomas' attorney pay a sanction award of $1,000.  It is unclear whether this was done.

To complicate matters, when Thomas filed his bankruptcy petition, he failed to disclose that he had any claims against the Greenfield Firm or against Trepel and McGrane.  Although not at issue in the instant matter, case law suggests that undisclosed assets may be lost to the debtor on the basis of judicial estoppel.   See, New Hampshire v. Maine, 532 U.S. 742 (2001) cited by Dzakula v. McHugh, 746 F.3d 399, 401-402 (9th Cir. 2014).

**2.  The Complexity Of The Litigation Involved, And The Expense, Inconvenience And Delay Necessarily Attending It**

The underlying dispute is relatively straightforward and involves the interpretation of the Fee Agreement.  The Fee Agreement does not appear to be ambiguous and, absent some type of controverting evidence which has not been provided to the Trustee, looks to be enforceable.  Moreover, as noted, the Fee Agreement was reviewed and approved by Thomas' independent counsel, Mr. Kafka.

In any case, to participate in the AAA proceeding in California, the Trustee would need to engage California counsel, travel to California to participate in the process, pay her

share of fees and costs, all for a claim which appears to have little, if any, substantive merit.

**3. The Difficulties, If Any, To Be Encountered In The Matter Of Collection**

The Trustee does not consider this to be an obstacle.

**4. The Paramount Interest Of The Creditors And A Proper Deference To Their Reasonable Views Of The Premises.**

The views of creditors are generally not known until the proposed compromise has been noticed. Here, the Trustee anticipates that creditors will support the compromise and Thomas will oppose. At that point, the Trustee will have an opportunity to address any objections by any party in interest.

## CONCLUSION

Based upon the foregoing, the Trustee requests approval of the compromise as described herein.

DATED: January 15, 2015.

**HARTMAN & HARTMAN**

/S/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq.
Attorney for Jeri Coppa-Knudson, Trustee