# EXHIBIT 1

## MASTER AGREEMENT FOR YEAR 2010 LEGAL SERVICES

This "MASTER AGREEMENT FOR YEAR 2010 LEGAL SERVICES" ("Agreement") is made at San Francisco, California, between TREPEL McGRANE GREENFIELD LLP, a California limited liability partnership ("Attorneys"), and TONY THOMAS ("Client").

1. **ARBITRATION.** THIS AGREEMENT INCLUDES AN ARBITRATION PROVISION BY WHICH CLIENT AGREES TO BINDING ARBITRATION AS TO ANY DISPUTE CONCERNING ATTORNEY FEES OR COSTS, OR CONCERNING ANY DISPUTE ARISING UNDER THIS AGREEMENT FOR BREACH OF CONTRACT, PROFESSIONAL NEGLIGENCE, OR BREACH OF FIDUCIARY DUTY. SEE PARAGRAPH 12 BELOW.

2. **Scope of Services.** Client retains Attorneys to perform legal services for Client in connection with all matter(s) for which legal bills are rendered or legal services are performed during the year 2010 (and thereafter until this Agreement has been terminated in writing) where such bill refers to "MFA2010-72." Attorneys will provide those legal services reasonably required to represent Client's interest in each such matter(s).

3. **Responsibilities of Attorneys and Client.** Attorneys will perform legal services for Client in the matter(s) identified above, keep Client informed of progress and developments, and respond promptly to Client's inquiries and communications. Client will fully cooperate with Attorneys in Attorneys' providing of legal services to Client

1 

hereunder (including keeping Attorneys reasonably informed of developments and complying with all reasonable requests of Attorneys in connection with the subject matter(s) of the representation), not seek to require Attorneys to commit any unlawful act or other action in violation of Attorneys' professional ethics, and timely make any and all payments required by this Agreement.

4. **Legal Fees and Billing Practices**. Client shall pay Attorneys by the hour for legal services rendered at Attorneys' prevailing rates in force at the time. A schedule of current prevailing rates is set forth on Exhibit A to this Agreement. The rates are subject to periodic adjustment after notice to Client, and Client agrees to pay such adjusted rates. The fees charged by Attorneys will be based on the time spent by attorneys, paralegals and other legal personnel such as law clerks.

5. **Staffing and Association of Attorneys**. Attorneys may assign attorney and non-attorney personnel as Attorneys deem appropriate to provide representation to Client. Attorneys may also associate other lawyers not employed by Attorneys to provide legal services to Client in connection with the matter(s) covered by this Agreement, with the advance consent of Client.

6. **Costs and Other Charges, Including Experts and Investigators**.

    a. **In General**. Attorneys may incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for those costs and expenses in addition to paying professional fees at the hourly rates set forth on Exhibit A to this Agreement. These costs and expenses commonly include process servers' fees, fees fixed by law or assessed by courts and other agencies, court reporter fees, long

distance telephone calls, word processing fees, messenger and other delivery fees, postage, parking and other local travel expenses, photocopying (including in-house photocopying) and other reproduction costs, facsimile transmission, charges for computer research, and other similar items. Current rates for certain of these costs are set forth on Exhibit B to this Agreement. These rates are subject to periodic adjustment after notice to Client. Attorneys may, but are not required to, advance money for such costs if a third-party invoice cannot reasonably be forwarded to Client for payment, and any such disbursements will be included in Client's billing statements. Attorneys may also forward to Client bills from third parties, and Client agrees promptly to pay those bills directly. If Attorneys are required to travel on Client's behalf or arrange for other matter(s) requiring sizable disbursements, Attorneys may ask Client to advance such disbursements, and Client agrees to do so promptly.

        b.    **Out-of-Town Travel**. Client agrees to pay transportation, meals, lodging and all other costs of any necessary out-of-town travel by Attorneys' personnel.

        c.    **Experts, Consultants and Investigators**. To aid in representing Client, it may be necessary to engage expert witnesses, consultants or investigators. Attorneys will select any expert witnesses, consultants or investigators to be hired, in consultation with Client. Client agrees to pay the fees and charges of such persons; although such persons may direct their bills to Attorneys for convenience or as a means of establishing and preserving the attorney work product doctrine or other applicable privilege.

3

7. **Advance Fees**. Client hereby agrees to deposit an advance for fees and costs with Attorneys in the amount of $150,000 upon execution of the Agreement. The advance shall be deposited in the Attorneys' client trust account and will be subject to the provisions of California Business & Professions Code section 6210; any interest earned thereon shall be paid to the State Bar of California in accordance with section 6210. Client grants Attorneys a lien in the funds deposited in trust to secure all amounts due from Client to Attorneys. As of the date of mailing of a billing statement to Client, Attorneys may withdraw the amount of funds reflected in the billing statement from the advance on deposit in the trust account. If Attorneys receive a written objection from Client within ten (10) days of mailing of the billing statement, Attorneys' right to such fees/costs is "disputed" and Attorneys will redeposit the disputed fee/costs in the client trust account until the dispute is resolved. If an objection is received by Attorneys from Client outside the ten-(10) day objection period, Attorney has no obligation to redeposit the disputed fees into the client trust account. Client shall replenish the funds held in Attorneys' client trust account as requested by Attorneys.

8. **Billing Statements**. Attorneys will send Client monthly statements for fees (based on hourly rates in accordance with Paragraph 4 of this Agreement) and costs incurred. Each such bill will be due upon receipt. A bill outstanding for more than thirty (30) days will be subject to a charge, at the maximum legal rate (currently 10% per annum), to offset Attorneys' costs in carrying the overdue account.

9. **Lien**. Client hereby grants to Attorneys a lien on any and all claims or causes of action that are the subject of Attorneys' representation under this Agreement.

4

Attorneys' lien will be for any sums owing to Attorneys at the conclusion of Attorneys' services. The lien will attach to any recovery which Client may obtain (whether by settlement, arbitration award, or court judgment) or funds held by Attorneys in trust or otherwise for the benefit of Client.

10. **Discharge and Withdrawal.** Client may discharge Attorneys at any time by written notice to Attorneys, effective upon receipt by Attorneys. Attorneys may likewise terminate this representation at any time for any reason, subject to Attorneys' obligation to provide reasonable transition assistance to new counsel of Client's choice and subject to any requirement that Attorneys obtain court permission for withdrawal.

When Attorneys' services to Client are concluded (upon receipt of notice of discharge or withdrawal), Attorneys will provide no further services and advance no further costs on Client's behalf, except as may be expressly agreed to in a writing signed by Attorneys and Client. If Attorneys are Client's attorneys of record in any proceeding, Client will execute and return a substitution-of-attorney form immediately on its receipt from Attorneys. Notwithstanding such discharge or withdrawal, Client will remain obligated to pay Attorneys at the agreed rates for services provided and to reimburse Attorneys for all costs advanced prior to the discharge or withdrawal. After Attorneys' services are concluded, Attorneys will, at Client's request and expense and as required by California Rule of Professional Conduct 3-700(D)(1), deliver Client's original file(s) to Client, along with any of Client's funds or property in Attorneys' possession. In the event Client requests the return of Client's original file(s), Attorney shall have the right to make and retain a copy of Client's file(s) and Client shall be responsible for all costs of

5

copying same. In the event of termination of this Agreement pursuant to this paragraph, Attorneys shall continue to have a lien on any recovery or funds held for the benefit of Client as set forth in Paragraph 9 of this Agreement.

11. **Destruction of Client Files**: Following discharge, withdrawal or final conclusion of the matter(s) for which Attorneys services were engaged, Attorneys shall maintain their original file in storage for a minimum of five years. At the end of the five-year period, Attorneys shall notify Client in writing at the last known address for Client of its intent to destroy the original files. Client shall have two weeks from such notification to inform Attorneys in writing of Client's intent to take custody of the original files instead of allowing destruction. Client shall then have 30 days in which to take custody of the client matter(s) files. If Client fails to notify Attorneys of its intent to take custody of the original files or fails to take physical custody of the files in the time allotted, Attorneys shall destroy the client matter(s) files.

12. <u>ARBITRATION</u>. ANY CONTROVERSY, DISPUTE, OR CLAIM OF WHATEVER NATURE ARISING OUT OF, IN CONNECTION WITH, OR IN RELATION TO THE ATTORNEY-CLIENT RELATIONSHIP BETWEEN ATTORNEY AND CLIENT INCLUDING ANY CLAIM BASED ON BREACH OF CONTRACT, PROFESSIONAL NEGLIGENCE, TORT, BREACH OF FIDUCIARY DUTY, OR STATUTE, SHALL BE RESOLVED, AT THE REQUEST OF EITHER ATTORNEY OR CLIENT OR BOTH, BY FINAL AND BINDING ARBITRATION CONDUCTED IN SAN FRANCISCO, CALIFORNIA, AND ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION

(AAA) IN ACCORDANCE WITH ITS COMMERCIAL ARBITRATION RULES BOTH AS TO MATTERS OF SUBSTANCE AND PROCEDURE, AND JUDGMENT UPON ANY AWARD RENDERED BY THE ARBITRATOR(S) MAY BE ENTERED BY ANY STATE OR FEDERAL COURT HAVING JURISDICTION THEREOF. NOTHING CONTAINED HEREIN, HOWEVER, IS INTENDED TO LIMIT OR IN ANY MANNER WAIVE CLIENT'S RIGHT TO REQUIRE NON-BINDING ARBITRATION (OR REQUEST BINDING ARBITRATION) PURSUANT TO THE MANDATORY FEE ARBITRATION ACT (MFAA), SECTION 6200 ET SEQ. OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE, BUT INSTEAD ONLY REQUIRES BINDING AAA ARBITRATION AND ITS CONSEQUENT WAIVER OF ANY RIGHT TO A JURY TRIAL CLIENT MAY OTHERWISE HAVE IN A COURT OF LAW AS, WHEN, AND IF THE CLIENT HAS EXHAUSTED HIS, HER, OR ITS REMEDIES UNDER THE MFAA. THE PARTIES HEREBY EXPRESSLY WAIVE ANY RIGHT TO AVOID THIS PRIVATE BINDING ARBITRATION PROVISION FOLLOWING NON-BINDING FEE ARBITRATION CONDUCTED UNDER THE MFAA.

13. **Disputes**. In the event of any dispute, either party may commence a proceeding and effect service on the other party by certified mail, postage prepaid, rather than personal service. Such service shall be made upon Attorneys at One Ferry Building, Suite 220, San Francisco, CA 94111. Client shall be served at the following address:

16255 Denali Drive

7

Morgan Hill, CA 95057

Attorneys or Client may change the address for service by written notice to the other party, served by first-class mail, postage prepaid.

14. **Prevailing Party Attorneys' Fees Under California Code of Civil Procedure §1021 and Civil Code §1717**. In accordance with California Code of Civil Procedure section 1021 and Civil Code section 1717, Attorneys and Client by this Agreement are providing specifically that in the event of any dispute, claim, arbitration or other proceeding between us arising out of this Agreement or the fees incurred for legal services, the successful or prevailing party will be entitled to reasonable attorneys' fees and costs, in addition to any other relief granted. Client acknowledges that this provision entitling the prevailing party to reasonable attorneys' fees includes all tort or contract claims between us arising out of the Agreement or the legal services provided by Attorneys or Client including, but not limited to, claims for legal malpractice.

15. **Effective Date**. This Agreement will take effect upon its full execution by both Attorneys and Client, but its effective date will be retroactive to the date Attorneys commenced providing legal services to Client.

16. **Independent Advice of Counsel**. Client has been advised that aspects of this Agreement may provide Attorneys with rights adverse to those of Client, including, but not limited to, Attorneys' lien against any recovery Client may obtain in the matter(s) in which Attorneys provide services. Client has been advised to seek the advice of independent counsel as to the propriety of entering into this Agreement and has obtained

8

such advice from Joseph R. Kafka, Esq. (SBN 139510) who has read and approved this Agreement.

17. **Miscellaneous**.

    a. **Conditions Precedent and Counterparts**. This Agreement may be executed in counterparts and/or by use of facsimile signatures and all documents so executed shall constitute one and the same Agreement, and each shall be deemed an original.

    b. **Headings**. The headings to the paragraphs of this Agreement are solely for the convenience and reference of the parties hereto, are not a part of this Agreement, and shall thus be disregarded in the interpretation, construction, or determination of the validity of this Agreement or any provision hereof.

    c. **Entire Agreement; Severability**. This Agreement contains the entire agreement of the parties. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties. If any provision of this Agreement is held, in whole or in part, to be unenforceable for any reason, the remainder of that provision and of the entire agreement will be severable and remain in effect.

    d. **Effective Date**. This agreement shall be effective as of the date Attorneys first performed services for Client covered by this Agreement.

    e. **Choice of Law**. This agreement shall be governed in all respects by California law.

NOTICE: BY SIGNING THIS AGREEMENT YOU ARE AGREEING TO HAVE ANY DISPUTE BETWEEN CLIENT AND ATTORNEYS, INCLUDING ANY ISSUE OF LEGAL MALPRACTICE, DECIDED BY ARBITRATION. YOU ARE GIVING UP YOUR RIGHT TO A JURY OR COURT TRIAL. SEE PARAGRAPH 1 OF THIS AGREEMENT.

"Attorneys"

DATED: August 26, 2010

TREPEL McGRANE GREENFIELD LLP

By: _____
ANTHONY J. TREPEL

DATED: August 26, 2010

" Client "

_____
TONY THOMAS

APPROVED AS TO FORM AND CONTENT:

_____  8/27/10
JOSEPH R. KAFKA
Attorney for TONY THOMAS

## EXHIBIT A

## EMPLOYEES' HOURLY RATES

| | |
|---|---|
| ANTHONY J. TREPEL | $800.00 |
| WILLIAM McGRANE | $800.00 |
| BERNARD S. GREENFIELD | $575.00 |
| BRIAN HANNON | $500.00 |
| MAUREEN A. HARRINGTON | $500.00 |
| MARCIA E. GERSTON | $500.00 |
| CHRISTOPHER SULLIVAN | $500.00 |
| TYLER G. DRAA | $500.00 |
| SANDRA R. McINTOSH | $500.00 |
| STEPHANIE SOUTHWICK | $400.00 |
| JUSTIN DRAA | $300.00 |
| GAVIN McGRANE | $300.00 |
| ANAND PATEL | $300.00 |
| EDWARD COLBERT | $250.00 |
| WILLIAM WALRAVEN | $250.00 |
| LAW CLERKS | $125.00 |
| PARALEGALS | $125.00 |
| CASE CLERKS | $100.00 |

# EXHIBIT B

## SCHEDULE OF CHARGES

In-Office Photocopying per page..................................................................$ .20

Facsimile Transmission/Scan per page.........................................................$ .20

Mileage Per Mile ..........................................................................................$ .55

Online Legal Research...................................................................$10.00/minute

| CIVIL LAWSUIT NOTICE | |
|---|---|
| Superior Court of California, County of Santa Clara | CASE NUMBER: _____ |
| 191 N. First St., San Jose, CA 95113 | |

## PLEASE READ THIS ENTIRE FORM

**PLAINTIFF** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued): You must do each of the following to protect your rights:

1. You must file a **written response** to the *Complaint*, using the proper legal form or format, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   Warning: If you, as the Defendant, do not follow these instructions,
   you may automatically lose this case.

---

**RULES AND FORMS:** You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: **Honorable Mark Pierce**     Department: **9**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
     Date: **JUL 10 2012**     Time: **1:30 pm**   in Department: **9**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
     Date: _____     Time: _____  in Department: _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| Michael T. Morrissey (Bar # 062195)<br>Law Offices of Michael T. Morrissey - P.O. Box 2549, Cupertino, CA 95015-2549<br>Robert A. Machado (Bar # 088836)<br>Machado & Machado, 1110 N. First Street, San Jose, CA 95112<br>TELEPHONE NO.: (408) 872-1850    FAX NO: (408) 741-1671<br>ATTORNEY FOR (Name): Plaintiff ANTHONY G. THOMAS | | FILED<br>2012 FEB 28 PM 1:55<br>David H. Yamasaki, Chief Executive/Clerk Superior Court<br>County of Santa Clara, California<br>By: Sharon Cullen, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
  STREET ADDRESS: 191 North First Street
  MAILING ADDRESS: Same
  CITY AND ZIP CODE: San Jose, CA 95113
  BRANCH NAME: Unlimited Civil Division

CASE NAME:
ANTHONY G. THOMAS v. TREPEL MCGRANE GREENFIELD LLP, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: | 112CV219586 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [X] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): THREE (3)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 20, 2012

Michael T. Morrissey
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                          **CIVIL CASE COVER SHEET**                     *LexisNexis® Automated California Judicial Council Forms*

Page 2 of 2