Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada  89509
Telephone: (775) 324-2800
Telecopier: (775) 324-1818
notices@bankruptcyreno.com

**E-Filed 7/1/15**

Attorney for Jeri Coppa-Knudson, Trustee

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | CASE NO.    BK-N-14-50333-BTB |
| ANTHONY THOMAS and WENDI THOMAS, | CASE NO.    BK-N-14-50331-BTB |
| AT EMERALD, LLC, | CHAPTER    7 (Jointly Administered) |
| Debtors. | **FIRST INTERIM APPLICATION OF HARTMAN & HARTMAN FOR ORDER ALLOWING COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED** |
| | **Hearing Date: July 29, 2015** **Hearing Time: 10:00 a.m.** |
| _____/ | |

Hartman & Hartman ("Hartman"), counsel for Trustee Jeri Coppa-Knudson ("Trustee"), hereby makes its First Interim Application ("Application") for an order allowing compensation for professional services rendered, **$24,182.50**, and reimbursement of costs incurred, **$406.42**, for a total of **$24,588.92**.  In support of the Application, Hartman respectfully represents as follows:

**Introduction and Background**

1. On March 4, 2014, both Anthony and Wendi Thomas and AT Emerald, LLC ("Debtors"), filed Chapter 11 bankruptcy petitions, under Case Nos. 14-50333-BTB and 14-50331-BTB respectively.

2. Orders granting joint administration of the cases were entered on May 12, 2014.  **DEs 63, 32**.

3.        Both cases were converted to Chapter 7 on August 29, 2014.  **DEs 190 and 57**.

4.        Coppa-Knudson was assigned as Chapter 7 trustee in the bankruptcy proceedings and continues to serve in that capacity.

5.        Trustee filed her applications to employ Hartman & Hartman as counsel, which motions were granted on October 31, 2014.  **DEs 219, 86**.

6.        The professional services rendered by Hartman for which it was necessary to retain said services include, but are not limited to:

    a.    Advising the Trustee with respect to her rights, powers, duties and obligations under 11 U.S.C. § 704;

    b.    Advising and representing the Trustee in connection with all applications, motions or adversary proceedings, adequate protection, sequestration, motions for relief from stay, and all other and similar matters which might arise in the administration of this case;

    c.    Preparation and filing on behalf of the Trustee all reports, pleadings, applications and similar documents, and to assist and represent Applicant in conducting all examinations and investigations necessary and incidental to the administration of the case;

    d.    Reviewing the claims of creditors and to assist and advise Applicant in connection herewith;

    e.    Performing any and all other legal services for the Trustee which may be included and necessary to the administration of the case.

**Summary of Services Provided**

All professional services for which allowance of compensation is requested were performed by Hartman on behalf of the Trustee.

By this application, Hartman seeks compensation for professional services rendered and expenses incurred in the case of Anthony Thomas and Wendi Thomas from **September 23, 2014 to May 31, 2015** in the total amount of **$24,588.92**, of which **$24,182.50** represents professional services provided and **$406.42** represents costs incurred.  Billing

statements outlining the details of Hartman's costs incurred, **Exhibit A**, and fees for services provided, **Exhibits B, C and D** are attached hereto.

**Description of Services**

To further assist the Court and others in reviewing professional services rendered, Hartman has prepared a summary of the services performed by task;

**000 - Out of Pocket Expenses** – Expenses totaling **$406.42** were incurred during this period. Itemized expenses are shown on **Exhibit A**.

**002 - Asset Disposition – 24.0** hours were expended in this category for a total of **$10,200.00. Exhibit B**. As the Court is aware, the relationship between the Thomas case and the AT Emerald case is less than clear. The AT Emerald case lists as its sole asset an emerald alleged by Thomas to have a value of $200,000,000. In turn, Thomas claims ownership in the AT Emerald entity.

After the Trustee retained Hartman to represent her interests in these two cases, upon Hartman's recommendation, Trustee Coppa-Knudson traveled to Florida to inspect the emerald which is located in a vault ("Florida Emerald"). Having confirmed the existence and the relative size of the Florida Emerald, Hartman has worked with the Trustee in an effort to identify the best possible way of marketing such a unique asset. Several telephone meetings have been held with Overstock.com and several versions of contracts have been reviewed and discussed with that entity. In the meantime, Trustee Coppa-Knudson learned of the likely existence of a second emerald currently in the custody of the Santa Clara sheriff ("Santa Clara Emerald"). Attorney Hartman assisted the Trustee in her investigation of the facts and circumstances surrounding the Santa Clara Emerald and has recently filed a motion for turnover from the Santa Clara sheriff in his capacity as the custodian of that emerald. At this time, the Trustee has no idea of the value of the Santa Clara Emerald.

**004 - Case Administration – 4.4** hours were expended in this category for a total of **$1,870.00.**

**010 - Litigation – 28.5** hours were expended in this category for a total of **$12,112.50. Exhibit D**. Much of the time devoted to this category relates to Thomas's

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

1 lawsuit against a law firm who had represented him in litigation over what is believed to be
2 the Florida Emerald. The work involved in this matter is itemized in the time records for
3 litigation. Hartman worked with counsel for the law firm in reaching a proposed resolution
4 of the issues and a motion to approve the settlement agreement was filed with the Court.
5 Mr. Thomas objected to the proposed settlement agreement and the Court conducted an
6 evidentiary hearing on the matter at which Mr. Thomas was placed under oath and testified
7 about his abilities to perform under his proposed purchase offer elicited as a result of the
8 <u>Mickey Thompson</u> case. Mr. Thomas's actions in this matter added significantly to the cost
9 of reaching a final resolution which netted $6,000 for the estate.

**Prior Awards of Compensation**

There have been no prior awards of compensation to Hartman & Hartman.

**CONCLUSION**

Based upon the foregoing, Hartman & Hartman requests the Court enter an order as follows: approving fees for professional services in the amount of **$24,182.50** and for reimbursement of **$406.42** in costs for a total of **$24,588.92**.

DATED: July 1, 2015.

                **HARTMAN & HARTMAN**

                /S/ Jeffrey L. Hartman
                Jeffrey L. Hartman, Esq.
                Attorney for Jeri Coppa-Knudson, Trustee

**Approved**


/S/ Jeri Coppa-Knudson
Jeri Coppa-Knudson, Trustee

# HARTMAN & HARTMAN
*A PROFESSIONAL CORPORATION*

## 510 WEST PLUMB LANE, SUITE B
## RENO, NEVADA 89509
*TELEPHONE (775) 324-2800*
*TELECOPIER (775) 324-1818*

COPPA-KNUDSON / THOMAS, ANTHONY and WENDI
First Interim Fee Application
September 23, 2014 to May 31, 2015

| Inv # | Matter # | Hours | Rate | Fees | Expenses | Sub-Total |
|---|---|---|---|---|---|---|
| 6870 | 11049000 | 0.00 | 0.00 | 0.00 | 406.42 | 406.42 |
| 6871 | 11049002 | 24.00 | 425.00 | 10,200.00 | 0.00 | 10,606.42 |
| 6872 | 11049004 | 4.40 | 425.00 | 1,870.00 | 0.00 | 12,476.42 |
| 6873 | 11049010 | 28.50 | 425.00 | 12,112.50 | 0.00 | 24,588.92 |
|  |  | 56.90 |  | 24,182.50 | 0.00 | 24,588.92 |

Total    24,588.92