Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: (775) 324-2800
Fax: (775) 324-1818
notices@bankruptcyreno.com

Attorney for Jeri Coppa-Knudson, Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | CASE NO.   BK-N-14-50333-BTB |
| ANTHONY THOMAS and WENDI THOMAS, | CASE NO.   BK-N-14-50331-BTB (Jointly Administered) |
| AT EMERALD, LLC, | CHAPTER   7 |
| Debtors. | **TRUSTEE'S REPLY TO DEBTORS' OPPOSITION TO MOTION FOR TURNOVER OF REAL PROPERTY** |
| | **Hearing Date: September 13, 2018 Hearing Time: 1:30 P.M. (Rescheduled per Court)** |

Jeri Coppa-Knudson ("Trustee"), replies to the Debtors' Opposition To Turnover Motion filed as **DE 398**, and the Declaration of Anthony Thomas in support of the Opposition, **DE 395**. This Reply is supported by the separately filed Declaration of Jeffrey L. Hartman ("Hartman Declaration"). The Hartman Declaration is filed for the specific purpose of correcting his incorrect assertions in the Turnover Motion. The Hartman Declaration makes clear that the Thomases <u>did not conceal</u> the existence of the Portola Property from the Trustee and information regarding the Portola Property was discussed at the § 341 meeting of creditors conducted on December 4, 2014.

**PROCEDURAL STATUS OF THE MATTER**

1. The Turnover Motion was filed on July 10, 2018. **DE 353**. The supporting Declaration of Jeri Coppa-Knudson was filed that same day as **DE 354**, and the Notice of Hearing was filed as **DE 355**. On July 11, 2018, the Certificate of Service was filed as

1. **DE 357**.

2. The Motion, the Declaration and the Notice of Hearing were mailed to the Thomases at 7725 Peavine Peak Court in Reno, Nevada. **DE 357**. The hearing was scheduled for August 21, 2018.

3. On August 6, 2018, attorney Laury Macauley filed a precautionary Motion To Withdraw as Thomases' counsel ("Macauley Motion"). **DE 360**. The Macauley Motion was considered by the Court on August 10, 2018 and granted on August 31, 2018 ("Macauley Order"). **DE 391**.

4. Importantly, the Macauley Order included the following language:

> The Trustee's Motion for Turnover of Real Property and Order Requiring an Accounting, previously calendared for August 21, 2018, is hereby continued to September 13, 2018 at 10:00 a.m. so as to grant the Debtors additional time to locate counsel in this case, . . .

**DE 391**.

5. On September 5, 2018, Anthony Thomas filed two documents. The first document is a Notice of Motion For Judicial Notice Of Law And Facts. **DE 394**. The second document is a 289 page Declaration of Anthony Thomas in support of the Request For Judicial Notice. **DE 395**. Both the Request For Judicial Notice and the supporting Declaration specifically address the Turnover Motion.

6. On September 7, 2018, Mr. Thomas filed his Opposition To Turnover Motion, **DE 398**.

7. As noted in the Hartman Declaration, the Thomases testified at the meeting of creditors that in 2008 they had given a deed to the Portola Property to Eli and Dorothy Thomas but the parents had never recorded the deed. **DE 395, pages 181-182**. They also testified the deed was in connection with a $200,000 loan from Dorothy Thomas. **See, DE 395, pages 177 and 178**. Dorothy Thomas is listed on Schedule F as an unsecured creditor for $200,000; however, Mrs. Thomas did not file a proof of claim.

///

///

### DISCUSSION

The Turnover Motion is a proceeding to compel the Debtors to deliver the Portola Property to the Trustee. The Trustee contends that the legal issue in this case is whether her rights under § 544 are superior to whatever rights might be asserted by Eli and Dorothy Thomas as the holders of a purported, unrecorded deed to the Portola Property. The Turnover Motion was properly filed and noticed.

F.R.Bankr.P. 7001 (1) provides:

An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) a proceeding to recover money or property, **other than a proceeding to compel the debtor to deliver property to the trustee**, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;

(Emphasis added). At the Petition date and today, title to the Portola Property was, and is, in the name of Anthony and Wendi Thomas. Accordingly, the Trustee asserts that she is proceeding by motion consistent with the applicable Rules.

Although at ¶ 5, the Thomas Declaration recites that in 2008 he and his wife transferred title to the Portola Property to Eli and Dorothy Thomas, nowhere in the almost 300 pages filed with the Declaration is a copy of a deed purporting to transfer the title. Nor is there a copy of any purported promissory note for $200,000 payable to Eli and Dorothy Thomas. **See, DE 395, page 178**. If a deed was given in 2008 in satisfaction of a $200,000 loan, then the Thomases should not have listed Dorothy Thomas as an unsecured creditor.

Substantively, the Trustee believes the controlling case on the issue presented would be <u>Chase Manhattan Bank USA, N.A. v. Taxel</u> (<u>In re Deuel</u>), 504 F.3d 1073 (9th Cir. 2009). There, a lender failed to record a deed of trust against Ms. Deuel's property. She then filed a voluntary chapter 7 petition and a trustee was appointed. The lender, Chase Manhattan, filed a quiet title action to establish an equitable lien. The bankruptcy court ruled in favor of Chase Manhattan. The appellate panel reversed and the Ninth Circuit affirmed the BAP.

///

///

1   The Ninth Circuit holding would apply on all fours to the facts of the instant matter:

>   State law controls whether the trustee's status as a bona fide purchaser for value without notice defeats the rights of the person against whom the trustee seeks to assert his powers. California law provides that a conveyance, "from the time it is filed with the recorder for record is constructive notice of the contents thereof to subsequent purchasers and mortgagees." **Chase Manhattan did not record, so the trustee did not have constructive notice of its lien. Under California law, a conveyance is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded.** The strong arm clause enables the trustee to avoid an unrecorded lien as if he were "a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case." That means that we are to deem the trustee not only to have purchased the property for value without notice of the unrecorded lien, but also to have recorded his deed when the petition was filed. It is as though he were shopping for a place to live, saw a classified ad, bought the condo after doing a title search, and recorded the deed, all at the instant the petition was filed. Under California law, such recording would render Chase Manhattan's lien void.

594 F.3d at 1078-1079 (internal citations omitted)(emphasis added).

Had Chase Manhattan recorded its deed of trust against the real property granted as security, its rights would have been superior to those of the chapter 7 trustee. Likewise, had Eli and Dorothy Thomas recorded a deed to the Portola Property in 2008, their rights would be superior to those of the Trustee in this case. However, Eli and Dorothy Thomas, having failed to record the purported deed, when Anthony and Wendi Thomas filed their chapter 11 petition, the public record would have showed that they, Anthony and Wendi Thomas, held record fee title to the Portola Property.

The Trustee contends that there are no facts in the instant matter which would suggest a result different from the outcome in the <u>Deuel</u> case.

## **CONCLUSION**

Based upon the foregoing, the Trustee requests an order requiring the Debtors to deliver custody and control of the Portola Property to the Trustee and confirming her title.

DATED: September 11, 2018.

**HARTMAN & HARTMAN**

/S/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq., for
Trustee Jeri Coppa-Knudson

CERTIFICATE OF SERVICE

I certify that I am an employee of Hartman & Hartman, and that on September 11, 2018, I caused to be served the foregoing document as indicated below:

✓ a.   ECF System, to

JEFFREY A. COGAN
jeffrey@jeffreycogan.com, beautausinga@gmail.com;beau@jeffreycogan.com

JERI COPPA-KNUDSON
renobktrustee@gmail.com, jcoppaknudson@ecf.epiqsystems.com

KEVIN A. DARBY
kad@darbylawpractice.com, tricia@darbylawpractice.com; jill@darbylawpractice.com;hersh@darbylawpractice.com; sam@darbylawpractice.com

JEFFREY L HARTMAN
notices@bankruptcyreno.com, sji@bankruptcyreno.com

TIMOTHY A LUKAS
ecflukast@hollandhart.com

LAURY MILES MACAULEY
laury@macauleylawgroup.com

WILLIAM MCGRANE
ecf-8116edf28c97@ecf.pacerpro.com, mitch.chyette@mcgranellp.com

STEFANIE T. SHARP
ssharp@rssblaw.com, cobrien@rssblaw.com

WAYNE A. SILVER
w_silver@sbcglobal.net, ws@waynesilverlaw.com

ALAN R SMITH
mail@asmithlaw.com

STEVEN C. SMITH
ssmith@smith-lc.com, mbrandt@smith-lc.com

AMY N. TIRRE
amy@amytirrelaw.com, admin@amytirrelaw.com

U.S. TRUSTEE - RN - 7, 7
USTPRegion17.RE.ECF@usdoj.gov

JOSEPH G. WENT
JGWent@hollandhart.com, vllarsen@hollandhart.com

///

///

1  ✓ b.  U. S. Mail, postage prepaid, September 11, 2018, addressed to:

2  ANTHONY THOMAS
   WENDI THOMAS
3  AT EMERALD, LLC
   7725 Peavine Peak Court
4  Reno, NV 89523-4914

5  ✓ c.  Electronically, September 11, 2018, via email to Debtors, per letter request dated February 1, 2016, addressed to:

6

   ATEmerald2@gmail.com

7

8  I declare under penalty of perjury that the foregoing is true and correct.

9  DATED: September 11, 2018.

10

11                                            /S/ Stephanie Ittner
                                              STEPHANIE ITTNER