Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: (775) 324-2800
Telecopier: (775) 324-1818
notices@bankruptcyreno.com

Attorney for Jeri Coppa-Knudson, Trustee

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | CASE NO.   BK-N-14-50333-BTB |
| ANTHONY THOMAS and WENDI THOMAS, | CASE NO.   BK-N-14-50331-BTB |
| AT EMERALD, LLC, | (Jointly Administered) |
| Debtors. | CHAPTER   7 |
| | **TRUSTEE'S RESPONSE TO DEBTORS' REQUEST FOR JUDICIAL NOTICE** |
| | **Hearing Date: October 19, 2018**
**Hearing Time: 10:00 a.m.** |

Jeri Coppa-Knudson ("Trustee"), responds to the Debtors' Request for Judicial Notice and the various accompanying papers and exhibits. **DEs 394, 395, 406 and 411**.

## INTRODUCTION

The primary, substantive matter before the Court is the Trustee's Motion For Turnover of the Portola property ("Property"). **DE 353**. The Debtors contend that the Property was deeded to Mr. Thomas' parents in 2008. The Debtors have filed over 300 pages of paper in their effort to deny the Trustee's request but the one document which would aid the Court in disposing of the issue is the 2008 deed. That document has not been produced. As a result, the Court entered its Order requiring Mr. Thomas' parents to produce the <u>original</u> deed on October 19, 2018 at 10:00 a.m. **DE 408**.

## REQUEST FOR JUDICIAL NOTICE

Federal Rule of Evidence 201(b) permits a court to take judicial notice of facts which

are not subject to a reasonable dispute because it is either known within the court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

To the extent that the Debtors' Request for Judicial Notice addresses the question of whether they attempted to conceal the Property, that issue has been conceded by the Trustee in **DE 404**. The Debtors did not attempt to conceal the Property.

To the extent that the Debtors' Request for Judicial Notice includes copies of reported decisions, law review articles and other legal analysis, it is certainly within the purview of the Court to consider legal principles which bear upon the issue before the Court; however, the central legal question is not addressed by Mr. Thomas because there is no evidence in the record regarding the actual deed in question.

The legal question still remains. At the date the Petition was filed, the Debtors held record fee title to the Property and as of the date of this hearing, the Debtors continue to hold record title to the Property. Applying the principles of law under § 541, the Property is an asset of the estate.

Finally, Mr. Thomas continues to ask the Court for special consideration because he claims to be dyslexic. This issue is an important one because if the Court should rule in the Trustee's favor, there is a significant likelihood that Mr. Thomas will file an appeal. Mr. Thomas has alleged on numerous occasions that the Court has "taken away his lawyers". Although the record is clear that his lawyers have filed motions to be permitted to withdraw as counsel, it can be anticipated Mr. Thomas will assert that his dyslexia is a disability which, coupled with his lack of counsel, places him at a disadvantage in these proceedings. The court has directed Mr. Thomas to provide medical documentation supporting his diagnosis of dyslexia. The only item presented by Mr. Thomas in this regard is a letter from the Executive Director of Raskob Day School in Oakland, California stating that Mr. Thomas attended that school in 1976 and that the school serves students with dyslexia. **DE 412, page 4**. The Trustee contends that this letter does not establish, in any way, that Mr. Thomas was then dyslexic or remains dyslexic today.

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

**OBJECTION**

With respect to **DE 411**, the proposed Order on Judicial Notice, the Trustee objects to inclusion of the legal citations on the following pages: 4 to 10, inclusive, 17, 18, and 21-28, inclusive. When, and if, Mr. Thomas' parents produce the original deed and the Trustee and the Court can be satisfied of its authenticity, the Court should then apply the legal principles appropriate to the issue to decide the dispute.

DATED: October 4, 2018.

**HARTMAN & HARTMAN**

/S/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq., for
Trustee Jeri Coppa-Knudson

CERTIFICATE OF SERVICE

I certify that I am an employee of Hartman & Hartman, and that on October 4, 2018, I caused to be served the foregoing document as indicated below:

✓ a.  ECF System, to

JEFFREY A. COGAN
jeffrey@jeffreycogan.com, beautausinga@gmail.com;beau@jeffreycogan.com

JERI COPPA-KNUDSON
renobktrustee@gmail.com, jcoppaknudson@ecf.epiqsystems.com

KEVIN A. DARBY
kad@darbylawpractice.com, tricia@darbylawpractice.com;
jill@darbylawpractice.com;hersh@darbylawpractice.com;
sam@darbylawpractice.com

JEFFREY L HARTMAN
notices@bankruptcyreno.com, sji@bankruptcyreno.com

TIMOTHY A LUKAS
ecflukast@hollandhart.com

LAURY MILES MACAULEY
laury@macauleylawgroup.com

WILLIAM MCGRANE
ecf-8116edf28c97@ecf.pacerpro.com, mitch.chyette@mcgranellp.com

STEFANIE T. SHARP
ssharp@rssblaw.com, cobrien@rssblaw.com

WAYNE A. SILVER
w_silver@sbcglobal.net, ws@waynesilverlaw.com

ALAN R SMITH
mail@asmithlaw.com

STEVEN C. SMITH
ssmith@smith-lc.com, mbrandt@smith-lc.com

AMY N. TIRRE
amy@amytirrelaw.com, admin@amytirrelaw.com

U.S. TRUSTEE - RN - 7, 7
USTPRegion17.RE.ECF@usdoj.gov

JOSEPH G. WENT
JGWent@hollandhart.com, vllarsen@hollandhart.com

///

///

1    ✓ b.    U. S. Mail, postage prepaid, addressed to:

ANTHONY THOMAS
WENDI THOMAS
AT EMERALD, LLC
7725 Peavine Peak Court
Reno, NV 89523-4914

✓ c.    Electronically, via email to Debtors, per letter request dated February 1, 2016, addressed to:

ATEmerald2@gmail.com

✓ d.    Electronically, via email, addressed to:

jfthomas59@gmail.com

I declare under penalty of perjury that the foregoing is true and correct.

DATED: October 4, 2018.

/S/ Stephanie Ittner
STEPHANIE ITTNER