1  Anthony G. Thomas
2  7725 Peavine Peak Court
   Reno, NV 89523
   Tel:   (408) 640-2795
3  E-mail: atemerald2@gmail.com

4  Debtor In Propria Persona

RECEIVED AND FILED
2018 OCT -4 PM 3:48
U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA - RENO

IN RE:

ANTHONY THOMAS and

WENDI THOMAS

AT EMERALD, LLC

Debtors.

) Case No.   BK-N-14-50333-BTB
) Case No.   BK-N-~~14-00442-BTB~~ 14-50333
) (Jointly Administered)
)
) CHAPTER 7
)
) MEMO OF POINTS & AUTHORITIES
) NOTICE OF LAW & FACTS
)
) Date:    October 19th 2018
) Time:    10:00 a.m.
) Judge:   Hon. Bruce T. Beesley
) Courtroom: 2
)

### STATUTORY BASIS OF MOTION

This Motion is brought pursuant to Federal Rules of Evidence Rule 201 as well as under both the Federal Common law as well as the State of California's Laws regarding Judicial Notice as codified under California's Evidence Code Sections 450-459 inclusive. In addition, Debtor requests that the Court take notice of the learned treatise on Judicial Notice attached as Exhibit 9 filed on 9-5-2018, and the specific requests regarding Exhibit 9 for the Court to take judicial notice of as requested on the 28 page PROPOSED Order filed on 9-28-2018 as DE 411.

Debtor submitted and filed 17 Exhibits on 9-5-2018 and an additional 10 exhibits on 9-13-2018. Debtor is filing additional Exhibits as noted on the Declaration of Anthony Thomas filed concurrently with this Memorandum. Debtor has requested that

**MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR JUDICIAL NOTICE**

- 1 -

the Court take notice of Adjudicative Facts under FRE 201 as well as Judicial Notice of the Law governing Turnover Motions as well as California Law regarding the transfer of real estate by Deed and the validity of the transfer where the Deed is neither acknowledged or recorded, neither of which affect the validity of the transfer.

Under FRE 201, adjudicative facts not subject to reasonable dispute include taking notice of the text and existence of State Court opinions. In 2002, the United States Court for the Southern District of New York held:

> "Friedman has requested that the Court take judicial notice of two state law opinions..
>
> A Federal court must take judicial notice of adjudicative facts upon the request of a party if supplied with the information that the fact is not subject to reasonable dispute and is either generally known in the jurisdiction or capable of accurate and ready determination. *See Jacques v. U.S. R.R. Retirement Bd.* 736 F.2d. 34, 40 (2d Cir. 1984); 17 Vistas Assocs. v. City of New York, No. 95 Civ. 3870, 1996 WL 197762, *3 (S.D.N.Y. April 23, 1996)
>
> ("[S]tate court opinions may properly be considered pursuant to Rule 201, Fed.R.Evid.");
>
> *Commonwealth of Pennsylvania v. Brown*, 373 F.2d 771, 778 (3rd Cir.1967).

Fridman v. City of New York (2002) 183 F. Supp. 2d 642

Additionally, the U.S. Supreme Court has held that Federal courts are bound to take notice of the laws of every state.

> "The circuit courts of the United States are created by congress, not for the purpose of administering the local law of a single state alone, but to administer the laws of all the states in the union, in cases to which they respectively apply."

Owings v. Hull (1835) 34 U.S. 607 at 625.

The Supreme Court of the United states also held:

> "The law of any State of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof. *Owings v. Hull*, 9 Pet. 607, *Pennington v. Gibson*, 16 How. 85, *Covington Drawbridge Co. V. Shepherd*, 20 How. 227"

Lamar v. Micou (1885) 114 U.S. 218 at 223

As such, Debtor respectfully requests that this Court take Judicial Notice of the judicial opinions filed as Exhibits to the Motion for Judicial Notice on 9-5-2018 as DE 395 and 395-1 respectively, as well as the judicial opinions regarding the impropriety of using the Turnover Motion procedure when title is in dispute that were filed with this Court as DE 406 on 9-13-2018.

The other items that the Debtor is requesting that the Court take judicial notice of are the requests for this Court to take judicial notice of Adjudicative Facts.

All of the requests for Judicial Notice are requested specifically in the [PROPOSED] Order of the Court taking Judicial Notice of the Law and the Facts filed with this Court as DE 411.  Each Exhibit is identified in the table, referencing the Docket Entry and the page numbers as indicated in the ECF Docket entries on the Pacer system. Underneath each Exhibit is a number of Requests numbered beginning with the letter R, followed by the specific request for Judicial Notice being made, referencing the page number(s) if applicable, and finally containing a column with two check boxes, the first for Y or YES, and the second for N or NO as to whether the Court does or does not take judicial notice of the specific Request.

Debtor contends that each of the Exhibits submitted is relevant to the determination of the propriety of the Turnover Motion under the facts presented and to the issues as to whether the Trustee has complied with the requirements under the law to prevail under the Turnover Motion procedure under the specific facts of the case.

Debtor respectfully requests that this Court take Notice of all of the enumerated and numbered requests as submitted on the 28 page PROPOSED ORDER as filed with this Court, and to also take Notice of the newly filed Exhibits filed concurrently with this Memorandum.

Dated: October 4th 2018.

Respectfully submitted,

Tony Thomas
_____
Anthony G. Thomas - Debtor
In Propria Persona