Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada  89509
Telephone: (775) 324-2800
Fax: (775) 324-1818
notices@bankruptcyreno.com

Attorney for Jeri Coppa-Knudson, Trustee

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | CASE NO.    BK-N-14-50333-BTB |
| ANTHONY THOMAS and WENDI THOMAS, | CASE NO.    BK-N-14-50331-BTB |
| AT EMERALD, LLC, | (Jointly Administered) CHAPTER    7 |
| Debtors. | **MOTION FOR ORDER CONFIRMING SALE BY AUCTION; REQUEST FOR APPROVAL OF PAYMENT OF COMMISSION TO STREMMEL AUCTIONS** |
| _____/ | **Hearing Date:    January 8, 2019** **Hearing Time:    2:00 p.m.** |

Jeri Coppa-Knudson ("Trustee"), requests the Court enter an Order Confirming Sale Of Estate Asset by auction for $21,500 to purchaser Jennifer Jodoin.   The Trustee also requests approval of a commission to Stremmel Auctions, Inc. in the amount of $3,225 and reimbursement of costs of $1,231.  This Trustee's Sale Motion is made in accordance with § 363(b)(1) and F.R.Bankr.P. 6004 and 9014 and is supported by the separately filed Declaration of Hudson Stremmel.  The Trustee also requests the Court take judicial notice of the papers and pleadings on file in these jointly administered cases.

### FACTS

1.    These jointly administered cases were filed as chapter 11 cases on March 4, 2014.

2.    Schedule B of the Schedules of Assets and Liabilities ("Schedules"), filed by AT Emerald listed "one emerald" valued at $200,000,000, stated to be based upon an

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

1    appraisal.  **DE 1, page 9 of 32**.

2        3.    On April 30, 2014, the United States Trustee ("UST"), filed a Motion

3    Convert To Chapter 7.  **DE 27**.

4        4.    On June 23, 2014, the Debtors filed a Motion to Sell Assets Free And Clear

5    Of Liens And Motion To File Purchase And Sale Agreement Under Seal ("Debtors' Sale

6    Motion").  **DE 40**.  In that Motion, the Debtors described the asset to be sold as "[A] certain

7    21,000 carat emerald matrix (the "Emerald"). The Emerald is currently located at Sarasota

8    Vault, 640 South Washington Blvd., Ste. 125, Sarasota, Florida, 34236."

9        5.    The Debtors' Sale Motion and related papers were withdrawn from the

10   docket by the Debtors and no hearing was ever conducted.

11       6.    The jointly administered cases were converted to chapter 7 by Order entered

12   August 29, 2014.  **DE 57**.  Trustee Coppa-Knudson was appointed to administer the cases.

13       7.    On October 2, 2014, the Court approved an administrative expense in the

14   amount of $1,500 advanced by the Beach Living Trust, to enable the Trustee to travel to

15   Florida to inspect the Emerald.  **DE 76**. The Trustee traveled to Florida and subsequently

16   brought the Emerald to Reno, Nevada.

17       8.    The Trustee has performed substantial due diligence in her efforts to locate a

18   possible purchaser for the Emerald.  Because of the uniqueness of the Emerald, the Trustee

19   considered unconventional methods for marketing the Emerald; for example, a conference

20   was held with Overstock.com because of its wide-ranging market presence.  However, an

21   arrangement could not be reached because Overstock.com requested a very substantial

22   marketing expense guarantee, regardless of any success.  As the estate is administratively

23   insolvent, no such guarantee was feasible.  The Trustee also contacted numerous gemstone

24   exhibitors and similar outlets for possible interest.

25       9.    Ultimately, on October 16, 2017, the Trustee filed her Application To

26   Employ Stremmel Auctions, Inc. ("Stremmel").  **DE 347**.   On October 17, the Court entered

27   its Order approving Stremmel's employment.  **DE 348**.

28       10.   Stremmel conducted an auction process via the online platform HiBid.

1    Bidding was accessible beginning on October 30, 2018 until November 15, 2018.  Bidding

2    concluded at 10:00 am PST and the soft close method was utilized. During that time there

3    were 1,408 views, 18 watches, 5 registered bidders and several absentee bids were fielded.

4            11.    On November 15, 2018, bidding for the online auction closed with the

5    highest bid at $21,500.

6            12.    By this Trustee's Sale Motion, she is requesting an order confirming the

7    auction price of $21,500 offered by purchaser Jennifer Jodoin.

8                                **LEGAL DISCUSSION**

9            Sales of estate assets, other than in the ordinary course of business, are governed by

10    § 363(b) and F.R.Bankr.P. 6004.  Notice of hearing on a sale is required.

11            Such use, sale or lease must be based upon a debtor's sound business judgment. The
         business judgment rule "is a presumption that in making a business decision the
12            directors of a corporation acted on an informed basis, in good faith and in the honest
         belief that the action was in the best interests of the company." In re Integrated
13            Resources, Inc., 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting Smith v. Van
         Gorkom, 488 A.2d 858, 872 (Del. 1985)). In connection with decisions related to the
14            use of leases to maximize value of the estate, courts show deference to a debtor's
         sound business decisions. In re Ernst Home Ctr., Inc., 209 B.R. 974, 980 (Bankr.
15            W.D. Wash. 1997).

16    In re Station Casinos, Inc., 2010 Bankr. LEXIS 5447, *7.  The business judgment test

17    applies equally to chapter 7 trustees.

18            Here, the estate owns a unique, one-of-a-kind asset with no readily identifiable

19    market.  In light of the fact that the jointly administered estates are administratively

20    insolvent and, with the limitation of trying to locate likely purchasers, the Trustee and

21    Stremmel have utilized the tools generally available to them to locate a purchaser.

22            The Trustee believes and represents that Jennifer Jodoin is a good faith purchaser for

23    value and further believes Jennifer Jodoin is entitled to the safe harbor protection of

24    § 363(m).

25            The Trustee also requests authority to pay Stremmel Auctions a commission in the

26    amount of $3,225 together with $1,231 as reimbursement for out-of-pocket expenditures.

27                                **CONCLUSION**

28            Based upon the forgoing, the Trustee requests an order confirming the auction sale

1  price of $21,500 to purchaser Jennifer Jodoin.  The Trustee also requests authority to pay

2  Stremmel Auctions, Inc. $3,225 as a commission for the sale, together with $1,231 as

3  reimbursement for out-of-pocket expenditures.

4          DATED: November 29, 2018.

5                                              **HARTMAN & HARTMAN**

6

7                                              /S/ Jeffrey L. Hartman
                                               Jeffrey L. Hartman, Esq., for
8                                              Trustee Jeri Coppa-Knudson

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28