Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: (775) 324-2800
Fax: (775) 324-1818
notices@bankruptcyreno.com

Attorney for Jeri Coppa-Knudson, Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | CASE NO.    BK-N-14-50333-BTB |
| ANTHONY THOMAS and WENDI THOMAS, | CASE NO.    BK-N-14-50331-BTB |
| AT EMERALD, LLC, | (Jointly Administered) CHAPTER    7 |
| Debtors. | **MOTION FOR ORDER CONFIRMING SALE BY AUCTION; REQUEST FOR APPROVAL OF PAYMENT OF COMMISSION TO STREMMEL AUCTIONS** |
| / | Hearing Date:    January 8, 2019 Hearing Time:    2:00 p.m. |

Jeri Coppa-Knudson ("Trustee"), requests the Court enter an Order Confirming Sale Of Estate Asset by auction for $21,500 to purchaser Jennifer Jodoin. The Trustee also requests approval of a commission to Stremmel Auctions, Inc. in the amount of $3,225 and reimbursement of costs of $1,231. This Trustee's Sale Motion is made in accordance with § 363(b)(1) and F.R.Bankr.P. 6004 and 9014 and is supported by the separately filed Declaration of Hudson Stremmel. The Trustee also requests the Court take judicial notice of the papers and pleadings on file in these jointly administered cases.

**FACTS**

1. These jointly administered cases were filed as chapter 11 cases on March 4, 2014.

2. Schedule B of the Schedules of Assets and Liabilities ("Schedules"), filed by AT Emerald listed "one emerald" valued at $200,000,000, stated to be based upon an

1  appraisal. **DE 1, page 9 of 32**.

2  3. On April 30, 2014, the United States Trustee ("UST"), filed a Motion
3  Convert To Chapter 7. **DE 27**.

4  4. On June 23, 2014, the Debtors filed a Motion to Sell Assets Free And Clear
5  Of Liens And Motion To File Purchase And Sale Agreement Under Seal ("Debtors' Sale
6  Motion"). **DE 40**. In that Motion, the Debtors described the asset to be sold as "[A] certain
7  21,000 carat emerald matrix (the "Emerald"). The Emerald is currently located at Sarasota
8  Vault, 640 South Washington Blvd., Ste. 125, Sarasota, Florida, 34236."

9  5. The Debtors' Sale Motion and related papers were withdrawn from the
10 docket by the Debtors and no hearing was ever conducted.

11 6. The jointly administered cases were converted to chapter 7 by Order entered
12 August 29, 2014. **DE 57**. Trustee Coppa-Knudson was appointed to administer the cases.

13 7. On October 2, 2014, the Court approved an administrative expense in the
14 amount of $1,500 advanced by the Beach Living Trust, to enable the Trustee to travel to
15 Florida to inspect the Emerald. **DE 76**. The Trustee traveled to Florida and subsequently
16 brought the Emerald to Reno, Nevada.

17 8. The Trustee has performed substantial due diligence in her efforts to locate a
18 possible purchaser for the Emerald. Because of the uniqueness of the Emerald, the Trustee
19 considered unconventional methods for marketing the Emerald; for example, a conference
20 was held with Overstock.com because of its wide-ranging market presence. However, an
21 arrangement could not be reached because Overstock.com requested a very substantial
22 marketing expense guarantee, regardless of any success. As the estate is administratively
23 insolvent, no such guarantee was feasible. The Trustee also contacted numerous gemstone
24 exhibitors and similar outlets for possible interest.

25 9. Ultimately, on October 16, 2017, the Trustee filed her Application To
26 Employ Stremmel Auctions, Inc. ("Stremmel"). **DE 347**. On October 17, the Court entered
27 its Order approving Stremmel's employment. **DE 348**.

28 10. Stremmel conducted an auction process via the online platform HiBid.

1  Bidding was accessible beginning on October 30, 2018 until November 15, 2018.  Bidding
2  concluded at 10:00 am PST and the soft close method was utilized. During that time there
3  were 1,408 views, 18 watches, 5 registered bidders and several absentee bids were fielded.

4      11.    On November 15, 2018, bidding for the online auction closed with the
5  highest bid at $21,500.

6      12.    By this Trustee's Sale Motion, she is requesting an order confirming the
7  auction price of $21,500 offered by purchaser Jennifer Jodoin.

## LEGAL DISCUSSION

Sales of estate assets, other than in the ordinary course of business, are governed by § 363(b) and F.R.Bankr.P. 6004.  Notice of hearing on a sale is required.

> Such use, sale or lease must be based upon a debtor's sound business judgment. The business judgment rule "is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." In re Integrated Resources, Inc., 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)). In connection with decisions related to the use of leases to maximize value of the estate, courts show deference to a debtor's sound business decisions. In re Ernst Home Ctr., Inc., 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997).

In re Station Casinos, Inc., 2010 Bankr. LEXIS 5447, *7.  The business judgment test applies equally to chapter 7 trustees.

Here, the estate owns a unique, one-of-a-kind asset with no readily identifiable market.  In light of the fact that the jointly administered estates are administratively insolvent and, with the limitation of trying to locate likely purchasers, the Trustee and Stremmel have utilized the tools generally available to them to locate a purchaser.

The Trustee believes and represents that Jennifer Jodoin is a good faith purchaser for value and further believes Jennifer Jodoin is entitled to the safe harbor protection of § 363(m).

The Trustee also requests authority to pay Stremmel Auctions a commission in the amount of $3,225 together with $1,231 as reimbursement for out-of-pocket expenditures.

## CONCLUSION

Based upon the forgoing, the Trustee requests an order confirming the auction sale

price of $21,500 to purchaser Jennifer Jodoin.  The Trustee also requests authority to pay Stremmel Auctions, Inc. $3,225 as a commission for the sale, together with $1,231 as reimbursement for out-of-pocket expenditures.

DATED: November 29, 2018.

**HARTMAN & HARTMAN**

/S/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq., for
Trustee Jeri Coppa-Knudson