Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: (775) 324-2800
Fax: (775) 324-1818
notices@bankruptcyreno.com

Attorney for Jeri Coppa-Knudson, Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | CASE NO.   BK-N-14-50333-BTB |
| ANTHONY THOMAS and WENDI THOMAS, | CASE NO.   BK-N-14-50331-BTB |
| AT EMERALD, LLC, | (Jointly Administered) CHAPTER   7 |
| Debtors. | **NOTICE OF INTENT TO ABANDON; REQUEST FOR ORDER** |
| | Hearing Date:   March 6, 2019 Hearing Time:   10:00 a.m. |

Chapter 7 trustee, Jeri Coppa-Knudson ("Trustee"), hereby gives notice of her intent to abandon the estate's interest in improved real property identified as 397 Second Avenue, Portola, California , APN 126-123-001 ("the Property"). The Property is burdensome to the estate. This Notice is given pursuant to 11 U.S.C. § 554(a) and F.R.Bankr.P. 6007(a) and is supported by the separately filed Trustee's Declaration. Following hearing on this Notice, the Trustee requests entry of an order authorizing the abandonment. Pursuant to F.R.Evid. 201, the Trustee requests the Court take judicial notice o f the papers on file in these jointly administered cases.

## RELEVANT FACTS

1. These cases were initially filed by Debtors as chapter 11 petitions on March 4, 2014 ("Petition Date"). The chapter 11 cases were converted to chapter 7 on August 29, 2014 and the Trustee was appointed to administer the estates.

2. On the Petition Date, Debtors filed their Schedules of Assets and Liabilities and Statement of Financial Affairs.

3. As of the Petition Date, Debtors' Schedule A indicated that they owned no real property.

4. In response to Question 10 of the Statement of Financial Affairs, under penalty of perjury, Debtors stated that in 2008 they had transferred a residence in Portola, California (the "Property"), to Debtor Anthony Thomas' parents for $200,000.

5. Debtor Anthony Thomas' mother is listed on Schedule F as an unsecured creditor for $200,000.

6. Debtors took title to the Property by Grant Deed recorded in Plumas County on or about September 11, 2000 as document no. 2000-06518.

7. As of the Petition Date, the Debtors still held record title to the Property.

8. In July 2018, the Trustee filed her Motion For Turnover related to the Property. **DE 353**.

9. The Debtor has testified that in 2008 he and Mrs. Thomas executed a deed transferring title to the Property to the Debtor's parents; however, the deed was never recorded.

10. Because the Property is unoccupied, the Trustee has been unable to obtain insurance coverage.

**LAW**

Section 554(a) provides, generally, that a trustee, upon notice and a hearing, may abandon property that is either burdensome to the estate or of inconsequential value. Here, the inability to obtain insurance coverage for the Property makes it burdensome to the estate. Neither § 554 nor F.R.Bankr.P. 6007 contemplates obtaining an order on abandonment. Nevertheless, it is the Trustee's practice to request an order authorizing the abandonment.

///

///

///

## **CONCLUSION**

Based upon the foregoing, the Trustee requests an order authorizing abandonment of the Property, effective as of the date of the hearing.

DATED: February 4, 2019.

**HARTMAN & HARTMAN**

/S/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq. for Trustee