Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: (775) 324-2800
Fax: (775) 324-1818
notices@bankruptcyreno.com

Attorney for Jeri Coppa-Knudson, Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | CASE NO.   BK-N-14-50333-BTB |
| ANTHONY THOMAS and WENDI THOMAS, | CASE NO.   BK-N-14-50331-BTB |
| AT EMERALD, LLC, | (Jointly Administered) CHAPTER   7 |
| Debtors. | **TRUSTEE'S DECLARATION IN SUPPORT OF NOTICE OF INTENT TO ABANDON; REQUEST FOR ORDER** |
| | Hearing Date:   March 6, 2019 Hearing Time:   10:00 a.m. |

Jeri Coppa-Knudson, under penalty of perjury of the laws of the United States, declares:

I am the chapter 7 Trustee in these jointly administered cases and I have personal knowledge of the matters stated herein.

1. These cases were initially filed by Debtors as chapter 11 petitions on March 4, 2014 ("Petition Date").  The chapter 11 cases were converted to chapter 7 on August 29, 2014 and I was appointed to administer the estates.

2. On the Petition Date, Debtors filed their Schedules of Assets and Liabilities and Statement of Financial Affairs.

3. As of the Petition Date, Debtors' Schedule A indicated that they owned no real property.

4. In response to Question 10 of the Statement of Financial Affairs, under penalty of

perjury, Debtors stated that in 2008 they had transferred a residence in Portola, California (the "Property"), to Debtor Anthony Thomas' parents for $200,000.

5. Debtor Anthony Thomas' mother is listed on Schedule F as an unsecured creditor for $200,000.

6. Debtors took title to the Property by Grant Deed recorded in Plumas County on or about September 11, 2000 as document no. 2000-06518. **Exhibit A**.

7. As of the Petition Date, the Debtors still held record title to the Property.

8. In July 2018, the Trustee filed her Motion For Turnover related to the Property. **DE 353**.

9. The Debtor has testified that in 2008 he and Mrs. Thomas executed a deed transferring title to the Property to the Debtor's parents; however, the deed was never recorded.

10. Because the Property is unoccupied, I have been unable to obtain insurance coverage. I have concluded that the Property is burdensome to the estate.

Dated this 4th day of February, 2019.

/S/   Jeri Coppa-Knudson
Jeri Coppa-Knudson

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800