RECEIVED AND FILED
2019 FEB 21 PM 1:06
U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

1 Anthony G. Thomas
2 7725 Peavine Peak Court
Reno, NV 89523
Tel:          (408) 640-2795
3 E-mail:    atemerald2@gmail.com

4 Debtor In Propria Persona

5 **UNITED STATES BANKRUPTCY COURT**

6 **DISTRICT OF NEVADA - RENO**

7 IN RE: ) Case No.    BK-N-14-50333-BTB
) Case No.    BK-N-14-50331-BTB
8 ANTHONY THOMAS and ) (Jointly Administered)
) CHAPTER 7
9 WENDI THOMAS )
) DECLARATION OF ANTHONY THOMAS
10 AT EMERALD, LLC ) RE: LIMITED OPPOSITION TO ABANDON
) Date:          March 6th 2019
11 Debtors. ) Time:         10:00 a.m.
) Judge:        Hon. Bruce T. Beesley
12 ) Courtroom: 2
)

13

14    **I, Anthony G. Thomas declare:**

15    1.    I am submitting this Declaration in support of my limited opposition to the
16 Abandonment Motion filed by the Trustee re: the 397 2nd Ave. Portola Property. In this
17 regard, I sent 2 meet and confer letters to Attorney Hartman, both dated 2-5-2019
18 regarding the Abandonment Motion, attached hereto as Exhibits 1-2 respectively and
19 incorporated herein by reference.

20    2.    The first letter requested that Mr. Hartman correct on the record a
21 misstatement of fact that has been in dispute between the parties, namely that he
22 correct a misstatement on the record that I & my wife conveyed the Portola property to
23 my parents in exchange for $200,000. This is simply factually not true, as discussed in
24 the 341 meeting of creditors as evidenced by the transcript of the 12-4-2014 hearing
25 and opposed on 9-7-2018 when this misstatement of fact was opposed as DE 398 in
26 opposition to the same statement made by the Trustee and Attorney Hartman in their
27 Turnovoer Motion papers filed originally in July of 2018. A true and correct copy of the
28 Meet and Confer Letter sent to Attorney Hartman on 2-5-2019 is attached hereto as

Exhibit 1. I sent a follow-up letter to Mr. Hartman asking him to make the corrections in his moving papers. This letter was ignored by Attorney Hartman.

3.   In my first meet and confer letter dated 2-5-2019, I requested from Mr. Hartman:

"I am respectfully requesting that you correct the incorrect statement of fact contained in the Trustee's Declaration in support of her Notice of intent to abandon (DE 455) page 1, line 28 to page 2, lines 1-2, wherein the trustee states:

> "4. In response to question 10 of the Statement of Financial
> Affairs, under penalty of perjury , Debtors stated that in 2008
> they had transferred a residence in Portola, California (the
> "Property") to Debtor Anthony Thomas's parents for
> $200,000."

"This issue was argued previously in my opposition to the Turnover Motion, DE 398 filed on 9-7-2018.   I asked Mr. Hartman to "correct the facts on the record as both my wife & I objected on the record as evidenced by the excerpts of the 341 meeting transcript of 12-4-2014, excerpts that are taken from the..Opposition to the Turnover Motion."

I filed the Opposition to the Trustee's Turnover Motion as DE 398 on 9-7-2018. On page 2 of the opposition, that I cut and pasted in my 2-5-2019 letter to Mr. Hartman on this issue, I showed exactly what was filed in response to Question 10 of the Statement of Financial Affairs on the original 3-4-2014 Bankruptcy petition. I then quoted an extensive excerpt from the 341 meeting where these facts were contested on the record. I then requested Mr. Hartman to correct the facts on the record, in this letter and in a follow-up letter that Mr. Hartman has ignored to this day.

I sent another letter dated 2-5-2019 (attached hereto as Exhibit 2), wherein I stated:

"I am not opposed to not objecting to the motion if you could ensure that the following points are included in the Proposed Order on the Abandonment Motion:

1. Trustee hereby abandons any and all claims to title to the Portola property back to Mr. Eli & Mrs. Dorothy Thomas

2. Trustee agrees to Lift the Lis Pendens

3. Trustee is ordered to turn the keys over Mr. Eli & Mrs. Dorothy Thomas

4. Trustee admits and acknowledges that Anthony & Wendi Thomas hold only bare legal title to the property and Trustee agrees to allow Anthony & Wendi Thomas to assist their parents in having the 2008 conveyance by Deed acknowledged and recorded without any objection by the Trustee and without the need to obtain any approval or order by the Bankruptcy Court.

5. Trustee agrees to cooperate and execute any and all documents needed to clear title back to Mr. Eli & Mrs. Dorothy Thomas.

In response to the above 5 points, I did receive a response from Mr. Hartman stating that the would not agree to any of the above 5 points. I find this to be in bad faith, considering the serious cloud on title that remains on the Portola property as a direct consequence of the actions of both Mr. Hartman and the U.S. Trustee in this regard. It is only fair for both the U.S. Trustee and Mr. Hartman to make an effort to mitigate the damage they have caused.

6. Furthermore, I have repeatedly requested on the record, and now appeal to this Court to order the Trustee to withdraw her false allegations made in her original turnover motion papers filed on 7-5-2018 that are defamatory against myself and my wife that we were living illegally in the property and/or renting out the property and concealing the rental income from the trustee. Despite numerous requests, the Trustee and Mr. Hartman have both ignored these requests. As such, I am requesting that the Court order the Trustee to withdraw these false statements on the record, and/or to make a specific finding on the record that the Court finds there is no basis for the false allegations made by the Trustee in this regard. It is only fair that the Court clear the record as to false allegations made by the Trustee on the record that impugn the character and integrity of myself and my wife on the record.

7. Attached as Exhibit 3 is a true and correct copy of the letter dated 9-11-2018 from my mom Mrs. Dorothy Thomas addressed to Ms. Coppa-Knudsen and Mr. Hartman wherein she notified the Court of the deprivation of her and my father's due

process rights and the failure of either the trustee or Mr. Hartman to notify her or husbande my mail, phone e-mail or otherwise that they had:

1. Illegally changed the locks
2. Break and entered their home.
3. Converted their property and cabinets
4. Obtained a Title Guaranty without disclosing their ownership of the Portola home as disclosed in my and my wife's Bankruptcy papers and as disclosed at the 341 meeting of creditors held in Reno on 12-4-2014.
5. Listed the property for sale with Re/Max real estate agent Melissa as of 8-9-2018
6. Engaged in destruction and vandalism of the Portola property.

I declare under penalty of perjury of the laws of the State of California, the State of Nevada and the United States that the foregoing is true and correct.

Executed at San Jose, CA on February 20, 2019.

Anthony G. Thomas
Debtor in Propria Persona.

DECLARATION OF ANTHONY THOMAS RE: MOTION TO ABANDON PORTOLA PROPERTY

**Anthony Thomas**
**7725 Peavine Peak Court**
**Reno, NV 89523**
**Tel: (408) 640-2795**
**E-mail: atemerald2@gmail.com**

**WITHOUT PREJUDICE**

Tuesday February 5th 2019.

Mr. Jeffrey L. Hartman, Esq.          Tel:   (775) 324-2800
HARTMAN & HARTMAN               Fax:  (775) 324-1818
510 West Plumb Lane, Suite B
Reno, NV 89509

**VIA E-MAIL:** notices@bankruptcyreno.com

Dear Mr. Hartman:

I have received the copy of the Motion to Abandon the Portola property, I am respectfully requesting that you correct the incorrect statement of fact contained in paragraph 4 of the Trustee's Declaration in support of Notice of Intent to Abandon (DE 455) page 1, line 28 to page 2, lines 1-2, wherein the Trustee states:

"4.    In response to Question 10 of the Statement of Financial Affairs, under penalty of perjury, Debtors stated that in 2008 they had transferred a residence in Portola, California (the "Property") to Debtor Anthony Thomas's parents for $200,000."

This issue was argued previously in my opposition to the Turnover Motion, DE 398, filed on 9-7-2018. The Trustee made the same claim regarding the $200K in her Turnover Motion papers that I opposed in my 9-7-2018 Opposition to the Turnover Motion. I am attaching as an Exhibit to this letter, the relevant pages of that filing, pp1-7 of 14, as those pages directly address the above statement and form the basis of my objection to the above characterization and request that you correct the facts on the record, as both myself and my wife objected on the record as evidenced by the excerpts of the 341 meeting transcript of 12-4-2014. excerpts that are contained in the 7 page excerpt taken from my Opposition to the Turnover Motion.

In my opposition brief, I filed the following on p.2 of my Opposition:

On p.11 of the Debtor's 46 page initial bankruptcy filing on 3-4-2014, the following disclosure regarding the transfer of the Portola property to the parents of Debtor Anthony Thomas was made:



**Exhibit 1**

I subsequently filed excerpts from the Transcript of the 341 meeting held on 12-4-2014 as follows

```
                              we were just
10  MS. COPPA-KNUDSON:    And why did you deed it to her?
    MS. THOMAS:           Because we owed Dorothy money, and that's the only
11                        asset we had at the time.
    MR. THOMAS:           When we deeded it over to her.
12  MS COPPA-KNUDSON:     And do you — to your knowledge, has she attempted to
                          try to sell this?
13  MS. THOMAS:           She's talked about it, but she hasn't sold it.
    MR. THOMAS:           It's probably not going to sell.
14  MS THOMAS:            It's not worth a lot.
    MR. THOMAS:           It's not worth anything.
15  MS. COPPA-KNUDSON:    Well, I don't know if the land is worth something
                          ..
16  MR. LUKAS:            Let's ask about what's

17  MS.COPPA-KNUDSON:     Okay, sorry.
    MR.LUKAS:    You said it was worth $200,000.
18  MS. THOMAS:  No.
    MR THOMAS:   No, I didn't.
19  LUKAS:  Oh, well —

20  MS. THOMAS:  We'd never say that.

21  MR. LUKAS:            Counsel, why don't you look at the schedules and statements
                          what they put as the value of that.
22
    MS. THOMAS:           No, we would not put that.
23
    MR. THOMAS:           We bought it for 12 grand.
24
    MR. LUKAS:            I'm just saying you put 200- on your schedules and
25                        statements.

26  MS. THOMAS:           Well, we didn't put that.

27  MR. LUKAS:            Look at the transfers. It's $200,000.
    MR. LEHNERS:          Yeah, residence valued at 25,000.
28  MR. LUKAS:            And that's a motorcycle, isn't it?
```

- 6 -

OPPOSITION TO U.S. TRUSTEE TURNOVER MOTION

The above transcript excerpt, followed by the excerpt from page 7 below, shows that both myself, my wife and my attorney Mr. Lehners, objected repeatedly on the record to the statement that we claimed the residence was worth $200,000, the proper statement of facts should indicate that the value of the residence transferred, according our answer of Question 10, as noted above in response to Question 10: "Describe the Property Transferred and the Value Received" was:

Property Transferred:    Residence valued at $25,000 in Portola California
Value Received:          $200,000

As such, I am requesting that you correct paragraph 4 to state that the property transferred was a residence valued at $25,000, not that the property was transferred in exchange for $200,000.

2-

**Exhibit 1**

The below excerpt ends with Attorney Lehners, clarifying on the record with the following exchange:

Mr. Lehners: It would appear that the $200,000 is the amount of the debt. The 25,000 is the value of the real estate. Mr. Thomas is that correct? MR. THOMAS: Yes.

```
    Case 14-50333-btb   Doc 398   Entered 09/10/18 09:08:41   Page 7 of 15


 1  MR. THOMAS:         No, other transfers.  Residence value
    MS. ESTES:          $200,000 is the amount that they borrowed from their mom.
 2  MR. LUKAS:          Oh, okay, okay.  Sorry for the -•
    MS.COPPA-KNUDSON:   Oh, okay.
 3  MS. ESTES:          Sorry about the mathing.  It's --
    MR. LEHNERS:        Residence valued at 25,000 in Portola, transferred January
 4                      of '08.  200,000 appears here.  Do you know why?
    MR. THOMAS:         That's what we borrowed from my mom.
 5  MR. LEHNERS:        Okay.
    MR. LUKAS:          Okay.  So
 6  MR. LEHNERS:        It would appear that the 200,000 is the amount of the debt.
                        The 25,000 is the value of the real estate.  Mr. Thomas, is
 7                      that correct?
    MR. THOMAS:         Yes.
 8  MR. LUKAS:          Okay.  So residence value is 25,000.
    MS. THOMAS:         Yeah.  I mean
 9
    MR. LUKAS:          Give or take.  Okay, fair enough.  I didn't do the schedules
10                      and statements.  I  didn't sign them under penalty of
                        perjury.
11
    MR. LEHNERS:        Just ask questions.
12  ...
```

Please confirm your change to paragraph 4. I look forward to hearing your response.

Yours truly,

Anthony G. Thomas
Debtor In Propria Persona

**Exhibit 1**

**Anthony Thomas**
**7725 Peavine Peak Court**
**Reno, NV 89523**
**Tel: (408) 640-2795**
**E-mail: atemerald2@gmail.com**

**WITHOUT PREJUDICE**

Tuesday February 5th 2019.

| | |
|---|---|
| Mr. Jeffrey L. Hartman, Esq. | Tel: (775) 324-2800 |
| HARTMAN & HARTMAN | Fax: (775) 324-1818 |
| 510 West Plumb Lane, Suite B | |
| Reno, NV 89509 | |

**RE:   1. REQUEST TO MOVE HEARING DATE ON ABANDONMENT MOTION
          FROM 3-6-2019 TO 3-1-2019
      2. REQUEST TO INCLUDE ITEMS IN PROPOSED ORDER**

**VIA E-MAIL:   notices@bankruptcyreno.com**

Dear Mr. Hartman:

This letter is a follow-up to my telephone call earlier today wherein I requested if you could stipulate to moving the March 6th 2019 hearing date on the Abandonment Motion regarding the Portola Property to Friday March 1st 2019. I am not opposed to not objecting to the motion if you could ensure that the following points are included in the Proposed Order on the Abandonment Motion:

1. Trustee hereby abandons any and all claims to title to the Portola property back to Mr. Eli & Mrs. Dorothy Thomas

2. Trustee agrees to Lift the Lis Pendens

3. Trustee is ordered to turn the keys over Mr. Eli & Mrs. Dorothy Thomas

4. Trustee admits and acknowledges that Anthony & Wendi Thomas hold only bare legal title to the property and Trustee agrees to allow Anthony & Wendi Thomas to assist their parents in having the 2008 conveyance by Deed acknowledged and recorded without any objection by the Trustee and without the need to obtain any approval or order by the Bankruptcy Court.

5. Trustee agrees to cooperate and execute any and all documents needed to clear title back to Mr. Eli & Mrs. Dorothy Thomas

I look forward to your agreement to the above matters.

Yours truly,

/s/
Anthony G. Thomas

**Exhibit 2**

**Dorothy Thomas**
18945 Kosich Dr.
Saratoga, CA 95070
Tel: (408) 252-9126
E-mail: dorothythomas9@sbcglobal.net

## WITHOUT PREJUDICE

Tuesday September 11th 2018.

Ms. Jeri Coppa-Knudson          Tel:  (775) 329-1528
United States Bankruptcy Trustee     Fax:  (775) 329-5320
3495 Lakeside Drive PMB #62
Reno, NV 89509-4841

VIA E-MAIL: renobktrustee@gmail.com & VIA U.S. CERTIFIED MAIL

Mr. Jeffrey L. Hartman, Esq.         Tel:  (775) 324-2800
HARTMAN & HARTMAN              Fax:  (775) 324-1818
510 West. Plumb Lane Suite B
Reno, NV 89509

VIA E-MAIL: notices@bankruptcyreno.com & VIA U.S. CERTIFIED MAIL

RE:    ILLEGAL TURNOVER MOTION OF 397 2nd Ave - Portola, CA

Dear Ms. Coppa-Knudsen & Mr. Hartman:

This letter is being sent to you under the provisions of California's Consumer Legal Remedies Act (CA Civil Code § 1770 et.seq.) and under the provisions of California's Elder Abuse law in that both my husband & I are 80 and 89 years of age respectively and is a demand that you immediately surrender possession and any claim to my property located at 397 2nd Avenue in Portola, CA that I understand you have already taken over prior to the Court's determination and Order on your Turnover Motion scheduled for hearing in the Reno Bankruptcy Court on September 13th 2018. It is my understanding that without giving me or my husband any notification either by mail phone e-mail or otherwise that you have:

1.       Illegally changed the locks
2.       Break & Entered our home
3.       Converted our property and cabinets to your own use without disclosing anything to us
4.       Obtained a Title Guaranty as of July 3rd 2018 without disclosing our ownership of the Portola home as disclosed in our son's Bankruptcy papers and as disclosed in his 341 Meeting of Creditors held in Reno on 12-4-2014
5.       Listed the property for sale with Re/Max real estate agent Melissa as of 8-9-2018, the day before the Court's hearing to allow my son's lawyer

**Exhibit 3**

      to be relieved as counsel in his case
6.    Destruction and Vandalism of Property without authorization

I am hereby demanding that you provide me with a detailed inventory of all items that you have in your possession.

Under the circumstances, and in light of what I understand to be full disclosure by my son Anthony and his wife Wendi of the facts surrounding their delivery and execution of a Deed in favor of my husband and myself in January of 2008 that I understand was also fully disclosed in a Court hearing on 12-4-2018. Despite what appears to be an almost 4 year delay from the time my son & daughter in law filed their Bankruptcy Petition in Reno, you never took the time or effort to communicate with me or my husband Eli in any manner, despite the fact that our names and addresses appear in no less than 3 places on the BK petition, and it would seem that since we are the owners of the Portola property according to California law, you would at least give us an opportunity to hire legal counsel and defend our property rights in the Bankruptcy Court.

Under the circumstances, I am respectfully requesting that you take your Motion for Turnover of the Portola property off calendar as a sign of belated good faith action on your part after receiving this letter, it being sent by U.S. Postal Service Certified Mail as well as sending it by Fax and E-mail.

This letter is to also give you 30 days to correct your behavior by acknowledging that your legal position in falsely representing to the Court and in your legal filings that you hold superior legal title to my husband and I, despite the fact that the property was lawfully transferred to my husband and myself under the rules governing the transfer of real estate by Deed, and we are entitled to those rights whether the Deed is recorded or not.

I look forward to your swift response to my claim, and wish to advise you that my husband and I will look forward to your swift response to all of my requests in writing. I am also notifying you that if you wish to communicate with me on any of these matters, I am delegating and authorizing my eldest son Mr. Jim Thomas to whom you may address all communications directed towards me through my e-mail address as listed above that will be responded to by my son Jim Thomas on my behalf. We look forward to your written response to this letter forthwith.

Govern yourselves accordingly.

                                          Yours truly,

                                          **Dorothy Thomas**

Exhibit 3