Anthony Thomas
Wendi Thomas

14-50333
14-50331

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I certify that I am an adult, over the age of 18 years, not a party to the action herein who resides in Washoe County, Nevada. I caused to be served the foregoing document via e-mail to the following persons as listed below from my e-mail address of mickjoseph@sbcglobal.net as |
| 3 | follows: |
| 4 | LIMITED OPPOSITION TO TURNOVER MOTION |
|   | DECLARATION OF ANTHONY G. THOMAS |
| 5 | DECLARATION OF CHRIS PERNA |
|   | DECLARATION OF DOROTHY THOMAS |
| 6 | |
|   | JEFFREY A. COGAN |
| 7 | jeffrey@jeffreycogan.com, beautausinga@gmail.com, beau@jeffreycogan.com |
|   | JERI COPPA-KNUDSON VIA E-MAIL AND US MAIL: 3495 Lakeside Dr. Reno, NV 89509 |
| 8 | renobktrustee@gmail.com, jcoppaknudson@ecf.episystems.com |
|   | KEVIN A. DARBY |
| 9 | kad@darbylawpractice.com, tricia@darbylawpractice.com, jill@darbylawpractice.com, |
|   | hersh@darbylawpractice.com, sam@darbylawpractice.com |
| 10 | JEFFREY L. HARTMAN VIA E-MAIL AND US MAIL: 510 W. Plumb Lane Suite B   Reno, NV 89509 |
| 11 | notices@bankruptcyreno.com, sji@bankruptcyreno.com |
|   | TIMOTHY A. LUCAS |
| 12 | ecflukast@hollandhart.com |
|   | LAURY MILES MACAULEY |
| 13 | laury@macauleylawgroup.com |
|   | WILLIAM MCGRANE |
| 14 | ECF-8116edf28c97@ecf.pacerpro.com, mitch.chyette@mcgranellp.com |
|   | STEPHANIE T. SHARP |
| 15 | ssharp@rssblaw.com, cobrien@rssblaw.com |
|   | WAYNE A. SILVER |
| 16 | w_silver@sbcglobal.net, ws@waynesilverlaw.com |
|   | ALAN R. SMITH |
| 17 | mail@asmithlaw.com |
|   | STEVEN C. SMITH |
| 18 | ssmith@smith-lc.com, mbrandt@smith-lc.com |
|   | AMY N. TIRRE |
| 19 | amy@amytirrelaw.com, admin@amytirrelaw.com |
|   | U.S. TRUSTEE - RN - 7,7 |
| 20 | USTPRegion17.RE.ECF@usdoj.gov |
|   | JOSEPH G. WENT |
| 21 | jgwent@hollandhart.com, vllarsen@hollandhart.com |
|   | I declare under penalty of perjury that the foregoing is true and correct. |
| 22 | Dated: February __ 2019. |
| 23 | /S/ Mick Joseph |
| 24 | |
|   | MICK JOSEPH |
| 25 | |
| 26 | |
| 27 | *Mick Joseph* (signature) |
| 28 | |

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK
2019 FEB 20  PM 3:32
RECEIVED AND FILED

- 3 -

**DECLARATION OF MRS. DOROTHY THOMAS RE: MOTION TO ABANDON PORTOLA PROPERTY**

```
 1  Anthony G. Thomas
    7725 Peavine Peak Court
 2  Reno, NV 89523
    Tel:      (408) 640-2795
 3  E-mail:   atemerald2@gmail.com

 4  Debtor In Propria Persona
```

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA - RENO

| IN RE: | ) Case No. BK-N-14-50333-BTB |
|---|---|
| | ) Case No. BK-N-14-50331-BTB |
| ANTHONY THOMAS and | ) (Jointly Administered) |
| | ) CHAPTER 7 |
| WENDI THOMAS | ) |
| | ) DECLARATION OF ANTHONY THOMAS |
| AT EMERALD, LLC | ) RE: LIMITED OPPOSITION TO ABANDON |
| | ) Date: March 6th 2019 |
| Debtors. | ) Time: 10:00 a.m. |
| | ) Judge: Hon. Bruce T. Beesley |
| | ) Courtroom: 2 |

**I, Anthony G. Thomas declare:**

1. I am submitting this Declaration in support of my limited opposition to the Abandonment Motion filed by the Trustee re: the 397 2nd Ave. Portola Property. In this regard, I sent 2 meet and confer letters to Attorney Hartman, both dated 2-5-2019 regarding the Abandonment Motion, attached hereto as Exhibits 1-2 respectively and incorporated herein by reference.

2. The first letter requested that Mr. Hartman correct on the record a misstatement of fact that has been in dispute between the parties, namely that he correct a misstatement on the record that I & my wife conveyed the Portola property to my parents in exchange for $200,000. This is simply factually not true, as discussed in the 341 meeting of creditors as evidenced by the transcript of the 12-4-2014 hearing and opposed on 9-7-2018 when this misstatement of fact was opposed as DE 398 in opposition to the same statement made by the Trustee and Attorney Hartman in their Turnovoer Motion papers filed originally in July of 2018. A true and correct copy of the Meet and Confer Letter sent to Attorney Hartman on 2-5-2019 is attached hereto as

- 1 -

**DECLARATION OF ANTHONY THOMAS RE: MOTION TO ABANDON PORTOLA PROPERTY**

Exhibit 1 I sent a follow-up letter to Mr. Hartman asking him to make the corrections in his moving papers. This letter was ignored by Attorney Hartman.

3. In my first meet and confer letter dated 2-5-2019, I requested from Mr. Hartman:

"I am respectfully requesting that you correct the incorrect statement of fact contained in the Trustee's Declaration in support of her Notice of intent to abandon (DE 455) page 1, line 28 to page 2, lines 1-2, wherein the trustee states:

> '4. In response to question 10 of the Statement of Financial
> Affairs, under penalty of perjury, Debtors stated that in 2008
> they had transferred a residence in Portola, California (the
> "Property") to Debtor Anthony Thomas's parents for
> $200,000."

"This issue was argued previously in my opposition to the Turnover Motion, DE 398 filed on 9-7-2018. I asked Mr. Hartman to "correct the facts on the record as both my wife & I objected on the record as evidenced by the excerpts of the 341 meeting transcript of 12-4-2014, excerpts that are taken from the..Opposition to the Turnover Motion."

I filed the Opposition to the Trustee's Turnover Motion as DE 398 on 9-7-2018. On page 2 of the opposition, that I cut and pasted in my 2-5-2019 letter to Mr. Hartman on this issue, I showed exactly what was filed in response to Question 10 of the Statement of Financial Affairs on the original 3-4-2014 Bankruptcy petition. I then quoted an extensive excerpt from the 341 meeting where these facts were contested on the record. I then requested Mr. Hartman to correct the facts on the record, in this letter and in a follow-up letter that Mr. Hartman has ignored to this day.

I sent another letter dated 2-5-2019 (attached hereto as Exhibit 2), wherein I stated:

'I am not opposed to not objecting to the motion if you could ensure that the following points are included in the Proposed Order on the Abandonment Motion:

DECLARATION OF ANTHONY THOMAS RE: MOTION TO ABANDON PORTOLA PROPERTY

1    Trustee hereby abandons any and all claims to title to the Portola property back to Mr. Eli & Mrs. Dorothy Thomas

2.   Trustee agrees to Lift the Lis Pendens

3.   Trustee is ordered to turn the keys over Mr. Eli & Mrs. Dorothy Thomas

4.   Trustee admits and acknowledges that Anthony & Wendi Thomas hold only bare legal title to the property and Trustee agrees to allow Anthony & Wendi Thomas to assist their parents in having the 2008 conveyance by Deed acknowledged and recorded without any objection by the Trustee and without the need to obtain any approval or order by the Bankruptcy Court.

5    Trustee agrees to cooperate and execute any and all documents needed to clear title back to Mr. Eli & Mrs. Dorothy Thomas.

In response to the above 5 points, I did receive a response from Mr. Hartman stating that the would not agree to any of the above 5 points. I find this to be in bad faith, considering the serious cloud on title that remains on the Portola property as a direct consequence of the actions of both Mr. Hartman and the U.S. Trustee in this regard. It is only fair for both the U.S. Trustee and Mr. Hartman to make an effort to mitigate the damage they have caused.

6. Furthermore, I have repeatedly requested on the record, and now appeal to this Court to order the Trustee to withdraw her false allegations made in her original turnover motion papers filed on 7-5-2018 that are defamatory against myself and my wife that we were living illegally in the property and/or renting out the property and concealing the rental income from the trustee. Despite numerous requests, the Trustee and Mr. Hartman have both ignored these requests. As such, I am requesting that the Court order the Trustee to withdraw these false statements on the record, and/or to make a specific finding on the record that the Court finds there is no basis for the false allegations made by the Trustee in this regard. It is only fair that the Court clear the record as to false allegations made by the Trustee on the record that impugn the character and integrity of myself and my wife on the record.

7. Attached as Exhibit 3 is a true and correct copy of the letter dated 9-11-2018 from my mom Mrs. Dorothy Thomas addressed to Ms. Coppa-Knudsen and Mr. Hartman wherein she notified the Court of the deprivation of her and my father's due

3

DECLARATION OF ANTHONY THOMAS RE: MOTION TO ABANDON PORTOLA PROPERTY

process rights and the failure of either the trustee or Mr. Hartman to notify her or husbande my mail, phone e-mail or otherwise that they had:

1. Illegally changed the locks
2. Break and entered their home.
3. Converted their property and cabinets
4. Obtained a Title Guaranty without disclosing their ownership of the Portola home as disclosed in my and my wife's Bankruptcy papers and as disclosed at the 341 meeting of creditors held in Reno on 12-4-2014.
5. Listed the property for sale with Re/Max real estate agent Melissa as of 8-9-2018
6. Engaged in destruction and vandalism of the Portola property.

I declare under penalty of perjury of the laws of the State of California, the State of Nevada and the United States that the foregoing is true and correct.

Executed at San Jose, CA on February 20, 2019.

Anthony G. Thomas
Debtor in Propria Persona.

4
**DECLARATION OF ANTHONY THOMAS RE: MOTION TO ABANDON PORTOLA PROPERTY**

Anthony Thomas
7725 Peavine Peak Court
Reno, NV 89523
Tel: (408) 640-2795
E-mail: atemerald2@gmail.com

**WITHOUT PREJUDICE**

Tuesday February 5th 2019.

| | | |
|---|---|---|
| Mr. Jeffrey L. Hartman, Esq. | Tel: | (775) 324-2800 |
| HARTMAN & HARTMAN | Fax: | (775) 324-1818 |
| 510 West Plumb Lane, Suite B | | |
| Reno, NV 89509 | | |

**VIA E-MAIL:** notices@bankruptcyreno.com

Dear Mr. Hartman:

I have received the copy of the Motion to Abandon the Portola property, I am respectfully requesting that you correct the incorrect statement of fact contained in paragraph 4 of the Trustee's Declaration in support of Notice of Intent to Abandon (DE 455) page 1, line 28 to page 2, lines 1-2, wherein the Trustee states:

"4.    In response to Question 10 of the Statement of Financial Affairs, under penalty of perjury, Debtors stated that in 2008 they had transferred a residence in Portola, California (the "Property") to Debtor Anthony Thomas's parents for $200,000."

This issue was argued previously in my opposition to the Turnover Motion, DE 398, filed on 9-7-2018. The Trustee made the same claim regarding the $200K in her Turnover Motion papers that I opposed in my 9-7-2018 Opposition to the Turnover Motion. I am attaching as an Exhibit to this letter, the relevant pages of that filing, pp1-7 of 14, as those pages directly address the above statement and form the basis of my objection to the above characterization and request that you correct the facts on the record, as both myself and my wife objected on the record as evidenced by the excerpts of the 341 meeting transcript of 12-4-2014. excerpts that are contained in the 7 page excerpt taken from my Opposition to the Turnover Motion.

In my opposition brief, I filed the following on p.2 of my Opposition:

On p.11 of the Debtor's 46 page initial bankruptcy filing on 3-4-2014, the following disclosure regarding the transfer of the Portola property to the parents of Debtor Anthony Thomas was made:

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| BLJ & DOROTHY THOMAS<br>18946 KOSICH DRIVE<br>SARATOGA, CA 95070<br>PARENTS | JANUARY, 2008 | RESIDENCE VALUED AT $25,000.00 IN PORTOLA, CA<br>$200,000.00 |

**Exhibit 1**

I subsequently filed excerpts from the Transcript of the 341 meeting held on 12-4-2014 as follows:

```
                     we were just
10  MS. COPPA-KNUDSON:   And why did you deed it to her?
    MS. THOMAS:          Because we owed Dorothy money, and that's the only
11                       asset we had at the time.
    MR. THOMAS:          When we deeded it over to her.
12  MS. COPPA-KNUDSON:   And do you — to your knowledge, has she attempted to
                         try to sell this?
13  MS. THOMAS:          She's talked about it, but she hasn't sold it.
    MR. THOMAS:          It's probably not going to sell.
14  MS. THOMAS:          It's not worth a lot.
    MR. THOMAS:          It's not worth anything.
15  MS. COPPA-KNUDSON:   Well, I don't know if the land is worth something
                         ..
16  MR. LUKAS:           Let's ask about what's

17  MS.COPPA-KNUDSON:   Okay, sorry.
    MR.LUKAS:   You said it was worth $200,000.
18  MS. THOMAS:   No.
    MR. THOMAS:   No, I didn't.
19  LUKAS:   Oh, well —

20  MS. THOMAS:   We'd never say that.

21  MR. LUKAS:           Counsel, why don't you look at the schedules and statements
                         what they put as the value of that.
22
    MS. THOMAS:          No, we would not put that.
23
    MR. THOMAS:          We bought it for 12 grand.
24
    MR. LUKAS:           I'm just saying you put 200- on your schedules and
25                       statements.

26  MS. THOMAS:          Well, we didn't put that.

27  MR. LUKAS:           Look at the transfers. It's $200,000.
    MR. LEHNERS:         Yeah, residence valued at 25,000.
28  MR. LUKAS:           And that's a motorcycle, isn't it?

                                   -6-
                   OPPOSITION TO U.S. TRUSTEE TURNOVER MOTION
```

The above transcript excerpt, followed by the excerpt from page 7 below, shows that both myself, my wife and my attorney Mr. Lehners, objected repeatedly on the record to the statement that we claimed the residence was worth $200,000, the proper statement of facts should indicate that the value of the residence transferred, according our answer of Question 10, as noted above in response to Question 10: "Describe the Property Transferred and the Value Received" was:

Property Transferred:    Residence valued at $25,000 in Portola California
Value Received:          $200,000

As such, I am requesting that you correct paragraph 4 to state that the property transferred was a residence valued at $25,000, not that the property was transferred in exchange for $200,000.

-2-

Exhibit 1

The below excerpt ends with Attorney Lehners, clarifying on the record with the following exchange:

    Mr. Lehners: It would appear that the $200,000 is the amount of the debt. The 25,000 is the value of the real estate. Mr. Thomas is that correct? MR. THOMAS: Yes.

```
Case 14-50333-btb   Doc 398   Entered 09/10/18 09:08:41   Page 7 of 15

 1  MR. THOMAS:        No, other transfers. Residence value
    MS. ESTES:         $200,000 is the amount that they borrowed from their mom.
 2  MR. LUKAS:         Oh, okay, okay. Sorry for the --
    MS.COPPA-KNUDSON:  Oh, okay.
 3  MS. ESTES:         Sorry about the mathing. It's --
    MR LEHNERS:        Residence valued at 25,000 in Portola, transferred January
 4                     of '08. 200,000 appears here. Do you know why?
    MR  THOMAS:        That's what we borrowed from my mom.
 5  MR  LEHNERS:       Okay.
    MR  LUKAS:         Okay. So
 6  MR  LEHNERS:       It would appear that the 200,000 is the amount of the debt.
                       The 25,000 is the value of the real estate. Mr. Thomas, is
 7                     that correct?
    MR  THOMAS:        Yes.
 8  MR  LUKAS:         Okay. So residence value is 25,000.
    MS. THOMAS:        Yeah. I mean
 9
    MR. LUKAS:         Give or take. Okay, fair enough. I didn't do the schedules
10                     and statements. I didn't sign them under penalty of
                       perjury.
11
    MR. LEHNERS:       Just ask questions.
12  ...
```

Please confirm your change to paragraph 4. I look forward to hearing your response.

                                            Yours truly,

                                            Anthony G. Thomas
                                            Debtor In Propria Persona

**Exhibit 1**

**Anthony Thomas**
**7725 Peavine Peak Court**
**Reno, NV 89523**
**Tel: (408) 640-2795**
**E-mail: atemerald2@gmail.com**

**WITHOUT PREJUDICE**

Tuesday February 5th 2019.

Mr. Jeffrey L. Hartman, Esq.      Tel: (775) 324-2800
HARTMAN & HARTMAN     Fax: (775) 324-1818
510 West Plumb Lane, Suite B
Reno, NV 89509

**RE:  1. REQUEST TO MOVE HEARING DATE ON ABANDONMENT MOTION FROM 3-6-2019 TO 3-1-2019**
**2. REQUEST TO INCLUDE ITEMS IN PROPOSED ORDER**

**VIA E-MAIL: notices@bankruptcyreno.com**

Dear Mr. Hartman:

This letter is a follow-up to my telephone call earlier today wherein I requested if you could stipulate to moving the March 6th 2019 hearing date on the Abandonment Motion regarding the Portola Property to Friday March 1st 2019. I am not opposed to not objecting to the motion if you could ensure that the following points are included in the Proposed Order on the Abandonment Motion:

1. Trustee hereby abandons any and all claims to title to the Portola property back to Mr. Eli & Mrs. Dorothy Thomas

2. Trustee agrees to Lift the Lis Pendens

3. Trustee is ordered to turn the keys over Mr. Eli & Mrs. Dorothy Thomas

4. Trustee admits and acknowledges that Anthony & Wendi Thomas hold only bare legal title to the property and Trustee agrees to allow Anthony & Wendi Thomas to assist their parents in having the 2008 conveyance by Deed acknowledged and recorded without any objection by the Trustee and without the need to obtain any approval or order by the Bankruptcy Court.

5. Trustee agrees to cooperate and execute any and all documents needed to clear title back to Mr. Eli & Mrs. Dorothy Thomas

I look forward to your agreement to the above matters.

Yours truly,

/s/
Anthony G. Thomas

-1-

**Exhibit 2**

**Dorothy Thomas**
18945 Kosich Dr.
Saratoga, CA 95070
Tel: (408) 252-9126
E-mail: dorothythomas9@sbcglobal.net

## WITHOUT PREJUDICE

Tuesday September 11th 2018.

Ms. Jeri Coppa-Knudson                Tel:  (775) 329-1528
United States Bankruptcy Trustee      Fax:  (775) 329-5320
3495 Lakeside Drive PMB #62
Reno, NV 89509-4841

VIA E-MAIL: renobktrustee@gmail.com & VIA U.S. CERTIFIED MAIL

Mr. Jeffrey L. Hartman, Esq.          Tel:  (775) 324-2800
HARTMAN & HARTMAN                     Fax:  (775) 324-1818
510 West. Plumb Lane Suite B
Reno, NV 89509

VIA E-MAIL: notices@bankruptcyreno.com & VIA U.S. CERTIFIED MAIL

RE:   ILLEGAL TURNOVER MOTION OF 397 2nd Ave - Portola, CA

Dear Ms. Coppa-Knudsen & Mr. Hartman:

This letter is being sent to you under the provisions of California's Consumer Legal Remedies Act (CA Civil Code § 1770 et.seq.) and under the provisions of California's Elder Abuse law in that both my husband & I are 80 and 89 years of age respectively and is a demand that you immediately surrender possession and any claim to my property located at 397 2nd Avenue in Portola, CA that I understand you have already taken over prior to the Court's determination and Order on your Turnover Motion scheduled for hearing in the Reno Bankruptcy Court on September 13th 2018. It is my understanding that without giving me or my husband any notification either by mail phone e-mail or otherwise that you have:

1. Illegally changed the locks
2. Break & Entered our home
3. Converted our property and cabinets to your own use without disclosing anything to us
4. Obtained a Title Guaranty as of July 3rd 2018 without disclosing our ownership of the Portola home as disclosed in our son's Bankruptcy papers and as disclosed in his 341 Meeting of Creditors held in Reno on 12-4-2014
5. Listed the property for sale with Re/Max real estate agent Melissa as of 8-9-2018, the day before the Court's hearing to allow my son's lawyer

-1-

**Exhibit 3**

       to be relieved as counsel in his case

6.     Destruction and Vandalism of Property without authorization

I am hereby demanding that you provide me with a detailed inventory of all items that you have in your possession.

Under the circumstances, and in light of what I understand to be full disclosure by my son Anthony and his wife Wendi of the facts surrounding their delivery and execution of a Deed in favor of my husband and myself in January of 2008 that I understand was also fully disclosed in a Court hearing on 12-4-2018. Despite what appears to be an almost 4 year delay from the time my son & daughter in law filed their Bankruptcy Petition in Reno, you never took the time or effort to communicate with me or my husband Eli in any manner, despite the fact that our names and addresses appear in no less than 3 places on the BK petition, and it would seem that since we are the owners of the Portola property according to California law, you would at least give us an opportunity to hire legal counsel and defend our property rights in the Bankruptcy Court.

Under the circumstances, I am respectfully requesting that you take your Motion for Turnover of the Portola property off calendar as a sign of belated good faith action on your part after receiving this letter, it being sent by U.S. Postal Service Certified Mail as well as sending it by Fax and E-mail.

This letter is to also give you 30 days to correct your behavior by acknowledging that your legal position in falsely representing to the Court and in your legal filings that you hold superior legal title to my husband and I, despite the fact that the property was lawfully transferred to my husband and myself under the rules governing the transfer of real estate by Deed, and we are entitled to those rights whether the Deed is recorded or not.

I look forward to your swift response to my claim, and wish to advise you that my husband and I will look forward to your swift response to all of my requests in writing. I am also notifying you that if you wish to communicate with me on any of these matters, I am delegating and authorizing my oldest son Mr. Jim Thomas to whom you may address all communications directed towards me through my e-mail address as listed above that will be responded to by my son Jim Thomas on my behalf. We look forward to your written response to this letter forthwith.

Govern yourselves accordingly.

                                               Yours truly,

                                               Dorothy Thomas

Exhibit 3

```
1  Anthony G. Thomas
   7725 Peavine Peak Court
2  Reno, NV 89523
   Tel:      (408) 640-2795
3  E-mail:   atemerald2@gmail.com

4  Debtor In Propria Persona
```

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA - RENO

| | |
|---|---|
| IN RE:<br><br>ANTHONY THOMAS and<br><br>WENDI THOMAS<br><br>AT EMERALD, LLC<br><br>Debtors. | ) Case No.  BK-N-14-50333-BTB<br>) Case No.  BK-N-14-50331-BTB<br>) (Jointly Administered)<br>) CHAPTER 7<br>)<br>) DECLARATION OF CHRIS PERNA<br>) RE: LIMITED OPPOSITION TO ABANDON<br>) Date:     March 6th 2019<br>) Time:     10:00 a.m.<br>) Judge:    Hon. Bruce T. Beesley<br>) Courtroom: 2 |

I, **Chris Perna** declare:

1. I am submitting this Declaration in support of Debtor Anthony Thomas's Limited Opposition to the Trustee's Motion to Abandon the Portola property.

2. I am a creditor of the Estate and wish to state on the record that I never received any notice of the fact that the Trustee had taken possession and control of the home that was conveyed to Anthony Thomas's parents in 2008 that was done without a court order and done illegally in violation of the Bankruptcy laws that I understand that this Court refuses to take judicial notice of which is an outrage in and of itself. I wish this declaration to register my protest and rejection of this illegal conduct as an American citizen who believes in the rule of law and our Constitution and it's prohibition on any deprivation of liberty or property without due process of law.

3. This blatant attempt to deprive the Thomas parents of their property interest was made against a couple who I have known since I moved next to the Thomas family when I was 6 turning 7 years of age. I am now 56 years of age. I am attaching as an Exhibit to this declaration, a true and correct copy of the cover page

- 1 -

DECLARATION OF CHRIS PERNA RE: MOTION TO ABANDON PORTOLA PROPERTY

and inside story featuring Mr. Eli & Dorothy Thomas, on the occasion of their 60th wedding anniversary that took place on 10-25-2018 that was featured in the Saratoga Times magazine edition of December of 2018 that I am attaching as Exhibit 1 to this declaration.

4. It is my understanding that the Trustee and her attorney are also attempting to sell the Thomas Emerald without complying with the mandatory notice requirements of Bankruptcy Code Section 363(b) as well as Rules 6004 and 2002 of the Bankruptcy Rules that require Court approval and 28 days notice to creditors and parties in interest, with such notice to be mailed by the Clerk of the Bankruptcy Court, something that is evident that has not to be complied with as a simple glance at the bankruptcy court docket will attest to. I am stating unequivocally on the record that neither myself or other creditors received the mandatory required notice that was supposed to be mailed to myself and other creditors by the Clerk of Court according to law. As such I wish to register my opposition to and protest this flagrant attempt to illegally sell the Thomas Emerald without compliance with the law.

5    I wish to notify this Court that I shall be publicizing these illegal facts to all of my friends, colleagues and other creditors with a view to opposing any such illegality from occurring, that every American must oppose as a blatant illegality on its' face.

6    I was the one who negotiated the contract with Overstock.com. I was the one who forwarded the e-mail draft of the Overstock.com to the trustee Ms. Jeri Coppa-Knudsen, and am shocked that Overstock was not used to sell the Emerald, a company with more than $1 billion in sales and the ability to properly market the Thomas Emerald worldwide as opposed to the insider deal where Tersini's private notary and executive Jennifer Jodoin is being falsely paraded as a bona-fide purchaser for value where I understand there was blatant illegality and collusion in the auction process in addition to the fact that the notice requirements of the law were never complied with.

7.    In the drafts of the contracts that I negotiated with Overstock.com, there was never an issue of any $250,000 marketing guarantee, as there never was any

- 2 -

DECLARATION OF CHRIS PERNA RE: MOTION TO ABANDON PORTOLA PROPERTY

1  concern or issue that we would pull the contract from Overstock.com. In any case,
2  even the changes to the Overstock.com contract requiring the marketing guarantee did
3  not as Attorney Hartman falsely inferred require any up front costs from the estate, and
4  were only to be deducted from the company's very modest 3-5% commission to be
5  earned upon the sale of the Emerald. If there were to be any charges to the Estate,
6  there was and is, from the latest draft of the overstock.com contract no up front costs to
7  the agreement, contrary to the inferences and representations made by Attorney
8  Hartman in his declaration in support of the sale of the Thomas Emerald.

9  8.  In my discussions with Overstock.com, they were certain that they could
10 sell the Thomas Emerald for $200,000,000 ($200 Million). This makes the attempted
11 illegal auction by Stremmel Auctions for a trifling $21K not only illegal on its' face, but
12 reeks of collusion and a rigged auction to benefit an insider creditor of the Estate who
13 was notified of the auction in preference to all other creditors of the Estate, without any
14 adequate explanation by the Trustee, her attorney or the auctioneer, who lists Tersini
15 and his attorney Wayne Silver as Emerald experts in his declaration in support of the
16 illegal sale of the Thomas Emerald.

17  I declare under penalty of perjury under the laws of the State of California, the
18 laws of Nevada and the laws of the United States that the foregoing is true and correct.
19 Executed at: San Jose, CA on February 20, 2019.



Chris Perna - Creditor

-3-
DECLARATION OF CHRIS PERNA RE: MOTION TO ABANDON PORTOLA PROPERTY

# SARATOGA
## *Spotlight*

DECEMBER 2018

### Dorothy & Ed Thomas
#### Family, Roots and Values


Best Version Media

*Cover photo by Dave Lepori*

RESIDENT FEATURE



# Dorothy & Eli Thomas
## Family Roots and Values

**By Genevieve Laucher**

Family always comes first for Dorothy and Eli Thomas. They often think of their family's roots and the small mining town they grew up in. Their backgrounds helped shape them, and later their children, into the hardworking, caring people that they are.

Both Dorothy and Eli grew up in Butte, Montana. Eli's parents came from Lebanon in 1910, before Lebanon gained independence. They were sponsored at Ellis Island before moving to Montana to peddle and raise sheep, lambs, and vegetables. Eli grew up as the youngest of eleven children. When he was only two years old, his mother sadly passed away from a virus, and his older sisters promised their father that they would raise Eli and the other younger children while their father worked.

The Thomas family opened a store in front of their home with clothing and supplies for the miners, and all of the children worked hard helping in the store. As the store grew more successful, their father moved it into town. Eli grew up and went to Gonzaga University and then served in the Army. When he returned to Butte, he bought the family store from his father and worked with his sister to expand and update the store. He later let his brother take his share in the growing business, and set out to start his own clothing business in 1957.

At the time, Eli and Dorothy were already dating. Dorothy also grew up in Butte in the Irish part of the community with her parents and two sisters. They were married in 1958, and just celebrated their 60th wedding anniversary! They stayed in Montana with Eli's clothing business for the next six years, where they were fascinated by the mining community and all of the different cultures that came together there. The area was known for its ore, which was shipped on trains all over the U.S. and on boats all around the world. The word spread that there were jobs in Montana for all different people.

Around 1963, Eli began to see mines closing around Butte, and he and Dorothy decided to move west. Eli had boxed throughout his youth and

Photos by Dave Lepori

RESIDENT FEATURE



during his four years at Gonzaga. He was an extremely talented boxer and youth boxing coach, and he got to travel around the country to compete. He was a national champion two years in a row, and he had gotten to known the San Jose State boxing coaches very well.

So when Eli and Dorothy came to the San Jose area in 1964, the boxing coach at San Jose State, Julius "Julie" Menendez really helped them out. He told Eli how fast the area, and Valley Fair Mall, were growing. Additionally, the Town and Country Village across the street, which is where Santana Row stands today, was just being built. Eli's first job working at a store in Valley Fair. Julie helped introduce Eli to other business owners and form connections, including with the owner of Town and Country Village. With the help from his friend John, who had been his neighbor in Butte, Eli selected a corner for his business, Eli Thomas Menswear, and built out his 4,000 square foot store.

Over the years, the area and the business grew and grew. Eli and Dorothy had six children by that time, all boys. They rented a home in Cupertino for their first two years here before looking to buy a home. Eli's friend John Bjeletich helped them find a new home that was being built at the end of a court by the apricot and walnut orchards in Saratoga. They moved into the home in February 1966 and had their first daughter that November, followed by one more boy and one more girl. They have been in their home ever since, and their nine children loved growing up there.

It was important to Eli that their children worked, since he did as a kid and he saw the value of it, both in the community and at home. Growing up, all nine children worked at the store in various capacities. Eli got involved with the Lebanese community in the area, and found

his kids working in the apricot orchards and packing fruit. They _____, and even learned about politics from the other farm workers. _____ the time of Cesar Chavez, and they would come home excited _____ ones from work.

_____ siness has been successful for all these years, and to Eli, it came _____ treating his customers well. Eli loved what he did and was very _____ at it. Their oldest son, Jim, now runs the business in Santana Row, _____ new location that they moved into five years ago. Besides his store, E.. was also involved with the community in other capacities. Governor Jerry Brown appointed Eli as the commissioner of boxing and wrestling. Eli remained close with coach Julie Menendez, who went on to be the only person to coach the Olympics in two sports, boxing and soccer.

Dorothy also got involved in the community, especially as their children ___ a little bit older. She was involved with Eastfield Ming Quong in Campbell, which has a home for emotionally disturbed children. The shop The Butter Paddle in Los Gatos is run by volunteers, and all proceeds go towards running the home. Dorothy helped see what the home needed and raise money for it. Dorothy also was involved in the Bellarmine Mother's Guild, and was the chair for the Bellarmine Fashion Show, which supports scholarships. Additionally, Dorothy enjoyed exercising, tap, bowling, and spending time with her friends.

Dorothy and Eli now have sixteen grandchildren. Their children are very successful and they love spending time together. Although their children and grandchildren live all around the country, they come to visit Dorothy and Eli in their home frequently. They spend Thanksgiving together with the whole family, about 40 people! Dorothy and Eli feel very thankful for their history and their present lives together.

Do you know a neighbor who has a story to share?
Nominate your neighbor to be featured in one of our upcoming issues!
Contact us at gloucher@bestversionmedia.com.

```
1  Anthony G. Thomas
   7725 Peavine Peak Court
2  Reno, NV 89523
   Tel:      (408) 640-2795
3  E-mail:   atemerald2@gmail.com

4  Debtor In Propria Persona
```

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA - RENO

| IN RE: | ) Case No.  BK-N-14-50333-BTB |
|---|---|
| ANTHONY THOMAS and | ) Case No.  BK-N-14-50331-BTB<br>) (Jointly Administered)<br>) CHAPTER 7 |
| WENDI THOMAS | ) |
| AT EMERALD, LLC | ) DECLARATION OF DOROTHY THOMAS<br>) RE: LIMITED OPPOSITION TO ABANDON<br>) Date:     March 6th 2019 |
| Debtors. | ) Time:     10:00 a.m.<br>) Judge:    Hon. Bruce T. Beesley<br>) Courtroom: 2 |

**I, Dorothy Thomas declare:**

1    I am submitting this Declaration in support of Debtor Anthony Thomas's Limited Opposition to the Trustee's Motion to Abandon the Portola property.

2.    I, along with my husband Eli Thomas am the owner of the 397 $2^{rd}$ Ave. Portola Property that I now understand the Trustee wishes to abandon, without specifying to whom she intends to abandon the property.

3.    I have read the Declaration of my son Anthony Thomas in Support of his Limited Opposition to the Trustee's Motion to Abandon the property as well as the 2 letters that my son sent to Mr. Hartman, and I support both those letters and what they intend to do, that is first correct a misstatement of the facts that the Portola property was transferred in exchange for $200,000 and agree with the statement of facts as presented by my son in his letter to the Trustee's attorney requesting that he correct the misstatement of facts as represented in his letter.

4.    I have also read the second letter attached to my son's Declaration as Exhibit 2 requesting 5 points to allow my son to assist in ensuring that the cloud on title

—1—

**DECLARATION OF MRS. DOROTHY THOMAS RE: MOTION TO ABANDON PORTOLA PROPERTY**

1  created by the illegal actions of the Trustee and her attorney in illegally attempting to
2  take possession, breaking and entering, vandalizing and changing the locks on the
3  Portola property illegally as well as illegally obtaining title insurance and listing the
4  property for sale. There is also the issue of possible burglary and theft of items from
5  the home due to the failure of the Trustee and her Attorney to respond to my request
6  for an inventory of items at the time of the illegal property takeover.

7  5. The fact that Attonrey Hartman refuses to agree to the modest 5 points
8  raised in my son's 2-5-2019 letter attached to his declaration as Exhibit 2 shows the
9  bad faith conduct and intention of both the Trustee and her attorney in this regard, and
10 will create a further burden to myself and my husband who are now saddled with the
11 responsibility to clearing title and the mess that the Trustee and her attorney have left
12 without taking any responsiblity for their actions or assisting us in clearing title as
13 requested in the letter sent by my son to Mr. Hartman on 2-5-2019.

14 6. I am specifically requesting that this Court issue an order
15 conveying/abandoning the property to me and my husband Eli & Dorothy Thomas,
16 issue an order allowing my son and his wife to faciliate the formal recording and
17 acknowledgment of the 2008 conveyance by Deed without any need for further Court
18 order or approval of the Bankruptcy Court as well as ordering the Trustee and her
19 attorney to lift or cancel the Lis Pendens recorded against the Portola property.

20 I declare under penalty of perjury under the laws of the State of California, the
21 laws of Nevada and the laws of the United States that the foregoing is true and correct.
22 Executed at: Saratoga, CA on February 20th, 2019.

*Mrs. Dorothy Thomas* - Owner
of 397 2nd Ave. Portola, CA Property

-2-
DECLARATION OF MRS. DOROTHY THOMAS RE MOTION TO ABANDON PORTOLA PROPERTY