Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: (775) 324-2800
Fax: (775) 324-1818
notices@bankruptcyreno.com

Attorney for Jeri Coppa-Knudson, Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | CASE NO.    BK-N-14-50333-BTB |
| ANTHONY THOMAS and WENDI THOMAS, | CASE NO.    BK-N-14-50331-BTB |
| AT EMERALD, LLC, | (Jointly Administered) CHAPTER   7 |
| Debtors. _____/ | **REPLY TO DEBTORS' LIMITED OPPOSITION TO TRUSTEE'S NOTICE OF INTENT TO ABANDON; REQUEST FOR ORDER**<br><br>Hearing Date:   March 6, 2019<br>Hearing Time:   10:00 a.m. |

Chapter 7 trustee, Jeri Coppa-Knudson ("Trustee"), hereby replies to the Debtors' Limited Opposition, **DE 461, 462 and 463**, to her Notice of Intent To Abandon. (Trustee notes that no paper designated as a "Limited Opposition' was filed by the Debtors. **DE 461, 462 and 463** are Declarations re the Declarants' Limited Oppositions.) The Property which is the subject of the Trustee's Notice Of Intent To Abandon is 397 Second Street in Portola, California (the "Property").

**BACKGROUND**

1. These cases were initially filed by Debtors as chapter 11 petitions on March 4, 2014 ("Petition Date"). The chapter 11 cases were converted to chapter 7 on August 29, 2014 and the Trustee was appointed to administer the estates.

2. On the Petition Date, Debtors filed their Schedules of Assets and Liabilities and Statement of Financial Affairs. Debtors identified their residence as 7725 Peavine Peak

1  Court in Reno, Nevada.

2      3. As of the Petition Date, Debtors' Schedule A indicated that they owned no real
3  property.

4      4. Debtors took title to the Property by Grant Deed recorded in Plumas County on or
5  about September 11, 2000 as document no. 2000-06518. A copy of the vesting deed is
6  attached to the Coppa-Knudson Declaration **as Exhibit A**. The Property is more specifically
7  identified as 397 Second Avenue, Portola, California, APN 126-123-001. A copy of a
8  Condition of Title Guarantee on the Property, prepared by Cal-Sierra Title on July 3, 2018,
9  is attached to the Coppa-Knudson Declaration filed as **DE 354, -1 and 2**.

10      5. In response to Question 10 of the Statement of Financial Affairs, under penalty of
11  perjury, Debtors stated that in 2008 they had transferred a residence in Portola, California
12  (the "Property"), to Debtor Anthony Thomas' parents for $200,000. **Exhibit A.**

13      6. Debtors' testimony at the § 341 meeting of creditors interpreted the information
14  included on **Exhibit A**. The import of the issue regarding the disclosure on **Exhibit A**
15  involved the record title to the Property on the petition date and the fact that the deed to Mr.
16  Thomas' parents was not recorded.

17      7. The Declaration of Chris Perna, filed by the Debtors as **DE 463**, contains legal
18  conclusions and opinion on matters not related to the Notice of Intent To Abandon and
19  should be disregarded by the Court.

20  **ABANDONMENT**

21  Section 554 clearly provides that a trustee can abandon any property he or she
22  determines to be either burdensome or of inconsequential value, or both, to the estate.

> In interpreting these provisions, we begin by recognizing, as the bankruptcy court did, that the trustee abandoned this property pursuant to section 554 of the Code. That section allows abandonment of property that "is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Property abandoned under this section ceases to be part of the estate. ("Property ceases to be property of the estate, such as by sale, abandonment, or exemption."). It reverts to the debtor and stands as if no bankruptcy petition was filed.

27  *In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990), *aff'd,* 502 U.S. 410 (1992)(internal
28  citations omitted). The Trustee has reached the conclusion that the Property is burdensome

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

2

and of inconsequential value.

Legal title remains in the name of the Debtors.

## **CONCLUSION**

At the conclusion of the hearing on this matter, the Trustee requests that the abandonment be effective immediately and that she be authorized to deliver the keys to the Property to Anthony Thomas. Upon entry of the Order on the docket, the Trustee will obtain a certified copy of the Order and send it to Plumas County Recorder for recording in the public record.

DATED: February 27, 2019.

**HARTMAN & HARTMAN**

/S/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq. for Trustee