

Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
March 08, 2019

Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: (775) 324-2800
Fax: (775) 324-1818
notices@bankruptcyreno.com

Attorney for Jeri Coppa-Knudson, Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | CASE NO.    BK-N-14-50333-BTB |
| ANTHONY THOMAS and WENDI THOMAS, | CASE NO.    BK-N-14-50331-BTB |
| AT EMERALD, LLC, | (Jointly Administered) CHAPTER   7 |
| Debtors. | **ORDER OF ABANDONMENT RE: 397 SECOND STREET IN PORTOLA, CALIFORNIA** |
| / | **Hearing Date:   March 6, 2019** **Hearing Time:   10:00 a.m.** |

The matter came before the Court on the Notice Of Intent To Abandon; Request For Order filed chapter 7 trustee, Jeri Coppa-Knudson ("Trustee"). **DE 454**. Jeffrey Hartman appeared on behalf of the Trustee who also was present in the courtroom. Anthony Thomas appeared by telephone and represented himself. No other appearances were noted on the record. The Court has considered the Trustee's Notice Of Intent To Abandon and the Trustee's supporting Declaration, **DE 455**. The Court also has considered **DE 461, 462 and**

1  **463**, titled as Declarants' Limited Oppositions. The Court also has considered the
2  presentations of Trustee's counsel and Mr. Thomas. Based upon the record, and as
3  permitted by F.R.Civ.P. 52, incorporated by F.R.Bankr.P. 7052 and made applicable to this
4  proceeding by F.R.Bankr.P. 9014©, in lieu of written findings of fact and conclusions of
5  law, the Court stated its findings of fact and conclusions of law on the record.

6      1. Notice of hearing on the Trustee's Notice Of Intent To Abandon; Request For
7  Order was proper, having been provided in accordance with LR 9014 and as evidenced by
8  the Certificate of Service at **DE 457**.

9      2. The Court takes judicial notice of the papers on file in these jointly administered
10 cases.

11     3. The improved real property which is the subjection of the Trustee's Notice Of
12 Intent To Abandon is located at 397 Second Street in Portola, California ("Property"), is
13 described as APN 126-123-001, and more specifically described as:

> Lot 14 and the West Half of Lot 15 of Block 19, as shown upon that certain map entitled "Roberts Lumber Company Addition To Portola Townsite" filed September 6, 1910 in the Office of the County Recorder of the County of Plumas, State of California, in Book A of Maps, at Page 28.

17 As of the Petition Date, legal title to the Property was in the Debtors' name. **DE 354-2.**

18     4. The Trustee, in the exercise of her business judgment, has determined that, due to
19 her inability to obtain insurance coverage for the estate's legal interest in the Property, the
20 interest is burdensome to the estate. Under the circumstances, the Court is not in a position
21 to second guess the Trustee.
22 Good cause appearing,

23     **IT IS ORDERED** that the Trustee's request for an order authorizing abandonment
24 of 397 Second Street in Portola California ("Property"), is granted. The Trustee is
25 authorized and directed to provide the keys to the Property to Mr. Thomas as soon as
26 reasonably practical;

27     **IT IS FURTHER AND FINALLY ORDERED** that, upon entry of this Order on
28 the docket, the Trustee shall obtain a certified copy and send it to the Plumas County

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

recorder for recording in the public records of the County Recorder. Recording of this Order in Plumas County shall render void, the Trustee's previously recorded Notice of Pendency Of Chapter 7 Bankruptcy Cases on July 13, 2018 as document 2018-0003523.

Submitted by:

**HARTMAN & HARTMAN**

  /S/  Jeffrey L. Hartman
Jeffrey L. Hartman, Esq. for Jeri Coppa-Knudson, Trustee

# # # #

**ALTERNATIVE METHOD Re: RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

  __X__   The court has waived the requirement set forth in LR 9021(b)(1).

  _____   No party appeared at the hearing or filed an objection to the paper.

  _____   I have delivered a copy of the proposed order to all counsel who appeared at the hearing, any trustee appointed in this case and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond as indicated below.

*Debtor's Counsel:*

  _____   Prepared / Approved the form of this order

  _____   Waived the right to review the order and/or

  _____   Appeared at the hearing, waived the right to review the order

  _____   Matter unopposed, did not appear at the hearing, waived the right to review the order

  _____   Disapproved the form of this order

  _____   Did not respond to the paper

*Trustee:*

  __X__   Approved the form of this order

  _____   Disapproved the form of this order

  _____   Waived the right to review the order and/or

  _____   Did not respond to the paper

  _____   Did not appear at the hearing or object to the paper

  _____   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

Submitted by:

**HARTMAN & HARTMAN**


/S/ Jeffrey L. Hartman
Jeffrey L. Hartman