# **EXHIBIT 2**

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br><br>ANTHONY THOMAS; WENDI THOMAS; AT EMERALD, LLC;<br><br>    Debtors.<br><br>---<br><br>ANTHONY THOMAS, WENDI THOMAS,<br><br>    Appellants,<br><br>vs.<br><br>KENMARK VENTURES, LLC,<br><br>    Appellee. | Bk Case No. BK-N-14-50333BTB<br><br>Chapter 7<br><br>[Lead Case – Jointly Administered]<br><br>9th Cir. No. 17-60042<br><br>**APPELLANT'S MOTION TO SUPPLEMENT RECORD TO INCLUDE NEWLY AVAILABLE EVIDENCE** |

    Appellants Anthony Thomas and Wendi Thomas ("Appellants"), by and through their legal counsel, Macauley Law Group, P.C., respectfully files this Appellants' Motion To Supplement Record to Include Newly Available Evidence ("Motion"):

    1.    By order issued February 9, 2017, this appeal is being submitted for decision on February 13, 2017, without oral argument. The appeal has been fully briefed.

1

2. This appeal seeks the reversal of the Nondischargeable Judgment After Trial, entered by the Bankruptcy Court below on February 19, 2016, and submitted to this Court in Volume V of Appellants' Excerpts of Record ("Judgment").

3. The Judgment declares nondischargeable under Bankruptcy Code Section 523(a)(2) the underlying judgment of the Santa Clara Superior Court in case no. 108CV130677 against Appellant Anthony Thomas ("Santa Clara Judgment") in the amount of $4,500,000.00 plus interest and attorneys' fees and costs.

4. The Santa Clara Judgment had been previously entered by the Santa Clara Superior Court pursuant to a settlement and stipulated judgment signed by Appellant Anthony Thomas, among others.

5. Today, Appellant Anthony Thomas has obtained a declaration from attorney Robert Machado, that provides direct evidence that a fraud was perpetrated upon him in connection with the Santa Clara Judgment. The Declaration of Robert A. Machado in support of Defendant Anthony Thomas' C.C.P.§473(d) Motion to Set Aside and Vacate the Settlement Entered Into on October 5, 2011 ("Machado Declaration") is attached to this Motion as Exhibit "A" and incorporated herein. Appellant was fraudulently induced to enter into the underlying stipulation and/or the settlement by his prior legal counsel, Michael T.

Morrissey, who had erroneously assured him that he would not be responsible for the over $4.5 million debt created by the Santa Clara Judgment and that Michael Gardiner would be solely liable for the debt, although this representation was patently false. Mr. Morrissey has since been permanently disbarred from the practice of law in California, and Michael Gardiner skipped the country, leaving the debt to be paid by Appellant.

6. The Machado Declaration was previously unavailable, because Mr. Machado would not previously execute a declaration in light of pending criminal legal proceedings against him for alleged assistance to Mr. Morrissey.

7. The Machado Declaration will be filed shortly with the Santa Clara Superior Court with a motion seeking to avoid the Santa Clara Judgment as obtained by fraud.

8. This Court has authority to consider a request to supplement the record with evidence not presented to the trial court. See Nat'l Ass'n for Advancement of Multijurisdiction Practice v. Ariz. Supreme Court, 2013 U.S. Dist. LEXIS 150190, 2013 WL 5718962, at 2 (D. Ariz. 2013) (holding that a request to supplement the record with materials not reviewed by the court "should be directed to the Ninth Circuit Court of Appeals"). The Courts of Appeal have the inherent equitable power to supplement the record. Dickerson v. State of Alabama, 667 F.2d 1364, 1367 n.5 (11th Cir. 1982), cert denied, 459 U.S. 878, 103 S. Ct.

173, 74 L. Ed. 2d 142 (1982). This discretion should be exercised "[o]nly in extraordinary situations." Barilla v. Ervin, 886 F.2d 1514, 1521 n.7 (9th Cir. 1989), overruled on other grounds by Jacobus v. Alaska, 338 F.3d 1095 (9th Cir. 2003); *see also* In re Tac Fin., Inc., 2017 U.S. Dist. LEXIS 193776, at 7 (S.D. Cal. Nov. 22, 2017).

9. Here, extraordinary circumstances exist, because the Bankruptcy Court below entered its Judgment based on the debt created by the Santa Clara Judgment that was induced by fraud. The Machado Declaration was only now obtained, because its admissions would not be made by the witness before now. For that reason, to date, this evidence was unavailable and newly discovered and, due to its evidence of severe misconduct, fraud and malpractice, it is highly relevant to whether or not any underlying debt for the Judgment exists and should be considered by this Court in this appeal in the exercise of its inherent equitable powers.

10. Accordingly, Appellants now respectfully seeks this Court to exercise its inherent equitable power to allow Appellants to supplement the record in this appeal with this newly obtained evidence in the form of the Machado Declaration and that such evidence be considered as evidence that the Judgment (which relied on the Santa Clara Judgment as evidence of the underlying debt) should be reversed and/or remanded to the Bankruptcy Court for further proceedings.

**WHEREFORE,** based on the compelling circumstances set forth above, Appellants respectfully request that this Court allow them to supplement the record with the Machado Declaration and that such newly obtained evidence be considered as part of the review of this appeal.

DATED: February 12, 2018    MACAULEY LAW GROUP
                a Professional Corporation

                By: /s/    Laury M. Macauley
                   LAURY M. MACAULEY, ESQ.
                   *Attorneys for Appellants*
                   *Anthony Thomas and Wendi Thomas*

## DECLARATION

I, Laury M. Macauley, Esq., hereby declare under penalty of perjury that I am counsel for Appellants, Anthony Thomas and Wendi Thomas, and that the foregoing facts are true and correct to the best of my knowledge and belief. Executed this 12th day of February, 2018, at Roseville, California.

                /s/   Laury M. Macauley
                LAURY M. MACAULEY

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the Bankruptcy Appellate Panel of the Ninth Circuit by using the appellate CM/ECF system for that Court on February 12, 2018.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system for this Court. I also certify that I have served a copy of this Motion via email on Appellee's Counsel.

/s/   Laury M. Macauley
LAURY M. MACAULEY

# EXHIBIT A

# EXHIBIT A

Robert A Machado SBN 88836
Machado & Machado
1110 North First Street
San Jose, California 95112
Phone: 408 280-7011
Facsimile: 408 280-7313

Attorney for
Anthony Thomas and AT Emerald LLC

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| KENMARK VENTURES, LLC | Case No.: 1-08-CV-130677 |
| Plaintiff, | DECLARATION OF ROBERT A. MACHADO IN SUPPORT OF DEFENDANT ANTHONY THOMAS' C.C.P. §473(d) MOTION TO SET ASIDE AND VACATE THE SETTLEMENT ENTERED INTO ON OCTOBER 5, 2011 |
| vs. | |
| ANTHONY THOMAS, | |
| Defendant | |

Decl. of Robert A. Machado ISO Anthony Thomas' Motion To Set Aside

I, Robert A. Machado, declare as follows:

1. I was one of the attorneys of record in this case on October 5, 2011 when the parties settled this case and recited the settlement in open court.

2. In that action, I was co-counsel with Michael T. Morrissey ("Morrissey"), SBN 62195 (now disbarred) representing our mutual client, Anthony Thomas.

3. On June 24, 2011, I associated in as co-counsel with Morrissey on this case pursuant to my prior arrangement with Morrissey to associate in as co-counsel with Morrissey in cases that may be affected by a six month suspension he needed to serve. You see back in 2009, in an attempt to accommodate Morrissey, his clients, opposing parties, their counsel and the courts, with the client's consent, I agreed to associate in as co-counsel in all of Morrissey's ongoing cases that may be affected by said suspension at no additional costs or fees to his clients. As a way of background, in the mid to late 2000's Morrissey participated in and successfully completed the State Bar Court's ADP for five consolidated proceedings pertaining to his conduct in 2002-2004 and was in fact congratulated and commended by the Bar for his dedication and exemplary conduct in completing said program. In spite of his commendable conduct the Bar Court was of the opinion that he still had to be subjected to the six month suspension, but allowed him to break it up into three 60 day terms in order to lessen the hardship Morrissey and his clients would sustain. At the time I associated in this case Morrissey had completed two of his three terms and was scheduled to start his last term of suspension on August 1, 2011. Note: His first two terms of suspensions were from 11-25-2009 thru 1-25-2010 (62 days) and 7-13-2010 thru 9-13-2010 (63 days) for a totaled 125 days. Therefore Morrissey was of the opinion that he had 55 days left of his suspension and if he commenced his last term of suspension on 8-1-2011 he would have served the remaining 55 days by September 24 and thus with the trial date being moved to October 3, 2011 he would be eligible to practice law and able to attend the mandatory settlement conference scheduled for September 28, 2011. Although his calculations as to the number of days was correct on the morning of September 28, 2011 he was still listed as ineligible to practice law and therefore I alone represented

2
Decl. of Robert A. Machado ISO Anthony Thomas' Motion To Set Aside

Anthony Thomas and AT Emerald LLC at the settlement conference. (By October 3 his status was changed to eligible to practice.)

4. At said conference I pointed out to Judge pro tem Chris Graham the attorney conducting the settlement conference that all of Kenmark Ventures LLC ("KENMARK") funds went directly to bank accounts belonging to Electronic Plastics, LLC (the "COMPANY"). Mr. Graham commented that our settlement conference was very thorough and even stated my client had over a 75% chance of winning if not higher.

5. I personally reviewed the evidence confirming that all KENMARK fund transfers went directly into the COMPANY and additionally each of the transfers either stated they were investments or did not specify the purpose of the transfer.

6. My review of the KENMARK fund transfers confirmed that none of the funds or transfers had gone to Mr. Thomas either directly or indirectly.

7. I also reviewed K-1's of the Company and the bankruptcy file for the COMPANY which listed KENMARK as a 12% investor of the COMPANY.

8. I reviewed the revisions of the LLC agreements related to the KENMARK investment in the COMPANY wherein KENMARK's counsel made comments or requested changes and all of the proposed revisions included a schedule identifying KENMARK as 12% owner of the COMPANY. No reference was ever made to changing the word "investment" to "loan."

9. Morrissey was reinstated prior to trial. In that I was brought into this case because of Morrissey's remaining fifty-five or sixty day suspension and was not sharing any of the fees we all agreed that I would withdraw and Morrissey alone would represent our clients. A judicial council substitution of attorney form substituting me out was prepared and signed and Morrissey assured me he would file the same the following Monday when he appeared for trial. .( In 2013 I ascertained that Morrissey never filed this document)

10. Sometime during the first week of October of 2011 in a phone conversation with Morrissey and Mr. Thomas I was informed they had settled and were going to recite the settlement on the record later that afternoon. Morrissey in a very boisterous manner told me that the agreed upon

3
Decl. of Robert A. Machado ISO Anthony Thomas' Motion To Set Aside

entered against him pursuant to two causes of actions which were premised on fraudulent conduct. Especially in that they were only referred to as the fourth and fifth causes of actions with no mention of fraud or wrongful conduct. This coupled with the recital on the record that no party is admitting to any wrong doing, together with Mr. Morrissey being so emphatic when telling our client to trust him that he would not have to pay and especially in light of Mr. Thomas being severely dyslexic and thus having to trust in our duty to advise him truthfully about his case and how a settlement might affect him, I have to conclude that Morrissey's conduct constituted extrinsic fraud and client abandonment and thus Mr. Thomas had no counsel.

15. Mr. Thomas could not have obtained assistance from me in bringing Mr. Morrissey's fraud against him to light before now because, I was under a criminal investigation and eventually charged for aiding Morrissey in the unlicensed practice of law and my defense counsel had instructed me not to have contact with any former client where there had been involvement by Mr. Morrissey. The criminal matter just recently came to conclusion and therefore I am now able to make this declaration. I regret to say that at the time they informed me of the contemplated settlement I relied entirely upon the statements made by Morrissey to the very unfortunate detriment of Mr. Thomas. When Mr. Thomas told me the horrendous financial and emotional impact he and his family incurred because of Morrissey's deception, I felt remorse at not having come forward earlier and feel it necessary to do the right thing for Mr. Thomas and no longer be shielded by advice of counsel.

I declare under of penalty of perjury that the foregoing is true and correct and that if called as a witness I could, and would, competently testify thereto based on my own personal knowledge and belief.

Executed this 12th day of February, 2018 at San Jose, California.

_____
Robert A. Machado

5
Decl. of Robert A. Machado ISO Anthony Thomas' Motion To Set Aside