# EXHIBIT 3

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br><br>ANTHONY THOMAS; WENDI THOMAS; AT EMERALD, LLC;<br><br>Debtors.<br><br>———————————————<br><br>ANTHONY THOMAS, WENDI THOMAS,<br><br>Appellants,<br><br>vs.<br><br>KENMARK VENTURES, LLC,<br><br>Appellee. | Bk Case No. BK-N-14-50333BTB<br><br>Chapter 7<br><br>[Lead Case – Jointly Administered]<br><br>9th Cir. No. 17-60042<br><br>**ERRATA TO APPELLANTS' MOTION TO SUPPLEMENT RECORD TO INCLUDE NEWLY AVAILABLE EVIDENCE** |

Appellants Anthony Thomas and Wendi Thomas ("Appellants"), by and through their legal counsel, Macauley Law Group, P.C., respectfully files this Errata to their Motion To Supplement Record to Include Newly Available Evidence ("Motion"):

1. On February 12, 2018, Appellants filed their Motion with an Exhibit "A" that consisted of a Declaration of Robert A. Machado in support of Defendant Anthony Thomas' C.C.P. §473(d) Motion to Set Aside and Vacate the Settlement

1

Entered Into on October 5, 2011 ("Machado Declaration"). The filed Machado Declaration was missing Page 4 of its contents.

Attached as Exhibit "A" to this Errata is the Machado Declaration with all of its pages, including Page 4.

Respectfully submitted,

DATED: February 12, 2018              MACAULEY LAW GROUP

a Professional Corporation

By: /s/   Laury M. Macauley
LAURY M. MACAULEY, ESQ.
*Attorneys for Appellants*
*Anthony Thomas and Wendi Thomas*

## DECLARATION

I, Laury M. Macauley, Esq., hereby declare under penalty of perjury that I am counsel for Appellants, Anthony Thomas and Wendi Thomas, and that the foregoing facts are true and correct to the best of my knowledge and belief. Executed this 12th day of February, 2018, at Roseville, California.

/s/   Laury M. Macauley
LAURY M. MACAULEY

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the Bankruptcy Appellate Panel of the Ninth Circuit by using the appellate CM/ECF system for that Court on February 12, 2018.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system for this Court. I also certify that I have served a copy of this Motion via email on Appellee's Counsel.

/s/   Laury M. Macauley
LAURY M. MACAULEY

# EXHIBIT A

# EXHIBIT A

Robert A Machado SBN 88836
Machado & Machado
1110 North First Street
San Jose, California 95112
Phone: 408 280-7011
Facsimile: 408 280-7313

Attorney for
Anthony Thomas and AT Emerald LLC

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| KENMARK VENTURES, LLC | Case No.: 1-08-CV-130677 |
| Plaintiff, | DECLARATION OF ROBERT A. MACHADO IN SUPPORT OF DEFENDANT ANTHONY THOMAS' C.C.P. §473(d) MOTION TO SET ASIDE AND VACATE THE SETTLEMENT ENTERED INTO ON OCTOBER 5, 2011 |
| vs. | |
| ANTHONY THOMAS, | |
| Defendant | |

Decl. of Robert A. Machado ISO Anthony Thomas' Motion To Set Aside



I, Robert A. Machado, declare as follows:

1. I was one of the attorneys of record in this case on October 5, 2011 when the parties settled this case and recited the settlement in open court.

2. In that action, I was co-counsel with Michael T. Morrissey ("Morrissey"), SBN 62195 (now disbarred) representing our mutual client, Anthony Thomas.

3. On June 24, 2011, I associated in as co-counsel with Morrissey on this case pursuant to my prior arrangement with Morrissey to associate in as co-counsel with Morrissey in cases that may be affected by a six month suspension he needed to serve. You see back in 2009, in an attempt to accommodate Morrissey, his clients, opposing parties, their counsel and the courts, with the client's consent, I agreed to associate in as co-counsel in all of Morrissey's ongoing cases that may be affected by said suspension at no additional costs or fees to his clients. As a way of background, in the mid to late 2000's Morrissey participated in and successfully completed the State Bar Court's ADP for five consolidated proceedings pertaining to his conduct in 2002-2004 and was in fact congratulated and commended by the Bar for his dedication and exemplary conduct in completing said program. In spite of his commendable conduct the Bar Court was of the opinion that he still had to be subjected to the six month suspension, but allowed him to break it up into three 60 day terms in order to lessen the hardship Morrissey and his clients would sustain. At the time I associated in this case Morrissey had completed two of his three terms and was scheduled to start his last term of suspension on August 1, 2011. Note: His first two terms of suspensions were from 11-25-2009 thru 1-25-2010 (62 days) and 7-13-2010 thru 9-13-2010 (63 days) for a totaled 125 days. Therefore Morrissey was of the opinion that he had 55 days left of his suspension and if he commenced his last term of suspension on 8-1-2011 he would have served the remaining 55 days by September 24 and thus with the trial date being moved to October 3, 2011 he would be eligible to practice law and able to attend the mandatory settlement conference scheduled for September 28, 2011. Although his calculations as to the number of days was correct on the morning of September 28, 2011 he was still listed as ineligible to practice law and therefore I alone represented

2
Decl. of Robert A. Machado ISO Anthony Thomas' Motion To Set Aside

Anthony Thomas and AT Emerald LLC at the settlement conference. (By October 3 his status was changed to eligible to practice.)

4. At said conference I pointed out to Judge pro tem Chris Graham the attorney conducting the settlement conference that all of Kenmark Ventures LLC ("KENMARK") funds went directly to bank accounts belonging to Electronic Plastics, LLC (the "COMPANY"). Mr. Graham commented that our settlement conference was very thorough and even stated my client had over a 75% chance of winning if not higher.

5. I personally reviewed the evidence confirming that all KENMARK fund transfers went directly into the COMPANY and additionally each of the transfers either stated they were investments or did not specify the purpose of the transfer.

6. My review of the KENMARK fund transfers confirmed that none of the funds or transfers had gone to Mr. Thomas either directly or indirectly.

7. I also reviewed K-1's of the Company and the bankruptcy file for the COMPANY which listed KENMARK as a 12% investor of the COMPANY.

8. I reviewed the revisions of the LLC agreements related to the KENMARK investment in the COMPANY wherein KENMARK's counsel made comments or requested changes and all of the proposed revisions included a schedule identifying KENMARK as 12% owner of the COMPANY. No reference was ever made to changing the word "investment" to "loan."

9. Morrissey was reinstated prior to trial. In that I was brought into this case because of Morrissey's remaining fifty-five or sixty day suspension and was not sharing any of the fees we all agreed that I would withdraw and Morrissey alone would represent our clients. A judicial council substitution of attorney form substituting me out was prepared and signed and Morrissey assured me he would file the same the following Monday when he appeared for trial. .( In 2013 I ascertained that Morrissey never filed this document)

10. Sometime during the first week of October of 2011 in a phone conversation with Morrissey and Mr. Thomas I was informed they had settled and were going to recite the settlement on the record later that afternoon. Morrissey in a very boisterous manner told me that the agreed upon

3

Decl. of Robert A. Machado ISO Anthony Thomas' Motion To Set Aside

1. terms of the settlement to be recited on the record were not enforceable against Mr. Thomas or AT Emerald LLC and that neither would have to pay anything and that defendant Michael Gardner, the CEO of Electronic Plastics LLC, had agreed to take full responsibility to pay the same and that Mr. Thomas as an investor in said LLC would not have to pay nor could they force him to pay.

11. I congratulated them both and did not inquire any further.

12. Over a year later in early January of 2013, Mr. Thomas contacted me and told me he received notice that he was required to make a payment of $500,000.00 under the terms of the settlement.

13. When Mr. Thomas asked me how that was possible, I told him once again I did not recall what the terms of the settlement were because I was not present at the hearing and never saw a copy of the written settlement.

14. Mr. Thomas asked me whether I recalled the conversation he, Morrissey and I had right before the settlement hearing when Morrissey told me it was not enforceable against him. I told Mr. Thomas I did but as you know I wasn't present at the settlement nor had I ever seen the settlement document. I further told him I did not want to be involved in a possible malpractice action against Morrissey. Thomas was in Los Angeles with his attorney Steve Smith preparing for the Bahia Emerald case at the time of this conversation. Sometime later that week and I don't recall if it was his office or KENMARK's attorneys that subsequently supplied me with a copy of the settlement, but I do know this was the first time I saw the same. After reading the agreement I could not figure out how it was not enforceable against our clients. Although I had not been able to communicate with Mr. Morrissey in over a month, I again left several messages for him to explain to me how he determined it to be unenforceable against our clients. Needless to say my efforts were in vain. Mr. Thomas needed to prevent this settlement to become a judgment containing admissions of fraud which could be used against him in his up incoming Bahia Emerald trial so he thereafter with the assistance of new counsel obtained more time to make this first payment thereby preventing the same. Not only could I not find any language in this settlement agreement which would lead any attorney to reasonably conclude that our clients would not be responsible for any payment, I was shocked to see that it contained language that would allow a judgment to be

4
Decl. of Robert A. Machado ISO Anthony Thomas' Motion To Set Aside

entered against him pursuant to two causes of actions which were premised on fraudulent conduct. Especially in that they were only referred to as the fourth and fifth causes of actions with no mention of fraud or wrongful conduct. This coupled with the recital on the record that no party is admitting to any wrong doing, together with Mr. Morrissey being so emphatic when telling our client to trust him that he would not have to pay and especially in light of Mr. Thomas being severely dyslexic and thus having to trust in our duty to advise him truthfully about his case and how a settlement might affect him, I have to conclude that Morrissey's conduct constituted extrinsic fraud and client abandonment and thus Mr. Thomas had no counsel.

15. Mr. Thomas could not have obtained assistance from me in bringing Mr. Morrissey's fraud against him to light before now because, I was under a criminal investigation and eventually charged for aiding Morrissey in the unlicensed practice of law and my defense counsel had instructed me not to have contact with any former client where there had been involvement by Mr. Morrissey. The criminal matter just recently came to conclusion and therefore I am now able to make this declaration. I regret to say that at the time they informed me of the contemplated settlement I relied entirely upon the statements made by Morrissey to the very unfortunate detriment of Mr. Thomas. When Mr. Thomas told me the horrendous financial and emotional impact he and his family incurred because of Morrissey's deception, I felt remorse at not having come forward earlier and feel it necessary to do the right thing for Mr. Thomas and no longer be shielded by advice of counsel.

I declare under of penalty of perjury that the foregoing is true and correct and that if called as a witness I could, and would, competently testify thereto based on my own personal knowledge and belief.

Executed this 12th day of February, 2018 at San Jose, California.

_____
Robert A. Machado

5
Decl. of Robert A. Machado ISO Anthony Thomas' Motion To Set Aside