# **EXHIBIT 4**

No. 17-60042

IN THE U. S. COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

ANTHONY THOMAS and WENDI THOMAS; AT EMERALD, LLC,

*Debtors.*

---

ANTHONY THOMAS and WENDI THOMAS,

*Defendants/Appellants,*

v.

KENMARK VENTURES, LLC

*Plaintiff/Appellee.*

---

Appeal from the Ninth Circuit Bankruptcy Appellate Panel,
BAP No. NV-16-1058

U.S Bankruptcy Court for the District of Nevada – Chapter 7 Case Nos. BK-N-14-50333-BTB and BK-N-14-50331-BTB (jointly administered)
Adversary Proceeding No. 14-5022-BTB

---

**APPELLEE KENMARK VENTURES, LLC OPPOSITION TO APPELLANT'S MOTION TO SUPPLEMENT THE RECORD**

---

LAW OFFICE OF WAYNE A. SILVER
Wayne A. Silver, Esq. (108135)
1674 N. Shoreline Blvd., Suite 140
Mountain View, CA 94043
Telephone: (650) 282-5970
Facsimile: (650) 282-5980
Email: ws@waynesilverlaw.com; w_silver@sbcglobal.net

*Attorney for Plaintiff/Appellee,*
*KENMARK VENTURES, LLC*

Appellee KENMARK VENTURES, LLC ("Kenmark") opposes Defendant/Appellant ANTHONY THOMAS ("Thomas") motion to supplement the record with "newly available evidence" ("Motion").

1. Thomas contends a "fraud was perpetrated upon him in connection with the Santa Clara Judgment."[1] (Motion, p.2) This alleged fraud was committed by Thomas's former attorney (Michael Morrissey), who allegedly "assured Thomas he would not be responsible for the Santa Clara Judgment." (Motion. p.3)

2. The "facts" supporting this Motion are set forth in the Declaration of Robert A. Machado ("Machado Decl."), which is attached to the Motion[2]. The Machado Decl. was executed on February 12, 2018. Thomas admits these "facts" were not presented to the bankruptcy court during the trial (Motion, p.4), but nevertheless requests the Bankruptcy Court's Non-Dischargeable Judgment after Trial (which is on appeal to this Court and in the record at Thomas Excerpt of the Record, Volume 2, pp.873 – 879) be reversed or remanded to the Bankruptcy Court for further proceedings because of these "facts".

---

[1] The Santa Clara Judgment is attached to Kenmark's Supplemental Excerpt of the Record ("KSER") Volume 2, Tab 12. pp. 84 – 92.

[2] The Motion was supplemented with an Errata filed as Docket entry 28 to include the complete Machado Decl.

Page 2

3. The Motion should be denied as moot, because Thomas admitted he was personally responsible for the debt to Kenmark without regard to the Santa Clara Judgment. These admissions are in Thomas's Answer to the Adversary Complaint, and again during the trial in the Adversary Proceeding, all of which can be found in the record before this Court.

4. Attached as Exhibit "A" are portions of the Transcript of Trial Day 1 ("Trial Transcript") in the Adversary Proceeding. The Trial Transcript is attached to Thomas's Excerpt of the Record, Volume 2, pp.122 – 310. The attached portion (Exhibit "A," pp.122 – 133) covers Kenmark's Request for Judicial Notice of the Santa Clara Judgment. Thomas's attorney, after being reminded Thomas admitted he was personally liable for the debt to Kenmark in the Answer to Complaint, stated:

> MR. COGAN: Your Honor, to save time, it was admitted, exactly what Mr. Silver said, so I think the Request for Judicial Notice [of the Santa Clara Judgment] may be moot . . . (Trial Transcript, pp.131:10 – 12)

5. The Bankruptcy Court then granted Kenmark's Request for Judicial Notice of the Adversary Complaint (KSER Volume 2, Tab 13. pp. 93 – 139) and Thomas's Answer (KSER Volume 2, Tab 14. pp. 140 – 144), and stated:

> THE COURT: Admits the allegations contained in paragraph 27 [of the Adversary Complaint,] and that admission is [T]here is due and owing unpaid from Anthony Thomas to plaintiff the sum of $4,500,000 together with interest charged at the rate of 10 percent per annum plus attorneys' fees as allowed under the note. So we've

established there's a debt. What we're trying to establish is whether that debt is dischargeable or not. (Trial Transcript, pp.132:10 – 16)

- - -

THE COURT: Okay. Those are admitted and I'm taking judicial notice of both the complaint and the answer, although I don't really have to do that, but anyway it's admitted that there is a debt of $4.5 million plus accrued interests and attorneys' fees.
MR. SILVER: And that Mr. Thomas is personally liable for it.
THE COURT: Mr. Thomas is personally liable. (Trial Transcript, pp.133:14 – 21)

6.  The Motion also fails because the Machado Decl. is not relevant to any of the arguments raised either in Thomas's Opening Brief (filed on August 3, 2017) or Reply Brief (filed on September 14, 2017). Moreover, Thomas failed to challenge the legitimacy of the Santa Clara Judgment on this ground during the bankruptcy court trial that began in November of 2015, despite the fact Thomas and Machado were allegedly made aware of the "facts" stated in the Machado Decl. in 2013.[3] (Machado Decl., p.4:12 – 20) As such, arguments about the legitimacy of the Santa Clara Judgment were waived. The Ninth Circuit will not consider an argument raised for the first time on appeal. *O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989); *Concrete*

---

[3] Kenmark reserves the right to object to the Machado Decl. on a number of evidentiary grounds, including but not limited to hearsay and lack of foundation.

*Equip. Co., Inc. v. Fox (In re Vigil Bros. Constr., Inc.)*, 193 B.R. 513, 520 (9th Cir. BAP 1996); see also *In re Cybernetic Serv., Inc.*, 252 F.3d 1039, 1045 n.3 (9th Cir. 2001) (Appellate court will not explore ramifications of argument because it was not raised below and, accordingly, was waived); *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 984 (9th Cir. 2001) (Court will not consider an issue raised for first time on appeal absent exceptional circumstances). There are no exceptional circumstances that would have prevented Thomas from raising this argument during the trial in the Bankruptcy Court, and it has therefore been waived.

7. The Motion also fails on the merits. The October 5, 2011 settlement in the Santa Clara Superior Court leading to the Santa Clara Judgment was placed on the record in open Court, and Thomas was not only present but also carefully voir dired by the Court. A transcript of Santa Clara Superior Court hearing is attached to the Adversary Complaint as Exhibit "D." (KSER, Volume 2, Tab 13 at pp.116 – 134)

8. Thomas's Motion should be denied.

Respectfully submitted,

Dated: February 14, 2018

/s/ *Wayne A. Silver*
Wayne A. Silver, Attorney for Plaintiff-Appellee, KENMARK VENTURES, LLC

# EXHIBIT A

```
                    UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF NEVADA (RENO)

                                     .
IN RE:                               .   Case No. 14-50333-btb
                                     .
ANTHONY THOMAS and                   .   Chapter 7
WENDI THOMAS,                        .
                                     .
            Debtors.                 .
. . . . . . . . . . . . . . . . . .  .
KENMARK VENTURES, LLC,               .   Adv. No. 14-05022-btb
                                     .
            Plaintiff,               .
                                     .
   v.                                .
                                     .   300 Booth Street
ANTHONY THOMAS and                   .   Reno, NV  89509
WENDI THOMAS,                        .
                                     .   Monday, November 9, 2015
            Defendants.              .   9:36 a.m.
. . . . . . . . . . . . . . . . . .
```

TRANSCRIPT OF TRIAL DAY 1 - ADVERSARY CASE 14-05022
COMPLAINT FOR DAMAGES AND TO DETERMINE
DISCHARGEABILITY OF DEBT FILED BY
KENMARK VENTURES, LLV V. ANTHONY THOMAS, WENDI THOMAS [1]
**BEFORE THE HONORABLE BRUCE T. BEESLEY
UNITED STATES BANKRUPTCY COURT JUDGE**

APPEARANCES:

For the Debtors:         JEFFREY A. COGAN, ESQ.
                         6900 Westcliff Drive, Suite 602
                         Las Vegas, NV 89145
                         (702) 474-4220

For Kenmark Ventures:    WAYNE A. SILVER, ESQ.
                         333 West El Camino Real, Suite 310
                         Sunnyvale, CA 94087
                         (408) 720-7007

Audio Operator:          Stacie C. Burney, ECR

Transcription Company:   Access Transcripts, LLC
                         10110 Youngwood Lane
                         Fishers, IN 46038
                         (855) 873-2223
                         www.accesstranscripts.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

000122

2

### I N D E X
### 11/9/15

| OPENING STATEMENTS: | | | | PAGE |
|---|---|---|---|---|
| By Mr. Silver | | | | 9 |
| By Mr. Cogan | | | | 14 |

| WITNESSES: | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| FOR THE PLAINTIFF: | | | | |
| ANTHONY THOMAS | 17 | 156 | -- | -- |

| EXHIBITS: | PAGE |
|---|---|
| Plaintiff's Exhibit 8 | 25 |
| Plaintiff's 19 | 103 |
| Plaintiff's 20 | 28 |
| Plaintiff's 24 | 37 |
| Plaintiff's 27 | 99 |

3

1     (Proceedings commence at 9:36 a.m.)
2          THE COURT: Good morning. Please be seated. This is
3  the time set for the trial in the case of Anthony and Wendi
4  Thomas. The main case is 14-50333. The adversary proceeding
5  is 14-05022. Appearances, please.
6          MR. SILVER: Good morning, Your Honor. Wayne Silver
7  with my associate, Kevin LeBlanc. We are appearing on behalf
8  of the plaintiff, Kenmark Ventures, LLC. Your Honor, my
9  associate is not admitted in Nevada, but the Court was kind
10 enough to let him accompany me and he'll be assisting me, but
11 he won't be making --
12         THE COURT: We discussed that a couple weeks ago.
13         MR. SILVER: We did, Your Honor.
14         THE COURT: Okay. Thank you.
15         MR. COGAN: Good morning, Your Honor. Jeffrey Cogan
16 on behalf of Anthony and Wendi Thomas, both of whom are present
17 in court.
18         THE COURT: Do you want to make an opening statement?
19         MR. SILVER: Your Honor, I would like to make a brief
20 opening statement --
21         THE COURT: Okay.
22         MR. SILVER: -- if I could. May I be seated while I
23 do it, Your Honor? Does the Court have a preference?
24         THE COURT: No. I prefer you to -- the tradition in
25 this Court -- frankly all courts in Northern Nevada -- is to

4

1  argue and speak from the podium.
2         MR. SILVER: And would that be true for examining
3  witnesses?
4         THE COURT: Yes. I know in California people sit
5  down a lot, which is just shocking to me.
6         MR. SILVER: They do.
7         THE COURT: I know.
8         MR. SILVER: In federal and state.
9         THE COURT: I think they did when I was in law school
10 35 years ago, so -- or 40 years ago, so it hasn't changed much.
11 Standing is better for you health-wise.
12        MR. SILVER: Your Honor, as a preliminary matter, the
13 plaintiff asks the Court to take judicial notice of 11
14 exhibits. The documents were served on counsel. The first 10
15 were served back on October I believe 8 or 16th. Excuse me.
16 And then a supplemental Exhibit 11 was served on October 30th.
17 There have been no objections, and I would ask the Court to now
18 take judicial notice of those 11 documents.
19        THE COURT: I'm actually going to ask you to do that
20 when you're referring to them. I did read through them last
21 week. I have a question about the relevance of a couple of
22 them, but at the time you want me to refer to them or consider
23 them, I'd like you to do it at that point.
24        MR. SILVER: Very well, Your Honor. I'll do it that
25 way and let's start, Your Honor, with request for judicial

5

1 notice Exhibit Number 1.  I believe they're in the black
2 binder.  We tried to get the expensive notebooks, we really
3 did.
4     THE COURT:  All right.  All right.
5     MR. SILVER:  Your Honor, request for judicial notice
6 RJN05 through 08, Exhibit 1, is a judgment that was entered in
7 the Santa Clara Superior Court.  The Court may recall you had
8 granted relief from stay for the plaintiffs to go --
9     THE COURT:  Right.
10     MR. SILVER:  -- and get that judgment.  That judgment
11 has now been entered.  The judgment is against the defendant in
12 this case, Mr. Anthony Thomas.  It's in the amount of $4.5
13 million.  I would ask the Court to now take judicial notice of
14 that judgment.
15     THE COURT:  Counsel?
16     MR. COGAN:  Yes, Your Honor.  Thank you.  California
17 law says that there are 60 days from the date of the entry of
18 the judgment to appeal, and certainly October 8th, 2015 is less
19 than 60 days from today.  It also says -- unlike the federal
20 law that says the judgment is final even if appealed,
21 California law says you don't have final judgment until it's
22 fully adjudicated.  Either appealed and dismissed or --
23 appealed and affirmed or not appealed within the time
24 constraints.  So I don't know the purposes of Mr. Silver to
25 offer this, but I am arguing that no claim preclusion or issue

6

1  preclusion could be given to this judgment because it is not a
2  final judgment.
3           THE COURT:  Counsel?
4           MR. SILVER:  Your Honor, I'm asking the Court to take
5  judicial notice of the fact that there is a judgment against
6  the defendant.  It's in the amount of $4.5 million.  As of
7  today, it has not been appealed, and it is showing personal
8  liability.  It is not my intention to offer evidence of damages
9  or personal liability in this trial as a result of that
10 judgment and also as a result of admissions that have been made
11 by the defendant.
12          THE COURT:  Can I see -- what's the case authority
13 for the -- do you know?
14          MR. COGAN:  I have it on my computer.
15          THE COURT:  Do you have your computer here?
16          MR. COGAN:  I do.
17          THE COURT:  Okay.  Why don't you pull that up?  I'm
18 not going to admit it at that time.  I want to see what the
19 case authority says on the use of that so we'll have to see.
20 Certainly --
21          MR. COGAN:  How would I do that?  Would I email the
22 Court or -- you know, because it's on my computer.  Do I
23 actually hand my laptop to the Court or --
24          THE COURT:  We'll figure this out.
25          MR. COGAN:  -- we can do it at one o'clock after



7

1  lunch and I'll get it printed, whatever the Court's pleasure.
2          THE COURT:  I think you can probably email the case
3  authority to the Court.  I think we can probably -- we'll see.
4  I don't know how extensive it is.  How extensive is it?
5          MR. COGAN:  I just have one case that just says --
6  would Mr. Silver stipulate that it's 60 days appeal period as
7  opposed to Nevada 28 or Nevada 30, Federal 28?
8          MR. SILVER:  It's either 30 or 60 for California,
9  Judge, but I can't remember.
10         THE COURT:  Okay.
11         MR. SILVER:  I can never remember.
12         THE COURT:  What's the citation?
13         MR. COGAN:  May I?
14         THE COURT:  Yeah, please.  Go ahead.
15         MR. COGAN:  I'm going to have to also boot it up.
16         THE COURT:  That's fine.  And we do have Wi-Fi in the
17 courtroom, so --
18         MR. COGAN:  Then I'll email it to -- I'm sorry, I
19 don't know Illuminada's last name.  I don't recall it.
20         THE CLERK:  Starzyk.
21         MR. COGAN:  I will email it to Ms. Starzyk if that's
22 okay.
23         THE COURT:  Yeah.
24         MR. COGAN:  And Mr. Silver.
25         THE COURT:  Why don't we just take a short recess and

8

1  we'll get this resolved. We'll get this done. So we'll be in
2  recess for just a few minutes.
3       (Recess taken at 9:42 a.m.)
4       (Proceedings resumed at 10:08 a.m.)
5       THE COURT: Good morning. Please be seated. So,
6  Mr. Cogan, it's my understanding you can't easily find this.
7       MR. COGAN: I apologize, Your Honor, and this would
8  have happened had we been in Las Vegas, as well. Mr. Silver
9  and I kind of went back and forth. I believe the rule is --
10       THE COURT: I'm having somebody check.
11       MR. COGAN: -- 60 days in California. California
12  Rules of Court 8.108. I think we can agree that's the correct
13  statute.
14       MR. SILVER: I thought it was actually 8.122.
15       MR. COGAN: Okay.
16       MR. SILVER: Your Honor, I think that this is going
17  to be irrelevant, and if you give me a chance --
18       THE COURT: Sure.
19       MR. COGAN: -- to continue my opening, this point
20  will go away.
21       THE COURT: Okay. Let's --
22       MR. COGAN: We just unfortunately wasted about a half
23  an hour.
24       THE COURT: That's okay. That's okay.
25       MR. COGAN: That works for me, Your Honor.

9

```
 1              THE COURT:  All right.  Go ahead.
 2              MR. SILVER:  Thank you, Your Honor.
 3              MR. SILVER:  Your Honor, regardless of whether you
 4  take judicial notice of the judgment, and you probably could
 5  take judicial notice subject to the fact that it might still be
 6  appealable, the issue of damages and liability in this case has
 7  already been admitted by the defendant.  It's been admitted in
 8  two different forms.
 9              THE COURT:  Show me where.
10              MR. SILVER:  Okay.  The first form is in the actual
11  complaint and the answer.  The complaint, Your Honor, is
12  attached as --
13              THE COURT:  This is the complaint in the state court?
14              MR. SILVER:  Federal.
15              THE COURT:  Federal court.
16              MR. SILVER:  This court.
17              MR. COGAN:  The adversary proceeding.
18              THE COURT:  Okay.
19              MR. SILVER:  The adversary proceeding, Your Honor, is
20  attached as an exhibit to our request for judicial notice.
21  It's Exhibit 2.
22              THE COURT:  All right.  Let me take a look at that.
23              MR. SILVER:  I'll point you to the right paragraph
24  when you get it in front of you, Your Honor.  So if you turn,
25  Your Honor, to page RJN014 on the bottom right-hand corner.
```

ACCESS TRANSCRIPTS, LLC  1-855-USE-ACCESS (873-2223)

10

1         THE COURT: Okay.

2         MR. SILVER: Paragraph 27. And I'll read it into the
3 record.

4         "As a result, there is due and owing and unpaid from
5         Anthony Thomas to the plaintiff the sum of
6         $4,500,000, together with interest thereon at the
7         rate of 10 percent per annum plus attorneys' fees as
8         allowed under the note in an amount to be proven at
9         trial plaintiff's claim."

10         MR. COGAN: Your Honor, to save time, it was
11 admitted, exactly what Mr. Silver said, so I think the request
12 for judicial notice may be moot, but certainly I'm not going to
13 -- now I have an admission as opposed to a song and dance about
14 final judgment and the like, so I think that matter is put to
15 bed.

16         MR. SILVER: Well, let me finish if I can.

17         MR. COGAN: Okay.

18         THE COURT: Okay.

19         MR. SILVER: And, Your Honor, that paragraph 27 was
20 admitted by the defendant in the defendant's answer. The Court
21 will find that as a request for judicial notice, Exhibit 3, and
22 that would be -- that admission, Your Honor, is on page RJN057
23 wherein the defendant admits the allegations contained in
24 paragraph 27 which I just read into the record.

25         THE COURT: So that says RJN056 defendant admits the

ACCESS TRANSCRIPTS, LLC  1-855-USE-ACCESS (873-2223)

11

1  allegations contained in paragraph 7 -- I'm sorry -- except as
2  to the second sentence regarding Wendi Thomas wherein defendant
3  believed no response is necessary, so let me review this.
4          MR. SILVER: Your Honor, actually what I'm reading is
5  on RJN057.
6          THE COURT: I'm sorry, I was reading 056.
7          MR. SILVER: Okay.
8          THE COURT: So I'm sorry.
9          MR. SILVER: 57, number 27, Defendant --
10         THE COURT: Admits the allegations contained in
11 paragraph 27 and that admission is there is due and owing
12 unpaid from Anthony Thomas to plaintiff the sum of $4,500,000
13 together with interest charged at the rate of 10 percent per
14 annum plus attorneys' fees as allowed under the note. So we've
15 established there's a debt. What we're trying to establish is
16 whether that debt is dischargeable or not.
17         MR. SILVER: That's exactly right, Your Honor.
18         THE COURT: Okay. That's fine.
19         MR. SILVER: I would also point out to the Court,
20 although I don't want to beat the horse to death, that
21 Mr. Thomas agreed in the settlement, because this was a
22 stipulated judgment, that the judgment would not be appealed
23 nor would it be modified or collaterally attacked. So we've
24 got a debt of $4.5 million and we've got an admission that
25 Mr. Thomas personally owes that debt. That admission takes

12

1  that issue out of play.
2          THE COURT: It doesn't take the dischargeability
3  issue out, though.
4          MR. SILVER: It does not, and that's where I'm going
5  next.
6          THE COURT: Okay. Go ahead.
7          MR. SILVER: Thank you. So, Your Honor, we've
8  already looked at -- and, Your Honor, I would ask the Court to
9  take judicial notice of both the complaint and the answer which
10 shows the request for judicial notice Exhibits --
11         THE COURT: Counsel?
12         MR. COGAN: No objection, Your Honor.
13         MR. SILVER: -- 2 through 3.
14         THE COURT: Okay. Those are admitted and I'm taking
15 judicial notice of both the complaint and the answer, although
16 I don't really have to do that, but anyway it's admitted that
17 there is a debt of $4.5 million plus accrued interests and
18 attorneys' fees.
19         MR. SILVER: And that Mr. Thomas is personally liable
20 for it.
21         THE COURT: Mr. Thomas is personally liable.
22         MR. SILVER: Thank you. So as the Court pointed out,
23 we're here today to try the issue of the dischargeability of
24 that debt. The complaint for dischargeability, or I should say
25 determination of dischargeability, alleges it is

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I am, and at all times hereinafter mentioned was, not less than 18 years of age and am the attorney of record for Appellee KENMARK VENTURES, LLC.

I further certify that on February 14, 2018, I electronically filed the foregoing APPELLEE KENMARK VENTURES, LLC OPPOSITION TO APPELLANT'S MOTION TO SUPPLEMENT THE RECORD with the Clerk of the Ninth Circuit Court of Appeals by using the CM/ECF system.

I further certify that to the best of my knowledge, information and belief, all counsel are registered CM/ECF users, and that service will be accomplished through the appellate CM/ECF system for this Court.

Executed on February 14, 2018 at Henderson, Nevada.

/s/ *Wayne A. Silver*
Wayne A. Silver