# EXHIBIT 7

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Ninth Circuit Case No. 17-60042
Appeal From BAP Case No.16-1058

In re:

ANTHONY THOMAS; ET AL.,

Debtors

ANTHONY THOMAS and WENDI THOMAS,
Appellants,

v.

KENMARK VENTURES, LLC,

Appellee.

Appeal from the United States Bankruptcy Appellate Panel for the Ninth Circuit

**MOTION TO RECALL MANDATE**

Keith M. Knowlton
KEITH M. KNOWLTON, L.L.C.
9920 S. Rural Road, Suite 108
PMB# 132
Tempe, Arizona 85284-4100
TEL: (480) 755-1777
FAX: (480) 471-8956
Attorney for Movant Anthony Thomas

Gerald D.W. North
125 S. Wacker Dr., 10th Fl.
Chicago, Il 60606
Tel: (831) 224-0007
Of Counsel

Movant Anthony Thomas hereby moves that this Court recall its mandate (issued April 16, 2018), vacate this Court's March 23 judgment, and reverse the BAP's decision below.

## Introduction

On March 23, 2018 this Court issued its decision in this case, affirming a decision of the BAP involving a determination of nondischargeability under 11 U.S.C. § 523(a)(2)(A). On April 16, 2018, the Court's mandate issued. However, the mandate was not received by the BAP until June 6, 2018. See Exhibit "A" hereto.

Two days before the mandate was received, on June 4, 2018, the U.S. Supreme Court decided *Lamar, Archer & Cofrin, LLP v. Appling*, No. 16-1215, 2018 WL 2465174, at *4 (U.S. June 4, 2018) ("*Lamar*"), a copy of which is annexed hereto as Exhibit "B." *Lamar* expressly rejected the interpretation of 11 U.S.C. § 523(a)(2)(A) that was applied in this Circuit at the time of the BAP's, and this Court's, decision.

In light of *Lamar*, Movant respectfully submits that this Court's mandate should be recalled, its judgment should be vacated, and the BAP's decision should be reversed.

I.   **This Court Has Authority to Recall Its Mandate**

Courts of Appeals have inherent power to recall their mandates. See *Thompson v. Calderon*, 523 US 538, 549 (1998) (Kennedy, J.) ("[T]he courts of appeals are recognized to have an inherent power to recall their mandates, subject to review for an abuse of discretion...."); see also *U.S. v. Davis*, 36 F.3d 1424, 1429-30 (9th Cir. 1994); *Zipfel v. Halliburton*, 861 F.2d 565, 567-68 (9th Cir. 1988) ("The authority of a Court of Appeals to recall its mandate is clear."); *Vermicelli v. Concord*, 557 F.2d 664 (9th Cir. 1977).

One circumstance that usually justifies a recall of a mandate and modification of a prior judgment is a supervening change in the law, such as where a Court of Appeal's decision conflicts with a subsequent decision of the U.S. Supreme Court. See, *e.g.*, *U.S. Davis*, *supra* (Court recalled mandate and vacated prior decision in light of subsequent Supreme Court decision); *Zipfel*, *supra* ("When a decision of the Supreme Court 'departs in some pivotal aspects' from a decision of a federal appeals court, recall of the mandate may be warranted ... 'to protect the integrity' of the court of appeals' prior judgment (citation omitted)" and to "promote[] uniformity in judicial decision making and in the treatment of litigants.")

3

## II. *Lamar* Represents a Supervening Change in the Law

This case involves an issue arising under 11 U.S.C. § 523(a)(2)(A), the exact same statutory provision addressed by the Supreme Court in its June 4, 2018 decision in *Lamar*.

The underlying facts are set forth in the opinion of the BAP, *In re Thomas*, 2017 WL 1160868 (BAP 9th Cir. Mar. 28, 2017), that was affirmed by this Court in its March 23, 2018 opinion. Anthony Thomas (hereinafter "Thomas"), one of the debtors in a Chapter 11 case that was converted to Chapter 7, owned a 21,000 carat uncut emerald ("the Thomas Emerald") and allegedly represented to plaintiff Kenmark Ventures LLC ("Kenmark") that the Emerald had been appraised at $800 million, but omitted that the Emerald had also been appraised at only $400,000. On May 31, 2014, Kenmark filed a *Complaint to Determine Dischargeability of Debt* under 11 U.S.C. §523(a)(2) ("Complaint"), Adv. Pro. No. 14-ap-05022. The Complaint was premised upon an alleged *oral* misrepresentation regarding the value of an Emerald:

> On or about May 1, 2007, in San Jose, California, ANTHONY THOMAS *orally* represented to Plaintiff, through its agent and members, Kenneth Tersini and Mark Tersini, that the Emerald described in ¶14 was extremely valuable and worth in excess of Five Hundred Million Dollars ($500,000,000.00). This representation was made to induce Plaintiff to make loans to him and to EPL in the ultimate amount of Six Million One Hundred Ten Thousand Dollars ($6,110,000.00) to support the development and marketing of Smartcard Technology. Plaintiff, through its agents Kenneth Tersini and Mark Tersini, heard and believed these

4

representations and relied on these representations in making the decision to lend and actually lending money to Defendants, as is evidenced by the Note.

Complaint, ¶ 33 (Emphasis supplied).

On February 19, 2016, the Bankruptcy Court entered a non-dischargeability judgment under § 523(a)(2)(A). The Bankruptcy Court did not make any findings as to the actual value of the Emerald. Rather, the decision was premised upon the failure to disclose (i) the lower $400,000 appraisal and (2) purportedly conflicting admissions that the Debtor had only paid $20,000 or $60,000 for the Emerald. In re *Thomas*, 2017 WL 1160868, at *6 ("A reasonable person securing a $6.1 million loan with the emerald would want to know that the same appraiser who appraised the emerald at $800 million had shortly before appraised it at $400,000. And a reasonable person also would want to know that the borrower only paid $20,000 for it."). On appeal, the Bankruptcy Appellate Panel affirmed, holding that these nondisclosures provided a proper basis for a judgment under 11 U.S.C. § 523(a)(2)(A):

> In sum, the bankruptcy court did not err in determining the $4.1 million judgment debt nondischargeable ***under § 523(a)(2)(A)*** based on the emerald-related nondisclosures. Analysis of the bankruptcy court's findings regarding the other nondisclosures and misrepresentations would not add significant additional weight to our decision. In our view, those other alleged nondisclosures and misrepresentations were cumulative of and incidental to the bankruptcy court's principal fraud finding, which relied on the emerald-related *nondisclosures*.

5

*In re Thomas*, 2017 WL 1160868, at *7 (emphasis supplied).

This Court affirmed. The Court's decision was based solely on Section 523(a)(2)(A) and stated that the basis for the nondischargeability judgment was the alleged nondisclosures by the Debtor. *In re Thomas*, Ex. A at 3, 716 Fed. Appx. at 648. ("Kenmark's claim of fraud was based on Thomas's failure to disclose that the Thomas Emerald, the collateral pledged for Kenmark's loan to Electronic Plastics ('EP'), had been previously valued at amounts far lower than the amount of the loan.").

11 U.S.C. §523(a)(2)(A) renders debts non-dischargeable that are based upon false representations (including material omissions), with the limitation that the representations be "other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). Accordingly, a false representation or omission is not actionable under Section 523(a)(2)(A) if such statement or omission is "respecting the debtor's or an insider's financial condition." Rather, a misrepresentation "respecting the debtor's or an insider's financial condition" is only actionable under Section 523(a)(2)(**B**) which requires the misrepresentation must be a "statement in writing". 11 U.S.C. § 523(a)(2)(B). Thus, the non-dischargeability judgment was premised on the conclusion that the

omissions regarding the value of the Emerald were not "respecting the debtor's . . . financial condition."

Prior to the Supreme Court's June 4, 2018 decision in *Lamar*, there was a split among the Circuits regarding the interpretation of the phrase "respecting the debtor's or an insider's financial condition" in Section 523(a)(2). The Seventh and Tenth Circuits adopted the so-called "narrow view" that a statement about a single asset is not a statement respecting the debtor's financial condition,[1] whereas the Eleventh and Fourth Circuits adopted the broad view that *any* statement relating to a debtor's financial condition qualified. Footnote 1 of the Supreme Court's *Lamar* decision explicitly references this split.

---

[1] Under the "narrow" view, the phrase "relating to the debtor's . . . financial condition" required broad statements regarding the debtor's overall financial health, such as a balance sheet or income statement:

> Statements that present a picture of a debtor's overall financial health include those analogous to balance sheets, income statements, statements of changes in overall financial position, or income and debt statements that present the debtor or insider's net worth, overall financial health, or equation of assets and liabilities.... What is important is not the formality of the statement, but the information contained within it—information as to the debtor's or insider's overall net worth or overall income flow.

*In re Belice*, 461 B.R. at 578. Thus, a statement or omission concerning the value of a single asset was not deemed to be "respecting the debtor's . . . financial condition, and Thomas' purported misrepresentation of the value of the Emerald was not "respecting the debtor's . . . financial condition" because it concerned the value of a single asset, and not Thomas' overall financial health. It was on this

7

Courts in this Circuit followed the so-called "narrow view." See *In re Kirsh*, 973 F.2d 1454 (9th Cir. 1992); *In re Belice*, 461 B.R. 564, 574 (BAP 9th Cir. 2011).[2] Indeed, the BAP expressly followed the Tenth Circuit's decision in *In re Joelson*, 427 F.3d 700, 714 (10th Cir. 2005) in adopting the "narrow" view. *In re Belice*, 461 B.R. at 574.

On January 18, 2018, more than two months before this Court's March 23 decision, a petition for certiorari was granted in the *Lamar* case. In *Lamar*, the debtor had made an alleged oral mis-representation regarding the value of a single asset (an expected tax refund of "approximately $100,000."). *Lamar*, at *3. The plaintiff filed a complaint for nondischargeability under Section 523(a)(2)(A). The debtor moved to dismiss. The Bankruptcy Court held that a statement

---

basis that the Bankruptcy Court entered its non-dischargeability judgment pursuant to 11 U.S.C. § 523(a)(2)(A).

[2] As explained in *In re Belice*, 461 B.R. at 574, while *Kirsh* did not expressly state whether the phrase "statement respecting financial condition" should be interpreted broadly or narrowly in all contexts, "it would be difficult if not impossible to reconcile *Kirsh*'s specific holding with a broad interpretation of that phrase." After the BAP's decision in *Belice* adopted the narrow view, all subsequent BAP decisions in this Circuit followed the "narrow" view, citing *Belice*. See *In re Roberts*, 2016 WL 363946, at *6 (BAP 9th Cir. Jan. 27, 2016); *In re Carroll*, 2017 WL 3122613, at *9 (BAP 9th Cir. July 21, 2017); *In re Bacino*, 2015 WL 9591904, at *17 (BAP 9th Cir. Dec. 31, 2015); *In re Urban*, 2014 WL 1492717, at *7 (BAP 9th Cir. Apr. 16, 2014); *In re Cai*, 2012 WL 1588834, at *3 (BAP 9th Cir. May 7, 2012), aff'd sub nom. 571 Fed. Appx. 580 (9th Cir. 2014) (unpublished); *In re Gilliam*, 2012 WL 1191854, at *8 (BAP 9th Cir. Apr. 6, 2012); *In re Carlson*, 2012 WL 1859450, at *8 (BAP 9th Cir. May 22, 2012).

regarding a single asset was not a "statement respecting the debtor's . . . financial condition" and denied the debtor's motion to dismiss. The Court of Appeals for the Eleventh Circuit reversed, holding that "'statement[s] respecting the debtor's ... financial condition' may include a statement about a single asset." *In re Appling*, 848 F.3d 953, 960 (11th Cir. 2017). Because Appling's statements about his expected tax refund were not in writing, the Court of Appeals held that § 523(a)(2) did not apply and did not prevent the discharge of the debt. *Lamar*, at *4.

Following argument, the Supreme Court affirmed in its decision on June 4, 2018, resolving the split "among the Courts of Appeals as to whether a statement about a single asset can be a 'statement respecting the debtor's financial condition[,]'" *Lamar*, at *4, and explicitly rejecting the "narrow" view, stating: "given the ordinary meaning of 'respecting,' [plaintiff's] preferred statutory construction—that a 'statement respecting the debtor's financial condition' means only a statement that captures the debtor's overall financial status—must be rejected, for it reads 'respecting' out of the statute." *Lamar*, at *7.

Under *Lamar*, a statement or omissions respecting a single asset - such as the Thomas Emerald - *are* deemed to be statements or omissions "respecting the debtor's . . . financial condition" and thus are not actionable under Section 523(a)(2)(A):

We also agree that a statement is "respecting" a debtor's financial condition if it has a direct relation to or impact on the debtor's overall financial status. A single asset has a direct relation to and impact on aggregate financial condition, so a statement about a single asset bears on a debtor's overall financial condition and can help indicate whether a debtor is solvent or insolvent, able to repay a given debt or not. Naturally, then, a statement about a single asset can be a "statement respecting the debtor's financial condition."

*Lamar*, at *7.

As a result of *Lamar*, there has been a supervening change in controlling law. Applying *Lamar*'s holding to this case, it is clear that any oral statements or omissions by Movant regarding the value of the Emerald were statements "respecting the debtor's . . . financial condition" and thus excluded from nondischargeability under 11 U.S.C. §523(a)(2)(A).

### Conclusion

For the foregoing reasons, this Court should recall its mandate, vacate its March 23 judgment, and reverse the decision of the BAP.

**RESPECTFULLY SUBMITTED** this 17th day of August, 2018.

       **KEITH M. KNOWLTON, LLC**

         /s/ Keith Knowlton
       By: _____
         Keith M. Knowlton
         Attorney for Movant Anthony Thomas

## CERTIFICATE OF SERVICE

I hereby certify that this 17th day of August, 2018; I electronically transmitted the attached document to the clerk's office using the CM/ECF for filing, causing the transmittal of the notice of electronic filing to the following CM,/ECF registrants:

Wayne A. Silver
1674 N. Shoreline Blvd., Suite 140
Mountain View, CA 94043
ws@waynesilverlaw.com
Counsel for Kenmark Ventures, LLC

/s/ Keith Knowlton

# EXHIBIT "A"