# **EXHIBIT 9**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ANTHONY THOMAS; et al., <br><br> Debtors, <br><br> ——————————————— <br> ANTHONY THOMAS and WENDI THOMAS, <br><br> Appellants, <br><br> v. <br><br> KENMARK VENTURES, LLC, <br><br> Appellee. | No. 17-60042 <br><br> BAP No. 16-1058 <br><br> ORDER |

Before: BEA and N.R. SMITH, Circuit Judges, and STATON,[*] District Judge.

Thomas's Motion to Recall the Mandate is denied.

Recall of the mandate is appropriate only when the Court is "animated by 'an overpowering sense of fairness and a firm belief that this is the exceptional case requiring recall of the mandate in order to prevent an injustice.'" *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996) (*citing Verrilli v. City of Concord*,

---

[*] The Honorable Josephine L. Staton, United States District Judge for the Central District of California, sitting by designation.

557 F.2d 664, 665 (9th Cir. 1977)).  Here, even if the Supreme Court's holding in *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752 (2018) were retroactively applied to exclude Thomas's omissions regarding the Thomas emerald from 11 U.S.C. section 523(a)(2)(A), we would still enter judgment in favor of Kenmark.

First, the dischargeability of debt arising from a statement that is excluded from 11 U.S.C. section 523(a)(2)(A) is evaluated under 11 U.S.C. section 523(a)(2)(B).  Section 523(a)(2)(B) differs from section 523(a)(2)(A) only insofar as the statement at issue must be made in writing and the creditor's reliance on the statement must be "reasonable." *See Candland v. Ins. Co. of N. Am. (In re Candland)*, 90 F.3d 1466, 1471 (9th Cir. 1996), *as amended* (Oct. 2, 1996).  The record supports a finding in favor of Kenmark as to both of these elements.

Second, the bankruptcy court identified additional, alternative misrepresentations made by Thomas that independently support its judgment of nondischargeability, and Thomas has not shown that the bankruptcy court committed "clear error" as to these alternative grounds. *Anastas v. Am. Savings Bank (In re Anastas)*, 94 F.3d 1280, 1283 (9th Cir. 1996) ("A finding of whether a requisite element of [a section] 523(a)(2)(A) claim is present is a factual determination reviewed for clear error.")  Thus, there is no "real infirmity in [this

2

Court's] previous decision, either when it was entered or when it is viewed in the light of later Supreme Court decisions." *Nevius*, 105 F.3d at 461.

No further filings will be entertained in this closed case.