

Anthony G. Thomas
7725 Peavine Peak Court
Reno, NV 89523
Tel: (408) 640-2795
E-mail: atemerald2@gmail.com

Debtor In Propria Persona

RECEIVED
AND FILED

2019 MAR 15 PM 3:31

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA - RENO

| | |
|---|---|
| IN RE: | Case No. BK-N-14-50333-BTB |
| ANTHONY THOMAS and | Case No. BK-N-14-50331-BTB (Jointly Administered) |
| WENDI THOMAS | CHAPTER 7 |
| AT EMERALD, LLC | NOTICE OF MOTION FOR JUDICIAL NOTICE OF LAW & FACTS [FRE 201] |
| Debtors. | Date: _____ Time: _____ Dept. 2 Judge: Hon. Bruce T. Beesley |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that a MOTION FOR JUDICIAL NOTICE OF LAW AND FACTS was filed on 3-12-2018 by Debtor Anthony G. Thomas. The Motion seeks the following relief:

Debtor seeks that the Court take Judicial Notice of the Law & Facts in this case including all of the law and facts that can be derived from the Exhibits attached to the Debtor's Filing of 12-17-2018 consisting of Exhibit 1 with 12 Exhibits attached, followed by Exhibit 2-8 inclusive that are necessary for a proper adjudication of the Motion to Sell the Thomas Emerald in violation of the Notice Rules mandated by BK Code 363(b) as well as BK Rules 6004 and BK Rule 2002 as noted in Exhibit 3 of the 12-17-2018 filing pp.60-74 of 189. The hearing for the sale of the Motion currently set for March 22nd 2018, must necessarily be continued in light of the filing of this Motion for Judicial Notice of Law & Facts in this matter.

Any opposition must be filed pursuant to Local Rule 9014.

- 1 -

NOTICE IS FURTHER GIVEN that if you do not want the court to grant the relief sought in the Motion, or if you want the court to consider your views on the Motion, then you must file an opposition with the court, and serve a copy on the person making the Motion no later than 14 days preceding the hearing date for the motion, unless an exception applies (see Local Rule 9014(d)(3)).

The opposition must state your position, set forth all relevant facts and legal authority, and be supported by affidavits or declarations that conform to Local Rule 9014( c).

If you object to the relief requested, you must file a WRITTEN response to this pleading with the court. You must also serve your written response on the person who sent you this notice.

If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:

- The court may refuse to allow you to speak at the scheduled hearing; and
- The court may rule against you without formally calling the matter at the hearing.

NOTICE IS FURTHER GIVEN that the hearing on the said Motion will be held before a United States Bankruptcy Judge at the Date & Time noted in the caption above.

This Motion is based upon this Notice, the attached Declaration of Anthony G. Thomas submitted in support, and any additional paper that the Debtor shall file after the filing of this Motion, including the Proposed Order for the Court identifying each item of fact and law that is sought to be judicially noticed under this Motion.

Dated: March 7th 2019.                    Respectfully submitted,

*Tony Thomas*

Anthony G. Thomas -
Debtor In Propria Persona

```
1  Anthony G. Thomas
   7725 Peavine Peak Court
2  Reno, NV 89523
   Tel:   (408) 640-2795
3  E-mail: atemerald2@gmail.com

4  Debtor In Propria Persona
```

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA - RENO

| | |
|---|---|
| IN RE: | ) Case No.  BK-N-14-50333-BTB |
|  | ) Case No.  BK-N-14-60442-BTB |
| ANTHONY THOMAS and | ) (Jointly Administered) |
|  | ) |
| WENDI THOMAS | ) CHAPTER 7 |
|  | ) |
| AT EMERALD, LLC | ) [PROPOSED] ORDER TAKING JUDICIAL |
|  | ) NOTICE OF LAW & FACTS |
|     Debtors. | ) |
|  | ) Date: |
|  | ) Time: |
|  | ) Judge:   Hon. Bruce T. Beesley |
|  | ) Courtroom:  2 |

The Court, having reviewed Docket Entry 439 filed on 12-17-2018 Exhibits 1-8 as well as Exhibits 1-4 to the Declaration of Anthony G. Thomas filed on 3-7-2019 hereby either takes notice or does not take notice to each specific request prefaced with the letter R as follows:

| Ex # | Description of Exhibits /Requests made | DE 439 Pages | Notice Taken Y  N |
|---|---|---|---|
| 1 | **App for Order Shortening Time - MTN to Con** | 01-09 | |
| **R1.1** | Take Notice of 12-17-2018 Motion where Debtor Anthony G. Thomas claims that did not receive statutory notice pursuant to Bankruptcy Code Section 363(b) and BK Rules 6004 and 2002. Failure to provide Mr. Thomas with notice **PRIOR** to sale deprived Mr. Thomas of his right to object to the proposed sale under Rule 6004(b) | | -- -- |

| | | | |
|---|---|---|---|
| | | **Exhibit 1 p.9 to 12-6-2018 Letter to Hartman** | 19 |
| | | Take Judicial Notice of Jennifer Jodoin's Linkedin profile: | |
| R1.1 | | Title: Director of Land Acquisition at KT Urban | 19 |
| R1.2 | | Experience: KT Urban: Director of Development Services February 2015 - Present | 19 |
| R1.3 | | KT Properties Project Manager Jan. 2010-Present | 19 |
| R1.4 | | Project Manager at Tersini Construction from 2000-2009 | 19 |
| Exh. 3 | | **Exhibit 3 - Law of Notice - pp. 60-74 of 189** | |
| | | Take Notice of 2016-2017 Norton Bankruptcy Code starting at p. 60 Rule 363(b)(1) (see p. 62) that states: | 62 |
| **R3.1** | | The Trustee **after notice and a hearing**, may use, sell or lease other than in the ordinary course of business, property of the estate... | 62 |
| R3.2 | | **Bankruptcy Rules - Rule 6004 - Use, Sale or Lease of Property.** | 69 |
| R.3.2 | (a) | **Notice of Proposed Use, Sale or Lease of Property** | |
| | | Notice of a Proposed use, sale or lease or sale of property, other than cash collateral, not in the ordinary course of business shall be given pursuant to Rule 2002(a)(2), ( c)(1) ( i) and (k) and, if applicable with Section 363(b)(2) of the Code | 69 |
| R.3.3 | | Rule 2002(a)(2) Notices to Creditors... | 71 - 72 |
| | (a) | Twenty One Day Notices to Parties in Interest. | |
| | | Except as provided in subdivisions (h) ( l) (l) (p) and (q) **the clerk**, or some other person as the court may direct shall give the debtor, the trustee, all creditors and intenture trustees at least 21 days notice by mail of: ... | |
| | | (2) a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice. | |

**PROPOSED ORDER RE: DEBTOR ANTHONY THOMAS'S MOTION FOR JUDICIAL NOTICE**

- 2 -

| | | | | taken Y N |
|---|---|---|---|---|
| R4 | Powell v. Alabama (1932) 287 U.S. 45, 68-69:<br><br>What, then, does a hearing include? Historically and in practice, in our own country at least, it has always included the right to the aid of counsel when desired and provided by the party asserting the right. The right 69*69 to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence. If that be true of men of intelligence, how much more true is it of the ignorant and illiterate, or those of feeble intellect. **If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense.** | | |
| R5 | Take Judicial Notice of 14 page Pacer Docket entries 347 Ex Parte Application to Employ Stremmel filed on 10-16-2017 to Docket Entry 469 filed on 3-4-2019 Exhibit 1 to Declaration of Anthony G Thomas pp 12-24 that there is No docket entry showing proof of service by the clerk of the Court 21 or more days before the auction of the emerald btween 10-31-2018 and 11-18-2018 | 12-24 | – – |

PROPOSED ORDER RE: DEBTOR ANTHONY THOMAS'S MOTION FOR JUDICIAL NOTICE

- 3 -

| | | | |
|---|---|---|---|
|  |  |  |  |

Date: _____          _____
                                              Judge

PROPOSED ORDER RE: DEBTOR ANTHONY THOMAS'S MOTION FOR JUDICIAL NOTICE
- 4 -

Anthony G. Thomas
7725 Peavine Peak Court
Reno, NV 89523
Tel:   (408) 640-2795
E-mail: atemerald2@gmail.com

Debtor In Propria Persona

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA - RENO**

| | |
|---|---|
| IN RE: | Case No.   BK-N-14-50333-BTB |
|  | Case No.   BK-N-14-50331-BTB |
| ANTHONY THOMAS and | (Jointly Administered) |
| WENDI THOMAS | CHAPTER        7 |
| AT EMERALD, LLC | MEMORANDUM OF POINTS & AUTHORITIES RE: JUDICIAL NOTICE |
| Debtors. | Date: |
| | Time: |
| | Dept.      2 |
| | Judge:    Hon. Bruce T. Beesley |

Debtor Anthony Thomas hereby submits the following Memorandum of Points & Authorities in Support of his Motion for Judicial Notice of Law and Facts under Rule 201 of the Federal Rules of Evidence and the Common Law as follows:

Debtor seeks that the Court take Judicial Notice of the Law & Facts in this case including all of the law and facts that can be derived from the Exhibits attached to the Debtor's Filing of 12-17-2018 consisting of Exhibit 1 with 12 Exhibits attached, followed by Exhibit 2-8 inclusive that are necessary for a proper adjudication of the Motion to Sell the Thomas Emerald in violation of the Notice Rules mandated by BK Code 363(b) as well as BK Rules 6004 and BK Rule 2002 as noted in Exhibit 3 of the 12-17-2018 filing pp.60-74 of 189.   The hearing for the sale of the Motion currently set for March 22nd 2018, must necessarily be continued in light of the filing of this Motion for Judicial Notice of Law & Facts in this matter.

# Rule 201. Judicial Notice of Adjudicative Facts

**(a)  Scope.**

This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

**(b)  Kinds of Facts That May Be Judicially Noticed.**

The court may judicially notice a fact that is not subject to reasonable dispute because it:

   **(1)** is generally known within the trial court's territorial jurisdiction; or

   **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

**(c)  Taking Notice.**

The court:

   **(1)** may take judicial notice on its own; or

   **(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information.

**(d)  Timing.**

The court may take judicial notice at any stage of the proceeding.

**(e)  Opportunity to Be Heard.**

On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

**(f)  Instructing the Jury.**

In a civil case, the court must instruct the jury to accept the noticed fact as conclusive. In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive.

**Notes**

(Pub. L. 93–595, §1, Jan. 2, 1975, 88 Stat. 1930; Apr. 26, 2011, eff. Dec. 1, 2011.)

**Notes of Advisory Committee on Proposed Rules**

*Subdivision (a).* This is the only evidence rule on the subject of judicial notice. It deals only with judicial notice of "adjudicative" facts. No rule deals with judicial notice of "legislative" facts. Judicial notice of matters of foreign law is treated in Rule 44.1 of the Federal Rules of Civil Procedure and Rule 26.1 of the Federal Rules of Criminal Procedure.

The omission of any treatment of legislative facts results from fundamental differences between adjudicative facts and legislative facts. Adjudicative facts are

- 2 -

simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body. The terminology was coined by Professor Kenneth Davis in his article An Approach to Problems of Evidence in the Administrative Process, 55 Harv.L.Rev. 364, 404–407 (1942). The following discussion draws extensively upon his writings. In addition, see the same author's Judicial Notice, 55 Colum.L. Rev. 945 (1955); Administrative Law Treatise, ch. 15 (1958); A System of Judicial Notice Based on Fairness and Convenience, in Perspectives of Law 69 (1964).

The usual method of establishing adjudicative facts in through the introduction of evidence, ordinarily consisting of the testimony of witnesses. If particular facts are outside of reasonable controversy, this process is dispensed with as unnecessary. A high degree of indisputability is the essential prerequisite.

Legislative facts are quite different. As Professor Davis says:

"My opinion is that judge-made law would stop growing if judges, in thinking about questions of law and policy, were forbidden to take into account the facts they believe, as distinguished from facts which are 'clearly * * * within the domain of the indisputable.' Facts most needed in thinking about difficult problems of law and policy have a way of being outside the domain of the clearly indisputable." A System of Judicial Notice Based on Fairness and Convenience, *supra*, at 82.

An illustration is *Hawkins v. United States*, 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958), in which the Court refused to discard the common law rule that one spouse could not testify against the other, saying, "Adverse testimony given in criminal proceedings would, we think, be likely to destroy almost any marriage." This conclusion has a large intermixture of fact, but the factual aspect is scarcely "indisputable." See Hutchins and Slesinger, Some Observations on the Law of Evidence—Family Relations, 13 Minn.L.Rev. 675 (1929). If the destructive effect of the giving of adverse testimony by a spouse is not indisputable, should the Court have refrained from considering it in the absence of supporting evidence?

"If the Model Code or the Uniform Rules had been applicable, the Court would have been barred from thinking about the essential factual ingredient of the problems before it, and such a result would be obviously intolerable. What the law needs as its growing points is more, not less, judicial thinking about the factual ingredients of problems of what the law ought to be, and the needed facts are seldom 'clearly' indisputable." Davis, *supra*, at 83.

"Professor Morgan gave the following description of the methodology of determining domestic law:

"In determining the content or applicability of a rule of domestic law, the judge is unrestricted in his investigation and conclusion. He may reject the propositions of either party or of both parties. He may consult the sources of pertinent data to which they refer, or he may refuse to do so. He may make an independent search for persuasive data or rest content with what he has or what the parties present. * * * [T]he parties do no more than to assist; they control no part of the process." Morgan, Judicial Notice, 57

Harv.L.Rev. 269, 270–271 (1944).

This is the view which should govern judicial access to legislative facts. It renders inappropriate any limitation in the form of indisputability, any formal requirements of notice other than those already inherent in affording opportunity to hear and be heard and exchanging briefs, and any requirement of formal findings at any level. It should, however, leave open the possibility of introducing evidence through regular channels in appropriate situations. See *Borden's Farm Products Co. v. Baldwin*, 293 U.S. 194, 55 S.Ct. 187, 79 L.Ed. 281 (1934), where the cause was remanded for the taking of evidence as to the economic conditions and trade practices underlying the New York Milk Control Law.

Similar considerations govern the judicial use of nonadjudicative facts in ways other than formulating laws and rules. Thayer described them as a part of the judicial reasoning process.

"In conducting a process of judicial reasoning, as of other reasoning, not a step can be taken without assuming something which has not been proved; and the capacity to do this with competent judgement and efficiency, is imputed to judges and juries as part of their necessary mental outfit." Thayer, Preliminary Treatise on Evidence 279–280 (1898).

As Professor Davis points out, A System of Judicial Notice Based on Fairness and Convenience, in Perspectives of Law 69, 73 (1964), every case involves the use of hundreds or thousands of non-evidence facts. When a witness in an automobile accident case says "car," everyone, judge and jury included, furnishes, from non-evidence sources within himself, the supplementing information that the "car" is an automobile, not a railroad car, that it is self-propelled, probably by an internal combustion engine, that it may be assumed to have four wheels with pneumatic rubber tires, and so on. The judicial process cannot construct every case from scratch, like Descartes creating a world based on the postulate *Cogito, ergo sum*. These items could not possibly be introduced into evidence, and no one suggests that they be. Nor are they appropriate subjects for any formalized treatment of judicial notice of facts. See Levin and Levy, Persuading the Jury with Facts Not in Evidence: The Fiction-Science Spectrum, 105 U.Pa.L.Rev. 139 (1956).

Another aspect of what Thayer had in mind is the use of non-evidence facts to appraise or assess the adjudicative facts of the case. Pairs of cases from two jurisdictions illustrate this use and also the difference between non-evidence facts thus used and adjudicative facts. In *People v. Strook*, 347 Ill. 460, 179 N.E. 821 (1932), venue in Cook County had been held not established by testimony that the crime was committed at 7956 South Chicago Avenue, since judicial notice would not be taken that the address was in Chicago. However, the same court subsequently ruled that venue in Cook County was established by testimony that a crime occurred at 8900 South Anthony Avenue, since notice would be taken of the common practice of omitting the name of the city when speaking of local addresses, and the witness was testifying in Chicago. *People v. Pride*, 16 Ill.2d 82, 156 N.E.2d 551 (1951). And in *Hughes v. Vestal*, 264 N.C. 500, 142 S.E.2d 361 (1965), the Supreme Court of North Carolina disapproved the trial judge's admission in evidence of a state-published table of

automobile stopping distances on the basis of judicial notice, though the court itself had referred to the same table in an earlier case in a "rhetorical and illustrative" way in determining that the defendant could not have stopped her car in time to avoid striking a child who suddenly appeared in the highway and that a non-suit was properly granted. *Ennis v. Dupree*, 262 N.C. 224, 136 S.E.2d 702 (1964). See also *Brown v. Hale*, 263 N.C. 176, 139 S.E.2d 210 (1964); *Clayton v. Rimmer*, 262 N.C. 302, 136 S.E.2d 562 (1964). It is apparent that this use of non-evidence facts in evaluating the adjudicative facts of the case is not an appropriate subject for a formalized judicial notice treatment.

In view of these considerations, the regulation of judicial notice of facts by the present rule extends only to adjudicative facts.

What, then, are "adjudicative" facts? Davis refers to them as those "which relate to the parties," or more fully:

"When a court or an agency finds facts concerning the immediate parties—who did what, where, when, how, and with what motive or intent—the court or agency is performing an adjudicative function, and the facts are conveniently called adjudicative facts. * * *

"Stated in other terms, the adjudicative facts are those to which the law is applied in the process of adjudication. They are the facts that normally go to the jury in a jury case. They relate to the parties, their activities, their properties, their businesses." 2 Administrative Law Treatise 353.

*Subdivision (b)*. With respect to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the matter be beyond reasonable controversy. This tradition of circumspection appears to be soundly based, and no reason to depart from it is apparent. As Professor Davis says:

"The reason we use trial-type procedure, I think, is that we make the practical judgement, on the basis of experience, that taking evidence, subject to cross-examination and rebuttal, is the best way to resolve controversies involving disputes of adjudicative facts, that is, facts pertaining to the parties. The reason we require a determination on the record is that we think fair procedure in resolving disputes of adjudicative facts calls for giving each party a chance to meet in the appropriate fashion the facts that come to the tribunal's attention, and the appropriate fashion for meeting disputed adjudicative facts includes rebuttal evidence, cross-examination, usually confrontation, and argument (either written or oral or both). The key to a fair trial is opportunity to use the appropriate weapons (rebuttal evidence, cross-examination, and argument) to meet adverse materials that come to the tribunal's attention." A System of Judicial Notice Based on Fairness and Convenience, in Perspectives of Law 69, 93 (1964).

The rule proceeds upon the theory that these considerations call for dispensing with traditional methods of proof only in clear cases. Compare Professor Davis' conclusion that judicial notice should be a matter of convenience, subject to requirements of procedural fairness. *Id.*, 94.

This rule is consistent with Uniform Rule 9(1) and (2) which limit judicial notice of facts to those "so universally known that they cannot reasonably be the subject of dispute," those "so generally known or of such common notoriety within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute," and those "capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy." The traditional textbook treatment has included these general categories (matters of common knowledge, facts capable of verification), McCormick §§324, 325, and then has passed on into detailed treatment of such specific topics as facts relating to the personnel and records of the court, *Id.* §327, and other governmental facts, *Id.* §328. The California draftsmen, with a background of detailed statutory regulation of judicial notice, followed a somewhat similar pattern. California Evidence Code §§451, 452. The Uniform Rules, however, were drafted on the theory that these particular matters are included within the general categories and need no specific mention. This approach is followed in the present rule.

The phrase "propositions of generalized knowledge," found in Uniform Rule 9(1) and (2) is not included in the present rule. It was, it is believed, originally included in Model Code Rules 801 and 802 primarily in order to afford some minimum recognition to the right of the judge in his "legislative" capacity (not acting as the trier of fact) to take judicial notice of very limited categories of generalized knowledge. The limitations thus imposed have been discarded herein as undesirable, unworkable, and contrary to existing practice. What is left, then, to be considered, is the status of a "proposition of generalized knowledge" as an "adjudicative" fact to be noticed judicially and communicated by the judge to the jury. Thus viewed, it is considered to be lacking practical significance. While judges use judicial notice of "propositions of generalized knowledge" in a variety of situations: determining the validity and meaning of statutes, formulating common law rules, deciding whether evidence should be admitted, assessing the sufficiency and effect of evidence, all are essentially nonadjudicative in nature. When judicial notice is seen as a significant vehicle for progress in the law, these are the areas involved, particularly in developing fields of scientific knowledge. See McCormick 712. It is not believed that judges now instruct juries as to "propositions of generalized knowledge" derived from encyclopedias or other sources, or that they are likely to do so, or, indeed, that it is desirable that they do so. There is a vast difference between ruling on the basis of judicial notice that radar evidence of speed is admissible and explaining to the jury its principles and degree of accuracy, or between using a table of stopping distances of automobiles at various speeds in a judicial evaluation of testimony and telling the jury its precise application in the case. For cases raising doubt as to the propriety of the use of medical texts by lay triers of fact in passing on disability claims in administrative proceedings, see *Sayers v. Gardner*, 380 F.2d 940 (6th Cir. 1967); *Ross v. Gardner*, 365 F.2d 554 (6th Cir. 1966); *Sosna v. Celebrezze*, 234 F.Supp. 289 (E.D.Pa. 1964); *Glendenning v. Ribicoff*, 213 F.Supp. 301 (W.D.Mo. 1962).

*Subdivisions (c) and (d).* Under subdivision (c) the judge has a discretionary authority to take judicial notice, regardless of whether he is so requested by a party. The taking of judicial notice is mandatory, under subdivision (d), only when a party requests it and the necessary information is supplied. This scheme is believed to reflect existing practice. It is simple and workable. It avoids troublesome distinctions in the many

situations in which the process of taking judicial notice is not recognized as such.

Compare Uniform Rule 9 making judicial notice of facts universally known mandatory without request, and making judicial notice of facts generally known in the jurisdiction or capable of determination by resort to accurate sources discretionary in the absence of request but mandatory if request is made and the information furnished. But see Uniform Rule 10(3), which directs the judge to decline to take judicial notice if available information fails to convince him that the matter falls clearly within Uniform Rule 9 or is insufficient to enable him to notice it judicially. Substantially the same approach is found in California Evidence Code §§451–453 and in New Jersey Evidence Rule 9. In contrast, the present rule treats alike all adjudicative facts which are subject to judicial notice.

*Subdivision (e)*. Basic considerations of procedural fairness demand an opportunity to be heard on the propriety of taking judicial notice and the tenor of the matter noticed. The rule requires the granting of that opportunity upon request. No formal scheme of giving notice is provided. An adversely affected party may learn in advance that judicial notice is in contemplation, either by virtue of being served with a copy of a request by another party under subdivision (d) that judicial notice be taken, or through an advance indication by the judge. Or he may have no advance notice at all. The likelihood of the latter is enhanced by the frequent failure to recognize judicial notice as such. And in the absence of advance notice, a request made after the fact could not in fairness be considered untimely. See the provision for hearing on timely request in the Administrative Procedure Act, 5 U.S.C. §556(e). See also Revised Model State Administrative Procedure Act (1961), 9C U.L.A. §10(4) (Supp. 1967).

*Subdivision (f)*. In accord with the usual view, judicial notice may be taken at any stage of the proceedings, whether in the trial court or on appeal. Uniform Rule 12; California Evidence Code §459; Kansas Rules of Evidence §60–412; New Jersey Evidence Rule 12; McCormick §330, p. 712.

*Subdivision (g)*. Much of the controversy about judicial notice has centered upon the question whether evidence should be admitted in disproof of facts of which judicial notice is taken.

The writers have been divided. Favoring admissibility are Thayer, Preliminary Treatise on Evidence 308 (1898); 9 Wigmore §2567; Davis, A System of Judicial Notice Based on Fairness and Convenience, in Perspectives of Law, 69, 76–77 (1964). Opposing admissibility are Keeffe, Landis and Shaad, Sense and Nonsense about Judicial Notice, 2 Stan.L.Rev. 664, 668 (1950); McNaughton, Judicial Notice—Excerpts Relating to the Morgan-Whitmore Controversy, 14 Vand.L.Rev. 779 (1961); Morgan, Judicial Notice, 57 Harv.L.Rev. 269, 279 (1944); McCormick 710–711. The Model Code and the Uniform Rules are predicated upon indisputability of judicially noticed facts.

The proponents of admitting evidence in disproof have concentrated largely upon legislative facts. Since the present rule deals only with judicial notice of adjudicative facts, arguments directed to legislative facts lose their relevancy.

Within its relatively narrow area of adjudicative facts, the rule contemplates there is to be no evidence before the jury in disproof. The judge instructs the jury to take judicially

noticed facts as established. This position is justified by the undesirable effects of the opposite rule in limiting the rebutting party, though not his opponent, to admissible evidence, in defeating the reasons for judicial notice, and in affecting the substantive law to an extent and in ways largely unforeseeable. Ample protection and flexibility are afforded by the broad provision for opportunity to be heard on request, set forth in subdivision (e).

*Note on Judicial Notice of Law*. By rules effective July 1, 1966, the method of invoking the law of a foreign country is covered elsewhere. Rule 44.1 of the Federal Rules of Civil Procedure; Rule 26.1 of the Federal Rules of Criminal Procedure. These two new admirably designed rules are founded upon the assumption that the manner in which law is fed into the judicial process is never a proper concern of the rules of evidence but rather of the rules of procedure. The Advisory Committee on Evidence, believing that this assumption is entirely correct, proposes no evidence rule with respect to judicial notice of law, and suggests that those matters of law which, in addition to foreign-country law, have traditionally been treated as requiring pleading and proof and more recently as the subject of judicial notice be left to the Rules of Civil and Criminal Procedure.

**Notes of Committee on the Judiciary, House Report No. 93–650**

Rule 201(g) as received from the Supreme Court provided that when judicial notice of a fact is taken, the court shall instruct the jury to accept that fact as established. Being of the view that mandatory instruction to a jury in a criminal case to accept as conclusive any fact judicially noticed is inappropriate because contrary to the spirit of the Sixth Amendment right to a jury trial, the Committee adopted the 1969 Advisory Committee draft of this subsection, allowing a mandatory instruction in civil actions and proceedings and a discretionary instruction in criminal cases.

Here, the Debtor seeks judicial notice that the laws requiring notice and a hearing **before** the sale of Estate assets under Bankrutpcy Code Section 363(b), and Bankruptcy Rules 6004 and 2002 have not been complied with.  Since the facts are beyond dispute and have been provided to this Court, and the opposing parties, the taking of Judicial Notice is mandatory under Rule 201 c)(2) (former Rule 201(d). It is clear from an inspection of the docket/register of actions, that the notice that was required to be mailed by the clerk of the Court prior to the proposed sale that took place by auction between October 31st 2018 and November 15th 2018 resulting in a fraudulent

1  and collusive sale to KT Properties/Kenmark Ventures LLC insider and executive
2  Jennifer Jodoin is void on its' face and must be set aside.

4  Dated: March 15th 2019.                    Respectfully submitted,

                                              *Tony Thomas* (signature)
                                              Anthony G. Thomas
                                              Debtor In Propria Persona.

# CERTIFICATE OF SERVICE

I Paul S. Mula Jr. certify that I am an adult, over the age of 18 years, not a party to the action herein who resides in Santa Clara County, California. I caused to be served the following documents via e-mail to the following persons as listed below from my e-mail address of pauly_p_78@yahoo.com as follows:

DOCUMENTS SERVED:

1. OPPOSITION TO SALE OF EMERALD
2. DECLARATION OF ANTHONY THOMAS IN OPPOSITION TO SALE & IN SUPPORT OF MOTION FOR JUDICIAL NOTICE
3. DECLARATION OF PAUL S. MULA IN OPPOSITION TO SALE
4. NOTICE OF MOTION TAKING JUDICIAL NOTICE OF LAW & FACTS
5. [PROPOSED] ORDER RE: MOTION FOR JUDICIAL NOTICE

as follows:

JEFFREY A. COGAN
jeffrey@jeffreycogan.com, beautausinga@gmail.com, beau@jeffreycogan.com

JERI COPPA-KNUDSON VIA E-MAIL & US MAIL: 3495 Lakeside PMB 62 Dr. Reno, NV 89509
renobktrustee@gmail.com, jcoppaknudson@ecf.episystems.com

KEVIN A. DARBY
kad@darbylawpractice.com, tricia@darbylawpractice.com, jill@darbylawpractice.com, hersh@darbylawpractice.com, sam@darbylawpractice.com

JEFFREY L. HARTMAN VIA E-MAIL & US MAIL: 510 W. Plumb Lane Suite B Reno, NV 89509
notices@bankruptcyreno.com, sji@bankruptcyreno.com

TIMOTHY A. LUCAS
ecflukast@hollandhart.com

LAURY MILES MACAULEY
laury@macauleylawgroup.com

WILLIAM MCGRANE
ECF-8116edf28c97@ecf.pacerpro.com, mitch.chyette@mcgranellp.com

STEPHANIE T. SHARP
ssharp@rssblaw.com, cobrien@rssblaw.com

WAYNE A. SILVER
w_silver@sbcglobal.net, ws@waynesilverlaw.com

ALAN R. SMITH
mail@asmithlaw.com

STEVEN C. SMITH
ssmith@smith-lc.com, mbrandt@smith-lc.com

AMY N. TIRRE
amy@amytirrelaw.com, admin@amytirrelaw.com

U.S. TRUSTEE - RN - 7,7
USTPRegion17.RE.ECF@usdoj.gov

JOSEPH G. WENT
jgwent@hollandhart.com, vllarsen@hollandhart.com

I declare under penalty of perjury that the foregoing is true and correct.

Dated:    March 15 2019.

Paul S. Mula Jr.

DECLARATION OF ANTHONY G. THOMAS IN OPPOSITION TO SALE OF EMERALD AND IN SUPPORT OF MOTION FOR JUDICIAL NOTICE