Anthony G. Thomas
7725 Peavine Peak Court
Reno, NV, 84523
Tel: (908) 640-2795
E-mail: atemerald@gmail.com
Debtor in Proppia Persona

RECEIVED
AND FILED

2019 MAR 22  AM 10: 20

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

In RE:
Anthony Thomas and
Wendi Thomas
A.T. Emerald LLC
    Debtors.

United States Bankruptcy Court
District of Nevada - Reno

Case NO. BK-N-14-50333-BTB

Case NO. BK-N-14-50331-BTB
(Jointly Administered)

Chapter    7

Notice of Motion For Recusal ~~Judicial~~
~~Notice of Law &~~
Due to attached Civil litigation.
Case NO. CV-19-1480
Against Honorable Bruce Beesley
for conflict of intrest.
March 22, 2019

Date: _____

To the honorable Judge Beesly,

This is a request for recusal because of a conflict of intrest due to the lawsuit that was filed: CV-19-1480 in the United States District Court. I am also requesting that Jeri Coppa-Knudson and Jeffery L. Hartman recuse themselves, due to the conflict of intrest of this attached civil litigation.

Tony Thomas

X Tony Thomas

March 22, 2019

ADR

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California ☑

E-FILING

Anthony G. Thomas, individually, and on behalf of the
General Public acting as a Private Attorney General,

*Plaintiff(s)*

v.

Bruce T. Beesley, Mrs. Beesley, Jeffrey L. Hartman,
Mrs. Hartman, Jeri Coppa-Knudson, Ken Tersini, Mrs.
K. Tersini, Mark Tersini, Mrs. M. Tersini, Jennifer
Jodoin, Mr. Jodoin, Wayne Silver, Mrs. Silver,
Kenmark Ventures, LLC, Steven Stremmel, Mrs. S. Stremmel,
Hudson Stremmel, and *Defendant(s)* DOES 1-1000, inclusive.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

CV 19 1480

JSW

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Bruce T. Beesley, Mrs. Beesley, Jeffrey L. Hartman,
Mrs. Hartman, Jeri Coppa-Knudson, Ken Tersini, Mrs. K. Tersini,
Mark Tersini, Mrs. M. Tersini, Jennifer Jodoin, Mr. Jodoin, Wayne Silver,
Mrs. Silver, Kenmark Ventures, LLC, Steven Stremmel, Mrs. S. Stremmel

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:   Mr. Anthony G. Thomas
7725 Peavine Peak Court
Reno, NV  89523
Tel: (408) 640-2795
E-mail: atemerald2@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

*CLERK OF COURT*

Betty J. Walton

Date: MAR 2 1 2019 _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

JS-CAND 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
*Anthony Thomas*

**(b)** County of Residence of First Listed Plaintiff *(EXCEPT IN U.S. PLAINTIFF CASES)*
*Washoe County, Nevada*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
*in pro se*

## DEFENDANTS
*Bruce T. Beesley, et al*
*(see attached)*

County of Residence of First Listed Defendant *(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ADR

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1  U.S. Government Plaintiff

2  U.S. Government Defendant

3  Federal Question *(U.S. Government Not a Party)*   **X**

4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

E-FILING

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

CV 19 1480

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment Of Veteran's Benefits
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury -Medical Malpractice

*PERSONAL INJURY*
- 365 Personal Injury – Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights **X**
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities– Employment
- 446 Amer. w/Disabilities–Other
- 448 Education

**PRISONER PETITIONS**

*HABEAS CORPUS*
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

*OTHER*
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee– Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC § 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC § 158
- 423 Withdrawal 28 USC § 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent–Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS–Third Party 26 USC § 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC § 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced & Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

1  Original Proceeding **X**

2  Removed from State Court

3  Remanded from Appellate Court

4  Reinstated or Reopened

5  Transferred from Another District *(specify)*

6  Multidistrict Litigation–Transfer

8  Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
*42 USC § 1983 – 5th Amendment & 14th Amendment*

Brief description of cause:
*and due process /equal protection violations*

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.

DEMAND $ *$900 million*

CHECK YES only if demanded in complaint:

JURY DEMAND:  **X** Yes   No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*

JUDGE *Beesley*

DOCKET NUMBER *BK-N-14 50333 BTB*
*BK-N-14 50331 BTB*

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*

SAN FRANCISCO/OAKLAND      SAN JOSE **X**      EUREKA-MCKINLEYVILLE

DATE *3-21-2019*      SIGNATURE OF ATTORNEY OF RECORD   *Tony Thomas*

**Defendants:**

Bruce T. Beeslay

Mrs. Beesley

Jeffrey L. Hartman

Mrs. Hartman

Jeri Coppa-Knudson

Ken Tersini

Mrs. K. Tersini

Mark Tersini

Mrs. M. Tersini

Jennifer Jodoin

Mr. Jodoin

Wayne Silver

Mrs. Silver

Kenmark Ventures, LLC

Steven Stremmel

Mrs. S. Stremmel

ORIGINAL FILED

MAR 21 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY G THOMAS,

           Plaintiff,

      v.

BRUCE T. BEESLEY, et al.,

           Defendants.

Case No.  19-cv-01480-JSW

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Jeffrey S. White. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at http://www.cand.uscourts.gov/adr.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

**CASE SCHEDULE – ADR MULTI-OPTION PROGRAM**

United States District Court
Northern District of California

United States District Court
Northern District of California

| Date | Event | Governing Rule |
|------|-------|----------------|
| 3/21/2019 | Complaint Filed | |
| 5/31/2019 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) &<br>ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(b) &<br>ADR L.R. 3-5(b) |
| 6/14/2019 | **Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per Standing Order re Contents of Joint Case Management Statement<br><br>(also available at  http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil  L.R . 16-9 |
| 6/21/2019 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) at 11:00 AM in:<br><br>Courtroom 5, 2nd Floor<br>Ronald Dellums Federal Building<br>1301 Clay Street<br>Oakland, CA 94612 | Civil L.R . 16-10 |

* If the Initial Case Management Conference is continued, unless otherwise ordered this deadline  is continued to 21 days in advance of the Initial Case Management Conference.

** If the Initial Case Management Conference is continued, unless otherwise ordered this deadline is continued to 7 days in advance of the Initial Case Management Conference.

ADR

FILED

E-FILING

UNITED STATES DISTRICT COURT

MAR 21 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

NORTHERN DISTRICT OF CALIFORNIA

*Anthony Thomas*

        Plaintiff(s),

    vs.

*Bruce T. Beesley, Et Al*

        Defendant(s).

No. C

CV 19 1480

CLERK'S NOTICE:
CONSENT OR DECLINATION TO
MAGISTRATE JUDGE JURISDICTION

INSTRUCTIONS: Please indicate below by checking one of the two boxes whether you (if you are the party) or the party you represent (if you are an attorney in the case) choose(s) to consent or decline magistrate judge jurisdiction in this matter. Sign this form below your selection.

( )    <u>Consent</u> to Magistrate Judge Jurisdiction

        In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily <u>consent</u> to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. I understand that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

OR

(X)    <u>Decline</u> Magistrate Judge Jurisdiction

        In accordance with the provisions of 28 U.S.C. § 636(c), I <u>decline</u> to have a United States magistrate judge conduct all further proceedings in this case and I hereby request that this case be reassigned to a United States district judge.

DATE:    *3/21/19*

NAME:    *Anthony Thomas*

COUNSEL FOR
(OR "PRO SE"):    *in pro se*

            *x Tony Thomas*
                    Signature

Anthony Thomas, in pro per
7725 Peavine Pearly    Request for Emergency ORIGINAL FILED 3/21/19
Reno, Nv.    STAY....    2:52 pm

MAR 21 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

CASE # RV 19    JSW

Petitioner / Plantiff Mr. Anthony Thomas
respectfully requests this honorable Court
assigned from the Clerks Office, San Jose, Ca.
to issue on emergency stay of the Court
Confirmation Hearing of the corrupted auction process
w/out proper Notification alleged in these
pleadings whereby a large uncut emerald
22,000 carats, over 60 lbs in weight and appraised
by a world famous gemologist, James Lytle,
at over $200 million US dollars has been
auctioned in conspiratorial fraud for $21,000.
in cases # BK-N-14-50333 BTB
         BK-N-14- 50331 BTB the judge Bruce T Beasley
presiding and is the lead defendant in this lawsuit
alleging $900 million in damages.
         the Court Confirmation Hearing is

Scheduled on calendar in Reno, Nevada
300 Booth St. United States Bankruptcy Court
Room 309
at 10:00Am on 3/22/19 tomorrow!!

Judge Beesley must recuse himself.
the confirmation of this purposeful
knowing and illegal fraud on the Court
must go No further.

It is on your desk and your
Petitioner prays for a stay of 60-90 days
to sort out this matter and resolve the
claims, I allege, as the true owner of
this the ~~Thomas~~ emerald.

I swear under penalty of perjury
of the laws of California and Nevada that
all of the above is true.

Date: 3/21/19                    X Tony Thomas
                                    Anthony Thomas
                                    Plantiff
                                    Case #

Pg. 2 of 2

subject of litigation where fraud was perpetrated by several of the Defendants who took advantage of Mr. Thomas's mental infirmity dyslexia In procuring a $5 million judgment by committing fraud on the Court in the Santa Clara County Superior Court case entitled <u>Kenmark Ventures v. Thomas</u> filed in 2008 in Case Number: 1-08-CV-130677.  Mr. Thomas is a Dependent Adult suffering from Dyslexia as defined in California's Elder Abuse Law as codified and defined at California's Welfare & Institutions Code Section 15610.23(a)

2.    Plaintiff intends to file a Motion for Judicial Notice of Law & Facts in support of a Motion to Vacate the Judgment procured inter alia by Fraud Upon the Court in the Santa Clara County Superior Court, but has been unable to do so until now, due to the non-stop litigation barrage that he has been subjected to since the U.S. Trustee filed an illegal Turnover Motion on 7-5-2018 in the U.S. Bankruptcy Court District of Nevada - Reno, NV BK Case Number 14-BK-50333-BTB, before the Hon. Bruce T. Beesley, the lead Defendant in this Case.

3.    The main cause of action in this lawsuit is a Bivens Civil Rights Claim against Mr. Beesley in his individual capacity for violation of Constitutional Rights, pursuant to the principles enunciated by the U.S. Supreme Court in the 1971 landmark <u>Bivens v. Six Unknown Named Agents</u> (1971) 403 U.S. 388.

4.    Defendant Bruce T. Beesley, is a U.S. Bankruptcy Judge in Reno, NV, and is sued herein in his personal capacity under the <u>Bivens</u> doctrine for deprivation and violations of Plaintiff Anthony G. Thomas's Due Process and other civil rights

5.    Attached to this lawsuit as Exhibits 1-12 are true and correct copies of transcripts of hearings before Judge Beesley in the above-captioned Bankruptcy cases that document the litany of civil rights violations committed by Judge Beesley, including but not limited to:

1.    Judge Beesley's refusal to allow a 2 week continuance to allow for Mr. Thomas to obtain legal counsel, just prior to converting Mr. Thomas's Bankruptcy case from Chapter 11 (reorganization), to Chapter 7 (Liquidation) in violation of the principles enunciated by the U.S. Supreme Court in <u>Powell v. Alabama</u> (1932) 287 U.S. 45 and in violation of the established rule that a corporation or LLC can only appear in Federal or Bankruptcy Court by licensed legal counsel.  The actions of the Judge in this regard render the Order for Conversion void on the face of the record, and thus subject to a Rule 60(b)(4)

- 2 -

Motion to Vacate without any time limitations.

2. Judge Beesley's illegal selling of the California Law Firm's malpractice claim that had defrauded Mr. Thomas of his entire $150K retainer

3. Judge Beesley's outrageous conduct in forcing Mr. Thomas to reveal his bank balance in the middle of the bidding process from money that Mr. Thomas had allocated for his handwriting expert

4. Selling the Bahia Emerald for zero dollars from the thieves who had stolen the Bahia Emerald from him, and below the bid that Thomas had offered.

5. Judge Beesley's legal sanction and cover for the illegal theft and takeover of the Portola Property by the U.S. Trustee and her attorney without a Court Order.

6. The Judge's refusal to perform his ministerial duties in taking Judicial Notice of the Law & Facts in Opposition to the Turnover Motion in Violation of his mandatory Ministerial Duty under Federal Rule of Evidence 201

7. The Judge refusing to take Judicial Notice of California Law regarding conveyance of Real Estate by Deed and falsely stating that an unrecorded conveyance is void under California law, despite being presented with 4 California cases establishing the law to the contrary.

8. Engaging in acts constituting pervasive bias against Mr. Thomas

9. Depriving Mr. Thomas of his substantive and procedural Due Process Rights.

10. Deprivation of Mr. Thomas's rights as a disabled person suffering from dyslexia by refusing to accord him reasonable accommodations as mandated by the Americans with Disabilities Act

11. Engaging in Conduct constituting the deprivation of Mr. Thomas's rights to Equal Protection under the law.

12. Ordering Mr. Thomas not to file any additional pleadings in the Bankruptcy case on several occasions constituting an interference with Mr. Thomas's First Amendment Rights to Petition the Government for the Redress of Grievances.

13. Deprivation of Mr. Thomas's 5th & 14th Amendment Due Process Rights

14. Other Constitutional and Civil Rights Violations to be pleaded in an amended pleading based upon proof.

6.    Defendant Mrs. Beesley is sued as an individual spouse of Mr. Beesley who is liable for the tortious acts of her husband Mr. Bruce T. Beesley.

7.    Defendant Jeffrey L. Hartman is an individual residing in Washoe County, NV

CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF

and is a licensed member of the Nevada State Bar as well as the U.S. District Court for the District of Nevada and the U.S. Bankruptcy Court for the District of Nevada.

8.    Defendant Mrs. Hartman is the spouse of Defendant Jeffrey L. Hartman and is liable for the acts of her husband Mr. Hartman.

9.    Defendant Jeri Coppa-Knudson is an individual resident of Washoe County Nevada and is sued herein in her individual capacity as well as in her capacity as U.S. Trustee.

10.    Defendant Ken Tersini is an individual and is a principal in the Tersini group of companies including Defendant Kenmark Ventures, LLC and KT Construction.  Mr. Tersini at all times relevant to this complaint was and is a resident of Santa Clara County, California, doing business from his Cupertino, CA offices.  Plaintiff believes and thereon alleges that Mr. Ken Tersini is the mastermind behind the scheme and conspiracy to deprive Mr. Thomas of his constitutional rights and is the one behind the corruption of the judicial machinery and the commission of multiple fraud upon the Court and procuring the underlying judgment inter alia by fraud on the Court.

11.    Defendant Mrs. K. Tersini is an individual resident of Santa Clara County, California and is the spouse of Defendant Ken Tersini and is liable for the acts of her spouse Defendant Ken Tersini under the provisions of California's Family Code Section 1500.

12.    Defendant Jennifer Jodoin is an individual resident of Santa Clara County, California and is a principal and executive with the Tersini group of companies, including KT Properties, KT Urban and Kenmark Ventures, LLC.  She has worked for the Tersini brothers since 2000, and is also the personal notary for Defendant Ken Tersini, operating her notary license from Mr. Tersini's Cupertino, CA business address.

13.    Defendant Mr. Jodoin is an individual resident of Santa Clara County, California and is the spouse of Defendant Jennifer Jodoin and is liable for the acts of his spouse under the provisions of California's Family Code Section 1500.

14.    Defendant Wayne Silver is an individual resident of Santa Clara County, California, and has acted as a licensed attorney engaged in the deprivation of Plaintiff Mr. Thomas's Constitutional Rights.

- 4 -

15.    Defendant Mrs. Silver is an individual resident of Santa Clara County, California and is the spouse of Defendant Wayne Silver and is liable for the acts of her spouse under California's Family Law Section 1500.

16.    Defendant Kenmark Ventures LLC was at all times relevant to this Complaint, a limited liability company organized under the laws of the State of California and the alter ego of Defendants Mark and Ken Tersini.  Kenmark Ventures LLC's principal place of business is located in Santa Clara County, California.

17.    Defendant Stremmel Auctions, LLC is a Nevada limited liability company whose principal place of business is located in Washoe County, Nevada.  Stremmel Auctions has actively participated in the collusive bidding and auction and illegal attempt to sell the Thomas Emerald without compliance with the pre-sale notice requirements of the Bankruptcy law, and has submitted perjured declarations regarding the attempted sale by auction of the Thomas Emerald.

18.    Defendant Steve Stremmel is an individual and principal of Stremmel Auctions LLC and at all times relevant to this Complaint was and is a resident of Washoe County, NV.

19.    Defendant Mrs. Stremmel is an individual and spouse of Defendant Steve Stremmel and is liable for the actions and conduct of her spouse Defendant Steve Stremmel.

20.    Defendant Hudson Stremmel is an individual and resident of Washoe County NV, and is the son of Defendants Steve Stremmel and Mrs. Stremmel.

21.    Defendant Amy Tierre is an individual and resident of Washoe County, NV and is an attorney engaged in the conspiracy to deprive Plaintiff Anthony Thomas of his civil and constitutional rights.

JURISDICTION

22.    Jurisdiction is proper before this Court because it involves a federal right.  State Claims are valid under the exercise of the Federal Court's Pendent Jurisdiction.

VENUE

23.    Venue is appropriate in this Court because a substantial part of the events that are being sued upon originated from and occurred in this District.

- 5 -

CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF

24.    A substantial number of the Defendants live in and conduct business in this District.

## INTRA DISTRICT ASSIGNMENT

25.    Because a significant number of the facts arose in Santa Clara County, it should be assigned to the San Jose Division of this Court.

## INTRODUCTION

26.    This is a lawsuit arising from facts that culminated in a lawsuit filed in December of 2008 in the Santa Clara County Superior Court entitled  Kenmark Ventures v. Thomas Case No. 08-CV-1arising from a $6 million investment that was made by Kenmark Ventures LLC, whose principals include the Defendants Mark Tersini, his brother Ken Tersini, and the Tersini group of companies private notary Jennifer Jodoin, who in their most recent fraud upon the Court have corrupted the judicial process in their illegal attempt to buy the Thomas Emerald in express violation of the Notice requirements mandated by Section 363(b) of the U.S. Bankruptcy Code as well as Rules 6004 and 2002 of the U.S. Bankruptcy Rules that require at least 21 days Notice to be mailed by the Clerk of the Court to all creditors.

27.    In a corruption free America that all Americans believe in, the America that is enshrined in the rule of law, the Declaration of Independence and the Bill of Rights and the Constitution, it would be inconceivable for a U.S. Trustee and her attorney, a licensed member of the State Bar of Nevada and a member of the bar of the U.S. District Court for the District of Nevada as well as the U.S. Bankruptcy Court, to blatantly attempt to sell estate assets without complying with the proper notice requirements as mandated by the U.S. Bankruptcy Code Section 363(b) that permits the sale of Estate assets, only after notice of a proposed sale or use PRIOR to sale, governed by Rules 6004 and Rule 2002, that mandates that Notice of such a proposed lease or sale be mailed BY THE CLERK OF THE COURT at least 21 days prior to the proposed use or sale.

28.    A simple inspection of the Docket/Register of Actions conclusively shows that there is no such Proof of Service by the Clerk of the Court anywhere on the docket from

- 6 -

CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF

1  October of 2017 when Stremmel Auctions was ordered employed by this Court to the present,
2  thereby rendering any purported sale of the Emerald to be void on its' face and illegal on the
3  face of the record. Not more than 15 minutes of time is needed by anyone to print out and
4  review the docket/register of actions and determine conclusively that the notice rules governing
5  the sale of Estate assets prior to sale have not been complied with.

6      29.    Yet the Plaintiff Mr. Anthony Thomas appears to be living in a parallel universe
7  that we can call Beesleyland, where the rule of law, due process and adherence to the Bill of
8  Rights and the U.S. Constitution does not exist, where the Trustee and her attorney can more
9  than 3 ½ years after disclosure of the transfer of real estate by deed to one's parents can find
10  out one morning that the Trustee and her attorney have crossed state lines, broken and
11  entered into the debtor's parents homes, illegally changed the locks, obtained title insurance by
12  concealing the facts regarding the transfer of the property disclosed at the 341 meeting of
13  creditors by lying to the Court falsely claiming that the Debtors concealed the asset from the
14  Court and were illegally either living there or renting out the property and concealing the rental
15  income from the Trustee all doing so in express violation of the Turnover Law that only permits
16  the use of such procedure when there is no dispute over title, as there clearly was here.

17      30.    The illegal conduct is then ratified by Judge Beesley, who refuses to perform his
18  ministerial duty, in refusing to take Judicial notice of the California law of Transfer by Deed
19  based upon the Common law of England that California adopted by legislative enactment in
20  1850[1], all the while continuing to falsely claim on the record despite the California Case law in
21  front of him to the contrary that he refuses to take judicial notice of, and continues to falsely
22  claim that failure to record a conveyance by Deed renders that conveyance void under
23  California law, without a shred of evidence or citation to support this false claim.

24      31.    Allowing a Judge to be able to falsely state the law, and believe that he has the
25  power to deprive enshrined property rights of California citizens is a plain usurpation of power
26  and is a form of oppression and tyranny that is antithetical to the beliefs that are the

28  [1] Stats 1850 ch. 95 p. 218 (CA Civil Code Section 22.2)

CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF

1  foundation of the American republic.

2      32.    The attached law review article, that constitutes part of the unwritten law as

3  defined in CCP 1899, traces the history of the 42 U.S.C. 1983 Civil Rights litigation to the

4  enactment of the Anti-Ku Klux Klan Act of 1871 and contains a very relevant discussion of the

5  lack of judicial immunity for judges that deprive a litigant of their constitutional rights.

6  DECLARATORY RELIEF - REQUEST FOR JUDICIAL NOTICE OF LAW REVIEW ARTICLE
   21 TORT & INS. LAW JOURNAL 589 (1986) ENTITLED: FEDERAL TORT LAW: JUDGES
7  CANNOT INVOKE JUDICIAL IMMUNITY FOR ACTS THAT VIOLATE LITIGANTS' CIVIL
   RIGHTS
8

9      33.    Plaintiff respectfully requests that this Court take Judicial Notice of the attached

10  12 page Law Review Article regarding the fact that Judges Cannot Invoke Judicial Immunity for

11  Acts that Violate Litigants' Civil Rights.

12      34.    A judicial determination is necessary in order to determine whether Judge

13  Beesley in engaging in the acts complained of in this lawsuit is protected by the doctrine of

14  Judicial Immunity, or if he has been stripped of his judicial immunity by acting in the absence

15  of all jurisdiction.

16      35.    An examination of one of the incidents that is void on the face of the record is

17  what Plaintiff contends is the illegal and void conversion order by Judge Beesley when he

18  refused to allow Plaintiffs' existing lawyer to represent him and AT Emerald LLC in the hearing

19  on the conversion of the Bankruptcy case from a Chapter 11 Debtor in Possession case, to a

20  Chapter 7 Liquidation case, a serious order that is the Bankruptcy equivalent of a death

21  sentence vs. being accorded the protection of the BK courts from creditors until the debtor can

22  reorganize his finances and remains in possession of his assets free from liquidation from the

23  Trustee.  The hearing on the Conversion Motion is a hearing that comes with it the right to be

24  represented by counsel of one's choice and that deprivation of this right is a denial of due

25  process in the constitutional sense as stated by the U.S. Supreme Court in the Powell v.

26  Alabama decision.

27      36.    Plaintiff is respectfully requesting that this Court take judicial notice of the

28  underlying facts and law that establish conclusively that the purported sale by Auction to

- 8 -

CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF

Jennifer Jodoin, personal notary to Kenmark Ventures LLC and KT Properties and related companies principal Ken Tersini, is void on its' face.

37.    Plaintiff is requesting a finding of fact and conclusion of law that the Trustee and her attorney engaged in an illegal attempt to sell the Thomas Emerald without complying with the mandatory notice requirements imposed on a sale of Bankruptcy Estate assets under U.S. Bankruptcy Code Section 363(b), and Bankruptcy Rules 6004 and 2002 that require Court approval and notice mailed by the Clerk of the Court prior to any proposed sale of any property of the Estate.  Plaintiff requests a finding that the BK rules that were not complied with and a specific finding of the fact that there is no proof of service from the Clerk of the Court on the Court docket complying with the 21 day notice requirements imposed by Rule 2002, and a further finding that the above failures makes the entire proceeding and attempt to sell the Thomas Emerald to be void on its' face and must be vacated according to the decisional case law of the Bankruptcy courts that have addressed other instances where the proper notice rules were not complied with where the necessary outcome was to void the sale for failure to comply with the statutory notice requirements.

38.    Plaintiff is seeking a Declaratory Judgment findings of fact and conclusions of law that the defendants engaged in collusion with regards of the attempted sale of the Emerald without Notice by auction between 10-30-2018 and 11-15-2018 that resulted in a void sale to Tersini alter ego and personal notary Jennifer Jodoin.

39.    Plaintiff also seeks a judicial determination that The Deposition Transcript (attached as Exhibit 4 to the Kenmark Adv Complaint of the 10-5-2011 hearing in the Santa Clara County Superior Court  itself shows that the Judgment is void on its' face for:

1.    Failure to comply with the Statute of Frauds (CA Civil Code Section 1624)

2.    Void for failure to comply with the Provisions of CCP 664.6 requiring proper voir diring by the Judge that wasn't done here.\

3.    Attorney Abandonment by Michael Morrissey as confirmed by the

- 9 -

Declaration of Bob Machado in the 9th Circuit case filed on 2-12-2018, forming the basis of my current Petition before the U.S. Supreme Court. as well as void under <u>Olvera v. Grace</u> and in violation of CCP 286 among others. (See Exhibit 15 - Fax from Atty Morrissey to CA State Bar dated 10-3-2011 and Exhibit 16- Minute Order from CA State Bar dated 10-4-2011 to Atty Morrissey)

40.     Under the circumstances the Plaintiff is respectfully requesting that this Court take judicial notice of the Exhibits attached hereto and incorporated herein by reference and render declaratory relief in the form of written findings of fact and conclusions of law as to what actions taken by the parties constitute a deprivation of constitutional rights and liability under the Bivens doctrine as well as liability for pendent State claims that shall be pleaded more fully in Plaintiffs' First Amended Pleading.

41.     Plaintiff is requesting a stay of the proceedings in the Bankruptcy Court and may also be filing concurrently with the U.S. District Court in Reno, necessary Writs of Mandamus and Prohibition and Requests for a stay of proceedings to allow Judge Beesley to be removed from this case due to his corruption and pervasive bias as documented in the attached transcripts of hearings before him and to allow for the Reno BK case to be transferred to San Jose as well as allowing for a stay to permit the Plaintiff to file his Motions to vacate the Judgment in the Santa Clara County Superior Court as described more fully elsewhere in this Complaint.


Respectfully submitted,


Dated: March 21st 2019                    _____
                                          Anthony G. Thomas
                                          Debtor In Propria Persona
                            VERIFICATION

I, Anthony G. Thomas declare:

1.      I am a Plaintiff in the present case.  I have personal knowledge of the facts alleged in the Complaint filed herein and if called on to testify, I would competently testify to the matters stated herein.

2.      I verify under penalty of perjury of the laws of the States of Nevada and California and under the laws of the United States that the statements made in

- 10 -

CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF

1    this Complaint are true and correct.

2    Executed at San Jose, CA on March 21st 2019.

3

4

5                                              Anthony G. Thomas
                                               Plaintiff In Propria Persona
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -

CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF

Official Records of the U.S. Bankruptcy Court

District of Nevada - Reno

Case #: 14 - BK - 50333 - BTB

EXHIBIT 1

Excerpts from Transcript of Hearing

8 - 22 - 2014

EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA (RENO)

| | | |
|---|---|---|
| IN RE: | . | Case No.  14-50333-btb |
| | . | |
| ANTHONY THOMAS and | . | Chapter 11 |
| WENDI THOMAS, | . | |
| | . | |
| Debtors. | . | |
| . . . . . . . . . . . . . . | . | |
| | . | |
| KENMARK VENTURES, LLC, | . | Adv. No. 14-05022-btb |
| | . | |
| Plaintiff, | . | |
| | . | |
| v. | . | |
| | . | 300 Booth Street |
| ANTHONY THOMAS and | . | Reno, NV  89509 |
| WENDI THOMAS, | . | |
| | . | Friday, August 22, 1014 |
| Defendants. | . | 2:19 p.m. |
| . . . . . . . . . . . . . . | . | |

TRANSCRIPT OF MOTION TO WITHDRAW AS ATTORNEY OF RECORD WITH
CERTIFICATE OF SERVICE FILED BY ALAN R. SMITH ON BEHALF OF
ANTHONY THOMAS, WENDI THOMAS [13];
MOTION TO WITHDRAW AS ATTORNEY OF RECORD WITH CERTIFICATE OF
RECORD FILED BY  ALAN R. SMITH ON BEHALF OF
ANTHONY THOMAS, WENDI THOMAS [169];
MOTION TO APPOINT TRUSTEE, MOTION TO APPOINT CHAPTER 11 TRUSTEE
FILED BY JOSEPH G. WENT ON BEHALF OF
BEACH LIVING TRUST, JOHN BEACH, AS TRUSTEE [164]
**BEFORE THE HONORABLE BRUCE T. BEESLEY**
**UNITED STATES BANKRUPTCY COURT JUDGE**

APPEARANCES CONTINUED.

Audio Operator:          Court ECRO Personnel

Transcription Company:   Access Transcripts, LLC
                         10110 Youngwood Lane
                         Fishers, IN 46038
                         (855) 873-2223
                         www.accesstranscripts.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

4

1          MR. LUKAS:  Good afternoon, Your Honor.  Tim Lukas

2    for the Beach Living Trust and movant for appointment of a

3    Chapter 11 trustee.

4          MR. COSSITT:  Bill Cossitt, Office of the United

5    States Trustee.

6          THE COURT:  Mr. and Mrs. Thomas?

7          MR. SILVER:  Wayne Silver for Kenmark Ventures

8    appearing telephonically.  Thank you, Your Honor.

9          THE COURT:  Mr. and Mrs. Thomas, you're no longer

10   represented by counsel.  Please get out of those seats and let

11   them sit there.  You guys have been allowed to withdraw.

12         MR. SMITH:  Your Honor, there's one thing I want to

13   put on the record.  I mean, I -- I know this places the clients

14   in an uncomfortable position, and we were prepared to argue on

15   the issue of the appointment of a trustee.  And I don't want

16   them prejudiced by -- I didn't know how this Court would --

17   which it would consider first, but I don't want this more

18   prejudiced by our withdrawal before the hearing.  So --

19         THE COURT:  I don't think --

20         MR. SMITH:  -- we're prepared to argue that motion,

21   if you want.

22         THE COURT:  You moved to withdraw.  I think you have

23   every ground to withdraw.  I think your motion was proper.  It

24   was properly noticed to your clients.  I don't think they are

25   prejudiced by that withdrawal.

-- 14 --

5

1          MR. SMITH:  Okay.

2          THE COURT:  You indicated that you had irreconcilable

3     differences in the way this should be approached.  I think it's

4     probably more dangerous for you to represent their interest at

5     this time given those divergent interests.

6          MR. SMITH:  Okay.  I understand.

7          THE COURT:  So your motion to withdraw is granted.

8          MR. SMITH:  Okay.  Thank you, Your Honor.

9          THE COURT:  Mr. and Mrs. Thomas, please come forward.

10    Please come forward to the podium and state your names.

11         MR. THOMAS:  Tony Thomas.

12         MS. THOMAS:  Wendi Thomas.

13         THE COURT:  Thank you.  You guys can have a seat now.

14         Mr. Thomas, who is -- Mr. -- go ahead and have a

15    seat.

16         Mr. Lukas, go ahead.

17         MR. LUKAS:  I'm sorry, Your Honor.  I missed what you

18    said.

19         THE COURT:  I just had the Thomases introduce

20    themself, and since it's your motion to dismiss, I'm asking --

21    or to appoint a trustee or dismiss, I asked you to go ahead.

22         MR. LUKAS:  Yes, Your Honor.  There are -- Mr. Thomas

23    is present.  He has provided a declaration.  As we pointed out

24    in our reply, most of the declaration can be stricken because

25    it's based totally on -- it's all hearsay, Mr. Clarke said.

28

1 │ record, Your Honor, we won't publicly disclose the number.  All

2 │ you have to do is ask us on any of this stuff.  If we had been

3 │ provided a copy, it would have been so much easier.

4 │          MR. THOMAS:  And I'd like to say one other thing,

5 │ Your Honor.  I've been working in Battle Mountain, and I had to

6 │ do that from the hotel, and they didn't have very good

7 │ facilities to send that out.  So I did the best I could with

8 │ the documents that I had.  They didn't have a scanner and all

9 │ that.  (Indiscernible).

10 │          THE COURT:  Mr. Cossitt --

11 │          Anything further from you?

12 │          MR. THOMAS:  Unless you have any questions for me.

13 │          THE COURT:  No, thank you.

14 │          MR. THOMAS:  Could I get two weeks to get counsel?

15 │          THE COURT:  I'm not deciding at this moment.

16 │          MR. THOMAS:  Okay.

17 │          MR. COSSITT:  Your Honor, the facts as represented --

18 │ or as testified to convince me that this isn't a legitimate

19 │ offer, couldn't be -- you don't spend anywhere near this amount

20 │ of money buying something out of a bankruptcy estate without

21 │ clearing it with the bankruptcy estate first.  Saying that you

22 │ won't deal with the trustee is a certain sign that it's not a

23 │ legitimate buyer.  That's just not the way it's done.  It's

24 │ certainly not the way it's done internationally and not the way

25 │ it's done for this amount of money.  None of that rings at all

33

1      THE COURT:  Nonetheless, I'm going to appoint a
2  trustee in this case.  I'm going to convert this to a
3  Chapter 7.  And the reason I'm converting it to a Chapter 7 is
4  I think you're being scammed.  I've not been involved in a lot
5  of international transactions, but I have been involved in a
6  few over the years, both in practice and in court.  And that's
7  what this letter is, is a scam.
8      MR. THOMAS:  Can I ask --
9      THE COURT:  No, you're done.
10      MR. THOMAS:  -- that you give me two weeks for -- to
11  just let them --
12      THE COURT:  No, I'm not giving you two weeks.  This
13  letter is a scam.  A legitimate buyer will deal with the
14  trustee.  This is not a legitimate buyer.  This is not -- you
15  did no due diligence on this company.  If you had done some due
16  diligence other than listening to Mr. Clarke, I might do that,
17  but you did no due diligence.
18      MR. THOMAS:  I had four other buyers.
19      THE COURT:  Sir, sit down, be quiet.
20      I'm ordering that this case is converted, that all --
21  that both the cases actually are converted to Chapter 7's.  I
22  would suggest, but I cannot order, that the Office of the
23  U.S. Trustee appoint a single trustee for both cases.
24      Thank you very much.  We'll be in recess.
25      (Proceedings concluded at 2:56 p.m.)

EXHIBIT 2

Excerpts from Transcript of Hearing
2-25-2015 - AM Session

EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA (RENO)

| | | |
|---|---|---|
| IN RE: | · | Case No.   14-50333-BTB |
| | · | |
| ANTHONY THOMAS and | · | Chapter 7 |
| WENDI THOMAS, | · | |
| | · | 300 Booth Street |
| Debtors. | · | Reno, NV  89509 |
| | · | |
| · · · · · · · · · · · | · | Wednesday, February 25, 2018 |
| | | 10:05 a.m. |

PARTIAL TRANSCRIPT (MORNING SESSION ONLY)
MOTION APPROVE SETTLEMENT FILED BY JEFFREY L. HARTMAN
ON BEHALF OF JERI COPPA-KUNDSON [241]
**BEFORE THE HONORABLE BRUCE T. BEESLEY
UNITED STATES BANKRUPTCY COURT JUDGE**

APPEARANCES:

For the Debtor:              ANTHONY THOMAS, Pro Se
                             7725 Peavine Peak Court
                             Reno, NV  89523

For Settling Parties:        Greenfield Draa & Harrington, LLP
                             By:  MAUREEN A. HARRINGTON, ESQ.
                             55 South Market Street, Suite 1500
                             San Jose, CA 95113
                             (408) 995-5600

For William McGrane:         Robison Sharp Sullivan & Brust Law
                             By:  STEFANIE T. SHARP, ESQ.
                             71 Washington Street
                             Reno, NV 89503
                             (775) 329-3151

APPEARANCES CONTINUED.

Audio Operator:              Stacie C. Burney, ECR

Transcription Company:       Access Transcripts, LLC
                             10110 Youngwood Lane
                             Fishers, IN 46038
                             (855) 873-2223
                             www.accesstranscripts.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

-- 19 --

Anthony Thomas - Direct                    16

1  the federal courts in Nevada, not --

2          MS. HARRINGTON:  Your Honor, I have been appearing

3  here as a creditor representative.  I am not admitted in the

4  Nevada courts.  I am admitted in the State of California.  I am

5  admitted to the Northern District Bankruptcy Court, the Eastern

6  District Bankruptcy Court, and the Central District Bankruptcy

7  Court in California, so --

8          THE COURT:  For the purposes of this hearing, I will

9  waive your pro hac, the need for a pro hac.  Go ahead.

10          MS. HARRINGTON:  Thank you, Your Honor.

11                    DIRECT EXAMINATION

12  BY MS. HARRINGTON:

13  Q    Mr. Thomas, as of today, how much money do you have in

14  your bank account?

15  A    I don't know the exact amount to it because I haven't

16  checked bank account.  My checks are deposited directly into my

17  account from work.

18  Q    You made a representation in court earlier today that you

19  have $7,000 in your bank account.  What was the basis for

20  making that representation?

21  A    From the amount of hours that I work at NV Energy.

22  Q    So sitting here today, you don't actually know whether or

23  not you have $7,000 in your bank account, do you?

24  A    I believe that there's more than 7,000, and that's what I

25  represented.

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

Anthony Thomas - Direct                                    17

1  Q    Sitting here today, do you know for sure how much money is
2  in your bank account?

3  A    No.  But I know it's in excess of what I represented.

4  Q    As of May 1st, do you have a rent payment due?

5  A    What's that?

6  Q    As of -- excuse me.  As of March 1st, will you have a rent
7  payment due?

8  A    Yes.

9  Q    Will that rent have to be paid from that same account?

10 A    Yes.

11 Q    What is the amount of that rent?

12 A    $1,950 or something like that.

13 Q    Okay.  So if you were to pay the trustee $7,000 today, you
14 would have inadequate funds in that account to pay your rent on
15 March 1st.  Is that true?

16 A    No.

17 Q    How is that not true, sir?

18 A    Because I get paid every two weeks.

19 Q    What salary are you expecting to be paid on -- excuse me.
20 You're expecting your next salary to be paid on February 28th?

21 A    I don't know the exact pay date, but it should be before
22 then, yes.

23 Q    So you're -- well, I'm sorry.  You say you're paid every
24 two weeks, but you don't know when that comes?

25 A    I get paid every two weeks, so I'd have to look at when my

Anthony Thomas - Direct                          18

1  last payment was, when the checks, they get direct deposited in

2  my account from my company.

3  Q    So you don't know when you're going to receive your next

4  paycheck?

5  A    I don't know the exact date, no.  I know that I'll --

6  Q    Do you know what day --

7  A    -- receive it before the end of the month, and I know that

8  there's in excess of $7,000 in the account.  I just can't tell

9  you the exact amount because I haven't looked at the balance.

10 If you'd like, I can go to Wells Fargo and pull the deposit

11 slip or find out what the account amount is.

12             THE COURT:  Can you go to Wells Fargo online?

13             THE WITNESS:  I can't, but there's a Wells Fargo

14 right down the street, and I would be happy to pull a balance

15 of what's in the account.

16             THE COURT:  You can go ahead and finish your

17 questioning.  It's almost 11:30.  I may continue this until

18 1:30 so he can pull the balance of his account and bring it so

19 you can see it.

20             MS. HARRINGTON:  That would be fine, Your Honor.

21             THE COURT:  Okay.  Do you have any further questions?

22             MS. HARRINGTON:  Not at this time, Your Honor.  I'd

23 defer it until we see the balance.  Thank you.

24             THE COURT:  Okay.  We're going to take a recess.

25 We'll be in recess until 1:30.  We don't have other court until

- 22 -

EXHIBIT <u>3</u>

Excerpts from Transcript of Hearing

2-25-2015- PM Session

EXHIBIT <u>3</u>

Afternoon

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA (RENO)

IN RE:                              ·   Case No. 14-50333-BTB
                                    ·
ANTHONY THOMAS and                  ·   Chapter 7
WENDI THOMAS,                       ·
                                    ·   300 Booth Street
                                    ·   Reno, NV 89509
            Debtors.               ·
· · · · · · · · · · · · · · · · ·   ·   Wednesday, February 25, 2015
                                    ·   10:05 p.m.
                                        1:38 PM

PARTIAL TRANSCRIPT OF HEARING (AFTERNOON SESSION)
MOTION TO APPROVE SETTLEMENT FILED BY
JEFFREY L. HARTMAN ON BEHALF OF JERI COPPA-KNUDSON [241]
**BEFORE THE HONORABLE BRUCE T. BEESLEY**
**UNITED STATES BANKRUPTCY COURT JUDGE**

APPEARANCES:

For Debtors:                ANTHONY THOMAS, Pro Se
                            7725 Peavine Peak Court
                            Reno, NV 89523
For Greenfield Draa
  & Harrington:             Greenfield Draa & Harrington LLP
                            By:  MAUREEN HARRINGTON, ESQ.
                            55 S. Market Street, Suite 1500
                            San Jose, CA 95113
                            (408) 995-5600

For Chapter 7 Trustee:      Hartman & Hartman
                            By:  JEFFREY L. HARTMAN, ESQ.
                            510 West Plumb Lane, Suite B
                            Reno, NV 89509
                            (775) 324-2800

ALSO PRESENT:               MICHAEL LEHNERS, ESQ.
                            429 Marsh Avenue
                            Reno, NV 89509
                            (775) 786-1695


Audio Operator:             Stacie C. Burney, ECR

Transcription Company:      Access Transcripts, LLC
                            10110 Youngwood Lane
                            Fishers, IN 46038
                            (855) 873-2223
                            www.accesstranscripts.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

-24-

2

<u>I N D E X</u>
<u>2/25/15</u>

<u>WITNESSES</u>                <u>DIRECT</u>   <u>CROSS</u>   <u>REDIRECT</u>   <u>RECROSS</u>

Anthony Thomas                --        3        --          --

-25-

ACCESS TRANSCRIPTS, LLC            1-855-USE-ACCESS (873-2223)

Thomas - Cross                                    3

1          (Requested portion commences at 1:35 p.m.)

2              THE COURT:  Counsel, go ahead with your cross

3    examination.

4              MS. HARRINGTON:  Thank you, Your Honor.

5                    CROSS-EXAMINATION

6    BY MS. HARRINGTON:

7    Q    Over the break, Mr. Thomas, did you check the balance on

8    your account at Wells Fargo?

9    A    Yes, I did.

10   Q    First of all, who are the owners of that account?

11   A    My wife and myself.

12   Q    Are there any other names on the account such as your

13   parents or anyone else?

14   A    No.

15   Q    What is the balance on the account, sir?

16             THE WITNESS:  I object to that line of questioning --

17             THE COURT:  Answer the question.

18             THE WITNESS:  -- because it gives an --

19             THE COURT:  Answer the question.  That's a reasonable

20   question.  Answer the question.

21             THE WITNESS:  I understand, but there was more than

22   what I said was in there, Your Honor.

23             THE COURT:  That's fine.

24             THE WITNESS:  But it gives an unfair advantage in the

25   bidding to let her know how much is in my account and --

--26--

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

Thomas - Cross

4

1    THE COURT:  Answer the question.  Would you like your
2  motion to be dismissed with prejudice?  Answer the question.
3    THE WITNESS:  I'd like to say I object.  I will
4  answer the question, but I object.
5    THE COURT:  Your objection is overruled.  Answer the
6  question.
7    THE WITNESS:  Okay.  It gives me an unfair advantage
8  in this bidding war.
9    THE COURT:  Sir --
10    THE WITNESS:  Twelve thousand --
11    THE COURT:  -- this is not a discussion with you.
12  Answer the question.
13    THE WITNESS:  I'm answering the question.
14    THE COURT:  Go ahead.
15    THE WITNESS:  $12,719.50 --
16    THE COURT:  Okay.
17    THE WITNESS:  -- or 45 cents, excuse me.
18    THE COURT:  Do you have any further questions,
19  Counsel?
20    MS. HARRINGTON:  Yes, Your Honor.
21  BY MS. HARRINGTON:
22  Q    Did you transfer any money into that account today,
23  Mr. Thomas?
24  A    No.
25  Q    When was the last deposit into that account?

-27-

Thomas - Cross                    5

1  A    I don't know.  I didn't go to get that information.

2  Q    Okay.  And that is the account from which you have to pay

3  all of your household expenses?

4  A    It's an account that I have.  I have other accounts at

5  Wells Fargo.

6  Q    Is that the account from which you pay your household

7  expenses, sir, including your rent and other household

8  expenses?

9  A    I believe so.

10        MS. HARRINGTON:  Thank you, Your Honor.  I have

11  nothing further.

12        THE COURT:  Okay.  You may step down.

13        All right.  I interrupted you to get the information

14  on how much money you had, and you wanted to oppose something.

15  Go ahead.

16        MR. THOMAS:  Well, I wanted to oppose the amount that

17  I gave her because it gives me an unfair advantage in the

18  bidding against her.

19        THE COURT:  Why?

20        MR. THOMAS:  Because now she knows how high I can go

21  in the bidding.

22        THE COURT:  And she knows how high she can go on the

23  bidding.

24        MR. THOMAS:  Well, before she didn't have that

25  knowledge of how much I had in my account, and now you made me

ACCESS TRANSCRIPTS, LLC                1-855-USE-ACCESS (873-2223)

6

1  disclose.  You know, my disclosure was that I had the amount of
2  money that I was bidding.  It's my money and it should be my
3  ability to bid whatever amounts that I have in my accounts.
4           THE COURT:  Okay.  That's --
5           MR. THOMAS:  And the basis was this, is she called me
6  a liar and I wasn't lying.
7           THE COURT:  I overruled your objection.
8           MR. THOMAS:  Yes.
9           THE COURT:  We're done with that.
10          MR. THOMAS:  Okay.  And --
11          THE COURT:  What else -- what other problems do you
12  have?
13          MR. THOMAS:  The other things I'd like to address is
14  they gave -- I'd like to get a continuance because they just
15  submitted a billing that shows that they billed twice in the
16  month of January, and their second --
17          THE COURT:  Okay.  What else?
18          MR. THOMAS:  -- and their second billing that they
19  billed was for 72,000, the exact same amount that they said
20  that I had in the account two days prior to Mr. McGrane's email
21  that they need to get rid of Mr. Thomas as a client.
22          THE COURT:  What else?
23          MR. THOMAS:  I would also like to address that the
24  trustee, Jeri, had told me that she abandoned the claims and
25  let me go forward with spending several thousand dollars in

EXHIBIT 4

Excerpts from Transcript of Hearing

1-27-2016

EXHIBIT 4

—30—

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA (RENO)

IN RE:

ANTHONY THOMAS and
WENDI THOMAS,

Debtors.

. . . . . . . . . . . . .

- Case No.   14-50333-BTB
- Chapter 7
- 300 Booth Street
- Reno, NV 89509
- Wednesday, January 27, 2016
- 2:05 p.m.

TRANSCRIPT OF TRUSTEE'S MOTION TO SELL (LIQUIDATE INTEREST IN
LITIGATION) FILED BY JEFFREY L. HARTMAN
ON BEHALF OF JERI COPPA-KNUDSON [302]
**BEFORE THE HONORABLE BRUCE T. BEESLEY
UNITED STATES BANKRUPTCY COURT JUDGE**

APPEARANCES:

For the Debtor:                ANTHONY THOMAS (Pro Per)
                               7725 Peavine Peak Court
                               Reno, NV  78523

For the Trustee:               Hartman & Hartman
                               By:  JEFFREY L. HARTMAN, ESQ.
                               510 West Plumb Lane, Suite B
                               Reno, NV 89509
                               (775) 324-2800

For FM Holdings, Inc.,         Balaban & Spielberger LLP
Kit Morrison,                  By:  ANDREW SPIELBERGER, ESQ.
Todd Armstrong and             11999 San Vincente Blvd, Suite 345
Jerry Ferrara:                 Los Angeles, CA 90049
                               (424) 832-7677

For Creditor Smith LC:         Smith LC
  (Telephonically)             By:  MARK T. KEARNEY, ESQ.
                               3161 Michelson Drive, Suite 925
                               Irvine, CA  92612
                               (949) 416-5000

Audio Operator:                David Lindersmith, ECR

Transcription Company:         Access Transcripts, LLC
                               10110 Youngwood Lane
                               Fishers, IN 46038
                               (855) 873-2223
                               www.accesstranscripts.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

2

1        (Proceedings commence at 2:05 p.m.)

2        THE COURT:  First thing we have on the -- I'm sorry,

3   on the afternoon calendar is Anthony Thomas and Wendi Thomas,

4   Case Number 14-50333.  Appearances, please.

5        MR. HARTMAN:  Good afternoon, Your Honor.  Jeff

6   Hartman on behalf of the trustee.

7        MR. SPIELBERGER:  Good afternoon, Your Honor.  I'm

8   Andrew Spielberger.  I represent FM Holdings, Inc., Kit

9   Morrison, Todd Armstrong and Jerry Ferrara and --

10       THE COURT:  Okay.  Mr. Thomas?

11       MR. THOMAS:  Good afternoon, Your Honor.  I'm here on

12  behalf of myself and pro per.

13       THE COURT:  And is there someone on the phone?

14       MR. KEARNEY:  Yes, Your Honor.  Good afternoon.  Mark

15  Kearney with Smith LC.

16       THE COURT:  Okay.  So go ahead.

17       MR. HARTMAN:  Well, Your Honor, this is the trustee's

18  request to liquidate what I've termed an "interest in

19  litigation" with Mr. Spielberger's client.  And he can give you

20  a more detailed description of what's actually going on in the

21  litigation in Washington, D.C. with the Country of Brazil, but

22  for our purposes, I had filed a reply brief, attached to which

23  was one of the original determinations by the superior court in

24  California regarding Mr. Thomas's claim to title to the Bahia

25  Emerald.

3

1        THE COURT:  And when did you file that?

2        MR. HARTMAN:  The 21st, and it was filed a couple of

3  days late because it was in response to the Smith LC lien --

4        THE COURT:  Okay.

5        MR. HARTMAN:  -- of proceeds document that was filed

6  Docket Entry 307 on the 19th.  That came in less than 14 days

7  before today's hearing, and that's why the reply that I filed

8  was a couple days late.  So it would be Docket Entry 308, which

9  was my reply.

10        THE COURT:  Okay.  And I'm looking -- I'm trying to

11  look at that.  Hang on.  And this is the tentative decision in

12  the California Superior Court case?

13        MR. HARTMAN:  Right.  And ultimately, it became a

14  final decision in that matter.  Well, I misspoke.  If -- what

15  the reply recites, and it's convoluted, is that there was an

16  initial trial with respect to Mr. Thomas's claim to title.

17  There was a determination by the judge.

18        THE COURT:  Who then died or got promoted.

19        MR. HARTMAN:  No, he died and got promoted, that's

20  right.

21        THE COURT:  To the U.S. District Court, I think.

22        MR. HARTMAN:  And so under the rules that were

23  applicable --

24        THE COURT:  They had to retry it.

25        MR. HARTMAN:  -- that matter had to be retried.  And

-33-

4

1  so the second decision was also against Mr. Thomas with respect

2  to his claim to title to the Bahia Emerald.  And Mr.

3  Spielberger was involved in that process from the beginning, so

4  he can answer any specific questions that you have.  But this

5  particular motion today has to do with the proposal that the

6  trustee has presented from Mr. Spielberger to --

7          THE COURT:  Which is a half a percent interest in any

8  recovery.

9          MR. HARTMAN:  In any recovery, which means that he

10  has to be successful in whatever matters that he's involved

11  with in Washington, D.C. with the Country of Brazil.  And so

12  there's been an objection by Mr. Thomas that also came in late,

13  and from my, you know, my independent determination, it looks

14  as though it was a reply -- or an objection drafted by a law

15  firm, but I don't know that for certain.  And then, I think

16  there were a number of papers filed yesterday by Mr. Thomas

17  with respect to this matter, as well.  So from my -- from the

18  trustee's perspective, all that information is just somewhat

19  collateral noise.  The real question is whether or not the

20  trustee has the appropriate standing the business judgment to

21  enter into the agreement with Mr. Spielberger's client so that

22  if he's successful, then there's a benefit to the bankruptcy

23  estate.

24          THE COURT:  And when I originally read through this

25  before I got Mr. Thomas's stuff this morning, it was my opinion

5

1  that, yes, it was an appropriate decision for the trustee to

2  make.  There's no money in this estate to prosecute the claims.

3  There is a potential up -- recovery.  Mr. Thomas's objection

4  prior to that was essentially you're not getting enough value

5  for this, and then there was a bunch of stuff filed that I got

6  this morning, but I've been in trial until 1 o' clock today,

7  and I was reading through this and I left it on my desk, so I'm

8  going to take a short recess -- or not even a recess, I'm just

9  going to walk into my office and get it off my desk so

10 Mr. Thomas can explain it to me.

11           MR. HARTMAN:  Sure.

12           THE COURT:  Thank you.

13           MR. HARTMAN:  Thank you.

14           THE CLERK:  All rise.

15      (Recess taken at 2:10 p.m.)

16      (Proceedings resumed at 2:11 p.m.)

17           THE COURT:  Please be seated.

18           Mr. Thomas, go ahead.

19           MR. THOMAS:  Yes, Your Honor.  Thank you.  What I was

20 addressing there in my having you take judicial notice is that

21 Mr. Catlett filed bankruptcy in 2004, and I was one of the

22 largest -- I was one of the creditors on his bankruptcy.  And

23 in his bankruptcy, he never disclosed the ownership of the

24 emerald, and we gave the courts in California this notice and

25 said that it was judicial estoppel because he never claimed the

6

1  emerald back then, but now in 2009, he's trying to claim that

2  he has ownership and the Morrison Group is trying to say that

3  they have clear title to an emerald that they never claimed.

4  And this is one of the main issues that will be on appeal that

5  we've been addressing, and there is several.  The judge also

6  noted --

7          THE COURT:  Lower your voice.  Calm down.  I'm

8  listening.

9          MR. THOMAS:  I'm sorry.  And the judge also noted

10 that I was Wayne Catlett's partner in this Bahia Emerald.

11 Wayne Catlett never even showed up for trial.  He was

12 subpoenaed.  He was a party.  We tried to take a non -- we

13 tried to take a judgment against him for failure to appear, and

14 it was not granted.  And he was a party in the trial.

15          The judge also cited Judge Kronstadt's --

16          THE COURT:  So where are you in this stuff that you

17 gave me?

18          MR. THOMAS:  I'm in the judgment that the -- that

19 they're talking about that the Judge Johnson --

20          THE COURT:  Just wait.

21          MR. THOMAS:  -- and his decision.

22          THE COURT:  That's after the bankruptcy stuff?

23          MR. THOMAS:  Yes.

24          THE COURT:  Okay.

25          MR. THOMAS:  Yes.

7

1          THE COURT:  Just wait.

2          MR. THOMAS:  I'm sorry, Your Honor.

3          THE COURT:  Okay.  So I've got, following the

4   bankruptcy, something entitled "Case Commence Deficiency

5   Notice, Mr. Wayne Catlett."  Is that what I'm looking at?

6          MR. THOMAS:  Yes, that's his bankruptcy.

7          THE COURT:  Oh.

8          MR. THOMAS:  That's Mr. Catlett's --

9          THE COURT:  Oh, okay.

10         MR. THOMAS:  -- bankruptcy.  He --

11         THE COURT:  Never mind, I'm not far enough.  So the

12  next one is -- no, that's bankruptcy, also.

13         MR. THOMAS:  Then, the second issue is that I --

14         THE COURT:  No, no, just wait.  I'm trying to figure

15  out -- did you give me the --

16         MR. THOMAS:  Creditor --

17         THE COURT:  -- did you give me the filings from the

18  state court?

19         MR. THOMAS:  Yes.

20         THE COURT:  All right.

21         MR. HARTMAN:  Your Honor, if it's the May 2015

22  determination that he's referring to, which I believe it is,

23  it's Exhibit A -- excuse me, Exhibit 1 to my initial motion,

24  which was Docket Entry 302.

25         THE COURT:  Okay.  So trustee's motion is 302?

-37-

8

1          MR. HARTMAN:  Yes.

2          THE COURT:  Okay.  Let me look at that.  Sorry to be

3  fumbling around with the papers.  Exhibit what?

4          MR. HARTMAN:  Exhibit 1.

5          THE COURT:  All right.

6          MR. HARTMAN:  Or Exhibit A, I'm sorry.

7          THE COURT:  Well, my thing has it as A-1, so --

8          MR. HARTMAN:  Okay.

9          THE COURT:  All right.  This is <u>Ken Conetto and Eric</u>

10 <u>Kitchen v. Kit Morrison</u>.  Is that what we're looking at?

11         MR. THOMAS:  Yes.

12         THE COURT:  Okay.

13         MR. THOMAS:  Yes, and I was an intervener in the

14 case.

15         THE COURT:  And you were what?

16         MR. THOMAS:  I was an intervener.  I --

17         THE COURT:  Okay.  So what part of this tentative do

18 you want me to look at?

19         MR. THOMAS:  Okay.  In there, it said that I was

20 Wayne Catlett's partner, and -- in the Bahia Emerald, and this

21 is Page 5, Line 20.

22         THE COURT:  Just a second.

23         THE CLERK:  Your Honor, would you like a paper copy?

24         THE COURT:  Yes, please.  Does this have the exhibits

25 on it?

-38-

9

1           You're referring to the exhibit, aren't you?

2           MR. THOMAS:  No, I'm referring to the page number.

3           THE COURT:  In the trustee's motion?

4           MR. THOMAS:  Yes.  And --

5           THE COURT:  Okay, okay, okay.

6           MR. THOMAS:  And at first, we could go to the -- the

7    first reason I think that it'll be appealed is in his decision,

8    he talks about the prior Judge Kronstadt's case, and it was

9    stricken from the record.  And that's an appealable issue on

10   itself.  He refers to the prior case that was stricken from the

11   record completely in his judgment.

12          THE COURT:  Okay.  Just back up for a second here.

13          MR. THOMAS:  Okay.

14          THE COURT:  What the trustee is trying to do is sell

15   a potential interest in a claim that they have, which would

16   give them half of 1 percent of any recovery.

17          MR. THOMAS:  Yes.

18          THE COURT:  That's what the trustee is supposed to

19   do.  The trustee is supposed to liquidate the estate for the

20   benefit of the creditors.  Do you have a better offer than

21   that?

22          MR. THOMAS:  Yes.  I --

23          THE COURT:  What's your offer?

24          MR. THOMAS:  My offer is five percent.  It's ten

25   times more, and I put it in writing, ten times more than

1   Mr. Morrison's, and I think that I have --

2            THE COURT:  And you have similar claims, correct?

3            MR. THOMAS:  Yes.

4            THE COURT:  But you are personally in bankruptcy in a

5   Chapter 7.

6            MR. THOMAS:  But -- yes, but I have 100 percent

7   ownership if I win on the appeal, which would go to --

8            THE COURT:  But that belongs to the trustee, not to

9   you.

10           MR. THOMAS:  Yes, that is correct, but that would

11  help my creditors and I'm paying all the costs myself.  I'm not

12  asking the trustee to pay any of the costs for the appeal or

13  for the trial.  I've been paying them all myself, and I asked

14  the trustee prior to stipulate to abandoning the claims to me

15  last year, and I thought that my attorney, Michael Lehners,

16  filed a motion to abandon the claims to me, which the trustee

17  said she was going to do.  But then, I found out that that

18  motion was not filed and it was only a stipulation that was

19  sent to the trustee, which she rejected.

20           THE COURT:  Well, the trustee does not have to

21  abandon it to you.

22           MR. THOMAS:  I know, but I -- what's best for me is

23  what's best for the creditors, and the most amount of money

24  that we can get for the Bahia Emerald case.  They're offering

25  zero dollars.

11

1      THE COURT:  And you're offering zero dollars, too.

2      MR. THOMAS:  But if I win the appeal, which I believe

3  I will win the appeal because they don't have clear title.

4  Mr. Catlett never claimed the emerald in his bankruptcy, and he

5  gave them title to --

6      THE COURT:  Don't point at people.

7      MR. THOMAS:  I'm sorry.  He gave --

8      THE COURT:  Don't point at people.

9      MR. THOMAS:  I'm sorry.  They received title from

10  Wayne Catlett.  It wasn't a valid title because I was a

11  creditor on his bankruptcy, and judicial estoppel --

12      THE COURT:  And do you have a ruling to that effect?

13      MR. THOMAS:  Yes.

14      THE COURT:  From whom?

15      MR. THOMAS:  A ruling from --

16      THE COURT:  That you own the property.

17      MR. THOMAS:  No, I do not have a ruling on that.

18      THE COURT:  Okay.  Do you have an order from Judge

19  Riblet saying that that's not -- that his bank -- that he was a

20  -- that was the chapter -- that was the judge who heard his

21  bankruptcy?  Is there a ruling on this from him [sic] -- from

22  her?

23      MR. THOMAS:  That he didn't put down the emerald as

24  an asset on his bankruptcy?

25      THE COURT:  Or that somehow this belongs to you?

1          MR. THOMAS:  I believe that there was a number of

2  errors in the judge's decision, and this is just one while --

3  why it will be overturned.  And if he doesn't have a clear

4  title --

5          THE COURT:  Don't point.

6          MR. THOMAS:  -- I'm the only person left, Your Honor,

7  that -- in the case.  I did buy the emerald.  Mr. Catlett and

8  Mr. Kitchen --

9          THE COURT:  Isn't this the same emerald you told me

10 had been lost in Hurricane Katrina?

11         MR. THOMAS:  This is the same emerald that was stolen

12 from me in 2001 and from the Brazilians.  And I have 112

13 recordings, police recordings, where Ken Conetto admits that

14 the Brazilians stole the emerald from me.  New evidence.

15         THE COURT:  Sit down.

16         MR. THOMAS:  Okay.

17         THE COURT:  Have a seat.

18         MR. THOMAS:  Okay.

19         THE COURT:  I'm going to let the trustee sell it.  I

20 think the trustee has a better view of reality than you do.

21         MR. THOMAS:  Your Honor, it's -- they're getting zero

22 dollars, and that's not good for my estate.

23         THE COURT:  And you're offering zero dollars, too.

24 In order to give anything, you have to win several appeals.  I

25 think that they -- that his choice is better.  You are very,

13

1  very personally involved with these emeralds.  You are very,

2  very emotional about the emeralds, which I can understand.

3  That makes sense.  You've devoted a great deal of your life to

4  trying to liquidate these and recover these, but you've not

5  been successful in doing that and you've not been successful in

6  litigation.  So I think the trustee has the better position in

7  this.  I may be wrong, but if I'm wrong, I'm wrong.

8         MR. THOMAS:  Can we have a hearing on this so that I

9  can present my evidence to --

10        THE COURT:  No, we cannot.  I'm not going to hold a

11 hearing on this.  I think the trustee gets to make a business

12 judgment.  I trust the trustee's business judgment.  The

13 trustee is aware of your offer.  The trustee didn't accept your

14 offer.  The trustee is invested with the right to make this

15 decision, and that's what I'm going to do.  You may sit down.

16        MR. THOMAS:  Can I --

17        THE COURT:  You may sit down.

18        Please prepare an order, Mr. Hartman.  Please have

19 Mr. Thomas sign off.

20        Mr. Thomas, you can sign off --

21        MR. THOMAS:  I object.  I object, Your Honor, to this

22 moving forward.  Under --

23        THE COURT:  Your objection is overruled.

24        MR. THOMAS:  -- under 363 --

25        THE COURT:  Your objection is overruled.

—43—

14

1      MR. THOMAS:  -- it's --

2      THE COURT:  You may sit down.  I will have you

3  removed if you persist in this.  Please sit down.

4      MR. THOMAS:  Your Honor, I'm entitled --

5      THE COURT:  You will be --

6      MR. THOMAS:  -- to a fair hearing.  I lost my home

7  over this.  These guys stole an emerald from my home, and they

8  were in possession of it.

9      THE COURT:  Please call security.

10     THE CLERK:  Yes, sir.

11     THE COURT:  Please have them stay for the rest of

12  this hearing.

13     Please sit down.

14     Please upload an order.  Mr. Thomas is waiving his

15  signature.

16     MR. HARTMAN:  I'll do so, Your Honor.

17     THE COURT:  Thank you.

18     MR. HARTMAN:  Thank you.

19     MR. KEARNEY:  Your Honor, if I may, this is Mark

20  Kearney on the phone.  We filed not necessarily an opposition,

21  but more of a statement of our position as far as we've got a

22  security interest in the recovery -- any recovery on the

23  emerald in connection with our representation of Mr. Thomas in

24  the second trial, month-long trial.  We have asked that the

25  Court recognize that lien and order that that lien be paid if

15

1  and when any proceeds are obtained in connection with the

2  emerald.

3          THE COURT:  If and when there are proceeds obtained,

4  I will hear your motion.  I am not determining whether you have

5  a security interest.  I'm not determining whether it was stolen

6  from Brazil.  I'm determining whether the L.A. Police

7  Department, who has custody of it, are the rightful owners of

8  it.  I'm not determining any of those things at this time.

9  Whatever claim the estate has that they are getting rid of for

10  half a percent interest in any recovery in this case is what

11  I'm doing.  I'm not determining any of the collateral things

12  because I think it's a waste of time at this moment.  It's --

13  we're a long way down the road before any of this money ever

14  comes in if, in fact, it comes in.  But that's what I'm doing.

15          MR. HARTMAN:  Your Honor, if I may, in the reply that

16  I filed, I addressed this, and I just suggested that the status

17  quo be maintained with respect to the lien claim.  Whatever it

18  is, it is, and we'll deal with it if there's money to fight

19  over.

20          THE COURT:  That -- and that's exactly --

21          MR. HARTMAN:  And --

22          THE COURT:  -- what I'm saying.

23          MR. HARTMAN:  And I'll include that in the order.

24          THE COURT:  Okay.  Thank you, Counsel.

25          MR. HARTMAN:  Thank you.

16

1            MR. KEARNEY:   Thank you.

2        (Concluded at 2:23 p.m.)

3                         *  *  *  *  *

17

# C E R T I F I C A T I O N

1
2
3        I, Alicia Jarrett, court-approved transcriber, hereby
4 certify that the foregoing is a correct transcript from the
5 official electronic sound recording of the proceedings in the
6 above-entitled matter.
7
8
9
10
11 ALICIA JARRETT, AAERT NO. 428      DATE:  March 10, 2016
12 ACCESS TRANSCRIPTS, LLC
13
14
15        I, Lisa Luciano, court-approved transcriber, hereby
16 certify that the foregoing is a correct transcript from the
17 official electronic sound recording of the proceedings in the
18 above-entitled matter.
19
20
21
22 LISA LUCIANO, AAERT NO. 327      DATE:  March 10, 2016
23 ACCESS TRANSCRIPTS, LLC
24
25

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

EXHIBIT 5

Excerpts from Transcript of Hearing

3- 9- 2016

EXHIBIT 5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA (RENO)

| | | |
|---|---|---|
| IN RE: | . | Case No. 14-50333-btb |
| ANTHONY THOMAS and WENDI THOMAS, | . | Chapter 7 |
| Debtor. | . | |
| . . . . . . . . . . . | . | |
| JOHN BEACH, | . | |
| Plaintiff, | . | Adv. No. 14-05067 |
| v. | . | |
| ANTHONY THOMAS and WENDI THOMAS, | . | 300 Booth Street Reno, NV 89509 |
| Defendants, | . | Wednesday, March 9, 2016 2:04 p.m. |
| . . . . . . . . . . . | . | |

PARTIAL TRANSCRIPT OF HEARING RE: MOTION FOR SUMMARY
JUDGMENT FILED BY JOSEPH G. WENT ON BEHALF OF JOHN BEACH [34];
PRETRIAL HEARING RE: FIRST AMENDED COMPLAINT FOR DETERMINATION
OF NON-DISCHARGEABILITY OF DEBT AND DENIAL OF DISCHARGE
FILED BY JOSEPH G. WENT ON BEHALF OF JOHN BEACH
AGAINST ALL DEFENDANTS [27]
**BEFORE THE HONORABLE BRUCE T. BEESLEY**
**UNITED STATES BANKRUPTCY COURT JUDGE**

APPEARANCES:

For the Plaintiff:               Holland & Hart LLP
                                 By:  JOSEPH G. WENT, ESQ.
                                 9555 Hillwood Drive, 2nd Floor
                                 Las Vegas, NV 89134
                                 (702) 669-4600

For Debtor/Defendant:            ANTHONY THOMAS, Pro Se
                                 7725 Peavine Peak Court
                                 Reno, NV 89523

Audio Operator:                  Stacie C. Burney, ECR

Transcription Company:           Access Transcripts, LLC
                                 10110 Youngwood Lane
                                 Fishers, IN 46038
                                 (855) 873-2223
                                 www.accesstranscripts.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

9

1      MR. THOMAS:  -- Mr. Lehners.

2      THE COURT:  Yeah, I saw that.

3      MR. THOMAS:  Yes.

4      THE COURT:  And I know that he withdrew.

5      While we're waiting, may I ask why you did not file

6  an opposition?

7      MR. THOMAS:  Yes, Your Honor.  I wanted to make a

8  statement on the record, and I believe because the Kenmark --

9      THE COURT:  Please stand up.

10      MR. THOMAS:  Yes, Your Honor.  Thank you.

11      THE COURT:  I'll let you make your statement on the

12  record, but why didn't you file an opposition?

13      MR. THOMAS:  Because, Your Honor, I was going to ask

14  that you recuse yourself because of the bias from the Kenmark

15  case.  And that in this case I am not the -- they have showed

16  conclusively that I am not the party of interest or the party

17  that owed the money to John Beach.

18      THE COURT:  Just have a seat.  You can make your

19  statement after they present their case.

20      MR. THOMAS:  Okay.

21      THE COURT:  You didn't file a motion for recusal, did

22  you?  Did you file a motion for recusal in this case?

23      MR. THOMAS:  I am not sure, Your Honor.

24      THE COURT:  I don't believe you did.

25      MR. THOMAS:  I don't believe I did.

25

1  was not worth the 200 million that they claim in the bankruptcy
2  case.

3        We know that you act knowingly if somebody acts
4  deliberately and consciously.  I think here all these facts
5  that have been discussed here today that the Court can conclude
6  and infer that the defendants knew that the Thomas Emerald did
7  not have the value alleged in the schedules and statements.
8        Based on that, Your Honor, we would ask the Court to
9  grant the relief requested in the motion.
10       THE COURT:  Okay.  Thank you.
11       Mr. Thomas, you are in default on this motion, which
12  means I can enter the motion without your input.  Do you wish
13  to say something?
14       MR. THOMAS:  Yes, I would, Your Honor.
15       THE COURT:  Please go ahead.
16       MR. THOMAS:  I would like to address all of these
17  issues and --
18       THE COURT:  No.  You don't get to do that.  You
19  didn't respond.
20       MR. THOMAS:  Okay.  Your Honor, the reason I didn't
21  respond is because of financial and because I work 12 days out
22  of town and I am home for two.  And when I was served with
23  these things, I asked them repeatedly to email me notices and
24  that stuff so that I could respond.  And you, the Court, told
25  them to send emails to me so that I could respond.

EXHIBIT 6

Excerpts from Transcript of Hearing

8-10-2018

EXHIBIT 6

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA (RENO)

IN RE:                              . Case No.  14-50333-BTB
                                    .
ANTHONY THOMAS and                  . Chapter 7
WENDI THOMAS,                       .
                                    . 300 Booth Street
              Debtors.              . Reno, NV  89509
. . . . . . . . . . . .             . Friday, August 10, 2018
                                    . 10:03 a.m.

TRANSCRIPT OF MOTION TO WITHDRAW AS ATTORNEY OF
RECORD AND FOR CLARIFICATION OF STATUS AS COUNSEL, ETC.,
FILED BY LAURY MILES MACAULEY ON BEHALF OF
MACAULEY LAW GROUP, P.C. [358]
**BEFORE THE HONORABLE BRUCE T. BEESLEY**
**UNITED STATES BANKRUPTCY COURT JUDGE**


APPEARANCES:

For the Debtor:              ANTHONY THOMAS, Pro Se
                            7725 Peavine Peak Court
                            Reno, NV  89523

For Macauley Law            Macauley Law Group, P.C.
Group, P.C.                 By:  LAURY MILES MACAULEY, ESQ.
                            5470 Kietzke Lane, Suite 300
                            Reno, NV  89511-2099
                            (775) 323-1510


For the Chapter 7           Hartman & Hartman
Trustee:                    By:  JEFFREY L. HARTMAN, ESQ.
                            510 West Plumb Lane, Suite B
                            Reno, NV 89509
                            (775) 324-2800




Audio Operator:             David Lindersmith, ECR


Transcription Company:      Access Transcripts, LLC
                            10110 Youngwood Lane
                            Fishers, IN 46038
                            (855) 873-2223
                            www.accesstranscripts.com


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

20

1 community of attorneys and they all talk to each other, and
2 it's not easy to get an attorney here.  So I would like to have
3 somebody come from the outside that I can get proper
4 representation in this court because I don't believe that I
5 have got proper representation so far.  Every one of my
6 attorneys knew that I was dyslexic.  Every one of my attorneys,
7 I disclosed.
8          THE COURT:  Your problem isn't dyslexia, sir.  Your
9 problem is dishonesty.
10          MR. THOMAS:  I don't believe that's true, Your Honor.
11 I disclosed the property.
12          THE COURT:  Well, I do, and I'm the one who counts.
13 So you have 30 days.  We'll have a status hearing in 30 days.
14 If you have a counsel at that point, you can proceed.  If you
15 don't have counsel at that point, you can tell me what efforts
16 you have made.  You can tell me who you've contacted.  You can
17 tell me, to your best understanding, why they have not agreed
18 to undertake your case.  And I may or may not give you
19 additional time.
20          What do we have in 30 days?
21          THE CLERK:  Your Honor, the closest I can give you is
22 September the 13th at 10 a.m.  It's a Thursday.
23          THE COURT:  We'll see you then.
24          MR. THOMAS:  Thank you, Your Honor.
25          THE COURT:  Mr. Hartman?