

```
 1  Anthony G. Thomas                                    RECEIVED
    7725 Peavine Peak Court                              AND FILED
 2  Reno, NV 89523                                       2019 JUL -8  AM 9:39
    Tel :     (408) 640-2795
 3  E-mail:   atemerald2@gmail.com                       U.S. BANKRUPTCY COURT
                                                         MARY A. SCHOTT, CLERK
 4  Debtor In Propria Persona
```

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA - RENO

| | |
|---|---|
| IN RE: | ) Case No.  BK-N-14-50333-GS |
|  | ) Case No.  BK-N-14-60442-GS |
| ANTHONY THOMAS and | )              (Jointly Administered) |
| WENDI THOMAS | ) CHAPTER 7 |
| AT EMERALD, LLC | ) SUPPLEMENTAL OPPOSITION TO |
|  | ) SALE OF THOMAS EMERALD |
| Debtors. | ) |
|  | ) Date:     July 19th 2019 |
|  | ) Time:    1:00 p.m. |
|  | ) Judge:   Hon. Gary Spraker |
|  | ) Courtrm: 2 |

Debtor Anthony G. Thomas hereby files this supplemental opposition to the sale of the Thomas Emerald, upon the grounds that as the original auction and sale to Jennifer Jodoin by auction on November 15th 2018 is Void due to the failure of the Trustee to follow the express mandates of Bankruptcy Code section 363(b) and Rules 6004 and 2002 that require any proposed use sale or lease of estate property to be noticed 21 days prior to any proposed sale, and that the notice must be mailed to all creditors by the clerk of the court, and in light of the fact that there is no docket entry in the 21 day period before the auction dates of 10-30-2018-11-15-2018 on the docket of this case, that the proposed sale by auction is void on its' face, and Debtor requests that the Court take note of the legal brief filed by the Debtor in Opposition to the sale of the Thomas Emerald that cites the law on this subject that conclusively establishes the illegality of the proposed sale of the Thomas Emerald. Even though this amended hearing date was noticed by mail by the clerk of the court, it does not correct the

original sin committed by the Trustee and her attorney in not following the rules originally. This is further compounded by the fact that the proposed order that was signed by the Judge in this matter was never sent to the Debtor for his approval and signature and proposed changes in violation of the local rules, thereby rendering that notice void, and thus, the purported late compliance with the 21 day notice rules is not corrected by the filing of the amended order that was filed in violation and deprivation of the Debtor's right to review and make changes to the proposed order. The proposed order is also factually erroneous in that it falsely states that the highest bid was that of Jennifer Jodoin at $21,500, whereas the truth is that the highest bid was that of the Debtor Anthony Thomas at $21,501 as evidenced by the transcript of the hearing of 3-22-2019.

These matters were brought to Attorney Hartman's attention in a meet and confer letter dated Friday June 28th 2019, attached hereto as Exhibit 1. In the letter, that has been completely ignored by Hartman (similar to his ignoring the December 6th 2018 meet and confer letter regarding the non-compliance with the mandatory notice rules regarding the attempted sale of the Thomas Emerald by auction, that necessitated the 12-17-2018 filing before this Court. Hartman shows no regard to following the rules, as evidenced by the fact that he completely ignored the facts and allegations made in the Friday June 28th 2019 meet and confer letter. In that letter, Debtor Anthony Thomas wrote:

"The purpose of this letter is to meet and confer regarding the Order DE 498 filed on 6-21-2019... First, I would like to note that you never sent me a copy of the proposed order in violation of my due process rights and in violation of the rules of court. As a consequence, I was not able to object to the false statement in the order namely that "The existing bid for the Thomas Emerald is $21,500 offered by Ken Tersini, assignee of the initial bid by Jennifer Jodoin". The true fact as evidenced by the Transcript of the 3-21-2019 hearing date is that prior to being thrown out of the courtroom, I bid $21,501. This fact needs to be corrected in the form of an Amended Order. Please forward a

1  draft for my review. I expect you to follow all the rules, including providing me with any
2  proposed order for the Judge's signature so that I have an opportunity to offer my input
3  and changes as is my right under the rules"

4      A whole week has passed since the sending of the meet and confer letter and
5  the filing of this document. This fact evidences the complete disregard that Attorney
6  Hartman has for the rules of court, and should be sanctioned by this Court as a
7  contempt. The fact that the matter was brought up to Attorney Hartman and completely
8  ignored by him is prima facia evidence of non-compliance with the rules and reinforces
9  the arguments made above that the proposed order is void for failure to provide
10 Thomas with his due process rights to object and amend the proposed order prior to
11 filing and shows the lack of respect for this Court and its' rules and demonstrates Mr.
12 Hartman's complete disregard for following the rules that should be punished by this
13 Court. Debtor requests that this Court issue an Order to Show Cause to Mr. Hartman
14 as to why he failed to follow the rules regarding allowing Debtor to review the proposed
15 order and as to why he completely ignored the meet and confer letter, as well as a
16 finding by the Court that as such, the Order signed by this Court is void as a violation of
17 due process in addition to containing a material factual error regarding the highest bid
18 for the Thomas Emerald.

19     The matter is further improper in light of the facts showing that the underlying
20 judgment is void on its' face subject to being vacated in the trial court in Santa Clara
21 County, and in light of the concurrently filed Motion to Vacate the Void conversion order
22 of Judge Beesley on 8-22-2014, that justice requires to be heard prior to any purported
23 sale of the Thomas Emerald on 7-19-2019.

24 Dated:    July 8th 2019.    Respectfully submitted,

25
26
                                              Anthony G. Thomas
27                                               Debtor in Propria Persona
28

**Anthony Thomas**
**7725 Peavine Peak Court**
**Reno, NV 89523**
**Tel: (408) 640-2795**
**E-mail: atemerald2@gmail.com**

**WITHOUT PREJUDICE**

Friday June 28th 2019.

| | |
|---|---|
| Mr. Jeffrey L. Hartman, Esq. | Tel: (775) 324-2800 |
| HARTMAN & HARTMAN | Fax: (775) 324-1818 |
| 510 West Plumb Lane, Suite B | |
| Reno, NV 89509 | |

**RE:   1. FAILURE TO SUBMIT PROPOSED ORDER RE: 6-4-2019 HEARING**
**        2  REQUEST TO CORRECT FALSE STATEMENT RE: HIGHEST BIDDER**
**           TO REFLECT THAT ANTHONY THOMAS WAS THE HIGHEST BIDDER**

**VIA E-MAIL:   notices@bankruptcyreno.com**

Dear Mr. Hartman:

    The purpose of this letter is to meet and confer regarding the Order DE 498 filed on 6-21-2019 regarding the Scheduling Order by Judge Spraker made as a consequence of the 6-4-2019 hearing before Judge Spraker for which both he and I appeared telephonically.

    First, I would like to note that you never sent me a copy of the proposed order in violation of my due process rights and in violation of the rules of court. As a consequence, I was not able to object to the false statement in the order namely that "The existing bid for the Thomas Emerald is $21,500 offered by Ken Tersini, assignee of the initial bid by Jennifer Jodoin". The true fact as evidenced by the Transcript of the 3-21-2019 hearing date is that prior to being thrown out of the courtroom, I bid $21,501. This fact needs to be corrected in the form of an Amended Order. Please forward a draft for my review. I expect you to follow all of the rules, including providing me with any proposed order for the Judge's signature so that I have an opportunity to offer my input and changes as is my right under the rules.

    Govern yourself accordingly.

Yours truly,

/s/
Anthony G. Thomas

Exhibit 1

Anthony G. Thomas
7725 Peavine Peak Court
Reno, NV 89523
Tel :       (408) 640-2795
E-mail:    atemerald2@gmail.com

Debtor In Propria Persona

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA - RENO

| | |
|---|---|
| IN RE: | Case No.  BK-N-14-50333-GS |
| | Case No.  BK-N-14-60442-GS |
| ANTHONY THOMAS and | (Jointly Administered) |
| WENDI THOMAS | CHAPTER 7 |
| AT EMERALD, LLC | SUPPLEMENTAL OPPOSITION TO SALE OF THOMAS EMERALD |
| Debtors. | |
| | Date:    July 19th 2019 |
| | Time:    1:00 p.m. |
| | Judge:   Hon. Gary Spraker |
| | Courtrm: 2 |

Debtor Anthony G. Thomas hereby files this supplemental opposition to the sale of the Thomas Emerald, upon the grounds that as the original auction and sale to Jennifer Jodoin by auction on November 15th 2018 is Void due to the failure of the Trustee to follow the express mandates of Bankruptcy Code section 363(b) and Rules 6004 and 2002 that require any proposed use sale or lease of estate property to be noticed 21 days prior to any proposed sale, and that the notice must be mailed to all creditors by the clerk of the court, and in light of the fact that there is no docket entry in the 21 day period before the auction dates of 10-30-2018-11-15-2018 on the docket of this case, that the proposed sale by auction is void on its' face, and Debtor requests that the Court take note of the legal brief filed by the Debtor in Opposition to the sale of the Thomas Emerald that cites the law on this subject that conclusively establishes the illegality of the proposed sale of the Thomas Emerald. Even though this amended hearing date was noticed by mail by the clerk of the court, it does not correct the

original sin committed by the Trustee and her attorney in not following the rules originally. This is further compounded by the fact that the proposed order that was signed by the Judge in this matter was never sent to the Debtor for his approval and signature and proposed changes in violation of the local rules, thereby rendering that notice void, and thus, the purported late compliance with the 21 day notice rules is not corrected by the filing of the amended order that was filed in violation and deprivation of the Debtor's right to review and make changes to the proposed order. The proposed order is also factually erroneous in that it falsely states that the highest bid was that of Jennifer Jodoin at $21,500, whereas the truth is that the highest bid was that of the Debtor Anthony Thomas at $21,501 as evidenced by the transcript of the hearing of 3-22-2019.

These matters were brought to Attorney Hartman's attention in a meet and confer letter dated Friday June 28th 2019, attached hereto as Exhibit 1. In the letter, that has been completely ignored by Hartman (similar to his ignoring the December 6th 2018 meet and confer letter regarding the non-compliance with the mandatory notice rules regarding the attempted sale of the Thomas Emerald by auction, that necessitated the 12-17-2018 filing before this Court. Hartman shows no regard to following the rules, as evidenced by the fact that he completely ignored the facts and allegations made in the Friday June 28th 2019 meet and confer letter. In that letter, Debtor Anthony Thomas wrote:

"The purpose of this letter is to meet and confer regarding the Order DE 498 filed on 6-21-2019... First, I would like to note that you never sent me a copy of the proposed order in violation of my due process rights and in violation of the rules of court. As a consequence, I was not able to object to the false statement in the order namely that "The existing bid for the Thomas Emerald is $21,500 offered by Ken Tersini, assignee of the initial bid by Jennifer Jodoin". The true fact as evidenced by the Transcript of the 3-21-2019 hearing date is that prior to being thrown out of the courtroom, I bid $21,501. This fact needs to be corrected in the form of an Amended Order. Please forward a

draft for my review. I expect you to follow all the rules, including providing me with any proposed order for the Judge's signature so that I have an opportunity to offer my input and changes as is my right under the rules"

    A whole week has passed since the sending of the meet and confer letter and the filing of this document. This fact evidences the complete disregard that Attorney Hartman has for the rules of court, and should be sanctioned by this Court as a contempt. The fact that the matter was brought up to Attorney Hartman and completely ignored by him is prima facia evidence of non-compliance with the rules and reinforces the arguments made above that the proposed order is void for failure to provide Thomas with his due process rights to object and amend the proposed order prior to filing and shows the lack of respect for this Court and its' rules and demonstrates Mr. Hartman's complete disregard for following the rules that should be punished by this Court. Debtor requests that this Court issue an Order to Show Cause to Mr. Hartman as to why he failed to follow the rules regarding allowing Debtor to review the proposed order and as to why he completely ignored the meet and confer letter, as well as a finding by the Court that as such, the Order signed by this Court is void as a violation of due process in addition to containing a material factual error regarding the highest bid for the Thomas Emerald.

    The matter is further improper in light of the facts showing that the underlying judgment is void on its' face subject to being vacated in the trial court in Santa Clara County, and in light of the concurrently filed Motion to Vacate the Void conversion order of Judge Beesley on 8-22-2019, that justice requires to be heard prior to any purported sale of the Thomas Emerald on 7-19-2019.

Dated:    July 8th 2019.    Respectfully submitted,

*[signature]*
Anthony G. Thomas
Debtor In Propria Persona

- 3 -
SUPPLEMENTAL OPPOSITION TO SALE OF THOMAS EMERALD

**Anthony Thomas**
**7725 Peavine Peak Court**
**Reno, NV 89523**
**Tel: (408) 640-2795**
**E-mail: atemerald2@gmail.com**

**WITHOUT PREJUDICE**

Friday June 28th 2019.

Mr. Jeffrey L. Hartman, Esq.          Tel:   (775) 324-2800
HARTMAN & HARTMAN              Fax:  (775) 324-1818
510 West Plumb Lane, Suite B
Reno, NV 89509

**RE:    1.  FAILURE TO SUBMIT PROPOSED ORDER RE: 6-4-2019 HEARING**
**        2   REQUEST TO CORRECT FALSE STATEMENT RE: HIGHEST BIDDER**
**            TO REFLECT THAT ANTHONY THOMAS WAS THE HIGHEST BIDDER**

**VIA E-MAIL:   notices@bankruptcyreno.com**

Dear Mr. Hartman:

The purpose of this letter is to meet and confer regarding the Order DE 498 filed on 6-21-2019 regarding the Scheduling Order by Judge Spraker made as a consequence of the 6-4-2019 hearing before Judge Spraker for which both he and I appeared telephonically.

First, I would like to note that you never sent me a copy of the proposed order in violation of my due process rights and in violation of the rules of court. As a consequence, I was not able to object to the false statement in the order namely that "The existing bid for the Thomas Emerald is $21,500 offered by Ken Tersini, assignee of the initial bid by Jennifer Jodoin". The true fact as evidenced by the Transcript of the 3-21-2019 hearing date is that prior to being thrown out of the courtroom, I bid $21,501. This fact needs to be corrected in the form of an Amended Order. Please forward a draft for my review. I expect you to follow all of the rules, including providing me with any proposed order for the Judge's signature so that I have an opportunity to offer my input and changes as is my right under the rules.

Govern yourself accordingly.

Yours truly,

/s/
Anthony G. Thomas

Exhibit 1