_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
July 12, 2019

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
\* \* \* \* \* \*

| | |
|---|---|
| In re: | Case No. BK-14-50333-gs |
| ANTHONY THOMAS and | Case No. BK-14-50331-gs |
| WENDI THOMAS, | (Jointly Administered) |
| AT EMERALD, LLC, | Chapter 7 |
| Debtors. | |

**ORDER (1) REGARDING PENDING MOTIONS AND DEBTOR'S REQUEST FOR STAY OF PROCEEDINGS, AND (2) OVERRULING DEBTOR'S OBJECTIONS TO THE TRUSTEE'S BID PROCEDURES ORDER**

On June 4, 2019, the court held a status conference regarding the chapter 7 trustee's (Trustee) motion to sell certain personal property of the debtors, namely the emerald referred to as the Thomas Emerald (ECF No. 430) (Sale Motion). For the reasons stated on the record at that hearing, the court scheduled a final evidentiary hearing regarding the Sale Motion for July 19, 2019 at 1:00 p.m. The court also requested that counsel for the chapter 7 trustee prepare an order establishing the bid procedures applicable for the auction.

On July 8, 2019, debtor Anthony Thomas (Thomas) filed two motions, among other documents. The first is his Notice of Motion and Motion for Judicial Notice of Law & Facts ISO Rule 60(b)(4) Motion to Vacate Void 8-22-2014 Conversion Order (ECF No. 508) (Judicial Notice Motion). The hearing on the Judicial Notice Motion was set at Mr. Thomas's request for September 13, 2019. The second motion recently filed by Mr. Thomas is captioned, Notice of Rule 60(b)(4) Motion & Motion to Vacate Order Void on Its Face in Violation of U.S. Constitutional Due Process Rights; Request for Stay (ECF No. 509) (Rule 60(b) Motion,

and together with the Judicial Notice Motion, the Motions).  Mr. Thomas has requested that this motion be set to be heard in October.

On July 11, 2019, the trustee lodged his Proposed Sale Procedures Order.  The lodged order actually references an attachment which is the proposed order indicating that Mr. Thomas has disapproved the form of the order, and including a statement of objection.[1]  Mr. Thomas contends that the proposed order is late, is void because trustee's counsel failed to submit the proposed order to him prior to filing it and serving it on the creditor matrix.  He further argues that as a result, the court's prior order dated June 21, 2019 is also void.  The court did not enter an order on June 21, 2019.  The trustee filed his Notice of Continued Hearing on Motion for Order Confirming Sale by Auction; Request for Approval of Payment of Commission to Stremmel Auctions (ECF No. 498).  The court finds no merit in Mr. Thomas's objection to the proposed order.  As the lodged order includes an objection to the form of the order, Mr. Thomas has received notice of the proposed order.  Because no other party other than Kenmark Ventures, LLC appeared at the status hearing, and no other party has objected to the relief sought, no additional notice or signatures were required.  Moreover, Mr. Thomas does not have standing to object on behalf of other parties such as Kenmark Venture. In accordance with Local Rule 9021 governing entry of orders, the court overrules Mr. Thomas's objections and shall enter the proposed order lodged by trustee's counsel.

The court has briefly reviewed the Motions.  The request for judicial notice asks the court to consider its prior actions and matters that occurred during the August 22, 2014 hearing.  Mr. Thomas has attached a transcript of that hearing.  The court has reviewed the Judicial Notice Motion and notes that the facts referenced therein do not appear to be in dispute, or are otherwise inappropriate for judicial notice.  Accordingly, the court will not require a separate

---

[1] Mr. Thomas also included the court's law clerk in an email regarding the objection to the proposed order.  The debtors are instructed to not do so in the future.  Rather, the process for disapproving the form of an order is set forth in Local Rule 9021(b)(2).

2

hearing on the Judicial Notice Motion, and instead will set both Motions for hearing on September 13, 2019, thus satisfying the requirements of Fed. R. Evid. 201(e).[2]

The Rule 60(b) Motion requests that the court vacate its prior order converting this case from chapter 11 to chapter 7 (ECF No. 190) (Conversion Order). Mr. Thomas also includes a request to stay all proceedings in this case pending resolution of the Motions. At Mr. Thomas's request, this motion has been set for hearing on September 13, 2019, well after the July 19, 2019 sale of the Thomas Emerald. Thomas has not explained why either motion may not be heard on an earlier date. He has not taken any action to do so, or requested that the court consider a stay prior to the July 19, 2019 hearing on the sale of the Thomas Emerald. Furthermore, the court is concerned by Thomas's request that all proceedings in this case be stayed pending resolution of the Motions, especially since he has scheduled consideration of those motions well after the hearing date for the sale itself. The filing of the Rule 60(b) Motion does not stay the proceedings of the court. To the extent that Mr. Thomas intends to ask the court to stay the sale scheduled for July 19, 2019, it is incumbent upon him to take such actions before the sale occurs. He has not done so to date; placing a request for relief within another motion (to void the order of conversion) and scheduling it months after the sale is not sufficient. Any such request is not properly before the court at this time. Accordingly, as there is no request currently before this court to stay the sale scheduled for July 19, 2019, the court will consider the Rule 60(b) Motion, and the request for stay, on the date requested by debtor absent further action by the debtor to appropriately bring such matter before the court.

For these reasons,

---

[2] The court also notes that in the Rule 60(b) Motion, Thomas contends that the undersigned "has refused to rule on Debtor's Motion for Judicial Notice with regards to the sale of the Thomas Emerald." ECF No. 509, p. 2:4-6. This is simply untrue as the court has stated that it will consider and rule on the request at the time of the substantive hearing. *See* Transcript of June 4, 2019 Hearing, ECF No. 500, p. 18:20-19:3 ("Mr. Thomas: Will you rule on our judicial notice motion? Court: I will consider all matters. I'm likely to not rule on anything prior to. Mr. Thomas: But you will take judicial notice of the facts and laws that we present you. Court: Sir, I will allow – I – I've seen that. I have not gone through it in any great length, but the – I will hear your position, and then I will decide how to proceed.").

3

1    IT IS HEREBY ORDERED that the court will hear both the Notice of Motion and Motion for Judicial Notice of Law & Facts ISO Rule 60(b)(4) Motion to Vacate Void 8-22-2014 Conversion Order (ECF No. 508) and the Notice of Rule 60(b)(4) Motion & Motion to Vacate Order Void on Its Face in Violation of U.S. Constitutional Due Process Rights; Request for Stay (ECF No. 509) on **September 13, 2019 at 9:30 a.m.**

IT IS FURTHER ORDERED that Mr. Thomas's objections to the form of the trustee's Proposed Sale Procedures Order are overruled, and the court shall enter the proposed order.

IT IS SO ORDERED.

* * * *

Copies sent to all parties via CM/ECF ELECTRONIC NOTICE and via U.S. Mail to:

ANTHONY THOMAS
7725 PEAVINE PEAK COURT
RENO, NV 89523

###

4