1  Jeffrey L. Hartman, Esq., #1607
   **HARTMAN & HARTMAN**
2  510 West Plumb Lane, Suite B
   Reno, Nevada 89509
3  Telephone: (775) 324-2800
   Telecopier: (775) 324-1818
4  notices@bankruptcyreno.com

5  Attorney for Jeri Coppa-Knudson, Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| IN RE: | CASE NO. | BK-N-14-50333-gs (Lead) |
| ANTHONY THOMAS and WENDI THOMAS, | CASE NO. | BK-N-14-50331-gs |
| AT EMERALD, LLC, | (Jointly Administered) | |
| Debtors. | CHAPTER 7 | |

**TRUSTEE'S OPPOSITION TO DEBTORS' RULE 60(b)(4) MOTION TO VACATE ORDER VOID ON ITS FACE IN VIOLATION OF U.S. CONSTITUTIONAL DUE PROCESS RIGHTS;**

**REQUEST FOR STAY**

**ECF 508 and 509**

**Hearing Date: 9/13/2019**
**Hearing Time: 9:30 a.m.**

_____/

Jeri Coppa-Knudson, the chapter 7 trustee in both of these jointly administered cases ("Trustee"), hereby opposes the Motion To Vacate Order Void On Its Face In Violation Of U.S. Constitutional Due Process Rights: Request For Stay, filed by Anthony Thomas ("Rule 60(b)(4) Motion"). This Opposition is based upon the following chronology and discussion of law.

### INTRODUCTION

On August 22, 2014, there were four matters being considered by the Court. One was the Motion by the US Trustee to convert the AT Emerald case, no. 14-50331, to chapter 7. Two related to Motions To Withdraw as attorney of record, one in each of the two cases.

The fourth matter was the Motion To Appoint Chapter 11 Trustee filed by the Beach Trust in the Thomas case, no 14-50333. The Motion filed by the Beach Trust sought the removal of Thomas and the appointment of a trustee **in his individual case**. Thomas was given a full and fair opportunity to persuade the Court why that the Beach Trust Motion should be denied.

## CHRONOLOGY OF RELEVANT EVENTS

The two chapter 7 cases are being jointly administered and for this Opposition, there are many references to papers filed in each of the cases.

1. More than five years ago, on March 4, 2014, AT Emerald, LLC, a Nevada limited liability company ("ATE"), filed a voluntary chapter 11 petition ("ATE Petition"), case no. 14-50331. The ATE Petition was signed by Anthony Thomas as the Managing Member of ATE. The ATE Petition was filed by Alan R. Smith,. Esq. of the Law Offices of Alan R. Smith ("Attorney Smith").

2. The ATE Petition was accompanied by the Schedule of Assets and Liabilities ("Schedules"), and the Statement of Financial Affairs ("SOFA"). **ATE case, ECF 1**. The Schedules listed two assets: a Wells Fargo bank account with a balance of $200.00 and "One Emerald Based Upon Appraisal Value Exceeds $200,000,000.00" (the "Emerald"). The Schedules were signed by Anthony Thomas. **ATE case, ECF 1, pages 8 through 17**.

3. On March 4, 2014, ATE filed its Corporate Resolution authorizing the retention of Attorney Smith and the filing of the ATE Petition. **ECF 5**. The Corporate Resolution was executed by Anthony Thomas.

4. Also on March 4, 2014, Anthony Thomas and Wendi Thomas filed their individual voluntary chapter 11 petition ("Thomas Petition"), case no. 14-50333. Attorney Smith filed the Thomas Petition as their counsel.

5. Schedule B-14 of the Thomas Petition listed their membership interest in ATE at a value of $200,000,000.00. **Thomas case, ECF 1, page 20 of 46**. On Schedule C, Thomas listed the membership interest in ATE as exempt under NRS 21.090(1)(bb).

6. On March 25, Attorney Smith filed a Motion For Joint Administration of the ATE case and the Thomas case. **ATE case, ECF 16.**

7. On April 30, 2014, the United States Trustee ("US Trustee"), filed an objection to the claims of exemption in the Thomas Schedule C. **Thomas case, ECF 53**. On September 11, 2014, the Court sustained the US Trustee's objections to the Thomas claims of exemption. **Thomas case, ECF 205**.

8. On April 30, 2014 the US Trustee filed a Motion To Convert the ATE chapter 11 to chapter 7. **ATE case, ECF 27**. Hearing on the Motion To Convert was originally set for July 30, 2014. **ATE case, ECF 28.**

9. On May 12, 2014, the Court entered its Order for joint administration of the two cases. **ATE case, ECF 32**.

10. On June 23, 2014, ATE filed its Motion To Sell Free And Clear of Liens ("Sale Motion"). **ATE case ECF 40**. The Sale Motion contemplated the sale of the Emerald. See, **ATE case, ECF 41 through 51**. The Sale Motion and related papers were also filed in the Thomas case. **Thomas case, ECF 83 through 92**.

11. On July 9, 2014, Attorney Smith filed ATE's Notice of Withdrawal of Pleadings related to ATE case, ECF 40, 44 and 45. **ATE case, ECF 53**.

12. On July 22, 2014, by Minute Order, the Court rescheduled the hearing on the US Trustee Motion To Convert to September 10, 2014. **ATE case, ECF 55**.

13. On July 23, 2014, the Court entered an Order Granting the Motion to Sell. **Thomas case, ECF 142**. No sale ever closed.

14. On August 11, 2014, the Court conducted a status conference in the ATE case. **ATE case, ECF 166**.

15. On August 13, 2014, creditor Beach Living Trust, John Beach as Trustee, filed its Motion To Appoint Chapter 11 Trustee. **Thomas case, ECF 164, 165**.

16. On August 18, 2014, Attorney Smith filed his Motion To Withdraw as attorney of record for ATE as well as for Anthony Thomas and Wendi Thomas. **Thomas case, ECF 169**. Because he had not yet been permitted to withdraw, on August 19, 2014 Attorney

1  Smith filed an Opposition to the Motion To Appoint Chapter 11 Trustee. **Thomas case,**
2  **ECF 179**.

3  17. On August 22, 2014, the Court conducted its hearing on the Motion To
4  Withdraw filed by Attorney Smith in both cases and the Motion To Appoint Chapter 11
5  Trustee filed by the Beach Living Trust, John Beach as Trustee. The transcript of that
6  hearing is attached to the Thomas Notice Of Motion & Motion For Judicial Notice Of Law
7  And Facts ISO Rule 60(b)(4) Motion To Vacate Void 8-22-2014 Conversion Order.
8  **Thomas case, ECF 508**.

9  18. At the August 22, 2014 hearing, the Court first acted on Attorney Smith's
10 Motion To Withdraw in the ATE case and in the Thomas case. **Thomas case, ECF 508**
11 **page 8 of 74**. Attorney Smith advised the Court that, although the Motion To Withdraw had
12 been granted, he was ready and willing to argue against the Motion To Appoint Chapter 11
13 Trustee. **Thomas case, ECF 508, page 9 of 74**.

14 19. The Court then considered the Motion to Appoint Chapter 11 Trustee. **Thomas**
15 **case, ECF 508, page 14 of 74**. After significant discussion, Mr. Thomas asked the Court
16 for a two week continuance in order to obtain new counsel. **Thomas case, ECF 508 page**
17 **33 of 74.** The Court did not grant the request for a two week continuance and did order the
18 case converted to chapter 7 and a trustee appointed. **Thomas case, ECF 508 page 38 of 74**.

19 20. On August 26, 2014, the Court entered its Order granting Attorney Smith's
20 Motion To Withdraw in the Thomas case and the ATE case. **Thomas case, ECF 187.**

21 21. On August 29, 2014, the Court entered its Order granting the US Trustee's
22 Motion To Convert in both cases. **ATE case, ECF 57**. **Thomas case, ECF 190.**
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## LEGAL ANALYSIS

**Thomas Contends That, By Refusing To Grant A Two Week Continuance To Retain New Counsel Deprived Him of Substantive Due Process Rights And That The Order Of Conversion To Chapter 7 Is Void By Reason Of Federal Rule Of Civil Procedure 60 (b)(4).** [1]

A.   **Whether to grant a continuance is in the sound discretion of the Court.**

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrariwise, a myopic insistence upon expeditiousness in the face of justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."

Ungar v. Sarafite, 376 U.S. 575, 589, rehearing denied, 377 U.S. 925 (1964), accord, Torres v. United States, 270 F.2d 252, 255 (9th Cir. 1959).

A review of the chronology of certain events, as listed above, highlights the circumstances leading up to the August 22, 2014 hearing at which the Court converted the cases to chapter resulting in the appointment of a chapter 7 trustee.

1. The US Trustee's Motion To Convert was filed on April 30, 2014, three and one half months before the hearing on August 22, 2014. **ATE case, ECF 27**. The basis for the Motion To Convert was that ATE had failed to provide evidence of insurance for its $200,000,000 emerald. Notice of Hearing was proper. **ATE case, ECF 28**. As of August 22, 2014, the Motion To Convert had been pending 114 days and no insurance was put in place to cover the ATE estate's only asset. (Hearing on the Motion To Convert was originally set for July 30, 2014 at 10:00.)

2. The Beach Living Trust filed its Motion To Appoint Chapter 11 Trustee in the Thomas case on August 13, 2014 ("Beach Trustee Motion"). **Thomas**

---

[1] The Notice filed by Thomas in 14-50333, **ECF 509, page 1 of 21**, suggests that he is requesting a stay of the July 19, 2019 hearing on the Sale Motion. The Trustee believes that the Court declined a stay at that hearing.

case, ECF 164. The Beach Trustee Motion was supported by the separately filed Declaration of John Beach, Trustee of the Beach Living Trust. **Thomas case, ECF 165**. Although those papers were filed only nine days prior to August 22, the contents of the Beach Trustee Motion recite a history of lack of cooperation by Thomas and a failure to comply with an Order of this Court. After attempting to obtain voluntary cooperation by Thomas in connection with obtaining access to the Florida vault where the emerald was stored for safekeeping, the Beach Trust was forced to employ a formal, legal approach:

- On July 17, 2014, the Beach Trust filed a Motion To Compel Production of Required Key for access to the vault. **Thomas case, ECF 124**;
- Thomas opposed the Beach Trust request. One basis for the objection was that a purported purchaser had inspected it and did not want anyone to inspect the emerald so as to insure its integrity. **Thomas case, ECF 150, 155;**
- The Court granted the Beach Trust request and directed Thomas to provide the key necessary for the inspection of the emerald not later than August 1, 2014. **Thomas case, ECF 157**;.
- Thomas ignored the Order and failed to provide the key to his counsel. **Thomas case, ECF 164, page 4 of 8, ¶ 25**;
- On August 8, 2014, John Beach received an e-mail from Thomas advising him that the prospective purchaser of the emerald, Mr. Clarke for Koyo Shipping and Trading, indicated that if the Beach Trust inspects the emerald, Koyo would withdraw from the purchase or insist on reinspecting the emerald. **Thomas case, ECF 164 and 165**.

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

The entirety of the Beach Trustee Motion lays a significant portion of the foundation for the Court, as the basis for its ruling on the Motion To Appoint Chapter 11 Trustee. **Thomas case, ECF 508, pages 6-39.** It is important to reiterate that Beach Trust Motion was filed in the Thomas case, not in the ATE case. But, Thomas complains that he needed a two week continuance to engage counsel for ATE. Despite the fact that ATE was unrepresented at the hearing, the Court, as was proper, permitted Thomas to argue against the Beach Trustee Motion on his own behalf.

Thomas argued that only he was capable of handling the sale of the emerald. On August 22, 2014, Thomas stated:

> "And I think that my relationship with the buyers from the time that I spent with them going back and forth, I think that we have a good relationship and I think it will succeed. I think the transaction will succeed and there's all indications of that from the documents that they've sent me."

**Thomas case, ECF 508, page 19 of 74**. Thereafter, the Court conducted extensive questioning of Thomas in an attempt to evaluate his diligence, or lack of diligence in estimating the *bona fides* of Mr. Clarke, the purported purchaser's representative.

The Beach Trustee Motion was made in the Thomas case and Thomas was provided ample opportunity to make his argument against the Motion. He failed to persuade the Court that he would be better at administering the sole estate asset.

B. **Notice Of Hearing On The Beach Trustee Motion Was Appropriate In The Circumstances**

Regarding the appointment of a trustee in a chapter 11 case, § 1104(a) provides that, <u>after notice and a hearing</u> the court shall appoint a trustee if certain findings can be made, i.e., for fraud, dishonesty, etc. Section 102(1) provides the Rules of Construction for the term 'after notice and a hearing'. Subpart (A) reads: means after such notice is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances, . . .. Fed. R. Bankr. P. 9006(c)(1) provides that the court, for cause

shown, may reduce the notice period with or without a motion or notice. It is well settled that bankruptcy courts may reduce, extend, or otherwise amend or alter notice periods. In re Rosson, 545 F.3d 764, 775 (9th Cir. 2008).

The Order issued on the August 11, 2014 status conference recites that "Counsel for the Beach Trust made an oral motion for shortened time to hear a motion for appointment of a chapter 11 trustee given the lack of information concerning the sale's progress, the Debtor's disregard for the Court's order dated August 5, 2014 and the need to preserve asset's value for the estate and its creditors." The Court granted the request by the Beach Trust to hear the Beach Trustee Motion on reduced notice on August 22, 2014. **ATE case, ECF 166.**

Under the circumstances presented to the Court, notice was appropriately reduced in the Thomas case and on the Beach Trustee Motion filed in the Thomas case. Thomas was given ample opportunity to argue to the Court as to why appointment of a trustee **in his case** was not appropriate.

C. **Thomas Does Not Have Standing To Prosecute This Motion.**

At the hearing held on August 22, 2014, the first ruling by the Court was the granting of Attorney Smith's Motion To Withdraw in both the Thomas case and the ATE case. Thereafter, the Court permitted Thomas to represent himself in arguing against the Beach Trustee Motion in the individual case, but precluded him from arguing on behalf of ATE. This was entirely proper. In re Las Colinas Development Corp., 585 F.2d 7, 13 (1st Cir. 1978) (corporate entity must be represented by counsel). See, also, Advisory Committee Notes to F.R.Bankr.P. 9010.

Relevant here is the prudential standing requirement that a party may seek redress only for those rights it is given under law. Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11-12, (2004). A party satisfies this prudential standing requirement when it asserts its own legal rights and interests, and not the legal rights of others. Sprint Commc'ns Co. v. APCC Servs., Inc., 554 U.S. 269, 290 (2008). At the time the Trustee was appointed in the

1. Thomas case, she became the *de facto* owner of, and thus controls, the membership interest
2. in ATE. In re B&M Land & Livestock, LLC, 498 B.R. 262, 267 (Bankr. D. Nev.2013) (J.
3. Beesley). Thus, Thomas lacks standing in filing this Motion under F.R.Civ.P. 60(b)(4),
4. because the Trustee controls the membership interest in the ATE case.

## CONCLUSION

Under §704, a chapter 7 trustee is obligated to convert assets of an estate to money for the ultimate objective of paying creditors claims and completing administration of the case. Thomas has consistently objected to virtually every step taken by the Trustee to complete her duties.

As of the August 22nd hearing, the two cases had only been pending for approximately five months and the Court had full knowledge of all the activity in the two cases. The Court was aware that the emerald was uninsured. As was evident from the Court's questioning of Mr. Thomas, it was suspicious of the circumstances surrounding the purported sale to Koyo Shipping and Trading and the *bona fides* of the purchaser's representative, David Clarke. The Court was also aware of the fact that Thomas was not cooperative in permitting the inspection of the emerald by the Beach Trust and, in fact, had ignored the Order requiring him to provide key access to the Florida vault to his attorney by August 1. Thomas is the one who asserts that the emerald is worth $200,000,000 and it was not inappropriate for the Court to appoint a trustee to administer both cases.

Thomas was given a full opportunity to argue against the Motion To Appoint a Trustee filed in his case. There was no prejudice to Thomas in not being given a two week continuance to find legal counsel for ATE. The facts which lead the Court to appoint the Trustee would still have existed in two weeks and in two months after August 22, 2014.

///
///
///
///

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

9

1    The Court's determination to convert the Thomas case was made after due notice
2    under the circumstances then existing and Thomas was able to argue his position to the
3    Court. The conversion Orders, **ATE case, ECF 57** and **Thomas case, ECF 190,** are not
4    void and the Rule 60(b)(4) Motion should be denied.

5    DATED: August 9, 2019.

7                                    **HARTMAN & HARTMAN**

9                                    /S/ Jeffrey L. Hartman
                                     Jeffrey L. Hartman, Esq.
                                     Attorney for Jeri Coppa-Knudson,
10                                   Trustee

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800