**LAW OFFICE OF WAYNE A. SILVER**
Wayne A. Silver (108135)
643 Bair Island Road, Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax:    (650) 282-5980
Email: ws@waynesilverlaw.com
(Admitted *pro hac vice*)

**LAW OFFICES OF AMY N. TIRRE**
Amy N. Tirre, Esq. (NV 6523)
3715 Lakeside Dr., Suite "A"
Reno, NV 89509
Email: amy@amytirrelaw.com
Tel. (775) 828-0909
Fax. (775) 828-0914

Attorneys for Creditor and Interested Party,
*KENMARK VENTURES, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>ANTHONY THOMAS and WENDI THOMAS,<br><br>AT EMERALD, LLC,<br><br>Debtors. | Case No. BK-N-14-50333-GS<br>Case No. BK-N-14-50331-GS<br><br>Chapter 7<br><br>[Jointly Administered]<br><br>Date:   September 13, 2019<br>Time:   9:30 a.m.<br>Court:   Clifton Young Federal Building<br>            300 Booth Street<br>            Reno, Nevada 89509<br>            Hon. Gary Spraker<br><br>**KENMARK VENTURES LLC JOUNDER IN TRUSTEE'S OPPOSITION TO DEBTORS' MOTION TO VACATE ORDER VOID ON ITS FACE** |

KENMARK VENTURES, LLC ("Kenmark") joins in the Chapter 7 Trustee's Opposition ("Opposition") to Debtor Anthony Thomas ("Debtor") Motion to Vacate Order Void on Its Face ("Rule 60(b)(4) Motion"), and respectfully states:

Page - 1
Kenmark Ventures LLC Joinder in Chapter 7 Trustee's Opposition to Debtor's Motion to Vacate Void Order

I. **Introduction**

Kenmark is a creditor and interested party in the above-captioned bankruptcy cases by virtue of a final $4.5 million dollar judgment in Santa Clara Superior Court, Case No. 108CV130667 (the "Judgment"). The Judgment was determined to be non-dischargeable after a trial in this Court under 11 U.S.C. §523(a)(2)(A)[1] for fraud – intentional misrepresentation and concealment.[2]

II. **Debtor Has Not Shown Prejudice from the Bankruptcy Court's Denial of His Request for a Continuance**

In addition to the arguments offered in the Opposition, Kenmark contends that proof of prejudice is a necessary element for a denial of procedural due process claim.[3] *Godoy v. Spearman*, 834 F.3d 1078, 1092-93 (9th Cir. 2015), *Burkett v. Cunningham*, 826 F.2d 1208, 1221 (3d Cir. 1987), cited in *Parcel Consultants* (see fn.3, below) The relevant inquiry is whether courts can be confident in the reliability of prior proceedings when there has been a procedural defect. *See Lane Hollow Coal Co. v. Dir., Office of Workers' Compensation Programs*, 137 F.3d 799, 808 (4th Cir. 1998) (considering "fairness of the trial and its reliability as an accurate indicator of guilt"); see also *Rose v. Clark*, 478 U.S. 570, 577-78, 106 S. Ct. 3101, 92 L. Ed. 2d 460 (1986) (asking whether adjudication in the criminal context without procedural protections can "reliably serve its function as a vehicle for determination of a case).

---

[1] Further references to Title 11 of the U.S. Code are referred to as "Code §."

[2] Both the Bankruptcy Appellate Panel and Ninth Circuit affirmed in unpublished opinions, and the Debtor petitioned the U.S. Supreme Court for certiorari, which is pending.

[3] See, *In re New Concept Housing, Inc*., 951 F.2d 932, 939 (8th Cir. 1991) ("*New Concept Housing*") (ruling that failure to give the debtor notice of a hearing on the approval of a settlement violated two of the Federal Rules of Bankruptcy Procedure, but (rejecting the views of the dissenter that the failure to provide notice of the hearing resulted in a denial of due process that could not be subject to harmless error analysis) that "the violation of these rules constituted harmless error, because the Debtor's presence at the hearing would not have changed its outcome. The Debtor had neither a legal nor factual basis for establishing that the settlement was unreasonable."). See also *In re Parcel Consultants, Inc*., 58 Fed. Appx. 946, 951 (3d Cir. 2003) (unpublished) ("*Parcel Consultants*") ("Proof of prejudice is a necessary element of a due process claim."); *Cedar Bluff Broad., Inc. v. Rasnake*, 940 F.2d 651 (Table) [published in full-text format at 1991 U.S. App. LEXIS 17220, at *7], 1991 WL 141035, at *2 (4th Cir. Aug. 1, 1991) (unpublished) (creditor complaining of notice deficiency failed to show, among other things, "that it was prejudiced by the lack of notice to general creditors").

Kenmark Ventures LLC Joinder in Chapter 7 Trustee's Opposition to Debtor's Motion to Vacate Void Order

In considering reliability of the Bankruptcy Court's decision, "[t]he entire record must be considered and the probable effect of the error determined in the light of all the evidence." 11 Charles Alan Wright, Arthur R. Miller, et al., Federal Practice & Procedure § 2883 (3d ed. 2016) [hereinafter "Wright & Miller"]; see *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 50-51 (2d Cir. 2014). "[I]f [the court] cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error," then it must find a procedural due process violation. *Kotteakos v. United States*, 328 U.S. 750, 765, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946), cited in *Elliott v. GM LLC (In re Motors Liquidation Co.)*, 829 F.3d 135, 161-63 (2d Cir. 2016)

The record in the Debtor's Chapter 11 Bankruptcy Case as detailed in the Trustee's Opposition makes clear a two (2) week continuance to allow the Debtor to try and find counsel would not have changed the outcome and therefore did not prejudice the Debtor. The Thomas Emerald was uninsured, and there was evidence in the record the Debtor was engaged in self-dealing, failed to comply with Bankruptcy Court orders, retained undisclosed attorneys, was not capable of handling international financial transactions, failed to conduct any due diligence on the buyer of the Thomas Emerald, and was untrustworthy. (Motion, Transcript at pp.10:22 – 18:2)[4]  A two (2) week continuance for the Debtor to try and find an attorney would not have made a bit of difference.

### III.  Conclusion

The Debtor had sufficient notice his counsel was moving to withdraw and there was a hearing on motions to appoint a Chapter 11 trustee and convert. The Debtor appeared at the hearings, and was allowed to argue. Moreover, the Bankruptcy Court gave the Debtor the opportunity to dismiss the Chapter 11, and the Debtor declined. (Rule 60(b)(4) Motion, Transcript at pp.32:12 – 16) Under these circumstances the denial of the Debtor's request for a continuance was harmless error, if it was error at all. It does not rise to the level of a denial of procedural due process, the Bankruptcy Court's decision was reliable, and the Debtor's Rule 60(b)(4) Motion should therefore be denied.

Dated: August 9, 2019

/s/ Wayne A. Silver
Wayne A. Silver, attorney for
*KENMARK VENTURES, LLC*

---

[4] Page numbers reference the ECF filing page.

**CERTIFICATE OF SERVICE**

I served the foregoing KENMARK VENTURES LLC JOUNDER IN TRUSTEE'S OPPOSITION TO DEBTORS' MOTION TO VACATE ORDER VOID ON ITS FACE by the following means on August 9, 2019 to the persons listed below:

__XX__  **Electronic mail**, by transmitting a true copy thereof to the following:

| Name | Email Address |
|---|---|
| Anthony Thomas | Atemerald2@gmail.com |

__XX__    **Regular mail**: Service of this document was made on August 9, 2019 by regular, first class United States mail, postage fully pre-paid, addressed to:

Anthony Thomas
7725 Peavine Peak Court
Reno, NV 89523

I declare under penalty of perjury that the foregoing is true and correct. Signed this 9th day of August, 2019 at Henderson, Nevada.

/s/ *Wayne A. Silver*
Wayne A. Silver

Kenmark Ventures LLC Joinder in Chapter 7 Trustee's Opposition to Debtor's Motion to Vacate Void Order